KARLA KRAFT, State Bar No. 205530
kkraft@sycr.com
KATIE BEAUDIN, State Bar No. 306402
kbeaudin@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

Katherine B. Forrest (*Pro Hac Vice*)
kforrest@cravath.com
Michael T. Reynolds (*Pro Hac Vice*)
mreynolds@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case NO. 8:19-cv-1984 JVS (KESx)<br>Hon. James V. Selna<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CORRECTED SECOND AMENDED COMPLAINT AND DEFENSES**<br><br>Corrected Second Amended Complaint Filed: October 16, 2020 |

Defendant Biosense Webster, Inc. ("Biosense"), by its undersigned counsel, hereby answers Innovative Health LLC's ("Innovative") Corrected Second Amended Complaint for Damages and Injunctive Relief for Violations of Sherman Act and Cartwright Act, filed October 16, 2020, (the "CSAC") and asserts its defenses.

Except as otherwise expressly set forth below, Biosense denies each and every allegation contained in the CSAC, including without limitation the headings, sub-headings and footnotes contained in the CSAC.  In particular, Biosense denies each and every assertion in Innovative's prefatory paragraph, including its footnote.

Biosense specifically denies liability to Innovative, or that Innovative has suffered any legally cognizable damage for which Biosense is responsible. Biosense expressly reserves the right to amend and/or supplement its answer and defenses.

Subject to the above, Biosense states as follows:

1. Biosense admits the allegations in the first sentence of Paragraph 1 and denies the allegations in the second sentence of Paragraph 1, except admits that Innovative reprocesses and sells certain catheters for use with cardiac mapping systems in the United States.

2. Biosense admits the allegations in the first sentence of Paragraph 2, and admits that Biosense manufactures and sells cardiac mapping systems and catheters for use with cardiac mapping systems to hospitals located in Orange County, California, and elsewhere.  Biosense further states that the remaining allegations in Paragraph 2 purport to state a legal conclusion as to which no response is required.  To the extent that a further response is required, Biosense denies those allegations.

3. Biosense admits the allegations in Paragraph 3 with respect to this action.

4. Biosense denies the allegations in Paragraph 4, except states that Paragraph 4 purports to describe Innovative's claims and the alleged basis of the Court's jurisdiction over those claims. Biosense further states that the allegations set forth in Paragraph 4 purport to state a legal conclusion as to which no response is required. To the extent that a further response is required, Biosense denies the allegations.

5. Biosense denies the allegations in Paragraph 5, except states that it is not contesting venue in this Court. Biosense further states that the allegations set forth in Paragraph 5 purport to state a legal conclusion as to which no response is required. To the extent that a further response is required, Biosense denies the allegations.

6. Biosense states that the allegations in Paragraph 6 purport to describe medical procedures, customs and practices without alleging facts specifically pertaining to Biosense, and Biosense denies that the allegations set forth a complete and accurate statement of such medical procedures, customs and practices. To the extent a further response is required, Biosense denies the allegations in Paragraph 6.

7. Biosense denies the allegations in Paragraph 7, except admits that Biosense sells the CARTO 3 cardiac mapping system in the United States; admits the CARTO system was the first to enable 3D mapping and navigation in Europe and the United States; admits Biosense's Navistar Thermocool catheters were the first catheters approved by the Food and Drug Administration ("FDA") for the treatment of atrial fibrillation; admits the FDA cleared the CARTO 3 system for marketing on October 13, 2009; admits the FDA has cleared Biosense to market SOUNDSTAR, PENTARAY and LASSO catheters for single use; and admits that

Biosense sells SOUNDSTAR, PENTARAY, ACUNAV and LASSO single use catheters. Biosense also admits that the FDA has cleared Innovative to market Reprocessed SOUNDSTAR, Reprocessed ACUNAV, Reprocessed PENTARAY and Reprocessed LASSO catheters, and that Innovative is the manufacturer of such catheters.

8. Biosense denies the allegations in Paragraph 8, except admits that Biosense hires and trains Clinical Accounts Specialists to provide clinical support for its CARTO 3 products and refers to the cited video for its contents.

9. Biosense denies the allegations in Paragraph 9, except admits that it is not aware of a provider currently offering clinical support for CARTO 3 other than Biosense and the medical facilities that provide their own clinical support; and admits that its customers do not participate in Biosense's internal Clinical Account Specialist training program, which is designed to train Biosense employees, but that Biosense has received requests from customers to train customer employees to provide clinical support for CARTO 3 products, and it has accommodated those requests.

