KARLA KRAFT, State Bar No. 205530
kkraft@stradlinglaw.com
VICTORIA MCLAUGHLIN, State Bar No. 321861
vmclaughlin@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

KATHERINE B. FORREST (*pro hac vice*)
kforrest@cravath.com
MICHAEL T. REYNOLDS (*pro hac vice*)
mreynolds@cravath.com
LAUREN A. MOSKOWITZ (*pro hac vice*)
lmoskowitz@cravath.com
LILLIAN S. GROSSBARD (*pro hac vice*)
lgrossbard@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019-7475
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATIVE HEALTH LLP,<br><br>Plaintiff,<br><br>v.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | CASE NO.: 8:19-cv-1984 JVS (KESx)<br><br>**DEFENDANT BIOSENSE WEBSTER INC.'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2(A) RE: MOTION FOR SUMMARY JUDGMENT BY DEFENDANT BIOSENSE WEBSTER, INC.** |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Biosense Webster, Inc. ("Biosense"), by and through its counsel of record, applies pursuant to Local Civil Rule 79-5.2.2, to file the following materials under seal:

**A.      Material Designated Confidential or Highly Confidential by Biosense**

1. Biosense respectfully requests that the Court seal the following exhibits attached to Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal:

(a) The redacted parts of Exhibit A[1] to the Declaration. Exhibit A is the Memorandum of Points and Authorities in Support of Motion for Summary Judgment by Defendant Biosense Webster, Inc.

(b) The redacted parts of Exhibit B to this Declaration. Exhibit B is the Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment by Defendant Biosense Webster, Inc.

(c) The redacted parts of Exhibit C to this Declaration. Exhibit C is the Declaration of Michael Bodner in Support of Defendant Biosense Webster, Inc.'s Motion for Summary Judgment.

(d) The entirety of Exhibit 9 to this Declaration. Exhibit 9 is a document titled, "Certified Performance (CP) Specifications", dated January 24, 2018, beginning with the Bates number BWI-INN00012615.

---

[1] For ease of reference, with the exception of Exhibits A, B and C, the numbering of the exhibits to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal aligns with the numbering of the exhibits to the Declaration of Lillian S. Grossbard in Support of Defendant Biosense Webster, Inc.'s Motion for Summary Judgment.

1

**BIOSENSE WEBSTER, INC.'S UNOPPOSED APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2**

Case No.: 8:19-cv-1984 JVS (KESx)

(e) The entirety of Exhibit 10 to this Declaration. Exhibit 10 is a document titled, "Abbott: Advisor HD Grid, Rebuttal Playbook", beginning with the Bates number BWI-INN00019746.

(f) The entirety of Exhibit 11 to this Declaration. Exhibit 11 is a presentation titled, "Certified Performance Program: Reprocessed Electrophysiology Products", dated 2018, beginning with the Bates number BWI-INN00029230.

(g) The redacted parts of Exhibit 13 to this Declaration. Exhibit 13 is a true and correct copy of a presentation titled, "We're changing the trajectory of human health", beginning with the Bates number BWI-INN00044148.

(h) The redacted parts of Exhibit 14 to this Declaration. Exhibit 14 is a true and correct copy of an email with the subject line, "CHI Ultrasound Reprocessing, dated November 27, 2018, beginning with the Bates number BWI-INN00061181.

(i) The entirety of Exhibit 15 to this Declaration. Exhibit 15 is a true and correct copy of an email with the subject line, "OMPC News", dated May 29, 2015, beginning with Bates number BWI-INN00066439.

(j) The entirety of Exhibit 16 to this Declaration. Exhibit 16 is a true and correct copy of a document titled, "Boston Scientific: Rhythmia HDx; Intellamap Orion; Intellatip MIFI, Rebuttal Playbook", beginning with the Bates number BWI-INN00083222.

(k) The entirety of Exhibit 17 to this Declaration. Exhibit 17 is a true and correct copy of a presentation titled, "Position On Product Technical Case Support, For Non-Biosense Webster, Inc. Reprocessed Catheters", beginning with the Bates number BWI-INN00089256.

(l) The entirety of Exhibit 18 to this Declaration. Exhibit 18 is a true and correct copy of a presentation titled, "2020 Commercial Pathways", beginning with the Bates number BWI-INN00089524.

