Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>Assigned for all purposes to:<br>Honorable James V. Selna<br><br>**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION TO REQUIRE DEFENDANT BIOSENSE WEBSTER, INC. TO PRODUCE ALL COURT-ORDERED SUPPLEMENTAL DATA BY NOVEMBER 8, 2024**<br><br>*[Filed with [Proposed] Order]*<br><br>Date:   November 4, 2024<br>Time:   1:30 p.m.<br>Crtrm:  10C<br><br>Action Filed:  October 18, 2019<br>Trial Date:  April 29, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 4, 2024 at 1:30 p.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053 Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this motion for an order to direct Defendant Biosense Webster, Inc. to produce, by November 8, 2024, all the supplemental data this Court ordered.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Jeffrey L. Berhold and the exhibits thereto, and all other papers and pleadings on file here or that may be presented to the Court.

This Motion is made after the counsel conference required by local rule. *See* Local Rule 7-3. This conference took place on Thursday, October 3, 2024. Counsel for Innovative raised the issues described in this motion with Biosense's counsel via email on September 11. On September 24, counsel for Innovative requested a telephonic conference on any day between September 26 and September 30. Biosense's counsel advised that they could not be available for a meet-and-confer before October 3, but confirmed that they would not object to an October 7 filing if the parties could not resolve their disputes during that meet-and-confer.

DATED: October 7, 2024         THEODORA ORINGHER PC

                               By:    /s/ Panteha Abdollahi
                                      Panteha Abdollahi


                               JEFFREY L. BERHOLD, P.C.


                               By:    /s/ Jeffrey L. Berhold
                                      Jeffrey L. Berhold


                               BERGER MONTAGUE PC


                               By:    /s/ Joshua P. Davis
                                      Joshua P. Davis

                               KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


                               By:    /s/ Matthew D. Reade
                                      Derek T. Ho
                                      Andrew E. Goldsmith
                                      Matthew D. Reade
                                      Kelley C. Schiffman
                                      Rachel T. Anderson

                               Attorneys for Plaintiff
                               INNOVATIVE HEALTH LLC

3

PL.'S MOT. TO REQUIRE DEF. TO PRODUCE ALL COURT-ORDERED SUPPLEMENTAL DATA

**TABLE OF CONTENTS**

I.   Introduction .................................................................................................... 5

II.  Background..................................................................................................... 5

    A.   Biosense Produced Six Categories of Transaction Data, Including All Catheter Sales Data................................................................... 5

    B.   This Court Ordered Biosense To Supplement Its Catheter Sales Data To Enable Updated Damages Calculations and Show Current Market Conditions ................................................................ 6

    C.   Despite the Court's Order, Biosense Has Refused To Produce Sales or Customer Data for Newer Catheters ................................................. 7

III. This Court Should Require Biosense To Provide Updated Catheter Sales Data for All Customers and Catheters Sold Through June 30, 2024 ....................... 8

    A.   This Court Should Require Biosense To Comply with Its Order .......... 8

    B.   Rule 26(e) Also Requires Biosense To Update Its Sales Data for Each Catheter It Sells, Including OCTARAY and OPTRELL............... 9

IV.  Conclusion......................................................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

In this antitrust case, Innovative Health LLC alleges that Defendant Biosense Webster, Inc. has "monopoliz[ed] and restrain[ed] trade in the nationwide markets for the sale of high-density mapping catheters and ultrasound catheters for use with the CARTO 3 cardiac mapping system for electrophysiology studies." Dkt. 59 at 2. Innovative seeks (among other things) damages and injunctive relief. *Id.* at 32.

To enable the parties to calculate damages and "properly address any injunctive relief" sought at trial, this Court ordered Biosense "to supplement its production of nationwide transaction data for all customers" through June 30, 2024. Dkt. 246 at 8-9. Despite that order, Biosense refuses to produce *any* sales data, for *any* customers, for any catheters it released after 2021, including OCTARAY—a high-density mapping catheter that Biosense admits is part of an alleged relevant market here. *See* Declaration of Jeffrey L. Berhold ("Berhold Decl."), ¶ 10.

