| | |
|---|---|
| Panteha Abdollahi, Esq.<br>State Bar No. 230002<br>pabdollahi@tocounsel.com<br>THEODORA ORINGHER PC<br>535 Anton Boulevard, Ninth Floor<br>Costa Mesa, California 92626-7109<br>Telephone: (714) 549-6200<br>Facsimile: (714) 549-6201<br><br>Jeffrey L. Berhold, Esq.<br>Admitted *Pro Hac Vice*<br>jeff@berhold.com<br>JEFFREY L. BERHOLD, P.C.<br>1230 Peachtree Street, Suite 1050<br>Atlanta, Georgia 30309<br>Telephone: (404) 872-3800<br>Facsimile: (678) 868-2021<br><br>Joshua P. Davis, Esq.<br>State Bar No. 193254<br>jdavis@bm.net<br>BERGER MONTAGUE PC<br>505 Montgomery St., Suite 625<br>San Francisco, California 94111<br>Telephone: (415) 906-0684 | Derek T. Ho, Esq.\*<br>Andrew E. Goldsmith, Esq.\*<br>Matthew D. Reade, Esq.\*<br>Kelley C. Schiffman, Esq.<br>State Bar No. 325023<br>Rachel T. Anderson, Esq.\*<br>Annamaria M. Morales-Kimball\*<br>Sean P. Quirk\*<br>\*Admitted *Pro Hac Vice*<br>dho@kellogghansen.com<br>agoldsmith@kellogghansen.com<br>mreade@kellogghansen.com<br>kschiffman@kellogghansen.com<br>randerson@kellogghansen.com<br>amoraleskimball@kellogghansen.com<br>squirk@kellogghansen.com<br>KELLOGG, HANSEN, TODD,<br>FIGEL & FREDERICK. P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 367-7900<br>Facsimile: (202) 326-7999<br><br>Attorneys for Plaintiff<br>INNOVATIVE HEALTH LLC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC,<br><br>    Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING THE EXCHANGE OF UNREDACTED TRIAL EXHIBITS**<br>*[Filed with [Proposed] Order]*<br>Date:   March 3, 2025<br>Time:   1:30 p.m.<br>Crtrm:  10C<br>Action Filed: October 18, 2019<br>Trial Date: April 29, 2025 |

1

*PL.'S MOT. FOR ORDER REQUIRING EXCHANGE OF UNREDACTED TRIAL EXHIBITS*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 3, 2025 at 1:30 p.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion for an Order Requiring the Exchange of Unredacted Trial Exhibits.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew D. Reade and the exhibits thereto, and all other papers and pleadings on file here or that may be presented to the Court.

This Motion is made after the counsel conference required by local rule. *See* Local Rule 7-3. This conference took place on January 3, 2025. Counsel for Innovative raised the issue described in this Motion with Biosense's counsel via a letter dated December 31, 2024. On January 3, 2025, counsel for Innovative and Biosense conferred about Innovative's request. On January 10, Biosense's counsel sent a letter rejecting Innovative's proposal. Innovative now brings this Motion.

DATED: February 3, 2025                THEODORA ORINGHER PC


By: ___/s/ Panteha Abdollahi___
        Panteha Abdollahi


JEFFREY L. BERHOLD, P.C.


By: ___/s/ Jeffrey L. Berhold___
        Jeffrey L. Berhold

BERGER MONTAGUE PC

By:    */s/ Joshua P. Davis*
      Joshua P. Davis

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:    */s/ Matthew D. Reade*
      Derek T. Ho
      Andrew E. Goldsmith
      Matthew D. Reade
      Kelley C. Schiffman
      Rachel T. Anderson
      Annamaria M. Morales-Kimball
      Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The Court should require the parties to exchange before trial unredacted versions of each document identified on either party's preliminary exhibit list that was redacted during discovery for reasons other than privilege. The parties can then confer—and the Court can rule, if necessary—on whether redactions may be restored for trial.

Early in this case, to minimize the burden of document discovery, the parties agreed that they could "redact information that is proprietary, or personally or commercially sensitive so long as that information is not responsive to any agreed requests for production." Stipulated ESI Protocol, Dkt. 64 at 9 (Nov. 10, 2020) ("Protocol"). Now the parties are proceeding to trial. They plan to exchange preliminary exhibit lists on March 4, 2025. Those lists will comprise a narrow selection of the most important documents in the case. The Protocol, a limited accommodation to reduce the notorious expense of antitrust discovery, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559-60 & n.6 (2007), does not extend to potential trial exhibits identified by the parties; nor should it. The parties should have the full context of every exhibit that may be offered at trial before exchanging objections, and this Court should have the full context of every exhibit so it may resolve those objections and decide which, if any, non-privileged material should be kept from the jury at trial. Otherwise, Biosense Webster's redaction of more than 11,000 documents (compared to fewer than 100 redactions by Innovative Health), which include countless redactions made for reasons besides privilege, will impair the parties' trial preparation and presentation and unnecessarily confuse the jury.

