| | |
|---|---|
| KARLA KRAFT<br>State Bar No. 205530<br>kkraft@stradlinglaw.com<br>LISA M. NORTHRUP<br>State Bar No. 293784<br>lnorthrup@stradlinglaw.com<br>SEAN THOMAS LOBB<br>State Bar No. 324213<br>stlobb@stradlinglaw.com<br>STRADLING YOCCA CARLSON & RAUTH LLP<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA 92660-6422<br>Telephone: (949) 725-4000 | WILLIAM F. CAVANAUGH, JR.<br>wfcavanaugh@pbwt.com<br>ALEJANDRO H. CRUZ<br>*(pro hac vice pending)*<br>acruz@pbwt.com<br>PATTERSON BELKNAP WEBB AND TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 336-2000<br><br>Attorneys for Defendant<br>BIOSENSE WEBSTER, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>　　*Plaintiff*,<br><br>　　*vs*.<br><br>BIOSENSE WEBSTER, INC.,<br><br>　　*Defendant*. | Case No.: 8:19-cv-1984-JVS (KES)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE EXCHANGE OF UNREDACTED TRIAL EXHIBITS**<br><br>Date: March 3, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Action Filed: October 18, 2019<br>Trial Date: April 29, 2025 |

Defendant Biosense Webster, Inc. ("Biosense") hereby opposes Plaintiff Innovative Health, LLC's ("Innovative") motion, filed February 3, 2025, for an order compelling the exchange of unredacted trial exhibits.

## INTRODUCTION

Innovative moves for disclosure of information that the parties previously agreed (and the Court ordered) would not be disclosed. Years after the 2021 discovery cutoff, Innovative's motion attempts to create a discovery dispute regarding documents that Biosense properly redacted pursuant to the so-ordered ESI Protocol in this case. (*See* Dkt. 64, 68.)

There is no basis to compel Biosense to execute a **blanket** removal of **all** non-privilege-based redactions in any documents the parties place on their preliminary exhibit list, prior to any specific objections as to those redactions by Innovative. Innovative's sweeping request turns the parties' prior agreement (and this Court's order) on its head, and defeats the purpose of applying such redactions in the first place. And in any event, Innovative's motion is premature because ***Biosense has already agreed*** to address all "questions or concerns regarding specific redactions" "on a document-by-document basis" for all potential trial exhibits, Dkt. 290-1 at 12, a proposal that covers the concerns Innovative presents as the basis for its motion.

Innovative's motion should be denied.

## BACKGROUND

Fact discovery closed in this case on September 21, 2021. (*See* Dkt. 90 at 2.) On December 12, 2024, three years after the discovery cutoff, Innovative's new co-counsel sent a letter to Biosense raising purported "concerns about Biosense's document productions." (Declaration of Alejandro Cruz ("Cruz Decl.") ¶ 4.) Among other things, Innovative requested information regarding certain of

- 1 -

Biosense's privilege-based redactions, and also demanded that Biosense produce unredacted versions of 40 specific documents. (*Id.*)

Biosense responded on December 23, 2024, informing Innovative that it had waived any such objections by sitting on its hands for over three years. (*Id.* ¶ 5.) Nonetheless, to facilitate cooperation in the lead-up to trial, Biosense reviewed the documents that Innovative identified and confirmed that the material underlying such redactions reflected either (a) legal advice or (b) "proprietary and commercially sensitive information that was not responsive to any agreed requests for production" and that was redacted pursuant to the parties' ESI Protocol. (Cruz Decl., Ex. 1 at 2.)

In response to another of Innovative's inquiries, Biosense also confirmed that none of the redacted material identified by Innovative reflects sales transaction data relating to the Octaray and Optrell catheters—which Innovative now seeks to add to the case—because "neither product was on the market in 2021" when the relevant documents were produced. (*Id.*) Biosense made clear that, to the extent Innovative sought other information relating to those two catheters, discovery is closed and, consistent with the Court's order, Innovative is not entitled to any such additional information. (*See* Dkt. 290-1 at 12; Dkt. 288 at 11:16-12:8) (Innovative confirming that "Judge Selna wasn't authorizing brand new factual discovery" and representing to the court that "[a]ll we're seeking is complete catheter sales data through mid-2024.").

In its December 31 response, Innovative said nothing with respect to its waiver. (Dkt. 290-1 at 5-9.) Instead, Innovative shifted its complaint, re-packaging it as a "sealing" issue for the upcoming trial, and insisting that Biosense produce unredacted versions of all documents Innovative identified. (Dkt. 290-1 at 6-7.)

The parties conferred by phone on January 3, 2025. (Cruz Decl. ¶ 9.) Based on that discussion and, in particular, Innovative's stated concern that redactions to

trial exhibits merited special attention due to the potential for jury confusion or related prejudice, on January 10, 2025, Biosense agreed to two things:

- *First*, Biosense agreed to provide additional information to Innovative regarding specific documents redacted on the basis of privilege.[1]
- And *second*, regarding redactions made under the ESI Protocol's allowance for non-responsive "proprietary and commercially sensitive information," Biosense agreed to address any related challenges by Innovative "on a document-by-document basis" for any document reflected on the parties' preliminary exhibit list.  (Dkt. 290-1 at 12.)

Innovative never responded to Biosense's proposal, nor did it provide any basis to believe that Biosense's proposal would not address Innovative's concerns. (Cruz Decl. ¶ 12.)  Instead, nearly a month later, Innovative filed this motion, seeking an order compelling Biosense to lift **all redactions** applied pursuant the ESI Protocol for **all documents** on the parties' preliminary exhibit list.  Innovative seeks this relief despite never timely objecting to Biosense's redactions during discovery, despite the Court's admonition that it would not re-open discovery, and having provided no factual or legal basis to believe Biosense's redactions are improper.

