KARLA KRAFT
State Bar No. 205530
kkraft@stradlinglaw.com
LISA M. NORTHRUP
State Bar No. 293784
lnorthrup@stradlinglaw.com
SEAN THOMAS LOBB
State Bar No. 324213
stlobb@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000

WILLIAM F. CAVANAUGH, JR.
wfcavanaugh@pbwt.com
ALEJANDRO H. CRUZ
*(pro hac vice pending)*
acruz@pbwt.com
PATTERSON BELKNAP WEBB AND TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No.: 8:19-cv-1984-JVS (KES)<br><br>**DECLARATION OF ALEJANDRO H. CRUZ IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE EXCHANGE OF UNREDACTED TRIAL EXHIBITS**<br><br>Date: March 3, 2025<br>Time: 1:30 p.m.<br>Courtroom: 10C<br>Action Filed: October 18, 2019<br>Trial Date: April 29, 2025 |

I, Alejandro H. Cruz declare as follows:

1. I am an attorney admitted to the bar of the State of New York. My *pro hac vice* application to practice before this Court is currently pending. I am a partner at Patterson Belknap Webb & Tyler LLP and represent the defendant, Biosense Webster, Inc., ("Biosense") in this matter.

2. I make this declaration in support of Biosense's opposition to plaintiff Innovative Health LLC's ("Innovative") motion for an order requiring the exchange of unredacted trial exhibits.

3. The facts I state here are true and correct to the best of my knowledge and understanding. I make each of the statements below based on my own personal knowledge and a review of the files associated with this matter. If called as a witness, I could and would testify competently to the facts stated herein.

4. On December 12, 2024, Innovative's counsel sent a letter to Biosense, raising purported "concerns about Biosense's document productions." The letter, among other things, requested information regarding Biosense's privilege and non-privilege redactions in certain production documents and requested that Biosense produce unredacted versions of 40 documents.

5. On December 23, 2024, Biosense responded to Innovative by letter. A true and correct copy of the letter is attached hereto as **Exhibit 1**.

6. In this letter, Biosense informed Innovative that its objections are "untimely" and that Innovative "waived them long ago." However, to facilitate cooperation leading up to trial, Biosense confirmed to Innovative that it "has reviewed the identified redactions," and that the redactions at issue reflected either (a) "legal advice" or (b) "proprietary and commercially sensitive information that was not responsive to any agreed requests for production" and was properly redacted pursuant to the parties' ESI Protocol.

7. In the same letter, Biosense also confirmed that "neither [Octaray or Optrell catheters] was on the market in 2021 so they could not have been responsive to discovery requests at the time" when the relevant documents were produced.

8. On December 31, 2024, Innovative responded to Biosense by letter, which can be found on the docket of this case at docket number 290. *See* Dkt. 290-1 at 5-9.

9. On January 3, 2025, counsel for Innovative and Biosense conferred by phone. I attended that conference. Counsel discussed the issues reflected in their correspondence of December 12, 23, and 31, 2024.

10. On January 10, 2025, Biosense sent a letter to Innovative. Biosense informed Innovative that (a) Biosense would provide additional information regarding specific documents redacted on the basis of privilege, and (b) with respect to non-privilege-based redactions, Biosense agreed that the parties shall "specifically identify any proposed trial exhibit containing such redactions on the parties' exhibit list," and "to the extent either party has questions or concerns regarding specific redactions, the parties should meet-and-confer to address them on a document-by document basis for potential trial exhibits only." *See* Dkt. 290-1 at 10-13.

11. On January 16, 2025, Biosense provided Innovative with additional information regarding the relevant privilege redactions.

12. Innovative did not respond to Biosense's January 10, 2025 correspondence.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10 day of February 2025, in New York, New York.

By: */s/ Alejandro H. Cruz*
Alejandro H. Cruz