# Exhibit 1



www.pbwt.com

December 23, 2024

Alejandro H. Cruz
Partner
(212) 336-7613
acruz@pbwt.com

***By Electronic Mail***

Matthew D. Reade, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
Sumner Square
1615 M Street NW, Suite 400
Washington, DC 20036
mreade@kellogghansen.com

        Re:    *Innovative Health LLC v. Biosense Webster, Inc.*,
               <u>No. 8:19-cv-01984-JVS-KES (C.D. Cal.)</u>

Dear Matthew:

        We represent Defendant Biosense Webster, Inc. ("BWI") in the above-captioned action brought by Innovative Health, LLC ("IH"). We write in response to your letter of December 12, 2024, relating to BWI's document productions in this case.

## I.    IH WAIVED ITS OBJECTIONS

        As an initial matter, the objections detailed in your letter are untimely, and IH waived them long ago. Pursuant to Judge Selna's standing Jury Trial Order, motions "respecting the inadequacy of responses to discovery must be filed and served not later than ten (10) days after the discovery cut-off date." Fact discovery in this case closed on September 21, 2021. That was over three years ago.[1] And BWI produced all of the documents referenced in your letter prior to that date, on or before July 21, 2021. BWI also produced its privilege log on August 27, 2021. IH, nonetheless, sat on its hands, waiting until now—four months prior to trial and over three years after the fact discovery cutoff—to raise purported concerns related to BWI's privilege assertions and confidentiality designations, all of which could have and should have been raised years ago. IH waived its objections to any of these issues by its own choice (for strategic reasons or otherwise) to remain silent until now. *See In re BofI Holding, Inc. Sec. Litig.,* 2022 WL 141101, at *2-3 (S.D. Cal. Jan. 14, 2022) (denying plaintiff's motion to compel production of unredacted documents as "untimely" where plaintiff delayed for months beyond the deadline set forth in the court's rules). BWI will not tolerate eleventh-hour attempts to derail its preparation for the upcoming trial.

---

[1] The court's recent order granting IH's limited motion to re-open discovery was solely for the purpose of issuing subpoenas to third-parties Stryker Sustainability Solutions, Inc. and Abbott Laboratories. *See* ECF 246.

Matthew D. Reade, Esq.
December 23, 2024
Page 2

## II. BWI'S REDACTIONS ARE APPROPRIATE AND CONSISTENT WITH THE ESI PROTOCOL IN THIS CASE

IH asserts that BWI redacted certain production documents based on erroneous claims of privilege. IH complains that BWI improperly redacted "communications that include no attorneys." This complaint is misplaced. The redacted documents identified by IH reflect the transmission of otherwise privileged information between non-attorney corporate representatives. Communications between non-attorneys that include content "that is for the purpose of legal advice, or which reflect the attorney's mental impressions" remain protected by attorney-client privilege, despite the communications not involving an attorney directly. *Robinson v. Cnty. of San Joaquin*, 2014 WL 5473049, at *7 (E.D. Cal. Oct. 28, 2014); *see also U.S. v. Chevron Texaco Corp.*, 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002). BWI's privilege redactions are appropriate and consistent with the law in this jurisdiction.[2] IH's assertion that BWI redacted communications "that appear just to seek business advice, rather than legal advice" is similarly incorrect. BWI has reviewed the identified redactions and confirmed that they reflect legal advice.

Separate from redactions to preserve BWI's attorney-client privilege, IH also asserts that BWI improperly redacted certain documents for reasons other than a claim of privilege. This position fares no better. The parties agreed in the ESI Protocol that they "may also redact information that is proprietary, or personally or commercially sensitive so long as that information is not responsive to any agreed requests for production." *See* ECF 64 (ESI Protocol), § 6.7; ECF 68 (Order regarding the same). BWI properly redacted proprietary and commercially sensitive information that was not responsive to any agreed production requests pursuant to the parties' ESI Protocol and marked such redactions "[Redaction: Other]." And with respect to the Octaray and Optrell catheters, as you know, neither product was on the market in 2021 so they could not have been responsive to discovery requests at the time, and BWI recently produced sales data relating to the Octaray and Optrell catheters pursuant to the court's order. *See* ECF 288; BWI-INN00722125. IH is not entitled to, nor does it need, any further information regarding those two catheters. If IH believed such information were necessary and relevant to the upcoming trial, it no doubt would have sought such materials along with BWI's updated sales data; it did not.

