Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball*
Sean P. Quirk*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC, <br><br> Plaintiff, <br><br> vs. <br><br> BIOSENSE WEBSTER, INC., <br><br> Defendant. | Case No. 8:19-cv-1984 JVS (KES) <br> Assigned for all purposes to: Honorable James V. Selna <br> **PLAINTIFF INNOVATIVE HEALTH LLC'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING THE EXCHANGE OF UNREDACTED TRIAL EXHIBITS** <br> Date: March 3, 2025 <br> Time: 1:30 p.m. <br> Crtrm: 10C <br> Action Filed: October 18, 2019 <br> Trial Date: April 29, 2025 |

## I. Introduction

The Federal Rules counsel parties and courts "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consistent with that duty, and mindful of the burdens of antitrust discovery, the parties here agreed that during discovery they could redact information that they deemed personally or commercially sensitive without identifying and justifying each redaction, while reserving all rights to later object. *See* Stipulated ESI Protocol, Dkt. 64 at 9, 12 (Nov. 10, 2020) ("Protocol"). That process avoided the burden of litigating thousands of redactions to peripheral documents, pushing off any disputes to when they would really matter.

That time is now. The parties have agreed to exchange preliminary exhibit lists on March 4 and lodge their Final Pretrial Conference Order with objections to exhibits on April 7. Many likely trial exhibits contain non-privileged redactions that at a minimum risk confusing the jury, even assuming Biosense has not improperly redacted relevant information. But Biosense asks Innovative and this Court to evaluate relevance and completeness without seeing the proposed trial exhibits in their full, non-privileged context.

To ensure the presentation of a full and fair record to the jury, this Court should require disclosure of redacted, non-privileged information to the extent that it appears in the documents listed on either party's preliminary exhibit list. Only then will the parties be able to meaningfully discuss redactions, assess each trial exhibit's completeness, raise only necessary disputes to this Court, and make the fullest disclosure this Court deems appropriate to the jury.

## II. Argument

### A. The Protocol Was Limited to Discovery

The Protocol here is expressly limited to the mechanics of discovery: "the search, processing and production of [ESI] and Hard-Copy Documents." Mot. at 6

(quoting Dkt. 64 at 2).[1] The Protocol nowhere purports to govern the trial process; nor could it, because redactions to trial exhibits can be addressed only after the parties identify the exhibits they plan to use at trial. *See Stegall v. Berryhill*, 2018 WL 2332460, at *9 (N.D. Ill.) (resolving "dispute over the scope of certain trial exhibit redactions" a week before trial); *Gray v. Maryland*, 523 U.S. 185, 188 (1998) (addressing redactions to a trial exhibit). Nor could the Protocol override the requirements of Rule 106, Rule 401, or Rule 402.

In fact, the redacted documents on their face raise questions of relevance and fairness. The record strongly suggests that Biosense has abused the Protocol to redact responsive, non-privileged material from potential trial exhibits. Innovative first raised this concern with Biosense in a letter on December 12, 2024. The letter identified several questionable non-privilege redactions, including redactions obscuring documents discussing the impact of Biosense's unlawful clinical-support tie on Innovative's ability to compete. *See* Decl. of Matthew D. Reade (Feb. 17, 2025), Ex. 3 at 3.[2]

In one such document, a Biosense executive told colleagues that Biosense should not invest in reprocessing the Pentaray catheter because "with the case coverage policy we have protection," and because "hopefully we will get **[Redaction: Other]** at same time as Pentaray RPO [reprocessed] so we have another defence." *Id.* But when asked to explain that and other specific redactions,

---

[1] *See also, e.g., Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, 2017 WL 11535871, at *3 (E.D. La.) ("[T]he ESI Protocol's purpose is to help narrow the scope to make discovery more manageable and less burdensome/costly."); *Bonds v. N.J. Judiciary Admin.*, 2024 WL 5227457, at *9 (D.N.J.) (similar).

[2] Innovative did not include the substance of its December 12 letter with its initial motion "to minimize the need for sealing." *See* L.R. 79-5.2.2(b). But because Biosense has incorrectly asserted (at 6) that Innovative provided "no basis" for its concerns about redactions, Innovative has obtained Biosense's permission to file that letter publicly with this reply.

