Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball*
Sean P. Quirk*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>　　　　Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**DECLARATION OF MATTHEW D. READE IN SUPPORT OF PLAINTIFF INNOVATIVE HEALTH LLC'S REPLY IN SUPPORT OF MOTION FOR ORDER REQUIRING THE EXCHANGE OF UNREDACTED TRIAL EXHIBITS**<br>Date:　　March 3, 2025<br>Time:　　1:30 p.m.<br>Crtrm:　10C<br>Action Filed:　October 18, 2019<br>Trial Date:　April 29, 2025 |

1

*DECLARATION OF MATTHEW D. READE*

I, Matthew D. Reade, declare as follows:

1. I am an attorney admitted to the bars of the State of Texas and the District of Columbia. I am admitted *pro hac vice* to practice before this Court. I practice law at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., and represent the plaintiff, Innovative Health LLC, in this matter.

2. I make this declaration in support of Plaintiff Innovative Health LLC's Reply in support of its Motion for an Order Requiring the Exchange of Unredacted Trial Exhibits.

3. The facts I state here are true and correct. They are based on my own personal knowledge or knowledge I gleaned from reviewing files pertinent to this matter. If called as a witness to testify, I could and would competently testify to these facts.

4. On December 12, 2024, I sent a letter to Biosense's counsel. On February 13, 2025, Biosense's counsel confirmed via email that Innovative may file that letter on the public docket without redactions. A true and correct copy of Innovative's December 12 letter, with its original "Highly Confidential" designation stricken, is attached to this declaration as **Exhibit 3**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of February, 2025, at Washington, D.C.

Matthew D. Reade

# EXHIBIT 3

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 12, 2024

~~Highly Confidential~~
*By Email*

Karla Kraft, Esq.
Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
kkraft@stradlinglaw.com

      Re:    *Innovative Health LLC v. Biosense Webster, Inc.*, No. 8:19-cv-01984-JVS-KES (C.D. Cal.)

Counsel:

      I write to raise three concerns about Biosense's document productions in this case.

      *First*, Biosense has improperly redacted relevant, nonprivileged material from its document productions. Biosense should produce unredacted versions of the documents listed in the appendix to this letter by **December 23, 2024**. Innovative Health reserves the right to challenge other redactions in the future, but for the time being has focused on documents that it currently expects may be trial exhibits. Also, to the extent that Biosense redacted any documents based on its theory that the Octaray and Optrell mapping catheters were irrelevant to this case, Biosense should produce unredacted versions of those documents. The Court has rejected Biosense's position that those catheters are irrelevant. *See* Hr'g Tr. at 37:2-22 (Nov. 4, 2024). Biosense should produce these unredacted documents by December 23, 2024 as well, or confirm that no such redactions exist.

      *Second*, Biosense has waived the attorney-client privilege over its communications about the case coverage policy by relying affirmatively on its attorneys' advice to justify that illegal tie. Please produce all such documents without redactions by December 23, 2024, identifying, as applicable, the privilege log entries to which each corresponds.

      *Third*, Biosense has designated nearly all documents it produced in this matter as Confidential or Highly Confidential. For example, 74 percent of Biosense's documents are designated as Highly Confidential, and nearly all those documents are more than five years old. We doubt that many, if any, of the documents you have designated as Confidential or Highly Confidential are sensitive enough to overcome the "strong presumption of access" that courts

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 2

apply. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010). Trial will be far more efficient if both sides minimize the sealing of exhibits and testimony. Thus, we propose that each party note in its exhibit list whether it objects to the confidentiality designations applied by other parties or non-parties and whether it will withdraw its own confidentiality designations. After exchanging responses, the parties would confer in good faith to resolve disputes and minimize the need for sealing at trial.

Please let us know if Biosense agrees with these requests and, if not, when you are available to meet and confer so that we may promptly raise any disputes with the Court.

\*    \*    \*

Biosense has redacted relevant, nonprivileged material from several potential trial exhibits. As the party that redacted that material, Biosense "has the burden of proving" that those redactions are proper at trial. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992).[1]

We have identified four categories of improper redactions and withholdings:

(1) Relevant communications that Biosense concedes are nonprivileged;

(2) Assertions of attorney-client privilege over material that includes no attorneys;

(3) Assertions of attorney-client privilege over material that does not seek legal advice; and

(4) Assertions of attorney-client privilege over communications about the case coverage policy, over which Biosense has waived any privilege.

