UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01984-JVS (KES) | Date | February 26, 2025 |
| Title | Innovative Health LLC v. Biosense Webster, Inc. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Require the Exchange of Unredacted Trial Exhibits [290]**

Plaintiff Innovative Health LLC ("Innovative") filed a motion to require the exchange of unredacted trial exhibits. (Mot., Dkt. No. 290.) Defendant Biosense Webster, Inc. ("Biosense") filed an opposition. (Opp'n, Dkt. No. 297.) Innovative replied. (Reply, Dkt. No. 301.)

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

By default, Rule 26 requires a party to expressly identify privileged or protected documents that are withheld from a discovery production. Fed. R. Civ. Proc. 26(b)(5)(A). To minimize the burden of discovery in this case, both parties agreed to a stipulated protocol governing electronically stored information ("Stipulated Protocol"). (Stipulated Protocol, Dkt. No. 64.) The Stipulated Protocol governs "the search, processing and production" of electronically stored information ("ESI") and hard-copy documents "during the pendency of this Action." (Id. ¶ 1.1.) Specifically, the Stipulated Protocol allowed the parties to redact information that is "proprietary, or personally or commercially sensitive, so long as that information is not responsive to any agreed requests for production." (Id. at 9.)

Innovative claims that Biosense has redacted more than 11,000 documents, including thousands of non-privileged redactions. (Decl. of Matthew Reade ("Reade Decl."), Dkt. No. 290-1, ¶ 10.) Innovative argues that when asked to explain some of these non-privileged redactions, Biosense declined to give additional information and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01984-JVS (KES) | Date | February 26, 2025 |
| Title | Innovative Health LLC v. Biosense Webster, Inc. | | |

merely responded that it had reviewed its redactions and concluded they were appropriate. (Reade Decl. ¶¶ 4–5.) Biosense responds that it has redacted its non-privileged proprietary and commercially sensitive information consistent with the Stipulated Protocol. (Opp'n at 4.) Further, Biosense argues that the Stipulated Protocol does not require disclose of this redacted information prior to trial. (Id.)

The parties are set to exchange preliminary exhibit lists on March 4, 2025. Innovative argues that it is entitled to the "full context of every exhibit" before exchanging these exhibits. (Mot. at 4.)

## II. DISCUSSION

The Stipulated Protocol begins with a "Purpose and Limitations" clause, which states that the protocol governs "the search, processing and production" of ESI and hard-copy documents "during the pendency of this Action." (Stipulated Protocol ¶ 1.1.) The Stipulated Protocol allows both parties to redact privileged information, including those that are protected by the attorney-client privilege, work product doctrine, or other privileges and protections. (Id. ¶ 6.7.) The Stipulated Protocol further allows the parties to redact "information that is proprietary, or personally or commercially sensitive so long as that information is not responsive to any agreed requests for production." (Id.) Finally, the Stipulated Protocol "does not waive any objections to the discoverability, admissibility, or confidentiality of documents or ESI." (Id. ¶ 9.2.)

Innovative argues that Biosense should be required to remove all non-privileged redactions for each document identified on either party's preliminary trial exhibit list. (Mot. at 5.) Innovative contends that the Stipulated Protocol was limited to the search and production of documents, but does not govern trial exhibits. (Id. at 6.) The Court disagrees.

Notwithstanding the voluminous amount of redactions purportedly made by Biosense, these redactions do not yet appear to be improper where they were purportedly made pursuant to the Stipulated Protocol. The Court rejects Innovative's contention that the Stipulated Protocol allows "each party [to] redact whatever it wants." (Reply at 4.) Biosense claims that it redacted its non-privileged, non-responsive commercially and personally sensitive material consistent with the Stipulated Protocol. If Innovative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01984-JVS (KES) | Date | February 26, 2025 |
| Title | Innovative Health LLC v. Biosense Webster, Inc. | | |

desired to object to these numerous redactions, the Stipulated Protocol made clear that such objections were permissible. (See Stipulated Protocol ¶ 9.2.)

Innovative did not object to these redactions during the discovery period. Indeed, over three years has past since the close of discovery. Innovative waited until one month before the exchange of trial exhibits to request the disclosure of these non-privileged, non-responsive documents. The Court will not require a blanket disclosure of otherwise permissibly redacted material purportedly consistent with the agreed-upon protocol.

The Court further agrees with Biosense that questions regarding specific redactions for proposed trial exhibits can be addressed following the exchange of proposed trial exhibits. (Opp'n at 6.) Biosense has agreed that it will meet-and-confer with Innovative to address any questions or concerns about redactions founds on the parties' exhibit list. (Reade Decl., Ex. 2 at 2.) To the extent that either party is suspicious about specific redactions, (see, e.g., Mot. at 6), these concerns may be raised and addressed after meet-and-confer.[1] Should the parties not reach agreement, the Court is prepared to order privilege logs or other measures whereby decisions to withhold can be tested.

Ultimately, the issue comes down to whether the parties should exchange fully disclosed trial exhibits (without redactions for privilege-related protections) that may subsequently be redacted upon request; or conversely, whether the parties should exchange exhibits in their current redacted state, with the ability to request removals.[2] In light of the Stipulated Protocol, the Court finds little reason to require starting with the full disclosure of non-responsive commercially or personally sensitive documents.

**IV. CONCLUSION**

---

[1] The Court finds Innovative's reliance on cases like In re Medeva Securities Litigation, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) unpersuasive. While "unilateral" redactions are generally disfavored and result in suspicion and wasted time that "outweigh[s] the minimal harm" of disclosure, the balance is different where the redactions were pursuant to an agreed upon stipulation to protect commercially and personally sensitive data.

[2] The Court is aware that absent a constructive meet-and-confer among the parties, it may be necessary for the Court to resolve redaction disputes at the pretrial conference.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01984-JVS (KES) | Date | February 26, 2025 |
| Title | Innovative Health LLC v. Biosense Webster, Inc. | | |

For the foregoing reasons, the Court **DENIES** the motion.

       **IT IS SO ORDERED.**

       The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the March 3, 2025, hearing.