Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

INNOVATIVE HEALTH LLC,

      Plaintiff,

  vs.

BIOSENSE WEBSTER, INC,

      Defendant.

Case No. 8:19-cv-1984 JVS (KES)

Assigned for all purposes to:
Honorable James V. Selna
**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S LATE-DISCLOSED TRIAL WITNESSES**
*[Filed with [Proposed] Order]*
Date:   March 10, 2025
Time:  1:30 p.m.
Crtrm:  10C
Action Filed: October 18, 2019
Trial Date: April 29, 2025

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2025 at 1:30 p.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion To Strike Defendant's Proposed Trial Witnesses.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other papers and pleadings on file here or that may be presented to the Court.

This Motion is made after conferences of counsel on February 21 and February 25, 2025. *See* Local Rule 7-3. On February 20, 2025, Biosense's counsel untimely disclosed two new witnesses to Innovative. Counsel for Innovative immediately raised the issue described in this Motion with Biosense's counsel via email dated February 20, 2025. Biosense refused to retract its untimely disclosure of new witnesses. But the parties promptly filed a joint stipulation requesting expedited briefing and hearing to resolve this dispute and to focus the parties' trial preparations. Dkt. 304. Innovative files this Motion subject to that pending joint stipulation and to this Court's judgment regarding when this matter should be heard.

1  DATED:  February 26, 2025        THEODORA ORINGHER PC

2

3

4                                  By:    /s/ Panteha Abdollahi
                                          Panteha Abdollahi
5

6

7                                  JEFFREY L. BERHOLD, P.C.

8

9                                  By:    /s/ Jeffrey L. Berhold
                                          Jeffrey L. Berhold
10

11

12

13                                 BERGER MONTAGUE PC

14

15

16                                 By:    /s/ Joshua P. Davis
                                          Joshua P. Davis
17

18                                 KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
                                   P.L.L.C.
19

20

21                                 By:    /s/ Matthew D. Reade
                                          Derek T. Ho
22                                        Andrew E. Goldsmith
                                          Matthew D. Reade
23                                        Kelley C. Schiffman
                                          Rachel T. Anderson
24                                        Annamaria M. Morales-Kimball
                                          Sean P. Quirk
25

26                                 Attorneys for Plaintiff
                                   INNOVATIVE HEALTH LLC
27

28

                                         3

1                <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2        Plaintiff Innovative Health LLC moves this Court under Federal Rules 26 and

3  37 to strike Defendant Biosense Webster Inc.'s proposed trial witnesses Dr. Jose

4  Osorio and Wendy Tam.  Biosense first disclosed those witnesses on February 20,

5  2025, more than five years after the filing of this action.  That late disclosure is

6  neither justified nor harmless.  Biosense has known of both witnesses for years.  It

7  has employed Ms. Tam since at least 2017 and paid Dr. Osorio as a consultant since

8  long before fact discovery closed.  Innovative asked Biosense to make an employee

9  like Ms. Tam a document custodian during discovery.  Biosense refused.  And

10  Biosense now seeks to substitute Dr. Osorio for another physician that Innovative

11  already deposed.  By waiting until the last possible moment to disclose Ms. Tam and

12  Dr. Osorio, Biosense will prejudice Innovative's trial preparations.  Biosense's

13  belated realization that long-available witnesses may be useful to its case does not

14  excuse its failure to disclose them until now, weeks before trial.

15  **I.**    <u>**Argument**</u>

16        This Court should grant Innovative's motion to strike for two reasons.

17        **A.**    Biosense's disclosures of Ms. Tam and Dr. Osorio are untimely.

18  Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to disclose whom they

19  will use to support their claims or defenses.  "Amended disclosures served after the

20  close of discovery are presumptively untimely." *Markson v. CRST Int'l, Inc.*, 2021

21  WL 5969519, at *2 (C.D. Cal. Nov. 23, 2021).  Fact discovery closed on September

22  21, 2021.  *See* Dkts. 90, 106 at 1.  Biosense then disclosed a different physician, Dr.

23  Vincent Thomas, as a potential witness, and Innovative deposed him in

24  September 2024.  Yet Biosense first identified Ms. Tam and Dr. Osorio when it

25  provided its proposed witness list to Innovative on February 20, 2025—just weeks

26  before trial.  *See* Declaration of Matthew D. Reade ("Reade Decl.") ¶ 9 & Ex. 6.

27        **B.**    Because its disclosure was untimely, Biosense cannot use either Ms.