10. Biosense denies the allegations in Paragraph 10, except admits that it is not aware of a provider currently offering clinical support for CARTO 3 other than Biosense and the medical facilities that provide their own clinical support.

11. Biosense denies the allegations in Paragraph 11, except admits that it is not aware of a provider currently offering clinical support for CARTO 3 other than Biosense and the medical facilities that provide their own clinical support, and admits that Biosense organizes its Clinical Account Specialists into geographic pods.

12. Biosense denies the allegations in Paragraph 12, except admits that Biosense's PENTARAY and LASSO catheters are designed to connect to and function with the CARTO 3 cardiac mapping system.

13. Biosense admits the allegations in the third and fifth sentences of Paragraph 13 and states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 13, and therefore denies them.  Biosense denies the remaining allegations in Paragraph 13, except admits that reprocessed LASSO and PENTARAY catheters are cleared by the FDA for the same indications for use as original equipment manufactured LASSO and PENTARAY catheters.

14. Biosense denies the allegations in Paragraph 14, except admits that original equipment manufactured and reprocessed PENTARAY and LASSO catheters are Class II medical devices that must be cleared by the FDA for marketing in the United States; admits the FDA has cleared Innovative to market Reprocessed PENTARAY and Reprocessed LASSO catheters and that Innovative is the manufacturer of such catheters; and admits that Biosense and Innovative compete for sales of LASSO and PENTARAY catheters to hospitals located in the United States.

15. Biosense denies the allegations in Paragraph 15, except admits that the SOUNDSTAR eco catheter is compatible with and is able to connect to the CARTO 3 cardiac mapping system and either an ultrasound system manufactured by General Electric or an ultrasound system manufactured by Siemens; admits that Biosense has the exclusive right to sell original equipment manufactured ACUNAV catheters; and admits that different versions of ACUNAV catheters are compatible with either ultrasound systems manufactured by General Electric or ultrasound systems manufactured by Siemens.

16. Biosense states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the ninth and tenth sentences of Paragraph 16, and therefore denies them.  Biosense states that the allegations in the second, third and fourth sentences of Paragraph 16 purport to characterize

unspecified differences between certain ultrasound systems and ultrasound catheters without alleging any specific differences and are therefore too vague to permit a response; to the extent a further response is required, Biosense denies those allegations. Biosense further states that the allegations in the fifth, sixth, seventh and eighth sentences of Paragraph 16 purport to describe physician customs and practices without alleging facts specifically pertaining to Biosense, and Biosense denies that the allegations set forth a complete and accurate statement of such customs and practices; to the extent a further response is required, Biosense denies those allegations. Biosense denies the remaining allegations in Paragraph 16, except admits that Abbott sells ViewFlex catheters, and admits that Abbott's ViewFlex catheters are compatible with either Abbott or Philips ultrasound systems.

17. Biosense admits the allegations in the third and fifth sentences of Paragraph 17 and states it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 17, and therefore denies them. Biosense denies the remaining allegations in Paragraph 17, except admits that reprocessed SOUNDSTAR and ACUNAV catheters are cleared by the FDA for the same indications for use as original equipment manufactured SOUNDSTAR and ACUNAV catheters.

18. Biosense denies the allegations in Paragraph 18, except admits that original equipment manufactured and reprocessed SOUNDSTAR and ACUNAV catheters are Class II medical devices that must be cleared by the FDA for marketing in the United States; admits the FDA has cleared Innovative to market Reprocessed SOUNDSTAR, Reprocessed ACUNAV and Reprocessed ViewFlex catheters and that Innovative is the manufacturer of such catheters; and admits that Biosense and Innovative compete for sales of SOUNDSTAR and ACUNAV catheters to hospitals located in the United States.

19. Biosense denies the allegations in Paragraph 19, except admits that customers are not required, by contract or otherwise, to use Biosense's clinical support in order to purchase catheters from Biosense, states that it is without sufficient knowledge and information to form a belief as to the allegations in the ninth sentence of Paragraph 19, and therefore denies those allegations, and refers to Exhibit 1 for its contents.

20. Biosense denies the allegations in Paragraph 20, except admits that customers are not required, by contract or otherwise, to use Biosense's clinical support in order to purchase CARTO 3 from Biosense, and admits that Biosense's clinical support is provided voluntarily and at will.