   (m) The entirety of Exhibit 19 to this Declaration. Exhibit 19 is a true and correct copy of a presentation titled, "Business Review 2020", dated December 18, 2020, beginning with Bates number BWI-INN00101105.

   (n) The entirety of Exhibit 20 to this Declaration. Exhibit 20 is a true and correct copy of a presentation titled, "Mission Cure Atrial Fibrillation, Vision #1 in Rhythm Solutions Globally", beginning with the Bates number BWI-INN00125358.

   (o) The entirety of Exhibit 21 to this Declaration. Exhibit 21 is a true and correct copy of an email with the subject line, "Biosense Proposal Follow Up", dated June 20, 2016, and its attachments, beginning with Bates number BWI-INN00345985.

   (p) The entirety of Exhibit 22 to this Declaration. Exhibit 22 is a true and correct copy of an email with the subject line, "Carto3 Lab Staff Training / Providence Accounts", dated May 3, 2016, beginning with the Bates number BWI-INN00358688.

   (q) The entirety of Exhibit 23 to this Declaration. Exhibit 23 is a true and correct copy of a presentation containing information on physician workflows for specific physicians, beginning with the Bates number BWI-INN00384111.

   (r) The entirety of Exhibit 24 to this Declaration. Exhibit 24 is a true and correct copy of an email with the subject line, " Support for non JnJ products", dated January 19, 2016, beginning with Bates number BWI-INN00385752

   (s) The entirety of Exhibit 25 to this Declaration. Exhibit 25 is a true and correct copy of a presentation titled, "Falcon Strategy Alignment", dated October 17, 2014, beginning with the Bates number BWI-INN00390262.

   (t) The entirety of Exhibit 26 to this Declaration. Exhibit 26 is a true and correct copy of an email with the subject line, "BWI Clinical Support of Non-BWI Position Statement - Training Resources", dated February 26, 2015, beginning with the Bates number BWI-INN00402760.

(u) The entirety of Exhibit 28 to this Declaration. Exhibit 28 is a true and correct copy of a document titled, "Abbott Zonare ViewMate Z Ultrasound System and ViewFlex Catheter", beginning with the Bates number BWI-INN00479585.

(v) The entirety of Exhibit 29 to this Declaration. Exhibit 29 is a true and correct copy of a presentation titled, "Biosense Webster: Together We Are Elevating The Standards Of Care For Patients With Atrial Fibrillation", beginning with the Bates number BWI-INN00485091.

(w) The entirety of Exhibit 30 to this Declaration. Exhibit 30 is a true and correct copy of a chart titled, "Mapping System", beginning with the Bates number BWI-INN00511094.

(x) The entirety of Exhibit 31 to this Declaration. Exhibit 31 is a true and correct copy of an email with the subject line, "Clinical Coverage Policy Letter", dated May 22, 2018, beginning with the Bates number BWI-INN00607311.

(y) The entirety of Exhibit 32 to this Declaration. Exhibit 32 is a true and correct copy of a letter from Biosense Webster, Inc. to U.S. Food & Drug Administration Center for Devices and Radiological Health, Office of Compliance, dated February 18, 2011, beginning with the Bates number BWI-INN00704860.

(z) The entirety of Exhibit 33 to this Declaration. Exhibit 33 is a true and correct copy of a spreadsheet containing Biosense Webster's cardiac mapping system sales from 2013 to 2021 Q1, beginning with the Bates number BWI-INN00704867.

(aa) The entirety of Exhibit 34 to this Declaration. Exhibit 34 is a true and correct copy of a document titled, "BWI Comm Ed Cost Center Detail via KSB1 T Code", dated April 23, 2021, beginning with Bates number BWI-INN00706171 (Exhibit 302).

(bb) The entirety of Exhibit 35 to this Declaration. Exhibit 35 is a true and correct copy of a spreadsheet containing Biosense Webster's Commercial Education content creation costs, beginning with Bates number BWI-INN00706172.

(cc) The entirety of Exhibit 36 to this Declaration. Exhibit 36 is a true and correct copy of a document titled, "Biosense CAS Payroll Report", dated June 29, 2021, beginning with Bates number BWI-INN00706179 (Exhibit 301).