Innovative now moves to enforce this Court's order. Innovative asks this Court to require Biosense to produce, per this Court's prior order, catheter sales data for all customers for each diagnostic and ultrasound catheter sold through June 30, 2024, including the OCTARAY and OPTRELL high-density mapping catheters. Otherwise, this Court should order Biosense to supplement its production with that data per Federal Rule of Civil Procedure 26(e).

Innovative regrets having to return to this Court to enforce the relief it already ordered. But Biosense has refused to comply, and, as the Court already held, the withheld data is relevant to current market conditions and damages calculations. The Court should require Biosense to produce that data.

## II. Background

### A. Biosense Produced Six Categories of Transaction Data, Including All Catheter Sales Data

Biosense has produced six categories of transaction data. *See* Dkt. 240 at 7;

Dkt. 244 at 4.  The first three categories—installed-base, system-sales, and procedure-share data—show market conditions, including Biosense's market power, in the foremarket for cardiac mapping systems.  *See* Dkt. 236 at 18.  The fourth category comprises case logs showing the number of CARTO 3 cases for which Biosense provided clinical support; these logs illustrate Biosense's market share in the alleged tying market for clinical support services.  *See id.* at 19.  The fifth category shows complaint rates for Biosense's catheters.  *See id.* at 10.

This motion concerns just the sixth data category:  Biosense's catheter sales and pricing for all customers.  *See id.* at 10, 19; Dkt. 238 at 4 (¶ 17).  Biosense produced that data in response to Innovative's requests for "[s]ales [d]ata . . . by year, by month, by customer, and by product for each diagnostic catheter and ultrasound catheter sold by [Biosense] . . . to the present" and "*all* of [Biosense's] customer transactions."  Dkt. 238 at 231 (RFP 49), 197 (RFP 3) (emphasis added).

### B.   This Court Ordered Biosense To Supplement Its Catheter Sales Data To Enable Updated Damages Calculations and Show Current Market Conditions

After the Ninth Circuit's decision, *see* Dkt. 246 at 2, Innovative moved this Court to require Biosense to update those six categories with data from 2021 to mid-2024, *see* Dkt. 236 at 8.  Regarding the catheter sales data, Innovative specified that Biosense's supplemental production should include "new catheter sales for . . . high-density mapping catheters like PENTARAY, **OCTARAY, and OPTRELL**."  *Id.* at 17 (emphasis added).  In response, Biosense argued that requiring it to update its production of data for all catheter sales through 2024 would "exceed the scope of Biosense's . . . obligations" under Rule 26(e) and "broadly sweep in information . . . as part of [a] strategic do-over."  Dkt. 240 at 14-15.

This Court rejected Biosense's contentions and granted Innovative's motion. It ordered Biosense "to update the transaction information it previously disclosed in discovery"—including catheter sales for all customers and each diagnostic and

ultrasound catheter sold by Biosense, *see* Dkt. 238 at 231 (RFP 49), 197 (RFP 3)—"through June 30, 2024." Dkt. 246 at 8-9. This Court reasoned that the six data categories to be supplemented are relevant to calculating damages and to assessing "current market conditions . . . in order to properly address any injunctive relief Innovative seeks." *Id.* at 8. This Court also observed that updating those categories from 2021 to mid-2024 would be "in line with Biosense's previous disclosures during discovery." *Id.* In so ruling, this Court stressed its prior instruction to the parties that "it's appropriate to update any information that goes to damages." *Id.*

### C. Despite the Court's Order, Biosense Has Refused To Produce Sales or Customer Data for Newer Catheters

Innovative has alleged a relevant market for high-density mapping catheters compatible with the CARTO 3 cardiac mapping system. *See* Dkt. 59 ¶ 12. Biosense's PENTARAY is one such catheter. *Id.* ¶¶ 12-14. After the original discovery period here, Biosense introduced two new high-density mapping catheters that are also part of that alleged market: the OCTARAY and the OPTRELL.