## II. Argument

Innovative respectfully requests that the Court issue the proposed order for three reasons:

    **A.** This Court and the parties should have the full context of potential trial

exhibits when applying the Rules of Evidence. It will be challenging, to say the least, for either party to lodge and for the Court to consider completeness objections if the portions of exhibits "that in fairness ought to be considered" have been unilaterally redacted. Fed. R. Evid. 106. Improper redactions may confuse or mislead the jury, or encourage the jury to improperly "speculate." *Gray v. Maryland*, 523 U.S. 185, 193 (1998); *see also, e.g.*, *United States v. Taylor*, 2024 WL 2979491, at *2 (E.D. La.) ("Ms. Shorts' alleged statements give Mr. Taylor's statements context. If her statements were redacted, the jury's ability to comprehend Mr. Taylor's statements would be impaired."). Should either party propose to keep any material from the jury, the Court and both parties working together, not one party imposing its own view of the evidence, should address those proposals with the full, non-privileged context in hand.

   **B.** Lifting redactions for the parties' and Court's review will ensure that relevant information is disclosed. Biosense has unilaterally redacted more than 11,000 documents—many multiples of the fewer than 100 redacted by Innovative. Reade Decl. ¶ 10. That figure appears to include thousands of non-privilege redactions. When Innovative's counsel asked Biosense to explain non-privilege redactions in just 40 potential trial exhibits, including those seemingly obscuring discussions of the conduct at issue, Biosense replied simply that it had reviewed its own redactions and concluded they were appropriate. *See* Reade Decl. ¶¶ 4-5; *id.*, Ex. 2 at 2. And although this Court ordered Biosense to provide updated sales data for its Octaray and Optrell high-density mapping catheters—new products subject to the same unlawful policies that Innovative contests in this litigation, *see* Dkts. 278, 288—Biosense refuses to say whether it redacted information about those catheters from the documents it produced before that order was issued. *See* Reade Decl., Ex. 2 at 2.

   Those non-answers illustrate a serious risk of permitting unilateral redactions: they may alter the evidence in a way that disfavors the non-redacting party and

evades the Court's scrutiny. *In re Medeva Sec. Litig.*, 1995 WL 943468, at *3 (C.D. Cal.). That is why "unilateral redaction[]" is "disfavored in this circuit." *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) (citation omitted). "[T]he Federal Rules contemplate only very limited unilateral redaction, such as under Rule 5.2 [concerning, *e.g.*, minors' names]"; "outside of these limited circumstances, a party should not take it upon himself, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed." *Id.* (citation omitted). "Moreover, a party 'may not redact otherwise responsive documents because those documents contain irrelevant material.'" *Id.* (citation omitted). "Redaction is, after all, an alteration of potential evidence." *Evon v. Law Offs. of Sidney Mickell*, 2010 WL 455476, at *2 n.1 (E.D. Cal.). "Even when implemented with restraint and in good faith," it "frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured." *Medeva*, 1995 WL 943468, at *3. To eliminate this suspicion and ensure the presentation of a full and fair record to the jury, the Court should require disclosure of unredacted potential trial exhibits.

**C.** Biosense's justifications for refusing to exchange unredacted exhibits with the parties' preliminary exhibit lists lack merit. Biosense asserts that the Protocol allows it to maintain its redactions indefinitely. It does not. In describing the Protocol's "purpose and limitations," the parties limited the Protocol to "the search, processing and production of Electronically Stored Information [] and Hard-Copy Documents by the Parties." Dkt. 64 at 2. The parties also stressed that the "Protocol does not waive any objections to the discoverability, admissibility, or confidentiality of documents or ESI." *Id.* at 12. In short, the Protocol does not govern trial exhibits.

Biosense also argues that the parties should instead meet and confer to address any "questions or concerns regarding specific redactions . . . on a document-by-document basis." Reade Decl., Ex. 2 at 2. But as already explained, Innovative

cannot assess whether Biosense's non-privilege redactions are proper without knowing what they obscure, and Biosense will not provide any information about its non-privilege redactions. Instead, Biosense stated that it had reviewed its own redactions and concluded they were appropriate: "BWI confirmed that the redactions marked 'Redaction: Other' are 'proprietary and commercially sensitive information that was not responsive to any agreed production requests.'" *Id*. Removing non-privilege redactions applied to documents identified on the parties' preliminary exhibit lists will ensure that counsel can productively discuss redactions—including which (if any) should apply, with the Court's approval, to the exhibits shown to the jury at trial.

### III. Conclusion

This Court should require the parties to exchange before trial unredacted versions of each document identified on either party's preliminary exhibit list that was redacted during discovery for reasons other than privilege.

DATED: February 3, 2025         THEODORA ORINGHER PC

By: _____*/s/ Panteha Abdollahi*_____
    Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: _____*/s/ Jeffrey L. Berhold*_____
    Jeffrey L. Berhold

|   |   |
|---|---|
| 1 | BERGER MONTAGUE PC |
| 2 | |
| 3 | |
| 4 | By:     /s/ Joshua P. Davis |
| 5 | Joshua P. Davis |
| 6 | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, |
| 7 | P.L.L.C. |
| 8 | |
| 9 | |
| 10 | By:     /s/ Matthew D. Reade |
|    | Derek T. Ho |
| 11 | Andrew E. Goldsmith |
| 12 | Matthew D. Reade |
|    | Kelley C. Schiffman |
| 13 | Rachel T. Anderson |
| 14 | Annamaria M. Morales-Kimball |
|    | Sean P. Quirk |
| 15 | Attorneys for Plaintiff |
| 16 | INNOVATIVE HEALTH LLC |

8

*PL.'S MOT. FOR ORDER REQUIRING EXCHANGE OF UNREDACTED TRIAL EXHIBITS*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 1,101 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: February 3, 2025        THEODORA ORINGHER PC

By: ___*/s/ Panteha Abdollahi*___
    Panteha Abdollahi