## ARGUMENT

This Court should deny Innovative's motion for the following reasons.

***First, Innovative waived its objections over three years ago, and the Court should not allow Innovative to resurrect those objections now, less than three months before trial begins***.  Fact discovery in this case closed on September 21, 2021.  Innovative said nothing of its purported objections for over three years, despite the Court's standing Jury Trial Order requiring parties to raise discovery disputes "not later than ten (10) days after the discovery cut-off date."  That time has passed and Innovative's choice to remain silent until now seals its waiver.  *See*

---

[1] Biosense provided that information the following week, on January 16, 2025. (Cruz Decl. ¶ 11.)

- 3 -

*In re BofI Holding, Inc. Sec. Litig.,* No., 15-cv-2324-GPC-KSC, 2022 WL 141101, at *2-3 (S.D. Cal. Jan. 14, 2022) (denying plaintiff's motion to compel production of unredacted documents as "untimely" where plaintiff delayed for months beyond the deadline set forth in the court's rules).

 Innovative seeks to circumvent this obvious problem by claiming to request only an "order requiring the exchange of unredacted trial exhibits." (*See* Dkt. 290 at 1.) But that label does not change the nature of Innovative's requested remedy: an order compelling Biosense to produce unredacted versions of documents to which Innovative ***never*** objected during the discovery period and for which, even now, it has failed to articulate any basis for wholesale disclosure in the absence of specific objections as to each challenged document. (*See* Dkt. 64, § 7.4) (the ESI Protocol requires that "requests for additional information" must be "reasonable".)

 ***Second, Biosense's redactions were made properly pursuant to the court-ordered ESI Protocol***. Innovative's assertion that Biosense's redactions were "improper" and "unilateral" is baseless. Both parties agreed in the ESI Protocol that they would be permitted to redact "proprietary and commercially sensitive information that was not responsive to any agreed requests for production." (*Id.*, § 6.7.) Both parties were willing to permit redactions to protect proprietary and commercially sensitive information in a litigation between competitors and potentially involving various non-party customers.

 Innovative's assertion that the ESI Protocol "does not govern trial exhibits" is likewise conjured from nothing. (Dkt. 290 at 6.) By its terms, the ESI Protocol applies to all electronically stored documents produced in discovery and the fact that the "Protocol does not waive any objections to the discoverability, admissibility, or confidentiality of documents or ESI," *see id.*, simply preserves either party's right to ***timely*** object to the other party's redactions. It does not grant

a unilateral right to demand disclosure of redacted material to facilitate a party's ability to object.

Innovative's reliance on cases involving "unilateral redactions" is misplaced. Not a single case Innovative cites involve a situation similar to this case, where the redacting party redacted non-privileged information pursuant to an agreed-upon stipulation and order. *See*, *e.g.*, *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. 2019) (involving redactions of previously produced documents based on an assertion of irrelevance where the parties never agreed to relevance redactions). Most of the cases on which Innovative relies, moreover, relate to discovery disputes, which is exactly what Innovative's motion is. *See*, *e.g.*, *Evon v. L. Offs. of Sidney Mickell*, No. S-09-0760-JAM-GGH, 2010 WL 455476 (E.D. Cal. Feb. 3, 2010); *In re Medeva Sec. Litig.*, 93-4376-Kn (AJWx),1995 WL 943468 (C.D. Cal. May 30, 1995).

And Innovative's argument that Biosense's redactions may unnecessarily mislead the jury is speculative at best. Innovative provides no basis—not a single example—in support of this alleged concern. Innovative's position, moreover, is obviated by the fact that Biosense already committed to reviewing any objections lodged by Innovative, based on jury concerns or otherwise, in the context of specific documents on the preliminary exhibit list. *See* Local Rule 16-6.3 ("The grounds for all objections shall be stated separately as to each exhibit.")

Finally, Innovative argues that it cannot properly formulate objections to Biosense's redactions unless Biosense allows Innovative to evaluate the redacted information itself. (Dkt. 290 at 6-7.) This not only defies common sense, it flips the script for a normal-course disclosure dispute. A party is not entitled to the ***remedy*** of disclosure before it objects and provides the reasons for that objection. *See* Local Rule 16-6.3. Such reasoned objections allow the parties to discuss the basis for the dispute and the potential for resolution. And if necessary, the Court

- 5 -

can evaluate the dispute and the redacted material to determine whether the objecting party is entitled to the remedy of additional disclosure. On the other hand, here, Innovative puts the cart before the horse by seeking an order compelling *across-the-board disclosure* prior to a judicial determination that Innovative is entitled to such information, and without regard to whether disclosure is necessary to remedy Innovative's purported concerns. (Dkt. 290 at 7.)

***Third, Innovative's motion is premature***. Biosense agreed to address "questions or concerns regarding specific redactions" on a document-by-document basis for all proposed trial exhibits. (Dkt. 290-1 at 12.) Innovative has provided no reason that Biosense's commitment would not address its concerns with concrete context from specific documents to guide the parties. After exchanging preliminary exhibit lists on March 4, the parties can determine the actual scope of any redactions in dispute and resolve any questions or concerns.

## CONCLUSION

Biosense respectfully requests that the Court deny Innovative's motion.

DATED: February 10, 2025

STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Karla Kraft*
    Karla Kraft
    Lisa M. Northrup
    Sean Thomas Lobb

PATTERSON BELKNAP WEBB AND TYLER LLP

By: */s/ Alejandro H. Cruz*
    William F. Cavanaugh, Jr.
    Alejandro H. Cruz

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Biosense Webster, Inc., certifies that this brief contains 1620 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: February 10, 2025

STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Karla Kraft*
    Karla Kraft