---

[2] Additionally, BWI is "not required to log redacted Documents" pursuant to the parties' Stipulated Protocol Governing Electronically Stored Information and Hard-Copy Document (the "ESI Protocol"). *See* ECF 64, § 7.4.

Matthew D. Reade, Esq.
December 23, 2024
Page 3

### III. BWI DID NOT WAIVE THE ATTORNEY-CLIENT PRIVILEGE

IH also claims that because BWI "relies on its attorneys' advice regarding liability as a justification for its illegal tie," BWI "has waived any privilege" to communications about the case coverage policy. This is meritless. Since this litigation began, BWI has not relied on any privileged information or communications with counsel to defend itself or otherwise negate any aspect of IH's claims. IH fails to identify any evidence to the contrary.

Subject matter waivers are rare, and courts are reluctant to strip a client's legal communications of the protection granted by the privilege. *See Akamai Techs., Inc. v. Digital Island, Inc.*, 2002 WL 1285126, at *9 (N.D. Cal. May 30, 2002). As relevant here, a party may effect a waiver of the attorney-client privilege only under circumstances where the "party ***relies on the advice of counsel to defend itself or negate an element of a claim***." *Oakley, Inc. v. Bugaboos Eyewear Corp.,* 2010 WL 4117223, at *4 (S.D. Cal. Oct. 15, 2010) (emphasis added)*; see also Phase II Chin*, 2010 WL 11636216, at *6; *Kaiser Found. Health Plan v. Abbott Lab'ys.*, 552 F.3d 1033, 1043 (9th Cir. 2009).

IH's reliance on one sentence from BWI's summary judgment brief and two excerpts from Mr. Ramos' deposition referring to "liability" and discussions with the legal department reflect nothing more than the undisputed (and unsurprising) reality that BWI's case coverage policy underwent a legal review. *See Oakley,* 2010 WL 4117223, at *4 (holding that a party's admission that "it relied on the advice of counsel to prepare its warranty cards" did "not waive any privilege").[3] BWI, however, is not relying on the substance of that review, related legal opinions, or any underlying legal advice, instructions, or directives as a defense to IH's claims in this case.[4] There has been no waiver here.

### IV. BWI WILL CONFER WITH IH REGARDING A REVIEW OF THE PARTIES' CONFIDENTIALTIY DESIGNATIONS

With respect to BWI's confidentiality designations, IH claims that documents "more than five years old" cannot be "sensitive enough to overcome the strong presumption of access that courts apply" for sealing documents. BWI disagrees. Public disclosure of

---

[3] Contrary to your assertion that Mr. Ramos testified regarding the content of legal advice in the absence of an objection from BWI's counsel, *see* Letter at 5-6, the record is clear that counsel explicitly instructed Mr. Ramos not to divulge any communications with counsel or otherwise privileged information. Ramos Tr. 80:19-21 ("I just wanted to caution the witness not to reveal any communications with counsel that are privileged.")

[4] Innovative Health's reliance on *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156 (9th Cir. 1992) is misplaced. *Chevron* "dealt with the situation in which a party affirmatively places the advice of his attorney in issue *by relying on it to support the party's claim or defense,*" *Phase II Chin, LLC v. F. Shops, LLC*, 2010 WL 11636216, at *6 (D. Nev. Mar. 2, 2010), and thereby uses the privilege communication "both as a sword and a shield." *Chevron* 974 F.2d at 1162.

Matthew D. Reade, Esq.
December 23, 2024
Page 4

commercially sensitive information such as long-term business strategies or information of existing customers, regardless of age, could cause irreparable harm to BWI's current business.

  We agree, however, that reducing the number of trial exhibits designated as Confidential or Highly Confidential, to the extent practicable, would facilitate a more efficient trial. Accordingly, BWI is amenable to IH's proposal that each party note in its exhibit list whether it objects to the confidentiality designations applied by other parties or non-parties, and whether it will modify or withdraw its own confidentiality designations. The parties can then confer to resolve disputes about confidentiality designations to the extent necessary.

  BWI is available to confer on all of the issues detailed herein. BWI reserves all rights and waives none.

Very truly yours,

Alejandro H. Cruz

Cc: All Counsel of Record