Biosense refused to do so. It claimed that explaining "the substance" of its redactions of non-privileged material would "dilute" the Protocol. Dkt. 290-1 at 12. Biosense then asserted that it had reviewed its own redactions and concluded that they were appropriate.[3]

Even still, Biosense refuses to confirm whether its non-privilege redactions obscure relevant information about the Octaray and Optrell catheters, *see* Mot. at 5; Opp. at 2, which the Court has ruled are relevant to "current market conditions," Hr'g Tr. 36:19-37:1 (Nov. 4, 2024). Biosense represents (at 3) that "none of the redacted material identified by Innovative reflects ***sales transaction data*** relating to the Octaray and Optrell catheters."[4] Yet that careful qualification all but confirms that Biosense did redact *other* relevant information about those catheters, including from the potential trial exhibits that Innovative identified in its December 12 letter.

### B. The Motion is Timely

The motion was filed at this time to allow the parties and this Court to resolve any disputes over the exhibits in an orderly fashion. The parties plan to exchange preliminary exhibit lists on March 4, after the scheduled hearing on this motion. This Court should decide now, before that exchange, whether, as Biosense contends, each party can redact whatever it wants from the view of this Court and the jury. Otherwise, the Court will face the same question at the Pretrial Conference on April 14 because Biosense has refused to give any information about the substance of the disputed non-privilege redactions despite Innovative's "questions [and] concerns regarding specific redactions" in "specific documents." Opp. at 7.

The motion is certainly not tardy. The Protocol shows why. By default, a

---

[3] *See* Dkt. 290-1 at 12 ("[W]ith respect to its non-privilege redactions, BWI confirmed that the redactions . . . are 'proprietary and commercially sensitive information that was not responsive to any agreed production requests.'" (quoting the Protocol)).

[4] Emphasis added.

party must identify and justify, during discovery, each redaction it applies, to "enable other parties to assess the claim" of privilege or protection. Fed. R. Civ. P. 26(b)(5)(A). To reduce the burden of justifying thousands of redactions to peripheral documents during discovery and to spare this Court from resolving disputes over potentially thousands of redactions, Biosense and Innovative agreed to set aside that default rule while reserving all rights to later object. *See* Dkt. 64 at 12 (the "Protocol does not waive any objections to the discoverability, admissibility, or confidentiality of documents or ESI"). Biosense then redacted more than 11,000 documents without having to log each redaction. *See* Dkt. 290-1 at 3 (¶ 10).

Allowing one party to extract that benefit—avoiding having to notify the other side of specific redactions and their basis (or lack thereof)—and then to evade the other side of the bargain by unilaterally redacting trial exhibits would defeat the Protocol's purpose and deter other parties in this district from agreeing to similar efficiency-enhancing measures. Courts have rejected the argument that a party "waive[s] any right to seek greater detail" about withheld material by virtue of a prior agreement to streamline the discovery process. *Orthopaedic Hosp. v. DJO Glob., Inc.*, 2020 WL 7625123, at *4-5 (S.D. Cal.) (resolving dispute raised after the close of discovery over redactions and the adequacy of a privilege log in light of an asserted agreement not to log certain materials withheld in discovery). This Court should reach the same answer here.

C.   **Full Disclosure of Proposed Exhibits Makes the Most Sense**

The material here enjoys no privilege. *Cf.* Fed. R. Civ. P. 26(b)(5)(A) (shielding only information that is "privileged or subject to protection as trial-preparation material"). And by producing the documents in the first place, Biosense represented that they are relevant and responsive. *See Orthopaedic Hosp.*, 2020 WL 7625123, at *4. It makes far more sense to have the parties start with the full non-privileged context of those relevant documents to identify where they can agree, rather than stabbing in the dark and bringing more redaction disputes to this Court

than is necessary. Giving the jury a full and fair presentation of the evidence is essential. Fully disclosing non-privileged material appearing in the documents on the parties' preliminary exhibit lists will best serve that goal.

### III. Conclusion

To permit timely resolution of any objections to proposed trial exhibits and to ensure the presentation of a full and fair record to the jury, this Court should require the parties to exchange unredacted versions of each document identified on either party's proposed exhibit list to the extent such documents were redacted during discovery for reasons other than privilege. This exchange should occur promptly after the parties exchange preliminary exhibit lists on March 4, 2025.

DATED: February 17, 2025          THEODORA ORINGHER PC

By: ____/s/ Panteha Abdollahi____
         Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: ____/s/ Jeffrey L. Berhold____
         Jeffrey L. Berhold

BERGER MONTAGUE PC

By:    */s/ Joshua P. Davis*
      Joshua P. Davis

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By:    */s/ Matthew D. Reade*
      Derek T. Ho
      Andrew E. Goldsmith
      Matthew D. Reade
      Kelley C. Schiffman
      Rachel T. Anderson
      Annamaria M. Morales-Kimball
      Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 1,402 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: February 17, 2025         THEODORA ORINGHER PC

By: */s/ Panteha Abdollahi*
Panteha Abdollahi