**1.** Biosense has redacted relevant material that, by its own admission, is not privileged, without providing any reason for those redactions as the Court's ESI Order requires. *See* Dkt. 64 at 10-11. Those redactions are improper: "The Court does not welcome unilateral editing of documents by the producing party," which "frequently gives rise to suspicion that

---

[1] *See also, e.g., Perez v. Rash Curtis & Assocs.*, 2019 U.S. Dist. LEXIS 76332, at *2-3 (N.D. Cal.) (overruling claim of attorney-client privilege over three trial exhibits); *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 669 (D. Kan. 2001) (similar); *Slocum v. International Paper Co.*, 549 F. Supp. 3d 519, 525-26 (E.D. La. 2021) (overruling privilege claim over potential trial exhibit and requiring production of 35 additional documents "for *in camera* review in anticipation of the upcoming bench trial"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-38 (9th Cir. 2003) (requiring party to articulate "compelling reasons" to maintain redactions even after entry of final judgment).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 3

relevant material harmful to the producing party has been obscured." *In re Medeva Sec. Litig.*, 1995 WL 943468, at *3 (C.D. Cal.). Biosense's redactions illustrate the problem.

For example, in one email thread discussing competitive intelligence on Innovative's efforts to reprocess Biosense's Pentaray and Decanav mapping catheters, Biosense redacted part of its employees' discussion of the impact of its unlawful tie on Innovative's ability to compete:

> Both Stryker and Innovative Health have applied for a 510K for PentaRay, but neither one have it yet. However, Innovative Health did get 510K approval for decanav.
>
> Two things:
>
> To Jose's point, the PentaRay will 100% fall into our coverage policy just as Lasso Nav and SoundStar. I bet the company is going to be very strict about this one. The decanav will also fall into the coverage policy in terms of mapping.
>
> **[Redaction: Other]**[2]

Biosense applied similar redactions to another email discussing Biosense's "defence[s]" against third-party reprocessing of the Pentaray catheter:

> I don't see BW being successful selling [reprocessed Pentaray] unless they have to defend against a Stryker product which we haven't as yet seen . . . .
>
> And with the case coverage policy we have protection. So whilst it would be easy to say spend a few million $ and put it on the shelf ready – I think that's not a good way to spend our money.
>
> Plus hopefully we will get **[Redaction: Other]** at same time as Pentaray RPO so we have another defence.[3]

    **2.**    Biosense has asserted attorney-client privilege over communications that include no attorneys. But the "attorney-client privilege protects confidential communications *between attorneys and clients*, which are made for the purpose of giving legal advice." *In re Grand Jury*,

---

[2] BWI-INN00119210 at 211-12.

[3] BWI-INN00569983 at 983.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 4

23 F.4th 1088, 1091 (9th Cir. 2022) (emphasis added). Biosense has offered no basis for treating non-attorney communications about core issues in the case as privileged.[4]

For example, BWI-INN00646198 is a February 2014 email thread between Ronen Krupnik, Nick Demczuk, and Marina Guevrekian. None is an attorney. Mr. Demczuk asks Ms. Guevrekian to "complete a regulatory assessment" of anti-reprocessing technology to be added to the Soundstar.

Ms. Guevrekian replies:

> Before completing any Regulatory assessment, I would like to let you know, that a while back, before Sterilmed acquisition, BWI wanted to make some changes to the EEPROM to prevent Sterilmed to reprocess our Ultrasound catheters.
>
> **[Redaction: Privilege]**
>
> Also, To [sic] be able to implement this change and my determination, I would need to have a reason for change (more elaborated than below) which could be the "Documented Reason" that I'll use in my assessment. (That reason cannot be for blocking the competitors).

After Ms. Guevrekian provides her non-legal analysis, Mr. Krupnik adds: "Since the 8fr is a new product I don't see an issue." Then, Mr. Krupnik apparently offers his views—though Biosense asserts that they, too, are privileged—and asks Mr. Demczuk what he thinks. The start of Mr. Demczuk's reply is redacted, but Mr. Demczuk goes on: "We have positioned this as Catheter Identification. It allows BWI to control product so no cloning of the device can occur." The first sentence of this statement suggests that the redactions obscure a *genuine* reason why Biosense added anti-reprocessing technology to its catheters. That information bears directly on one of the principal anticompetitive tactics alleged here.

**3.** Biosense also has asserted attorney-client privilege over communications with or including counsel that appear just to seek business advice, rather than legal advice, or that focus on business or strategic concerns. But an attorney-client communication is not privileged unless "the primary purpose of the communication is to give or receive legal advice." *Grand Jury*, 23

---

[4] *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (requiring Biosense to describe "the nature of the documents, communications, or tangible things not produced or disclosed" sufficiently to "enable other parties to assess the claim").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 5

F.4th at 1091.[5] And because "a dual-purpose communication can only have a single 'primary' purpose," communications made for "a non-legal purpose," such as "tax compliance" or business strategy, are not privileged. *Grand Jury*, 23 F.4th at 1091.