28  Tam or Dr. Osorio "to supply evidence . . . at a trial" unless its tardiness was

"substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1); *see also*, *e.g.*, *Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distrib., Inc.*, 674 F. Supp. 3d 781, 790 (C.D. Cal. 2023) (exclusion is "automatic" unless "late disclosure was substantially justified or harmless").  To assess whether a late disclosure was substantially justified or harmless, courts assess (1) the "prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."  *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (citation omitted).

The disclosures here are neither substantially justified nor harmless.

**1.**    Biosense's untimely disclosure inflicts undue "prejudice [and] surprise." *Liberty Ins. Corp.*, 41 F.4th at 1192.  Biosense cannot contend that Ms. Tam or Dr. Osorio have only now come to its attention.  Biosense has employed Ms. Tam since 2017[1] and has enlisted Dr. Osorio as a consultant for years.[2]  Yet Biosense never identified those witnesses during fact discovery or at any point last year, when the parties were supplementing discovery to account for current market conditions.  *See* Dkt. 246.  Ensuring that Innovative can fairly examine the new witnesses and thoroughly investigate their knowledge, given their longtime relationships with Biosense, will require significant additional discovery that will disrupt the parties' trial preparations.  *See Markson*, 2021 WL 5969519, at *4; *see also* Reade Decl. ¶ 11 & Ex. 8.  "Other courts have found prejudice and surprise under th[e]se circumstances, particularly where, as here, the trial date—[April 29,

---

[1] Wendy Tam, LinkedIn, https://www.linkedin.com/in/wendy-tam-012396134/ (visited Feb. 26, 2025) (reporting July 2017 start date with Biosense).

[2] *See, e.g.*, Jose Osorio, MD et al., *General anesthesia during atrial fibrillation ablation: Standardized protocol and experience*, 43 Pacing & Clinical Electrophysiology 535 (Apr. 24, 2020) ("Dr Osorio has received consulting fees/honorarium . . . and research grants from Biosense Webster.").

2025]—is quickly approaching." *Mansur Props. LLC v. First Am. Title Ins. Co.*, 635 F. Supp. 3d 1116, 1133 (W.D. Wash. 2022), *appeal dismissed*, 2023 WL 2064158 (9th Cir. Jan. 31, 2023).

**2.**    Biosense cannot "cure the prejudice" by offering depositions of these witnesses. *Liberty Ins. Corp.*, 41 F.4th at 1192. "A party might be able to scramble to make up for the delay, but last-minute discovery may disrupt other plans." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014). The parties are well underway in preparing for a trial that is weeks away. They exchanged initial deposition designations on February 18, two days before Biosense's untimely disclosure, and are set to exchange preliminary exhibit lists on March 4. Conducting additional document discovery and depositions now will require the parties to revisit that work in the remaining weeks before trial. And while Biosense has offered Dr. Osorio and Ms. Tam for depositions, it has yet to produce documents relevant to either witness, a minimum requirement for Innovative to reasonably cross-examine them. *See* Reade Decl. ¶ 11 & Ex. 8. Indeed, Biosense has yet to "ascertain the documents that are available for Ms. Tam" or commit to a date certain by which it could collect and produce them. *Id.*

Had Biosense disclosed these witnesses years ago, Innovative would have reviewed their files and deposed them during discovery. The late disclosure of Biosense's longtime employee and consultant robs Innovative of the chance to do that in a timely fashion. *See Coach, Inc. v. Citi Trends, Inc.*, 2019 WL 6354367, at *13 (C.D. Cal. Oct. 23, 2019) (excluding late-disclosed witnesses because of "the fundamental notion that litigants cannot conduct trials by ambush," and disallowing "further discovery" to "cure the prejudice" from the untimely disclosure).

**3.**    Injecting these new witnesses into the litigation presents a high "likelihood of disruption of trial." *Liberty Ins. Corp.*, 41 F.4th at 1192; *see also Ollier*, 768 F.3d at 863 ("Allowing these witnesses to testify and reopening discovery would have . . . costly and disruptive effects."). Until Biosense produces

relevant documents and the witnesses for deposition, Innovative cannot determine how it will address those witnesses' unknown testimony over the 24 courtroom hours it has to make its case. For example, Innovative may need to call witnesses in its rebuttal case that it did not expect to call at all to respond to Dr. Osorio's or Ms. Tam's testimony during Biosense's case-in-chief. Requiring Innovative "to make last-minute preparations and decisions on the run" to respond to late-disclosed testimony risks disrupting this Court's trial. *Ollier*, 768 F.3d at 863.