21. Biosense denies the allegations in Paragraph 21, except admits the allegations in the fourth sentence of Paragraph 21, and states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth and eighth sentence of Paragraph 21, and therefore denies those allegations.

22. Biosense denies the allegations in Paragraph 22 to the extent those allegations purport to describe Biosense's practices, except admits that the prices of the catheters Biosense sells are set independently of the price of CARTO 3. Biosense further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to third parties and therefore denies the allegations to the extent they purport to state the practices of third parties.

23. Biosense denies the allegations in Paragraph 23.

24. Biosense states that the allegations in Paragraph 24 purport to describe information available to hospitals and certain industry customs and practices without alleging facts specifically pertaining to Biosense. Biosense denies that the allegations set forth an accurate or complete statement of the information available

to hospitals or an accurate or complete statement of industry customs and practices or of Biosense's own practices. To the extent that a further response is required, Biosense denies the allegations in Paragraph 24.

25. Biosense denies the first, second, third and fourth sentences of Paragraph 25, except admits that physicians are responsible for the diagnosis and treatment of their patients. Biosense states that the remaining allegations in Paragraph 25 purport to describe physician and hospital customs and practices without alleging facts specifically pertaining to Biosense, and Biosense denies that these allegations set forth an accurate or complete statement of physician and hospital customs and practices to the extent Biosense has knowledge or information concerning such customs and practices. To the extent that a further response is required, Biosense denies the allegations in Paragraph 25.

26. Biosense denies the allegations in the first and second sentences of Paragraph 26. Biosense states that the remaining allegations in Paragraph 26 purport to describe hospital customs and practices without alleging facts specifically pertaining to Biosense, and Biosense denies that these allegations set forth an accurate or complete statement of hospital customs and practices to the extent Biosense has knowledge or information concerning such customs and practices. To the extent that a further response is required, Biosense denies the allegations in Paragraph 26.

27. Biosense denies the allegations in Paragraph 27.

28. Biosense denies the allegations in Paragraph 28.

29. Biosense denies the allegations in Paragraph 29.

30. Biosense denies the allegations in Paragraph 30.

31. Biosense denies the allegations in Paragraph 31.

32. Biosense denies the allegations in Paragraph 32, except admits Biosense is part of the Johnson & Johnson family of companies, and states with

respect to the last sentence of Paragraph 32 that Innovative's reference to Johnson & Johnson as the No. 1 health care brand in the world is too vague to permit a response.

33. Biosense denies the allegations in Paragraph 33.

34. Biosense states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unspecified reprocessors contained in the second, fourth, fifth and sixth sentences of Paragraph 34, and therefore denies them. Biosense also denies the remaining allegations in Paragraph 34, except admits that catheter manufacturers and reprocessors, who are the manufacturers of reprocessed catheters, must obtain clearance from the FDA to market those catheters in the United States.

35. Biosense denies the allegations in Paragraph 35.

36. Biosense denies the allegations in Paragraph 36.

37. Biosense denies the allegations in Paragraph 37, except refers to Exhibit 1 for its contents, and admits that certain reprocessors have been cleared by the FDA to market Reprocessed LASSO, Reprocessed PENTARAY, Reprocessed SOUNDSTAR and Reprocessed ACUNAV catheters; admits that the FDA clearance process evaluates the safety and effectiveness of the new device in comparison to the predicate device; and admits that physicians, not Biosense Clinical Account Specialists, operate catheters during electrophysiology studies and procedures.

38. Biosense denies the allegations in Paragraph 38, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 38, and therefore denies those allegations.

39. Biosense denies the allegations in Paragraph 39, except states that it is without knowledge or information sufficient to form a belief as to the truth of the

allegations regarding Abbott's purported case coverage practices in the fifth sentence of Paragraph 39, and therefore denies those allegations.

40. Biosense denies the allegations in Paragraph 40, including the allegation that there is a market for clinical support, except admits that it is not aware of a provider currently offering clinical support for CARTO 3 other than Biosense and the medical facilities that provide their own clinical support.

41. Biosense denies the allegations in Paragraph 41, except admits that Biosense is the original equipment manufacturer of the CARTO 3, and admits that third parties do not participate in Biosense's internal Clinical Account Specialist training program, which is designed to train Biosense employees, but that Biosense has received requests from customers to train customer employees to provide clinical support for CARTO 3 products, and it has accommodated those requests.