(dd) The redacted parts of Exhibit 88 to this Declaration. Exhibit 88 is a true and correct copy of the transcript excerpts of the August 31, 2021 deposition of Michael Bodner.

(ee) The entirety of Exhibit 93 to this Declaration. Exhibit 93 is a true and correct copy of a transcript excerpt of the August 13, 2021 deposition of Nick Demczuk.

(ff) The redacted parts of Exhibit 101 to this Declaration. Exhibit 101 is a true and correct copy of a transcript excerpt of the August 6, 2021 deposition of Noah Martin.

(gg) The redacted parts of Exhibit 102 to this Declaration. Exhibit 102 is a true and correct copy of the transcript excerpts of the August 25, 2021 deposition of Stephenie Orsini.

(hh) The redacted parts of Exhibit 121 to this Declaration. Exhibit 121 is a true and correct copy of Overlap Analysis of Overlapping Cardiac Mapping System Customers among Biosense, Abbott, and Boston Scientific Performed by Compass Lexecon, dated November 10, 2021.

(i) The redacted parts of Exhibit 122 to this Declaration. Exhibit 122 is a true and correct copy of the excerpted Expert Report of Eric F. Forister, Ph.D., dated September 24, 2021.

(ii) The entirety of Exhibit 123 to this Declaration. Exhibit 123 is a true and correct excerpted copy of the Expert Report of Lawrence Wu, Ph.D., dated October 22, 2021.

Under Central District of California Local Rule 79-5, documents may be filed under seal after obtaining approval of the Court. Documents containing confidential, valuable and nonpublic information that would cause competitive injury to a party if

publicly disclosed are subject to protection under Rule 26(c). *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (sealing documents is appropriate if "release of the documents will cause competitive harm to a business").

Biosense seeks leave to file these materials under seal on the grounds that they contain confidential, competitively sensitive and proprietary business information (*see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008); *Table de France, Inc. v. DBC Corp.*, 2019 WL 6894521, at *2 (C.D. Cal. Oct. 18, 2019); *Costco Wholesale Corp. v. Johnson & Johnson Vision Care Inc.*, 2015 WL 2405486 (N.D. Cal. May 18, 2015)), or otherwise constitute information that might "release trade secrets" and "might harm a litigant's competitive standing." *Elec. Arts*, 298 F. App'x at 569 (internal quotations and citations omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *Apple*, 727 F.3d at 1225 ("In particular, it seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

Redaction of Exhibits 9-11, 15-26, 28-36, 93, 96 and 123 is not feasible because most, if not all, of the content in these Exhibits would require redaction. As for Exhibits A, B, C, 13, 14, 88, 101, 102, 121 and 122, redactions are feasible and Biosense proposes redactions to facilitate public disclosure of non-competitively sensitive information. Biosense understands that the information Biosense moves to seal has not been previously made public and that disclosure of this competitively sensitive information could be used by third parties to Innovative's detriment.

As required under the applicable rules, this Application is supported by the accompanying Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal. Biosense is also concurrently filing unredacted copies of Exhibits 9-11, 15-26, 28-36, 93, 96 and 123 proposed to be filed under seal and redacted copies of Exhibits A, B, C, 13, 14, 88, 101, 102, 121 and 122, which Biosense moves to partially seal.

Counsel for Plaintiff Innovative Health LLC ("Innovative") has indicated that Innovative does not oppose this Application for Leave to File Under Seal.

**B.     Material Designated Confidential or Highly Confidential by Innovative**

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal the following exhibits attached to Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal: Exhibits 42, 43, 48, 49, 54-56, 58, 60, 63, 70, 71, 74, 97 and 100 in their entirety and Exhibits 73, 89, 92, 95, 98 and 112 in part.

Biosense seeks to seal these exhibits because Plaintiff Innovative Health LLC ("Innovative") designated these items as confidential, proprietary, commercially sensitive, or competitive information pursuant to the protective order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application to File Under Seal at ¶ 9. Counsel for Innovative and Biosense conferred on December 10, 2021, in an attempt to eliminate or minimize the need for filing under seal by means of redaction and the relief sought by this Application. *Id*. at ¶ 11. On December 9 and 12, 2021, Innovative informed Biosense via email to file Exhibits 73, 89, 92, 95, 98 and 112 partially under seal and Exhibits 42, 43, 48, 49, 54-56, 58, 60, 63, 70, 71, 74, 97 and 100 under seal. *Id*. at ¶ 12. Innovative does not oppose this Application. *Id*. at ¶ 13.