The OCTARAY is a high-density mapping catheter designed "to provide shorter and more efficient mapping times than PENTARAY."[1] Likewise, the "OPTRELL Mapping Catheter is a high-density diagnostic catheter, with small electrodes arranged in a fixed array formation to provide high-definition electrophysiological mapping of complex cardiac arrhythmia cases . . . ."[2] Both catheters were offered for sale before June 30, 2024, *see supra* notes 1-2; and both catheters are subject to Biosense's case coverage policy, which permits coverage of

---

[1] Press Release, Biosense Webster Launches the OCTARAY Mapping Catheter With TRUEref Technology, Johnson & Johnson (Sept. 6, 2022), https://perma.cc/8447-43RN.

[2] Press Release, Biosense Webster Launches the OPTRELL Mapping Catheter with TRUEref Technology for Mapping of Complex Cardiac Arrhythmias, Johnson & Johnson (July 24, 2023), https://perma.cc/36HE-72GF.

sensor-based mapping and ultrasound catheters only if those catheters were sold by Biosense or its affiliated reprocessor. *See* Berhold Decl. ¶ 11-12 & Exs. 1-2. Biosense uses its case coverage policy "to coerce customers into purchasing its high-density mapping catheters" instead of reprocessed versions. Dkt. 59 ¶ 61. So sales of each catheter are relevant both to damages and to injunctive relief, as well as to market share and market power—all central issues here.

Biosense, which appears to have finally produced PENTARAY sales data for all customers, contends that it need not provide sales data for new catheters that it began selling between 2021 and June 30, 2024, like OCTARAY and OPTRELL. Yet sales of those catheters are responsive to the original production requests that this Court ordered Biosense to supplement, *see* Dkt. 238 at 231 (RFP 49), 197 (RFP 3); and both OCTARAY and OPTRELL are concededly part of a relevant product market alleged here, *see* Dkt. 59 ¶ 12; Berhold Decl. ¶¶ 7, 10. There is thus no basis for asserting that this sales data "is not relevant to this case" or "has never been at issue." Berhold Decl. ¶ 8. But Biosense has maintained that position, requiring this motion to enforce this Court's prior order. *See* Berhold Decl. ¶ 10.

### III. This Court Should Require Biosense To Provide Updated Catheter Sales Data for All Customers and Catheters Sold Through June 30, 2024

#### A. This Court Should Require Biosense To Comply with Its Order

Innovative sought and this Court issued "an order directing Biosense to supplement its production of nationwide transaction data for all customers." Dkt. 246 at 8-9. As this Court explained, Innovative did not seek any new categories of data that Biosense had not already provided; Innovative sought "simply to update data that was originally produced in discovery"—including the sales data for all catheters and customers—"so current conditions and damages can be properly assessed before trial." *Id.* at 8.

Biosense's refusal to provide a complete update to catheter sales data contravenes the letter and spirit of this Court's order. This Court ordered Biosense

to "update any information that goes to damages" and to supplement its data productions "in line with [its] previous disclosures during discovery." *Id.* at 8. But rather than provide a complete update to the data it produced, Biosense has unilaterally excluded sales and customer data for new products, including those that Biosense *agrees* are part of an alleged relevant market and thus are relevant to current market conditions, damages, and injunctive relief. *See* Berhold Decl. ¶ 10.

Biosense has never shown or argued that it cannot produce catheter sales data for all responsive catheters sold through June 30, 2024, as ordered. In fact, Biosense's initial supplemental data production responsive to this Court's order included a line item for OCTARAY data, along with one OCTARAY unit sale. But when Innovative's counsel pointed out that the OCTARAY data was incomplete, Biosense simply deleted OCTARAY from the "corrected" version of its catheter sales spreadsheet, declaring it to have been "inadvertently included" and "not a part of this case." Berhold Decl. ¶ 6. Given how readily Biosense could *mistakenly* provide data this Court ordered it to produce, Biosense cannot have any burden-based justification for refusing to produce that data now, as ordered.