Nonetheless, Biosense asserts attorney-client privilege, for example, over bullet points summarizing a "strategy discussion" during a meeting about anti-reprocessing technology,[6] and over a non-attorney's musings to executives and counsel about the scope of the illegal clinical-support tie.[7] Biosense has also redacted as privileged internal discussions of customer questions about "the original release date of the [case coverage policy] position statement letter," Sterilmed's "market share," the availability of "training . . . so [hospital] staff can support cases on their own," and other business topics.[8] There is no basis for redacting such plainly relevant, nonprivileged materials from the record, especially given the likelihood that the redacted material contradicts the arguments that Biosense intends to make at trial.

**4.** Biosense has waived any privilege that could apply to its communications, even with attorneys, about the case coverage policy. "The privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Id.*; *see also*, *e.g.*, *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 (D.C. Cir. 2015) ("[A] party asserting attorney-client privilege cannot be allowed, after disclosing as much as he pleases, to withhold the remainder."). Because Biosense relies on its attorneys' advice regarding liability as a justification for its illegal tie, Innovative is entitled to rebut that justification by inquiring into the views that Biosense's attorneys expressed about the tie's merits and risks.

Biosense sought summary judgment on the basis that "[r]equiring . . . BWI employees to map using sensor-enabled catheters manufactured by third parties . . . presents a potential liability that BWI is justifiably unwilling to undertake."[9] And without objection from company counsel, Conrad Ramos—Biosense's corporate witness on the tie's "justifications"[10]—explained

---

[5] *See also Fisher v. United States*, 425 U.S. 391, 403 (1976) (the attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege").

[6] *See* BWI-INN00230869; *see also* BWI-INN00694743 (a later version of the same thread with an additional, unfounded privilege redaction).

[7] *See*, *e.g.*, BWI-INN00418458.

[8] *See* BWI-INN00332651 at 652-53.

[9] Dkt. 139 at 28; *see also id.* at 29.

[10] Ramos Dep. Tr. 135:9-15.

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 6

the "guidance that [he] received" from counsel after proposing the tie: "[I]f something went wrong in a procedure and we were using a third-party sensor-enabled catheter and there was a lawsuit that ensued, it could potentially create problems for us as Johnson & Johnson because it could be interpreted as us attesting to the efficacy of another party's sensor-enabled catheter."[11] Mr. Ramos further testified that he trained Biosense's field sales team to invoke reliance on counsel's advice when justifying the tie to customers:

> I'm not an attorney. . . . But when this came up to review with our attorneys, their primary concern was to say to us that providing clinical and technical support to another company's product, whether it's a reprocessed product or even a first time use OEM product would be indirectly attesting to the safety and efficacy of that product. And that's something that we simply can't provide.[12]

In taking those positions, Biosense has waived the attorney-client privilege over its communications about the case coverage policy.

Sincerely,

*/s/ Matthew D. Reade*

Matthew D. Reade
Counsel for Innovative Health

---

[11] *Id.* at 88:25-89:22.

[12] *Id.* at 85:22-86:9.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

~~Highly Confidential~~
Karla Kraft, Esq.
December 12, 2024
Page 7

### Appendix

| | |
|---|---|
| BWI-INN00077653 | BWI-INN00348598 |
| BWI-INN00109692 | BWI-INN00385524 |
| BWI-INN00118590 | BWI-INN00385647 |
| BWI-INN00119210 | BWI-INN00385658 |
| BWI-INN00121340 | BWI-INN00395133 |
| BWI-INN00123105 | BWI-INN00401200 |
| BWI-INN00127095 | BWI-INN00401304 |
| BWI-INN00172076 | BWI-INN00401403 |
| BWI-INN00172734 | BWI-INN00401441 |
| BWI-INN00189073 | BWI-INN00418445 |
| BWI-INN00202622 | BWI-INN00418458 |
| BWI-INN00229700 | BWI-INN00474626 |
| BWI-INN00230859 | BWI-INN00526800 |
| BWI-INN00230869 | BWI-INN00569983 |
| BWI-INN00246134 | BWI-INN00569985 |
| BWI-INN00248425 | BWI-INN00618574 |
| BWI-INN00256674 | BWI-INN00634502 |
| BWI-INN00332651 | BWI-INN00646198 |
| BWI-INN00334676 | BWI-INN00694743 |
| BWI-INN00348211 | BWI-INN00709244 |