**4.**    Finally, Biosense's conduct demonstrates "bad faith" or, at minimum, "willfulness in not timely disclosing" Dr. Osorio and Ms. Tam. *Liberty Ins. Corp.*, 41 F.4th at 1192. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). Biosense has paid or employed Dr. Osorio and Ms. Tam for years—at least for the entire lifetime of this case. But rather than disclose during discovery, or even last year after the remand from the Ninth Circuit, Biosense waited until the parties exchanged witness lists to divulge its new witnesses.

The inference of willfulness is all the stronger because of how Biosense's disclosures have evolved. During discovery, Innovative asked Biosense for "an assortment of custodians in sales," including "clinical account specialists"—the frontline salespeople who have implemented and enforced Biosense's unlawful tie. Reade Decl. ¶ 4 & Ex. 1. Biosense refused that "field level" discovery, informing Innovative that its allegations did not "warrant discovery of multiple levels of sales people's communications." *See id*. Now, Biosense decides that it suits its interests to offer Ms. Tam, who held exactly that role during the last four years of fact discovery in this case. *See* Reade Decl., Ex. 6. Dr. Osorio, for his part, appears to be a game-time substitute for another Biosense physician witness whom Innovative deposed last year. After Biosense added Dr. Vincent Thomas, who is an employee of its parent company, to its initial disclosures, Innovative deposed him in

September 2024.  On December 3, 2024, Innovative identified as potential witnesses an employee and a customer, each of whose involvement with Innovative began after fact discovery closed, and promptly produced relevant documents.  Reade Decl. ¶¶ 7-8 & Exs. 4-5.  But when the parties exchanged witness lists on February 20, Biosense abandoned Dr. Thomas entirely in favor of Ms. Tam and Dr. Osorio—and only then, after maintaining months of silence about Innovative's disclosures, demanded depositions of Innovative's witnesses "in early March." Reade Decl. ¶ 10 & Ex. 7.  There is no suggestion that Dr. Thomas is unavailable; by all accounts, he remains at Biosense's parent company in Orange County.

This conduct reflects improper "gamesmanship with respect to [Biosense's] disclosure obligations."  *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 n.3 (9th Cir. 1994) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 amend.). Biosense already had the opportunity to update its trial presentation after the Ninth Circuit remanded this case in 2024.  Then, after Innovative deposed Dr. Thomas last September, Biosense decided it did not want him as a witness at all.  Less than nine weeks before trial, amid the most intensive phase of trial preparation, is far too late to add two never-disclosed witnesses whom Biosense has known of for years and could have disclosed during the original discovery period in this case.

Because Biosense's disclosure was untimely and not substantially justified or harmless, the Court should exclude Dr. Osorio and Ms. Tam at trial.  *See Ollier*, 768 F.3d at 864 (affirming trial court's exclusion of untimely disclosed witnesses from testifying at trial); *Altaa Invs., LLC v. Production Cap., LLC*, 2023 WL 4157365, at *11-12 (C.D. Cal. June 7, 2023) (excluding untimely disclosed witnesses).

## II.    <u>Conclusion</u>

Innovative respectfully requests that this Court strike Biosense's late-disclosed witnesses, Dr. Jose Osorio and Ms. Wendy Tam, and preclude Biosense from relying on any testimony or evidence from them at trial.

1    DATED:  February 26, 2025         THEODORA ORINGHER PC

2

3

4                                      By:    /s/ Panteha Abdollahi
                                              Panteha Abdollahi
5

6

7                                      JEFFREY L. BERHOLD, P.C.

8

9                                      By:    /s/ Jeffrey L. Berhold
10                                            Jeffrey L. Berhold

11

12                                     BERGER MONTAGUE PC
13

14

15
                                       By:    /s/ Joshua P. Davis
16                                            Joshua P. Davis

17
                                       KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
18                                     P.L.L.C.

19

20

21                                     By:    /s/ Matthew D. Reade
22                                            Derek T. Ho
                                              Andrew E. Goldsmith
23                                            Matthew D. Reade
                                              Kelley C. Schiffman
24                                            Rachel T. Anderson
                                              Annamaria M. Morales-Kimball
25                                            Sean P. Quirk
26
                                       Attorneys for Plaintiff
27                                     INNOVATIVE HEALTH LLC

28

                                       9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 1,618 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED:  February 26, 2025          THEODORA ORINGHER PC

By:      _/s/ Panteha Abdollahi_
          Panteha Abdollahi