42. Biosense denies the allegations in Paragraph 42, except admits that Biosense seeks to establish close working relationships with the physicians with which it works and that Biosense has access to more information regarding the CARTO 3 mapping system than its customers and third parties, and refers to the cited video for its contents.

43. Biosense denies the allegations in Paragraph 43.

44. Biosense denies the allegations in Paragraph 44, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Innovative's alleged correspondence with the unnamed hospital Innovative purports to quote in Paragraph 44, and therefore denies the allegations regarding that alleged correspondence.

45. Biosense denies the allegations in Paragraph 45, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specifically identified hospitals allegedly declining to

place orders for high-density mapping catheters and ultrasound catheters for use with CARTO 3, and therefore denies those allegations.

46. Biosense denies the allegations in Paragraph 46, except states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the specifically identified hospitals allegedly returning their orders for high-density mapping catheters and ultrasound catheters for use with CARTO 3, and therefore denies those allegations.

47. Biosense denies the allegations in Paragraph 47, except refers to Exhibit 1 for its contents and to Federal Register FDA Notice 68 FR 38071-01 for its contents.

48. Biosense denies the allegations in Paragraph 48, except admits that Biosense's sensor-enabled catheters for use with CARTO 3 include technology that limits the use of the catheter to 24 consecutive hours from the time the catheter is initially plugged into the CARTO 3 system; states that it has not specifically designed a reset feature into the technology and that the absence of a reset feature has not prevented reprocessing; and admits that the FDA has cleared certain reprocessors to market Reprocessed SOUNDSTAR, Reprocessed PENTARAY and Reprocessed LASSO catheters for an additional use, and the reprocessors are the manufacturers of those catheters.