Biosense is concurrently filing unredacted copies of these exhibits proposed to be filed under seal and redacted copies of the exhibits Biosense moves to partially seal.

Innovative believes that the contents of Exhibits contain confidential, proprietary, commercially sensitive, or competitive information relating to Innovative's business. *Id*. at ¶ 9. The following chart is an overview of the Exhibits:

| Exhibit Numbers | Description |
|---|---|
| Exhibit 42 | A presentation titled, "Reprocessed sensor-enabled catheters", dated June 8, 2020, beginning with Bates number IH00009435 (Exhibit 296). |

| | |
|---|---|
| Exhibit 43 | An email with the subject line, "FW: Premier Pro EP Catheter Reprocessing Follow Up," dated August 13, 2020, beginning with the Bates number IH00013624. |
| Exhibit 48 | An email with the subject line, "Innovative Health EP Reprocessing Opportunity with BJC," dated November 30, 2020, beginning with the Bates number IH00106035. |
| Exhibit 49 | An email with the subject line, "University of Colorado Health Savings Model EP Reprocessing", dated April 15, 2018, beginning with the Bates number IH00108784. |
| Exhibit 54 | An email with the subject line, "Scientific: Rythmia Mapping System", dated July 8, 2020, beginning with Bates number IH00150526. |
| Exhibit 55 | An email with the subject line, "EP mapping support project", dated October 24, 2019, beginning with Bates number IH00174396 (Exhibit 384). |
| Exhibit 56 | An email with the subject line, "Hackensack_Reprocessing Business Review Follow Up", dated April 10, 2020, beginning with Bates number IH00275759 (Exhibit 76). |
| Exhibit 58 | An email with the subject line, "Caro Training project - feasibility report on project post clinical time at Mayo", dated January 18, 2017, and its attachments, beginning with Bates number IH00286279 (Exhibit 23). |
| Exhibit 60 | An email with the subject line, "Mt. Sinai EP Reprocessing", dated June 10, 2020, and its attachments, beginning with Bates number IH00341037 (Exhibit 77). |
| Exhibit 63 | An email with the subject line, "NYP Sustainability Meeting", dated January 10, 2020, beginning with Bates number IH00364879 (Exhibit 71). |
| Exhibit 70 | A document titled, "Process Verification and Validation", dated February 10, 2017, |

| | |
|---|---|
| | beginning with Bates number IH00511688 (Exhibit 103). |
| Exhibit 71 | A document titled, "Stanford Case evaluations", dated September 5, 2017, beginning with the Bates number IH00517598. |
| Exhibit 73 | A document titled, "Consulting Agreement between Innovative and A. Detate", dated July 31, 2018, beginning with Bates number IH00587241 (Exhibit 81). |
| Exhibit 74 | An email with the subject line, "MedStar Summary", dated March 3, 2021, and its attachments, beginning with Bates number IH00695264 (Exhibit 99). |
| Exhibit 89 | The transcript excerpts of the July 15, 2021 deposition of Rafal Chudzik. |
| Exhibit 92 | The transcript excerpts of the July 19, 2021 deposition of Matt Dambeck |
| Exhibit 95 | The transcript excerpts of the July 29, 2021 deposition of David Distel. |
| Exhibit 96 | The transcript excerpts of the September 16, 2021 deposition of Timothy D. Einwechter. |
| Exhibit 97 | The transcript excerpts of the August 12, 2021 deposition of Jay Farris. |
| Exhibit 98 | The transcript excerpts of the September 22, 2021 deposition of Rick Ferreira. |
| Exhibit 100 | The transcript excerpts of the July 27, 2021 deposition of Blessan Joseph. |
| Exhibit 112 | The transcript excerpts of the August 27, 2021 deposition of Lars Thording. |

Redaction of Exhibits 42, 43, 48, 49, 54-56, 58, 60, 63, 70, 71, 74, 97 and 100

is not feasible because most, if not all, of the content in these Exhibits would require redaction. As for Exhibits 73, 89, 92, 95, 98 and 112, redactions are feasible and Biosense proposes redactions to facilitate public disclosure of non-competitively sensitive information. Innovative provided Biosense with these redactions and agrees with these redactions. Biosense understands that the information Biosense moves to seal has not been previously made public and that disclosure of this competitively sensitive information could be used by third parties to Innovative's detriment.