This Court ordered Biosense to supplement its catheter sales data for all customers through June 30, 2024. But Biosense has refused to produce data for all the catheters it sold through June 30, 2024, even omitting data for catheters that concededly belong to the alleged relevant product markets here. This Court should require Biosense to obey its prior order.

**B.   Rule 26(e) Also Requires Biosense To Update Its Sales Data for Each Catheter It Sells, Including OCTARAY and OPTRELL**

This Court's order required Biosense to fully supplement its catheter sales data. But regardless, Rule 26(e) requires Biosense to provide that data now, including sales of its new high-density mapping catheters. Without that data, Biosense's production is materially incomplete.

Federal Rule of Civil Procedure 26(e)(1) requires a party "who has responded

to an interrogatory, request for production, or request for admission," to "supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect" or "as ordered by the court."

Innovative issued timely requests for production seeking "[s]ales [d]ata . . . by year, by month, by customer, and by product for each diagnostic catheter and ultrasound catheter sold by [Biosense] . . . to the present" and "all of [Biosense's] customer transactions." Dkt. 238 at 231, 197. In response, Biosense produced catheter sales data for all U.S. customers through March 31, 2021. *See id.* at 4 (¶ 17). That production included, as requested, sales for all Biosense diagnostic and ultrasound catheters sold during that period. *Id.*; Berhold Decl. ¶¶ 7, 10.

Biosense's supplemental production of catheter sales and customer data through June 30, 2024, is materially incomplete. Innovative's discovery requests sought *all* customer transactions for *each* diagnostic catheter and ultrasound catheter sold by Biosense. *See* Dkt. 238 at 231, 197. But Biosense has refused to produce sales data for any newer catheters. OCTARAY, for example, is within the alleged market for high-density mapping catheters (as Biosense agrees, *see* Berhold Decl. ¶ 10), so there is no question that the omitted sales data—nearly two years' worth— is relevant to current market conditions (including market share), damages, and injunctive relief, and "could substantially affect or alter" Innovative's "trial preparation," *Safety PPE, LLC v. Skanda Grp. of Industries LLC*, 2023 WL 2370478, at *2 (C.D. Cal. Jan. 12, 2023). Indeed, Biosense markets OCTARAY as an upgraded version of PENTARAY, which both sides agree is central to this case.[3] Without sales of OCTARAY, or of any other ultrasound or diagnostic catheter that

---

[3] *See* Press Release, Biosense Webster Launches the OCTARAY Mapping Catheter with TRUEref Technology, Johnson & Johnson (Sept. 6, 2022), https://perma.cc/8447-43RN.

Biosense sells, the catheter sales data Biosense has produced is materially incomplete.

So even if this Court's prior order did not already require Biosense to produce sales data for all diagnostic and ultrasound catheters sold through June 30, 2024 (and it does), Rule 26(e) independently requires Biosense to supplement its materially incomplete production with that data.

## IV. Conclusion

Innovative respectfully requests that this Court require Biosense to comply with this Court's order to produce catheter sales data for all customers and all diagnostic and ultrasound catheters sold through June 30, 2024, including all high-density mapping catheters (like OCTARAY and OPTRELL). Otherwise, Innovative asks this Court to order Biosense to supplement its production with that data per Rule 26(e).

DATED: October 7, 2024           THEODORA ORINGHER PC

By: */s/ Panteha Abdollahi*
 Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: */s/ Jeffrey L. Berhold*
 Jeffrey L. Berhold

BERGER MONTAGUE PC


By:    */s/ Joshua P. Davis*
     Joshua P. Davis


KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:    */s/ Matthew D. Reade*
     Derek T. Ho
     Andrew E. Goldsmith
     Matthew D. Reade
     Kelley C. Schiffman
     Rachel T. Anderson

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health, LLC, certifies that this brief contains 2,049 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: October 7, 2024            THEODORA ORINGHER PC

By: ___/s/ Panteha Abdollahi___
    Panteha Abdollahi