49. Biosense denies the allegations in Paragraph 49.

50. Biosense denies the allegations in Paragraph 50.

51. Biosense denies the allegations in Paragraph 51.

**FIRST CAUSE OF ACTION**

**(Monopolization, Sherman Act, 15 U.S.C. § 2 – High-Density Mapping Catheters)**

52. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

53. Biosense denies the allegations in Paragraph 53.

54. Biosense denies the allegations in Paragraph 54.

55. Biosense denies the allegations in Paragraph 55.

**SECOND CAUSE OF ACTION**

**(Attempted Monopolization, Sherman Act, 15 U.S.C. § 2 – High-Density Mapping Catheters)**

56. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

57. Biosense denies the allegations in Paragraph 57.

58. Biosense denies the allegations in Paragraph 58.

59. Biosense denies the allegations in Paragraph 59.

**THIRD CAUSE OF ACTION**

**(Tying, Sherman Act, 15 U.S.C. § 1 – High-Density Mapping Catheters)**

60. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

61. Biosense denies the allegations in Paragraph 61.

62. Biosense denies the allegations in Paragraph 62.

**FOURTH CAUSE OF ACTION**

**(Exclusive Dealing, Sherman Act, 15 U.S.C. § 1 – High-Density Mapping Catheters)**

63. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

64. Biosense denies the allegations in Paragraph 64.

65. Biosense denies the allegations in Paragraph 65.

**FIFTH CAUSE OF ACTION**

**(Tying, Cartwright Act, Cal. Bus. & Prof. Code § 16720 – High-Density Mapping Catheters)**

66. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

67. Biosense denies the allegations in Paragraph 67.

68. Biosense denies the allegations in Paragraph 68.

**SIXTH CAUSE OF ACTION**

**(Exclusive Dealing, Cartwright Act, Cal. Bus. & Prof. Code § 16720 – High-Density Mapping Catheters)**

69. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

70. Biosense denies the allegations in Paragraph 70.

71. Biosense denies the allegations in Paragraph 71.

**SEVENTH CAUSE OF ACTION**

**(Monopolization, Sherman Act, 15 U.S.C. § 2 – Ultrasound Catheters)**

72. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

73. Biosense denies the allegations in Paragraph 73.

74. Biosense denies the allegations in Paragraph 74.

**EIGHTH CAUSE OF ACTION**

**(Attempted Monopolization, Sherman Act, 15 U.S.C. § 2 – Ultrasound Catheters)**

75. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

76. Biosense denies the allegations in Paragraph 76.

77. Biosense denies the allegations in Paragraph 77.

**NINTH CAUSE OF ACTION**

**(Tying, Sherman Act, 15 U.S.C. § 1 – Ultrasound Catheters)**

78. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

79. Biosense denies the allegations in Paragraph 79.

80. Biosense denies the allegations in Paragraph 80.

**TENTH CAUSE OF ACTION**

**(Exclusive Dealing, Sherman Act, 15 U.S.C. § 1 – Ultrasound Catheters)**

81. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

82. Biosense denies the allegations in Paragraph 82.

83. Biosense denies the allegations in Paragraph 83.

**ELEVENTH CAUSE OF ACTION**

**(Tying, Cartwright Act, Cal. Bus. & Prof. Code § 16720 – Ultrasound Catheters)**

84. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

85. Biosense denies the allegations in Paragraph 85.

86. Biosense denies the allegations in Paragraph 86.

**TWELFTH CAUSE OF ACTION**

**(Exclusive Dealing, Cartwright Act, Cal. Bus. & Prof. Code § 16720 – Ultrasound Catheters)**

87. Biosense repeats and realleges its responses to the preceding Paragraphs with the same force and effect as if fully restated herein.

88. Biosense denies the allegations in Paragraph 88.

89. Biosense denies the allegations in Paragraph 89.

**RESPONSE TO PRAYER FOR RELIEF**

Biosense denies the allegations in Paragraphs A-G of Innovative's "Prayer for Relief", except admits that Innovative purports to seek certain relief in the CSAC.

**DEFENSES**

Biosense asserts the following defenses. In asserting these defenses, Biosense does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on the Plaintiff.

**First Defense**

Innovative's CSAC, and each and every claim stated therein, fails to state a claim on which relief can be granted.

**Second Defense**

Innovative's claims are barred in whole or in part because Biosense's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications.

**Third Defense**

Innovative's claims are barred in whole or in part because Biosense has no duty to deal with its competitors.

**Fourth Defense**

Innovative's claims are barred in whole or in part because Biosense has no duty to provide support for Innovative's products.

**Fifth Defense**

Innovative's claims are barred in whole or in part because Innovative has not suffered antitrust injury or any injury of the type the antitrust laws were intended to prevent.

**Sixth Defense**

Innovative's claims are barred in whole or in part because it has sustained no injury in fact or damages proximately caused by any act or omission of Biosense.

**Seventh Defense**

Innovative's claims are barred in whole or in part because any damages that Innovative purports to have suffered are too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

**Eighth Defense**

Any monetary damages under California Business and Professions Code §16720, *et seq.*, are barred in their entirety by those statutes and other applicable legal authority.

**Ninth Defense**

Innovative's claims are barred in whole or in part because it lacks standing.

**Tenth Defense**

To the extent that Innovative has suffered damages, if at all, it has failed to take reasonable measures to mitigate its damages in whole or in part, and is barred from recovering damages that it could have reasonably avoided.

**Eleventh Defense**

To the extent that Innovative has suffered damages, if at all, all damages were caused by Innovative's own actions.

**Twelfth Defense**

Innovative is not entitled to injunctive relief because any alleged injury to Innovative is not immediate or irreparable and Innovative has an adequate remedy at law.

**Thirteenth Defense**

Innovative's claims are barred in whole or in part because, at all relevant times, Biosense complied with all applicable federal and state laws and regulations.

**Fourteenth Defense**

Innovative's claims are barred, in whole or in part, by one or more of the doctrines of waiver, laches, estoppel, and/or other equitable doctrines.

**Fifteenth Defense**

Innovative is not entitled to interest, attorney's fees or costs in connection with this action.

**RESERVATION OF DEFENSES**

Biosense reserves the right to revise, supplement, or amend its Answer and Defenses, including reserving all defenses permitted under the Federal Rules of Civil Procedure, and/or in equity, that may now exist or may in the future be available based on discovery and/or further investigation in this case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Biosense prays for judgment as follows:

1. Judgment in favor of Biosense and against Innovative on all claims pled by Innovative; and
2. For such other and further relief as this Court deems just and proper, including, but not limited to, costs and reasonable attorney's fees incurred by Biosense in defending this action.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Biosense hereby demands a trial by jury on all issues so triable that are raised herein or that hereinafter may be raised in this action.

DATED: January 15, 2021

STRADLING YOCCA CARLSON & RAUTH,
A Professional Corporation

By: *__/s/ Katie Beaudin__*
Karla Kraft
Katie Beaudin

And

Katherine B. Forrest *(Pro Hac Vice)*
Michael T. Reynolds *(Pro Hac Vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Attorneys for Defendant
BIOSENSE WEBSTER, INC.