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibits 42, 43, 48, 49, 54-56, 58, 60, 63, 70, 71, 74, 97 and 100 in their entirety and Exhibits 73, 89, 92, 95, 98 and 112 in part.

### C. Material Designated Confidential or Highly Confidential by Third Parties

#### a. Aaron DeTate

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal the following exhibits attached to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal: Exhibit 86 in full and Exhibits 7 and 94, in part.

Biosense seeks to seal Exhibit 86 in full and Exhibits 7 and 94 in part. Counsel for Aaron DeTate designated Exhibits 7 and 94 Highly Confidential pursuant to the Protective Order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith, ¶ 14. Counsel for Aaron DeTate and Biosense conferred on December 10, 2021 in an attempt to eliminate or minimize the need for filing under seal by means of redaction and the relief sought by this Application. *Id.* at ¶ 17. On December 10, 2021, counsel for Aaron DeTate informed Biosense via email to file Exhibit 94 partially under seal and on December 12, 2021, counsel for Aaron DeTate informed Biosense via email to file Exhibit 7 partially under seal. *Id.* at ¶¶ 18-19. Given this, Biosense also seeks to file

Exhibit 86 under seal, as it is discussed in the redacted portions of Exhibit 94. *Id.* at ¶ 18. Aaron DeTate does not oppose this Application. *Id.* at ¶ 20.

Biosense is concurrently filing an unredacted copy of Exhibit 86 proposed to be filed under seal and redacted copies of Exhibits 7 and 94 that Biosense moves to partially seal.

Here, the contents of Exhibits 7, 86 and 94 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal contain confidential, proprietary, commercially sensitive, or competitive information. The following chart is an overview of the Exhibits:

| Exhibit Number | Description |
| --- | --- |
| Exhibit 7 | A presentation titled, "Stanford Health: Electrophysiology Device Reprocessing", dated July 8, 2020, beginning with Bates number AD-000530. |
| Exhibit 86 | A document titled, "Torrance Memorial Medical Center 3D Electro-Anatomical Mapping", dated December 20, 2019, beginning with Bates number TORRANCE_00000220 (Exhibit 101). |
| Exhibit 94 | The transcript excerpts of the July 23, 2021 deposition of Aaron DeTate. |

Redaction of Exhibit 86 is not feasible because most, if not all, of the content in this Exhibit would require redaction. For Exhibits 7 and 94, redactions are feasible and Biosense proposes redactions to facilitate public disclosure of non-competitively sensitive information. Counsel for Aaron DeTate provided Biosense with these redactions and agrees with these redactions. Biosense understands that the information Biosense moves to seal has not been previously made public and disclosure of the Exhibits would reveal sensitive information.

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibit 86 in its entirety, and Exhibits 7 and 94 in part.

### b. Abbott Laboratories

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal Exhibit 3 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal in its entirety.

Biosense seeks to seal this exhibit as a whole because Abbott Laboratories ("Abbott") designated Exhibit 3 as Highly Confidential pursuant to the Protective Order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith, ¶ 21. Counsel for Abbott and Biosense conferred on December 7 and 9, 2021 in an attempt to eliminate or minimize the need for filing under seal by means of redaction and the relief sought by this Application. *Id.* at ¶ 23. On December 11, 2021, Abbott informed Biosense via email to file Exhibit 3 under seal. *Id.* at ¶ 24. Abbott does not oppose this Application. *Id.* at ¶ 25.

Biosense is concurrently filing an unredacted copy of Exhibit 3 proposed to be filed under seal.

Abbott believes that the contents of Exhibit 3 contain confidential, proprietary, commercially sensitive, or competitive information relating to Abbott's business. *Id.* at ¶ 21. The following chart is an overview of the Exhibit:

| Exhibit Number | Description |
| --- | --- |
| Exhibit 3 | An excerpted spreadsheet containing Abbott's cardiac mapping system sales data beginning with Bates number ABB0000001. |

Redaction of Exhibit 3 is not feasible because most, if not all, of the content in these Exhibits would require redaction. Biosense understands that the information Biosense moves to seal has not been previously made public and disclosure of this competitively sensitive information could be used by third parties to Abbott's detriment.

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibit 3 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal in its entirety.

### c.    Acutus Medical, Inc.

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal Exhibit 6 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal in its entirety.

Biosense seeks to seal Exhibit 6 as a whole because Acutus Medical, Inc. ("Acutus") designated it as Highly Confidential pursuant to the Protective Order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith at ¶ 26. In accord with Local Rule 79-5 and in an attempt to eliminate or minimize the need for filing under seal, Biosense informed Acutus via letter on December 2, 2021 that it intended to rely on information produced by Acutus in connection with a public filing on December 13, 2021. *Id*. at ¶ 27. On December 12, 2021, Biosense informed Acutus via email that it intended to file an additional document produced by Acutus—Exhibit 6—in connection with a public filling on December 13, 2021. *Id*. at ¶ 28. Biosense followed up with Acutus via email and phone call on December 13, 2021, but did not get a response. *Id*. at ¶ 29. Out of an abundance of caution and pursuant to the Protective Order in this case, Biosense seeks to file Exhibit 6 under seal. *Id*. at ¶ 30. Biosense notes, however, that Exhibit 6 appears to be publicly available material that Acutus designated as Highly Confidential Material. *Id.*

Biosense is concurrently filing an unredacted copy of Exhibit 6 proposed to be filed under seal.

Here, the contents of Exhibit 6 were designated Highly Confidential pursuant to the Protective Order. The following chart is an overview of the Exhibit:

| Exhibit Numbers | Description |
| --- | --- |
| Exhibit 6 | A document titled, "Acutus Medical Common Stock Report", dated August 5, 2020, beginning with Bates number Acutus 000181 (Exhibit 388). |

### d.     Boston Scientific Corporation

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal the following exhibits attached to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal: Exhibit 8 in its entirety and Exhibit 110 in part.

Biosense seeks to seal Exhibit 8 as a whole because Boston Scientific Corporation ("Boston Scientific") designated it Highly Confidential pursuant to the Protective Order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith, ¶ 31. Counsel for Boston Scientific and Biosense conferred on December 7, 2021 in an attempt to eliminate or minimize the need for filing under seal by means of redaction and the relief sought by this Application. *Id.* at ¶ 33. On December 9, 2021, Boston Scientific informed Biosense via email to file Exhibit 8 under seal and Exhibit 110 partially under seal. *Id.* at ¶ 34. Boston Scientific does not oppose this Application. *Id.* at ¶ 35.

Biosense is concurrently filing an unredacted copy of Exhibit 8 proposed to be filed under seal and a redacted copy of Exhibit 110 that Biosense moves to partially seal.

Boston Scientific believes that the contents of Exhibits 8 and 110 contain confidential, proprietary, commercially sensitive, or competitive information relating to Boston Scientific's business. *Id.* at ¶ 31. The following chart is an overview of the Exhibits:

| Exhibit Numbers | Description |
| --- | --- |
| Exhibit 8 | A spreadsheet containing cardiac mapping system sales data, beginning with Bates number BOSCI000868. |
| Exhibit 110 | The transcript excerpts of the October 27, 2021 deposition of Robert Stanton. |

Redaction of Exhibit 8 is not feasible because most, if not all, of the content in this Exhibit would require redaction. For Exhibit 110, redactions are feasible and Biosense proposes redactions to facilitate public disclosure of non-competitively sensitive information. Boston Scientific provided Biosense with these redactions and agrees with these redactions. Biosense understands that the information Biosense moves to seal has not been previously made public and disclosure of this competitively sensitive information could be used by third parties to Boston Scientific's detriment..

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibit 8 in its entirety and Exhibit 110 in part.

### e. MedStar Health, Inc.

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal Exhibit 115 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal in part.

Biosense seeks to partially seal Exhibit 115 because MedStar Health, Inc. ("MedStar") designated it as Highly Confidential pursuant to the Protective Order in this action. *See* Decl. of Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith, ¶ 36. In accord with Local Rule 79-5, Biosense informed MedStar via letter on December 2, 2021 that it intended to rely on certain of Mr. Wish's Rule 30(b)(6) deposition testimony in connection with a public filing on December 13, 2021. *Id.* at ¶ 37. Biosense and MedStar met and conferred on December 3, 2021. *Id.* at ¶ 38. On December 13, 2021, MedStar informed Biosense via

email to file Exhibit 115 partially under seal. *Id.* at ¶ 39. MedStar does not oppose this Application. *Id.* at ¶ 40.

Biosense is concurrently filing a redacted copy of Exhibit 115 Biosense moves to partially seal.

MedStar believes that the contents of Exhibit 115 contain confidential, proprietary, commercially sensitive, or competitive information relating to MedStar's business. The following chart is an overview of the Exhibit:

| Exhibit Numbers | Description |
| --- | --- |
| Exhibit 115 | The transcript excerpts of the September 21, 2021 deposition of Allen Wish. |

For Exhibit 115, redactions are feasible and Biosense proposes redactions to facilitate public disclosure of non-competitively sensitive information. MedStar provided Biosense with these redactions and agrees with these redactions. Biosense understands that the information Biosense moves to seal has not been previously made public and disclosure of this competitively sensitive information could be used by third parties to MedStar's detriment.

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibit 115 in part.

### f.  Sutter Health

Pursuant to the Protective Order in this action (Dkt. Nos. 62 and 65) and Local Rule 79-5, Biosense respectfully requests that the Court seal Exhibits 80-84 to the Declaration of Colleen Kozikowski ISO Biosense's Application to File Under Seal in their entirety.

Biosense seeks to seal Exhibits 80-84 as a whole because Sutter Health designated these items as Confidential pursuant to the Protective Order in this action. *See* Decl. of

Colleen Kozikowski ISO Biosense's Application for Order to File Documents Under Seal concurrently filed herewith, ¶ 41. In accord with Local Rule 79-5 and in an attempt to eliminate or minimize the need for filing under seal, Biosense informed Sutter Health via letter on December 7, 2021 that it intended to rely on information produced by Sutter Health in connection with a public filing on December 13, 2021. *Id.* at ¶ 42. Biosense did not receive a response and therefore, under the terms of the Protective Order, seeks to file Exhibits 80-84 under seal. *Id.* at ¶ 43.

Biosense is concurrently filing unredacted copies of Exhibits 80-84 proposed to be filed under seal.

Sutter Health believes that the contents of Exhibits 80-84 contain confidential, proprietary, commercially sensitive, or competitive information relating to Sutter Health's business. *Id.* at ¶ 41. The following chart is an overview of the Exhibits:

| Exhibit Numbers | Description |
| --- | --- |
| Exhibit 80 | A spreadsheet containing Sutter Health's purchasing data beginning with Bates number SH000000001 |
| Exhibit 81 | A spreadsheet containing Sutter Health's purchasing data beginning with Bates number SH000000002 |
| Exhibit 82 | A spreadsheet containing Sutter Health's purchasing data beginning with Bates number SH000000003 |
| Exhibit 83 | A spreadsheet containing Sutter Health's purchasing data beginning with Bates number SH000000004 |
| Exhibit 84 | A spreadsheet containing Sutter Health's purchasing data beginning with Bates number SH000000005 |

Redaction of Exhibits 80-84 is not feasible because most, if not all, of the content in these Exhibits would require redaction. Biosense understands that the information

Biosense moves to seal has not been previously made public and disclosure of this competitively sensitive information could be used by third parties to Sutter Health's detriment.

Therefore, Biosense respectfully requests that the Court grant Biosense's Motion to Seal Exhibits 80-84 in their entirety.

Dated: December 13, 2021				STRADLING YOCCA CARLSON
							& RAUTH

						By: /s/ Karla J. Kraft

							Karla K. Kraft
							Victoria McLaughlin
							*kkraft@stradlinglaw.com*
							*vmclaughlin@stradlinglaw.com*

							-and-

							CRAVATH, SWAINE & MOORE LLP
							Katherine B. Forrest (*Pro Hac Vice*)
							Michael T. Reynolds (*Pro Hac Vice*)
							Lauren A. Moskowitz (*Pro Hac Vice*)
							Lillian S. Grossbard (*Pro Hac Vice*)
							*kforrest@cravath.com*
							*mreynolds@cravath.com*
							*lmoskowitz@cravath.com*
							*lgrossbard@cravath.com*

							Attorneys *for Defendant*
							*Biosense Webster, Inc.*