Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC, | Case No. 8:19-cv-1984 JVS (KES) |
| Plaintiff, | Assigned for all purposes to: Honorable James V. Selna |
| vs. | **DECLARATION OF MATTHEW D. READE IN SUPPORT OF PLAINTIFF INNOVATIVE HEALTH LLC'S MOTION TO STRIKE DEFENDANT'S LATE-DISCLOSED TRIAL WITNESSES** |
| BIOSENSE WEBSTER, INC, | |
| Defendant. | |
| | Date:    March 10, 2025 |
| | Time:    1:30 p.m. |
| | Crtrm:   10C |
| | Action Filed: October 18, 2019 |
| | Trial Date: April 29, 2025 |

1

I, Matthew D. Reade, declare as follows:

1.      I am an attorney admitted to the bars of the State of Texas and the District of Columbia.  I am admitted *pro hac vice* to practice before this Court.  I practice law at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., and represent the plaintiff, Innovative Health LLC, in this matter.

2.      I make this declaration in support of Plaintiff Innovative Health LLC's Motion To Strike Defendant's Late-Disclosed Trial Witnesses.

3.      The facts I state here are true and correct.  They are based on my own personal knowledge or knowledge I gleaned from reviewing files pertinent to this matter.  If called as a witness to testify, I could and would competently testify to these facts.

4.      **Exhibit 1** is a true and correct copy of an excerpt of email correspondence between counsel for Biosense and counsel for Innovative between November 20 and November 24, 2020, discussing custodial searches.

5.      On May 13, 2021, Biosense provided its Amended Initial Disclosures to Innovative (a true and correct copy is attached to this declaration as **Exhibit 2**).

6.      On January 28, 2022, Biosense provided its Second Amended Initial Disclosures to Innovative, which include Dr. Vincent Thomas (a true and correct copy is attached to this declaration as **Exhibit 3**).

7.      On December 3, 2024, Innovative provided its Fourth Supplemental Initial Disclosures to Biosense, which include Ms. Meredith Snider and Dr. Rahul Doshi (a true and correct copy is attached to this declaration as **Exhibit 4**).

8.      On January 20, 2025, Innovative produced to Biosense documents relevant to Ms. Snider (a true and correct copy is attached to this declaration as **Exhibit 5**).

9.      On February 20, 2025, counsel for Biosense provided its Third Amended Initial Disclosures to Innovative (a true and correct copy is attached to this declaration as **Exhibit 6**).

10.    On February 20, 2025, counsel for Biosense requested depositions of Innovative's witnesses (a true and correct copy is attached to this declaration as **Exhibit 7**).

11.    On February 24, 2025, counsel for Innovative requested productions for Dr. Jose Osorio and Ms. Wendy Tam from Biosense (a true and correct copy is attached to this declaration as **Exhibit 8**).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of February, 2025, at Arlington, Virginia.


*/s/ Matthew D. Reade*
Matthew D. Reade

*DECLARATION OF MATTHEW D. READE*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Jeffrey Berhold |
| **To:** | "Lillian Grossbard" |
| **Cc:** | Michael Reynolds |
| **Subject:** | RE: Innovative-Biosense meet and confer follow-up |
| **Date:** | Tuesday, November 24, 2020 10:28:00 AM |

Thanks, Lillian. Given the priority on document collection, let me address two issues immediately.
<u>Clinical Support</u>: Confirming our last call, the case coverage policy is alleged as monopolistic conduct on the Section 2 claims. Innovative alleges Biosense imposes additional barriers to entry into the catheter markets and maintains its monopoly power in the catheter markets through various types of exclusionary and predatory conduct, including the case coverage policy. CSAC ¶ 37-40. This is a viable allegation of monopolistic conduct relating to the catheters regardless of whether there is a cognizable market for clinical support. In fact, Section 2 requires consideration of the "overall combined effect" of monopolistic conduct, including otherwise legal acts. *City of Anaheim v. S. California Edison Co.*, 955 F.2d 1373, 1376 (9th Cir. 1992); *see also Free FreeHand Corp. v. Adobe Sys. Inc.*, 852 F. Supp. 2d 1171, 1180 (N.D. Cal. 2012) (discussing *City of Anaheim*). The Court itself has already noted that the complaint adequately alleged that Biosense has been able to coerce customers to purchase its catheters through enforcement of the case coverage policy. Order at 12. "Innovative Health has alleged that many hospitals would not purchase Biosense catheters but for the service." Id. In fact, Biosense has served 14 requests for documents expressly relating in whole or in part to clinical support or the case coverage policy. Innovative expects nothing less than full discovery on the elements of its monopolization claims, including any predatory conduct such as the case coverage policy.

<u>Custodians</u>: You asked about additional custodians beyond Innovative's request for Noah Martin, Corporate Account Manager, and Jonathan Fanger and Ali Ebrahimi, marketing managers for diagnostic and ultrasound catheters in the U.S. Commercial group. Biosense's field sales tactics are highly relevant to various issues raised in the complaint, including the enforcement of the case coverage policy (CSAC ¶¶ 44-46), along with making of false and misleading statements to customers regarding the safety of reprocessed catheters (CSAC ¶ 47) and limiting the access of reprocessors to used Biosense catheters (CSAC ¶ 50). None of your proposed custodians have that contact with customers. While Innovative believes that it is entitled to an assortment of custodians in sales, including all 14 key account managers in the U.S., along with territory managers and clinical account specialists, Innovative is willing to accept the two key account managers in California (Deana Dowell and Scott Ogilvie), reserving the right to request additional custodians based on reviewing the initial production of documents, and conducting other investigation and discovery.

**From:** Lillian Grossbard <lgrossbard@cravath.com>
**Sent:** Saturday, November 21, 2020 7:09 AM
**To:** Jeffrey Berhold <jeff@berhold.com>
**Cc:** Michael Reynolds <MReynolds@cravath.com>
**Subject:** RE: Innovative-Biosense meet and confer follow-up
Jeff:

Below is a summary of yesterday's meet and confer call, as well as a request that Plaintiff provide its position with respect to the relevance of clinical support to its monopolization and attempted monopolization claims. In addition, while we were on the call you said that you just received at least some portion of Stryker's response to Innovative's subpoena. I do not believe Stryker provided us

with a copy, so can you please send a copy of Stryker's response or the information for downloading it to us? Thanks.

Clinical support: As I said on our call, in its initial Order the Court granted Biosense's motion to dismiss Innovative's claims as they relate to clinical support, and the Court has now dismissed Innovative's tying claim based on clinical support in its entirety. While Biosense does not think clinical support should be in the case at all in view of this, thus far we have agreed to accommodate a limited amount of discovery on the policy itself to avoid disputes. However, it seems that clinical support is now subsuming most of discovery. Following our discussion Wednesday about the alleged continuing relevance of clinical support, we need to take a close look at this question as a whole. So that we can do that, please provide Plaintiff's position with respect to how clinical support is relevant to its monopolization and attempted monopolization claims specifically and what discovery concerning clinical support Plaintiff claims is still relevant based on that position.

Third party subpoenas: We talked about coordinating with respect to nonparty subpoenas. You said that you are interested in particular in coordinating with respect to transaction data requests (whether both parties will push for transaction level data instead of aggregated data from nonparties) and timing (agreeing on dates by which we will want nonparties to produce documents). I told you that we think that coordinating at least with respect to timing would be useful. I said that we would discuss on our end and get back to you early next week with a more specific response on both issues.

Custodians: I let you know that we had not had time to evaluate your custodian list, which we received shortly before our call, but that it looked far shorter than the list we discussed on our November 13 call. You said that you had discussed including Innovative's sales force, but that you did not think it was necessary to add them as significant items would make their way to others, including Innovative's CEO, Rick Ferreira. I said we would review the list and get back to you with a request for any additional custodians early next week. With respect to Biosense's custodian list, you said that Innovative requests that we add Noah Martin, a Corporate Account Manager responsible for national accounts, as well as Jonathan Fanger and Ali Ebrahimi, marketing managers for diagnostic and ultrasound catheters in the U.S. Commercial group. You said that you were also considering requesting U.S. Commercial sales team members in California potentially down to the territory manager level for discovery of statements at the field level concerning, e.g., clinical support and the effectiveness of reprocessed catheters, but that you were not yet formally requesting that they be added. I said that we would consider your request for the three additions and would evaluate a request for any other sales employees when proposed. However, I let you know that we do not agree that Innovative's antitrust allegations, which concern alleged company-level policies, practices and technology that is purportedly anticompetitive, warrant discovery of multiple levels of sales people's communications.

Interrogatory No. 7: I asked you to explain how Biosense's policies or practices with respect to selling to GPOs or IDNs is relevant to Innovative's claims, noting that there is no allegation concerning GPOs or IDNs in the complaint. You said that you understand that Biosense does not sell to GPOs or IDNs, or may only sell to certain of them, and instead sells directly to customers. You said that the ability to do that is relevant to demonstrating Biosense's market power because GPOs and IDNs represent

major access points to customers. I said that I did not know that your assumption about GPO and IDN sales was accurate or that the policies were relevant, but that we would consider and get back to you.

Targeted searches: Neither party had time to review the other party's response with respect to targeted searches in advance of the call, and we agreed that we would exchange any further objections early next week. We did, however, discuss Biosense's objection to searching for information prior to January 1, 2015 concerning CARTO 3 purportedly being a "closed system". I explained that I understand that Biosense's cardiac mapping system and its catheters have always been designed to function together and that other catheters could be used with the system but would not necessarily have the same functionality because they were not designed to function with the system. Plaintiff has not explained what information about CARTO 3 as a "closed system" they believe exists and is sought prior to 2015. I said that if Plaintiff has a different understanding or more specific information about the "closed system" issue, we would consider it. You said that you would follow up with Innovative and get back to us on that issue.

Search terms: I said that I would get back to you early next week regarding Innovative's proposed search terms, received last night.

Initial Disclosures: You said that you would get back to us with respect to providing more specific information about the nonparties identified in Innovative's Initial Disclosures early next week.

Regards,

Lillian

Lillian S. Grossbard
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1290 (phone)
212-474-3700 (fax)
lgrossbard@cravath.com

**From:** Jeffrey Berhold <jeff@berhold.com>
**Sent:** Friday, November 20, 2020 2:49 PM
**To:** Lillian Grossbard <lgrossbard@cravath.com>
**Cc:** Michael Reynolds <MReynolds@cravath.com>
**Subject:** RE: Innovative-Biosense meet and confer follow-up
Yes, here is Innovative's list of proposed custodians. I will have some questions about your proposed custodian list on the call. As I indicated previously, Innovative will begin targeted collections next week. To the extent that you are concerned about timing, I encourage both parties to make concise and reasonable requests, make timely proposals to clarify or narrow their requests to address specific objections by the producing party, or engage in timely and fulsome conferral on the types of documents sought by the requesting party and the types of documents maintained by the producing party to address specific objections from the producing party regarding scope and burden.

# EXHIBIT 2

KARLA KRAFT, State Bar No. 205530
  kkraft@sycr.com
VICTORIA MCLAUGHLIN, State Bar No. 321861
  vmclaughlin@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Katherine B. Forrest (*Pro Hac Vice*)
kforrest@cravath.com
Michael T. Reynolds (*Pro Hac Vice*)
mreynolds@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| INNOVATIVE HEALTH LLC, | CASE NO. 8:19-cv-01984-JVS-KES |
|---|---|
| Plaintiff, | Hon. James V. Selna |
| vs. | **DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26(A)(1)** |
| BIOSENSE WEBSTER, INC., | |
| Defendant. | Complaint Filed:  October 18, 2019 |
| | Corrected Second Amended Complaint Filed: October 16, 2020 |

1

Defendant Biosense Webster, Inc. ("Biosense") submits to Plaintiff Innovative Health LLC ("Plaintiff" or "Innovative") the following Amended Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Amended Initial Disclosures").  Biosense makes these Amended Initial Disclosures based on information reasonably available to it as of the date hereof and reserves the right to amend and supplement these Amended Initial Disclosures. Biosense makes these Amended Initial Disclosures subject to, and without waiver of, any attorney-client or work product privilege or any other applicable privileges or immunities, as well as any objection as to relevance, materiality or admissibility of evidence in these actions or any other action or proceeding.

I.     **Individuals and Entities Likely to Have Knowledge of Discoverable Information**

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense presently believes that the following individuals are likely to have discoverable information that Biosense may use to support its defenses:

A.     The Biosense employees identified in the table below and any agreed-upon document custodians in the litigation not included in the table below.  Biosense does not authorize communications by Plaintiff or any other party with these individuals.

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Michael Bodner<br>Vice President,<br>U.S. Sales | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Clinical support for Biosense's CARTO 3 cardiac mapping system.<br>• Competition with respect to cardiac mapping systems.<br>• Competition with respect to diagnostic |

| | Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|---|
| | | | and mapping catheters. |
| | | | • Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| | | | • Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system. |
| | | | • Compatibility of Biosense catheters with cardiac mapping systems other than CARTO 3. |
| | | | • Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems. |
| | | | • Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters. |
| | | | • Proportion of catheters used with Biosense's CARTO 3 cardiac |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL
DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | mapping system that are purchased from a manufacturer or reprocessor other than Biosense. |
| | | • Agreements concerning the purchase of Biosense's CARTO 3 cardiac mapping system and catheters for use with the CARTO 3 system. |
| | | • Biosense's efforts to collect used catheters from hospitals for reprocessing. |
| | | • Operation of and rationale for inclusion of timestamp in Biosense catheters. |
| | | • Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3. |
| Jasmina Brooks Vice President, Global Strategic Marketing | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system. |
| | | • Compatibility of Biosense catheters with cardiac mapping systems other than |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | CARTO 3. <br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems. <br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters. <br>• Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| Doug Bruce <br>Vice President, Research & Development (retired December 2020) | c/o Michael T. Reynolds <br>Cravath, Swaine & Moore LLP <br>825 Eighth Avenue <br>New York, NY 10019 <br>(212) 474-1000 | • Operation and functionality of Biosense's diagnostic and mapping catheters. <br>• Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system. <br>• Compatibility of Biosense catheters with cardiac mapping systems other than |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | CARTO 3.<br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters.<br>• Operation of and rationale for inclusion of timestamp in Biosense catheters. |
| Alex Espinoza Senior Manager, BWI Commercial Contracts | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Agreements concerning the purchase of Biosense's CARTO 3 cardiac mapping system and catheters for use with CARTO 3. |
| Joseph Koenig, Senior Manager | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |
| Noah Martin, Corporate Account Manager | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Agreements concerning the purchase of Biosense's CARTO 3 cardiac |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | mapping system and catheters for use with CARTO 3.<br><br>• Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3.<br><br>• Clinical support for Biosense's CARTO 3 cardiac mapping system.<br><br>• Competition with respect to cardiac mapping systems.<br><br>• Competition with respect to diagnostic and mapping catheters.<br><br>• Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| Stephenie Orsini, Senior Director, Global Education Solutions | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Training of Biosense Clinical Account Specialists |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Yanni Shen<br>Regional<br>Technology<br>Specialist | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Clinical support provided by Clinical Account Specialists for Biosense's CARTO 3 cardiac mapping system. |
| Uri Yaron<br>Worldwide<br>President | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Operation and functionality of Biosense's diagnostic and mapping catheters.<br><br>• Competition with respect to cardiac mapping systems.<br><br>• Competition with respect to diagnostic and mapping catheters.<br><br>• Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system.<br><br>• Compatibility of Biosense catheters with cardiac mapping systems other than CARTO 3.<br><br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br><br>• Product differentiation between Biosense |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA<br>CARLSON & RAUTH<br>LAWYERS<br>NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters.<br><br>• Operation of and rationale for inclusion of timestamp in Biosense catheters. |

B.    The employees of other Johnson & Johnson operating companies identified in the table below and any agreed-upon document custodians in the litigation not included in the table below.  These operating companies do not authorize communications by Plaintiff or any other party with these individuals.

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Shubhayu Basu<br>Senior Director, Research & Development<br>Johnson & Johnson | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br><br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters. |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Chris Cho<br>Senior Manager, Sustainability Pipeline Management & Innovation<br>Sterilmed, Inc. | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3.<br>• Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |
| Tara Daley<br>Head of Global Business Insights<br>Johnson & Johnson Health and Wellness Solutions, Inc. | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Competition with respect to cardiac mapping systems.<br>• Competition with respect to diagnostic and mapping catheters. |
| Bradley Geiss,<br>Senior Supply Chain Manager, SterilMed Inc. | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Collection data for used Biosense catheters collected from hospitals for reprocessing.<br>• Sterilmed reprocessing of used catheters for use with Biosense's CARTO 3 cardiac mapping system. |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Conrad Ramos<br>Senior Director, JJMDC Sustainability<br>Johnson & Johnson | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Clinical support for Biosense's CARTO 3 cardiac mapping system.<br><br>• Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3.<br><br>• Biosense's efforts to collect used catheters from hospitals for reprocessing.<br><br>• Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

C.    The non-parties identified in the table below.

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| Abbott Laboratories | Rohit K. Singla, Esq.<br>Munger, Tolles & Olson LLP<br>560 Mission Street<br>27th Floor<br>San Francisco, CA 94105<br>(415) 512-4032<br>rohit.singla@mto.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Acutus Medical, Inc. | Francis Torrence, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>525 Market Street - 17th Floor<br>San Francisco, CA 95105<br>(415) 625-9325<br>francis.torrence@wilsonelser.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Boston Scientific Corporation | Martin S. Chester, Esq.<br>Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br>martin.chester@faegredrinker.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |

-12-

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| Medtronic, Inc. | Steve Vieux, Esq.<br>Shook, Hardy & Bacon L.L.P.<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105<br>(415) 544-1900<br>svieux@shb.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Philips North America LLC | Randy K. Jones, Esq.<br>Mintz Levin Cohn Ferris Glovsky and Popeo P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>(858) 314-1500<br>rkjones@mintz.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Stryker Sustainability Solutions | Andrea J. Bernard, Esq.<br>Warner Norcross & Judd LLP<br>150 Ottawa Ave. NW, Suite 1500<br>Grand Rapids, Michigan 49503<br>(616) 752-2199<br>abernard@wnj.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| As yet unidentified customers of Biosense and Plaintiff Innovative Health LLC and individuals employed by or associated with those entities. | N/A | • Use of the CARTO 3 cardiac mapping system and diagnostic and mapping catheters compatible with CARTO 3 and use of competing cardiac mapping systems and catheters.<br>• Clinical support for the CARTO 3 cardiac mapping system and competing cardiac mapping systems.<br>• Innovative's reprocessed catheters for use with CARTO 3.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| All non-party individuals and entities referenced in Plaintiff's Corrected Second Amended Complaint, Plaintiff's Initial Disclosures, its First Supplement Initial Disclosures or any subsequent supplemental or amended disclosures | N/A | • Information relating to the allegations in the Corrected Second Amended Complaint with respect to which Plaintiff referenced said non-party individuals and entities. |

D.    Current and former employees of Plaintiff who have been

identified as document custodians in the litigation or identified

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

by Plaintiff in its Initial Disclosures, First Supplement Initial Disclosures or any subsequent supplemental or amended disclosures.

E.  As yet unknown individuals employed by or associated with Plaintiff Innovative Health LLC with knowledge of discoverable information relating to the allegations in the Second Amended Complaint; Plaintiff's reprocessing, sales and marketing of catheters for use with cardiac mapping systems; Plaintiff's business plans and strategies; and the topics identified in the tables at I.A. and I.B. above.

The above does not include experts and/or consultants who might be retained in connection with these actions. Biosense reserves its rights to modify these Amended Initial Disclosures and to identify and call as witnesses additional persons or entities if, during the course of discovery and investigation relating to these actions, Biosense learns that such additional persons or entities have knowledge or information that Biosense may use to support its defenses.

## II.  Documents Relevant to Disputed Facts

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense presently believes that it may use the following categories of documents, electronically stored information and/or tangible things (collectively, "documents") in its possession, custody or control to support its defenses:

A.  Hard copy and electronic documents relating to the operation and functionality of Biosense's CARTO 3 cardiac mapping system.

B.  Hard copy and electronic documents relating to sales of Biosense's CARTO 3 cardiac mapping system.

-15-
DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

C.   Hard copy and electronic documents relating to competition among cardiac mapping systems.

D.   Hard copy and electronic documents relating to product differentiation between cardiac mapping systems.

E.   Hard copy and electronic documents relating to the compatibility of diagnostic and mapping catheters with Biosense's CARTO 3 cardiac mapping system.

F.   Hard copy and electronic documents relating to hospital or other diagnostic or treatment entities' use of more than one cardiac mapping system.

G.   Hard copy and electronic documents relating to clinical support for Biosense's CARTO 3 cardiac mapping system.

H.   Hard copy and electronic documents relating to the operation and functionality of Biosense's diagnostic and mapping catheters.

I.   Hard copy and electronic documents relating to Biosense's sales of diagnostic and mapping catheters for use with cardiac mapping systems.

J.   Hard copy and electronic documents relating to competition among diagnostic and mapping catheters for use with cardiac mapping systems.

K.   Hard copy and electronic documents relating to product differentiation between diagnostic and mapping catheters for use with cardiac mapping systems.

L.   Hard copy and electronic documents relating to compatibility of Biosense catheters with cardiac mapping systems other than the CARTO 3 system.

DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

M.   Hard copy and electronic documents relating to the reprocessing of diagnostic and mapping catheters for use with cardiac mapping systems.

The foregoing categories of documents are located at:

Biosense Webster, Inc.

31 Technology Drive, Irvine, CA 92618

33 Technology Drive, Irvine, CA 926018

15715 Arrow Highway, Irwindale, CA 91706

Sterilmed, Inc.

5010 Cheshire Parkway, Plymouth, MN 55446

## III.  Computation of Damage

Biosense has not asserted any claims and therefore does not seek any damages at this time in these actions.  By making this assertion, Biosense in no way waives, and hereby expressly reserves, its right to recover all costs in these actions, including reasonable attorneys' fees, should the Court rule in its favor. Further, Biosense reserves all rights to contribution, indemnification, reimbursement, and related rights.

## IV.  Insurance Agreements

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense is currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this action.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-
DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

DATED:  May 13, 2021          STRADLING YOCCA CARLSON & RAUTH,
                              A Professional Corporation

                              By:    /s/ Karla Kraft
                                     Karla Kraft
                                     Victoria McLaughlin

                                     And

                                     Katherine B. Forrest *(Pro Hac Vice)*
                                     Michael T. Reynolds *(Pro Hac Vice)*
                                     CRAVATH, SWAINE & MOORE LLP
                                     Worldwide Plaza
                                     825 Eighth Avenue
                                     New York, NY 10019-7475

                                     Attorneys for Defendant
                                     BIOSENSE WEBSTER, INC.

-18-
DEFENDANT BIOSENSE WEBSTER, INC.'S AMENDED INITIAL DISCLOSURES

1
2

# CERTIFICATE OF SERVICE

3       I, Lillian S. Grossbard, hereby certify that on May 13, 2021, I caused a true

4   and correct copy of the foregoing to be served on the following counsel of record

5   by electronic mail at the email addresses below:

6   Panteha Abdollahi                          Jeffrey L. Berhold (*Pro Hac Vice*)
    THEODORA ORINGHER PC                       JEFFREY L. BERHOLD, P.C.
7   535 Anton Boulevard, Ninth Floor           1230 Peachtree Street, Suite 1050
    Costa Mesa, California 92626-7109           Atlanta, Georgia 30309
8   Telephone: (714) 549-6200                   Telephone: (404) 872-3800
    Facsimile: (714) 549-6201                   Facsimile: (678) 868-2021
9   Email: pabdollahi@tocounsel.com             Email: jeff@berhold.com

10  Attorneys for Plaintiff                     Attorneys for Plaintiff
    INNOVATIVE HEATH LLC                        INNOVATIVE HEATH LLC
11
12
13  _____                              */s/ Lillian S. Grossbard*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

KARLA KRAFT, State Bar No. 205530
kkraft@sycr.com
VICTORIA MCLAUGHLIN, State Bar No. 321861
vmclaughlin@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Katherine B. Forrest (*Pro Hac Vice*)
kforrest@cravath.com
Michael T. Reynolds (*Pro Hac Vice*)
mreynolds@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | CASE NO. 8:19-cv-01984-JVS-KES<br>Hon. James V. Selna<br><br>**DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26(A)(1)**<br><br>Complaint Filed:  October 18, 2019<br>Corrected Second Amended Complaint Filed: October 16, 2020 |

1

Defendant Biosense Webster, Inc. ("Biosense") submits to Plaintiff Innovative Health LLC ("Plaintiff" or "Innovative") the following Second Amended Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Second Amended Initial Disclosures"). Biosense makes these Second Amended Initial Disclosures based on information reasonably available to it as of the date hereof and reserves the right to amend and supplement these Second Amended Initial Disclosures. Biosense makes these Second Amended Initial Disclosures subject to, and without waiver of, any attorney-client or work product privilege or any other applicable privileges or immunities, as well as any objection as to relevance, materiality or admissibility of evidence in these actions or any other action or proceeding.

## I.    Individuals and Entities Likely to Have Knowledge of Discoverable Information

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense presently believes that the following individuals are likely to have discoverable information that Biosense may use to support its defenses:

A.    The Biosense employees identified in the table below and any agreed-upon document custodians in the litigation not included in the table below. Biosense does not authorize communications by Plaintiff or any other party with these individuals.

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Michael Bodner Vice President, U.S. Sales | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Clinical support for Biosense's CARTO 3 cardiac mapping system. • Competition with respect to cardiac mapping systems. |

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | • Competition with respect to diagnostic and mapping catheters. |
| | | • Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| | | • Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system. |
| | | • Compatibility of Biosense catheters with cardiac mapping systems other than CARTO 3. |
| | | • Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems. |
| | | • Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters. |
| | | • Proportion of catheters |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | used with Biosense's CARTO 3 cardiac mapping system that are purchased from a manufacturer or reprocessor other than Biosense. |
| | | • Agreements concerning the purchase of Biosense's CARTO 3 cardiac mapping system and catheters for use with the CARTO 3 system. |
| | | • Biosense's efforts to collect used catheters from hospitals for reprocessing. |
| | | • Operation of and rationale for inclusion of timestamp in Biosense catheters. |
| | | • Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3. |
| Jasmina Brooks Vice President, Global Strategic Marketing | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system. • Compatibility of Biosense catheters |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | with cardiac mapping systems other than CARTO 3.<br><br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br><br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters.<br><br>• Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| Doug Bruce<br>Vice President, Research & Development (retired December 2020) | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Operation and functionality of Biosense's diagnostic and mapping catheters.<br><br>• Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system.<br><br>• Compatibility of Biosense catheters |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | with cardiac mapping systems other than CARTO 3.<br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters.<br>• Operation of and rationale for inclusion of timestamp in Biosense catheters. |
| Alex Espinoza<br>Senior Manager, BWI Commercial Contracts | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Agreements concerning the purchase of Biosense's CARTO 3 cardiac mapping system and catheters for use with CARTO 3. |
| Joseph Koenig,<br>Senior Manager | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000 | • Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |
| Noah Martin,<br>Corporate Account Manager | c/o Michael T. Reynolds<br>Cravath, Swaine & Moore LLP | • Agreements concerning the |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | purchase of Biosense's CARTO 3 cardiac mapping system and catheters for use with CARTO 3.<br><br>• Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3.<br><br>• Clinical support for Biosense's CARTO 3 cardiac mapping system.<br><br>• Competition with respect to cardiac mapping systems.<br><br>• Competition with respect to diagnostic and mapping catheters.<br><br>• Customer use of multiple cardiac mapping systems and customer switching from Biosense's CARTO 3 cardiac mapping system to another cardiac mapping system. |
| Stephenie Orsini, Senior Director, Global Education Solutions | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Training of Biosense Clinical Account Specialists |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Yanni Shen Regional Technology Specialist | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Clinical support provided by Clinical Account Specialists for Biosense's CARTO 3 cardiac mapping system. |
| Vincent Thomas Medical Safety Officer | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Explanation of electrophysiology studies and procedures, including how they are performed, their medical purpose and the condition diagnose and treat. • Functionality of cardiac mapping systems and diagnostic and mapping catheters, and their use by physicians in electrophysiology studies and procedures. |
| Uri Yaron Worldwide President | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Operation and functionality of Biosense's diagnostic and mapping catheters. • Competition with respect to cardiac mapping systems. • Competition with respect to diagnostic and mapping |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| | | catheters.<br>• Compatibility of other manufacturers' catheters with Biosense's CARTO 3 cardiac mapping system.<br>• Compatibility of Biosense catheters with cardiac mapping systems other than CARTO 3.<br>• Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters.<br>• Operation of and rationale for inclusion of timestamp in Biosense catheters. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

2    B.    The employees of other Johnson & Johnson operating companies

3        identified in the table below and any agreed-upon document

4        custodians in the litigation not included in the table below.  These

5        operating companies do not authorize communications by

6        Plaintiff or any other party with these individuals.

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Shubhayu Basu Senior Director, Research & Development Johnson & Johnson | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Product differentiation between Biosense's CARTO 3 and other cardiac mapping systems.<br>• Product differentiation between Biosense diagnostic and mapping catheters and other manufacturers' diagnostic and mapping catheters. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Chris Cho Senior Manager, Sustainability Pipeline Management & Innovation Sterilmed, Inc. | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3.<br><br>• Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |
| Tara Daley Head of Global Business Insights Johnson & Johnson Health and Wellness Solutions, Inc. | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Competition with respect to cardiac mapping systems.<br><br>• Competition with respect to diagnostic and mapping catheters. |
| Bradley Geiss, Senior Supply Chain Manager, SterilMed Inc. | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Collection data for used Biosense catheters collected from hospitals for reprocessing.<br><br>• Sterilmed reprocessing of used catheters for use with Biosense's CARTO 3 cardiac mapping system. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Name and Title Operating Company | Contact Information | Relevant Factual Information |
|---|---|---|
| Conrad Ramos Senior Director, JJMDC Sustainability Johnson & Johnson | c/o Michael T. Reynolds Cravath, Swaine & Moore LLP 825 Eighth Avenue New York, NY 10019 (212) 474-1000 | • Clinical support for Biosense's CARTO 3 cardiac mapping system. <br> • Innovative Health LLC's business practices, including with respect to its reprocessed catheter products for use with CARTO 3. <br> • Biosense's efforts to collect used catheters from hospitals for reprocessing. <br> • Agreements and programs for the purchase of Sterilmed reprocessed catheters for use with Biosense's CARTO 3 cardiac mapping system. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

C.     The non-parties identified in the table below.

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| Abbott Laboratories | Rohit K. Singla, Esq.<br>Munger, Tolles & Olson LLP<br>560 Mission Street<br>27th Floor<br>San Francisco, CA 94105<br>(415) 512-4032<br>rohit.singla@mto.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Acutus Medical, Inc. | Francis Torrence, Esq.<br>Wilson Elser Moskowitz Edelman & Dicker LLP<br>525 Market Street - 17th Floor<br>San Francisco, CA 95105<br>(415) 625-9325<br>francis.torrence@wilsonelser.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Boston Scientific Corporation | Martin S. Chester, Esq.<br>Faegre Drinker Biddle & Reath LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br>martin.chester@faegredrinker.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| Medtronic, Inc. | Steve Vieux, Esq.<br>Shook, Hardy & Bacon L.L.P.<br>555 Mission Street, Suite 2300<br>San Francisco, CA 94105<br>(415) 544-1900<br>svieux@shb.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Philips North America LLC | Randy K. Jones, Esq.<br>Mintz Levin Cohn Ferris Glovsky and Popeo P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>(858) 314-1500<br>rkjones@mintz.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| Stryker Sustainability Solutions | Andrea J. Bernard, Esq.<br>Warner Norcross & Judd LLP<br>150 Ottawa Ave. NW, Suite 1500<br>Grand Rapids, Michigan 49503<br>(616) 752-2199<br>abernard@wnj.com | • Competition with respect to cardiac mapping systems and the diagnostic and mapping catheters used with those systems.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

| Individual/Entity | Contact Information | Relevant Factual Information |
|---|---|---|
| As yet unidentified customers of Biosense and Plaintiff Innovative Health LLC and individuals employed by or associated with those entities. | N/A | • Use of the CARTO 3 cardiac mapping system and diagnostic and mapping catheters compatible with CARTO 3 and use of competing cardiac mapping systems and catheters.<br>• Clinical support for the CARTO 3 cardiac mapping system and competing cardiac mapping systems.<br>• Innovative's reprocessed catheters for use with CARTO 3.<br>• Information relating to the allegations in the Corrected Second Amended Complaint. |
| All non-party individuals and entities referenced in Plaintiff's Corrected Second Amended Complaint, Plaintiff's Initial Disclosures, its First Supplement Initial Disclosures or any subsequent supplemental or amended disclosures | N/A | • Information relating to the allegations in the Corrected Second Amended Complaint with respect to which Plaintiff referenced said non-party individuals and entities. |

D.    Current and former employees of Plaintiff who have been

identified as document custodians in the litigation or identified

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL
DISCLOSURES

by Plaintiff in its Initial Disclosures, First Supplement Initial Disclosures or any subsequent supplemental or amended disclosures.

E.   As yet unknown individuals employed by or associated with Plaintiff Innovative Health LLC with knowledge of discoverable information relating to the allegations in the Second Amended Complaint; Plaintiff's reprocessing, sales and marketing of catheters for use with cardiac mapping systems; Plaintiff's business plans and strategies; and the topics identified in the tables at I.A. and I.B. above.

The above does not include experts and/or consultants who might be retained in connection with these actions. Biosense reserves its rights to modify these Second Amended Initial Disclosures and to identify and call as witnesses additional persons or entities if, during the course of discovery and investigation relating to these actions, Biosense learns that such additional persons or entities have knowledge or information that Biosense may use to support its defenses.

## II.   Documents Relevant to Disputed Facts

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense presently believes that it may use the following categories of documents, electronically stored information and/or tangible things (collectively, "documents") in its possession, custody or control to support its defenses:

A.   Hard copy and electronic documents relating to the operation and functionality of Biosense's CARTO 3 cardiac mapping system.

B.   Hard copy and electronic documents relating to sales of Biosense's CARTO 3 cardiac mapping system.

C.  Hard copy and electronic documents relating to competition among cardiac mapping systems.

D.  Hard copy and electronic documents relating to product differentiation between cardiac mapping systems.

E.  Hard copy and electronic documents relating to the compatibility of diagnostic and mapping catheters with Biosense's CARTO 3 cardiac mapping system.

F.  Hard copy and electronic documents relating to hospital or other diagnostic or treatment entities' use of more than one cardiac mapping system.

G.  Hard copy and electronic documents relating to clinical support for Biosense's CARTO 3 cardiac mapping system.

H.  Hard copy and electronic documents relating to the operation and functionality of Biosense's diagnostic and mapping catheters.

I.  Hard copy and electronic documents relating to Biosense's sales of diagnostic and mapping catheters for use with cardiac mapping systems.

J.  Hard copy and electronic documents relating to competition among diagnostic and mapping catheters for use with cardiac mapping systems.

K.  Hard copy and electronic documents relating to product differentiation between diagnostic and mapping catheters for use with cardiac mapping systems.

L.  Hard copy and electronic documents relating to compatibility of Biosense catheters with cardiac mapping systems other than the CARTO 3 system.

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

M.   Hard copy and electronic documents relating to the reprocessing of diagnostic and mapping catheters for use with cardiac mapping systems.

The foregoing categories of documents are located at:

<u>Biosense Webster, Inc.</u>

31 Technology Drive, Irvine, CA 92618

33 Technology Drive, Irvine, CA 926018

15715 Arrow Highway, Irwindale, CA 91706

<u>Sterilmed, Inc.</u>

5010 Cheshire Parkway, Plymouth, MN 55446

## III.   Computation of Damage

Biosense has not asserted any claims and therefore does not seek any damages at this time in these actions.  By making this assertion, Biosense in no way waives, and hereby expressly reserves, its right to recover all costs in these actions, including reasonable attorneys' fees, should the Court rule in its favor. Further, Biosense reserves all rights to contribution, indemnification, reimbursement, and related rights.

## IV.   Insurance Agreements

Based on the allegations in the Corrected Second Amended Complaint and Biosense's investigation thus far, Biosense is currently unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy a judgment in this action.

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL DISCLOSURES

1

2

DATED:  January 28, 2022

STRADLING YOCCA CARLSON & RAUTH,
A Professional Corporation

3

4

By:    /s/ *Karla Kraft*_____
        Karla Kraft
        Victoria McLaughlin

5

6

And

7

8

9

10

Katherine B. Forrest *(Pro Hac Vice)*
Michael T. Reynolds *(Pro Hac Vice)*
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

11

12

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-

DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND AMENDED INITIAL
DISCLOSURES

# CERTIFICATE OF SERVICE

I, Colleen M. Kozikowski, hereby certify that on January 28, 2022, I caused a true and correct copy of the foregoing to be served on the following counsel of record by electronic mail at the email addresses below:

Panteha Abdollahi
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California  92626-7109
Telephone:  (714) 549-6200
Facsimile:  (714) 549-6201
Email:  pabdollahi@tocounsel.com

Attorneys for Plaintiff
INNOVATIVE HEATH LLC

Jeffrey L. Berhold (*Pro Hac Vice*)
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia  30309
Telephone:  (404) 872-3800
Facsimile:  (678) 868-2021
Email:  jeff@berhold.com

Attorneys for Plaintiff
INNOVATIVE HEATH LLC

_____                    */s/ Colleen M. Kozikowski*

20
CERTIFICATE OF SERVICE
CASE NO. 8:19-cv-01984

# EXHIBIT 4

| | |
|---|---|
| **From:** | Jeffrey Berhold |
| **To:** | Cavanaugh, William F. (x2793); Mangi, Adeel A. (x2563); Kraft, Karla; Northrup, Lisa; Lobb, Sean |
| **Cc:** | Derek Ho; Goldsmith, Andrew E.; Schiffman, Kelley C.; Reade, Matthew D.; Anderson, Rachel T.; Morales-Kimball, Annamaria M.; Quirk, Sean P.; Joshua P. Davis; Panteha Abdollahi |
| **Subject:** | [EXTERNAL] Innovative v. Biosense - Fourth Supplemental Initial Disclosures |
| **Date:** | Tuesday, December 3, 2024 8:52:44 PM |
| **Attachments:** | 2024 12 3 Innovative Fourth Suppl Disclosures.pdf |

Counsel:

Please see the attached supplemental initial disclosures for Innovative Health.

Let me know if you have any questions.

Thanks.

Jeff

Jeffrey L. Berhold, P.C.
1230 Peachtree St., Suite 1050
Atlanta, GA 30309
404.872.3800

www.berhold.com

Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone:  (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amorales-kimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| INNOVATIVE HEALTH LLC, | Case No. 8:19-cv-1984 JVS (KESx) |
|---|---|
| Plaintiff, | **PLAINTIFF INNOVATIVE HEALTH LLC'S FOURTH SUPPLEMENTAL INITIAL DISCLOSURES** |
| vs. | |
| BIOSENSE WEBSTER, INC., | Action Filed:  October 18, 2019 |
| Defendant. | Trial Date:  April 29, 2025 |

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Plaintiff Innovative Health LLC ("Innovative") hereby supplements its initial disclosures with information for the following individuals for purposes of Rule 26(a)(1)(A)(i):

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Rahul Doshi, MD                                    (HonorHealth Medical Group)
Electrophysiologist
10210 North 92nd Street
Suite 100
Scottsdale, AZ 85258
(480) 246-3000
Subjects:     Competition in Cardiac Mapping Systems
                   Competition in Clinical Support
                   Competition in Electrophysiology Catheters
                   Case Coverage Policy


Meredith Snider                                    (Innovative Health LLC)
Senior Director, Sales Operations
c/o Jeffrey L. Berhold (Counsel)
(404) 872-3800
Subjects:     Competition in Cardiac Mapping Systems
                   Competition in Clinical Support
                   Competition in Electrophysiology Catheters
                   Case Coverage Policy
                   Innovative's Lost Sales

*PLAINTIFF INNOVATIVE HEALTH LLC'S FOURTH SUPPLEMENTAL INITIAL DISCLOSURES*
*CASE NO. 8:19-cv-1984 JVS (KESx)*

1  DATED:  December 4, 2024          THEODORA ORINGHER PC

2

3

4                                 By: _____ /s/ Panteha Abdollahi
                                      Panteha Abdollahi
5                                 JEFFREY L. BERHOLD, P.C.

6

7

8                                 By: _____ /s/ Jeffrey L. Berhold
                                      Jeffrey L. Berhold
9

10

11                                BERGER MONTAGUE PC

12

13                                By: _____ /s/ Joshua P. Davis
                                      Joshua P. Davis
14

15

16                                KELLOGG, HANSEN, TODD, FIGEL
                                     & FREDERICK, P.L.L.C.
17

18

19                                By: _____ /s/ Derek T. Ho
                                      Derek T. Ho
20                                    Andrew E. Goldsmith
21                                    Matthew D. Reade
                                      Kelley C. Schiffman
22                                    Rachel T. Anderson
                                      Annamaria M. Morales-Kimball
23                                    Sean P. Quirk
24

25

26                                Attorneys for Plaintiff
                                  INNOVATIVE HEALTH LLC
27

28

# CERTIFICATE OF SERVICE

Pursuant to agreement of the parties under Fed. R. Civ. P. 5(b)(2)(E), I hereby certify that I served the **PLAINTIFF INNOVATIVE HEALTH LLC'S FOURTH SUPPLEMENTAL INITIAL DISCLOSURES** on the following counsel of record via email on December 4, 2024:

Karla J. Kraft                 kkraft@stradlinglaw.com

Lisa M. Northrup               lnorthrup@stradlinglaw.com

Sean T. Lobb                   stlobb@stradlinglaw.com

William F. Cavanaugh, Jr.      wfcavanaugh@pbwt.com

Adeel A. Mangi                 aamangi@pbwt.com


By:    _/s/ Jeffrey L. Berhold_

Jeffrey L. Berhold

_____

Attorney for Plaintiff
INNOVATIVE HEALTH LLC

# EXHIBIT 5

| | |
|---|---|
| **From:** | Jeffrey Berhold <jeff@berhold.com> |
| **Sent:** | Monday, January 20, 2025 2:34 PM |
| **To:** | Cavanaugh, William F. (x2793); Kirschenbaum, Andrew (x2831); Faridi, Muhammad (x2874); Sean Lobb; Karla Kraft; Lisa Northrup; Cruz, Alejandro (x7613); Mangi, Adeel A. (x2563) |
| **Cc:** | Ho, Derek T.; Goldsmith, Andrew E.; Schiffman, Kelley C.; Reade, Matthew D.; Anderson, Rachel T.; Morales-Kimball, Annamaria M.; Quirk, Sean P.; Joshua P. Davis; Kyla Gibboney; Matthew Summers; Julie A. Pollock; Panteha Abdollahi |
| **Subject:** | [EXTERNAL] Innovative v. Biosense - Production Volume IH025 |

Counsel:

Here is a link for Production Volume IH025.

https://ftpus.consilio.com/public/file/yz6gfyujkue01cpwc9ts7w/IH025.zip

• Bates Range: IH00697211 - IH00697262

I will send the password separately.

Thanks.

Jeff

Jeffrey L. Berhold, P.C.
1230 Peachtree St., Suite 1050
Atlanta, GA 30309
404.872.3800

www.berhold.com

# EXHIBIT 6

1   KARLA KRAFT
    State Bar No. 205530
2    kkraft@stradlinglaw.com
    LISA M. NORTHRUP
3   State Bar No. 293784
     lnorthrup@stradlinglaw.com
4   SEAN THOMAS LOBB
    State Bar No. 324213
5    stlobb@stradlinglaw.com
    STRADLING YOCCA CARLSON &
6   RAUTH LLP
    660 Newport Center Drive, Suite 1600
7   Newport Beach, CA 92660-6422
    Telephone:  949 725 4000
8

WILLIAM F. CAVANAUGH, JR.
State Bar No. 133461
 wfcavanaugh@pbwt.com
ALEJANDRO H. CRUZ
(*Pro Hac Vice*)
 acruz@pbwt.com
PATTERSON BELKNAP WEBB
AND TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
Telephone: (212) 336-2000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

9

## UNITED STATES DISTRICT COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   INNOVATIVE HEALTH LLC, | CASE NO. 8:19-cv-01984-JVS-KES |
| 13          Plaintiff, | Hon. James V. Selna |
| 14     vs. | **DEFENDANT BIOSENSE WEBSTER INC.'S THIRD AMENDED INITIAL DISCLOSURES PURSUANT TO F.R.C.P. 26.1(A)(1)** |
| 15   BIOSENSE WEBSTER, INC., | |
| 16          Defendant. | |
| 17 | Complaint Filed:  October 18, 2019 |
| 18 | Second Amended Complaint Filed: September 2, 2020 |
| 19 | Trial Date:  April 29, 2025, 8:30 am |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

Defendant Biosense Webster, Inc. ("Biosense") submits to Plaintiff Innovative Health LLC the following Third Amended Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Third Amended Initial Disclosures"). Biosense makes these Third Amended Initial Disclosures based on information reasonably available to it as of the date hereof and reserves the right to amend and supplement these Third Amended Initial Disclosures. Biosense makes these Third Amended Initial Disclosures subject to, and without waiver of, any attorney-client or work product privilege or any other applicable privileges or immunities, as well as any objection as to relevance, materiality or admissibility of evidence in these actions or any other action or proceeding.

Biosense presently believes that the following individuals are likely to have discoverable information that Biosense may use to support its defenses:

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Wendy Tam, CAS, Biosense Webster, Inc. | c/o William F. Cavanaugh, Jr. Patterson Belknap Webb & Tyler LLP 1133 Avenue of the Americas New York, NY 10036 (212) 336-2000 | • Role of CAS in mapping procedures<br>• CAS recruitment and training<br>• Biosense's Clinical Support Policy<br>• Clinical support services for cardiac mapping procedures |

BIOSENSE WEBSTER, INC.'S THIRD AMENDED INITIAL DISCLOSURES

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

| Name and Title | Contact Information | Relevant Factual Information |
|---|---|---|
| Jose Osorio, M.D., HCA Florida | 3683 South Miami Avenue Suite 500 Miami, FL 33133 (786) 804-5585 | • Electrophysiology and ablation procedures<br>• Use of cardiac mapping systems/catheters<br>• Experience with OEM and/or reprocessed catheters |

DATED: February 20, 2025    STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Karla Kraft*
Karla Kraft
Lisa M. Northrup
Sean Thomas Lobb
Attorneys for Defendant
Biosense Webster, Inc.

DATED: February 20, 2025    PATTERSON BELKNAP WEBB AND TYLER LLP

By: */s/ William F. Cavanaugh, Jr.*
William F. Cavanaugh, Jr.
Alejandro H. Cruz
Attorneys for Defendant
Biosense Webster, Inc.

BIOSENSE WEBSTER, INC.'S THIRD AMENDED INITIAL DISCLOSURES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# EXHIBIT 7



www.pbwt.com

February 20, 2025

Alejandro H. Cruz
Partner
(212) 336-7613
acruz@pbwt.com

*By Electronic Mail*

Kelley C. Schiffman, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
Sumner Square
1615 M Street NW, Suite 400
Washington, DC 20036
*kschiffman@kellogghansen.com*

> Re:     *Innovative Health LLC v. Biosense Webster, Inc.,*
>         No. 8:19-cv-01984-JVS-KES (C.D. Cal.)

Dear Kelley:

        We write on behalf of Biosense Webster, Inc. ("BWI") to provide BWI's updated witness list.  We have also attached BWI's Third Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26.

        We are in receipt of Innovative Health LLC's ("IH") Fourth Supplemental Initial Disclosures, dated December 3, 2024, identifying Dr. Rahul Doshi and Ms. Meredith Snider as individuals with discoverable information.  We hereby request depositions of Dr. Doshi and Ms. Snider and ask that you identify dates in early March when they are available.  To the extent IH requests depositions of any individuals added to BWI's disclosures, we will provide dates for their depositions as well.

        BWI reserves all rights and waives none, including the right to supplement or modify its disclosures and witness list at any time.

Very truly yours,

Alejandro H. Cruz

Cc: All Counsel of Record

# EXHIBIT 8

| | |
|---|---|
| **From:** | Cruz, Alejandro (x7613) <acruz@pbwt.com> |
| **Sent:** | Wednesday, February 26, 2025 5:47 PM |
| **To:** | Reade, Matthew D. |
| **Cc:** | Cavanaugh, William F. (x2793); Sean Lobb; ~muhammad.faridi@linklaters.com; Kirschenbaum, Andrew (x2831); Harper, Christine (x2286); Matthew Summers; Jeffrey Berhold; Ho, Derek T.; Goldsmith, Andrew E.; Schiffman, Kelley C.; Anderson, Rachel T.; Morales-Kimball, Annamaria M.; Quirk, Sean P.; Joshua P. Davis; Kyla Gibboney; Julie A. Pollock; Panteha Abdollahi; Karla Kraft; Lisa Northrup |
| **Subject:** | [EXTERNAL] RE: Innovative Health v. Biosense Webster - Updated Witness List |
| **Attachments:** | BWI EDITS_2025 02 24 DRAFT STIPULATION - Expedited Briefing Re Witness Disclosure (002).docx; BWI EDITS_2025 02 24 PROPOSED ORDER - Expedited Briefing Re Witness Disclosure.docx |

Matthew:

For the reasons discussed during the parties' calls on this issue, we disagree with your characterizations of the record below, as well as the assertion that there is or will be any prejudice to Innovative from BWI's timely disclosure of Dr. Osorio and Ms. Tam, consistent with the parties agreed-upon schedule and months before trial. Accordingly, attached are new versions of your proposed stipulation and order reflecting our edits in track changes. If these are acceptable, we believe they are ready to file.

On the issue of document exchange, BWI is amenable to producing the categories of documents you proposed for Dr. Osorio and Ms. Tam on the condition that Innovative produce the same categories of materials related to Dr. Doshi and Ms. Snider (including with respect to Ms. Snider's entire tenure at Innovative), and subject to good-faith conferrals between the parties to accommodate any issues of volume or timing that may arise. ***Please confirm that Innovative agrees to a reciprocal exchange of documents for the relevant witnesses.*** Once we ascertain the documents that are available for Ms. Tam, we will let you know if March 5 is a feasible date for production, and we request that you do the same for Dr. Doshi and Ms. Snider.

Regards,

Alejandro

**Alejandro H. Cruz**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY 10036
T: 212.336.7613
acruz@pbwt.com | www.pbwt.com

---

**From:** Reade, Matthew D. <mreade@kellogghansen.com>
**Sent:** Wednesday, February 26, 2025 9:57 AM
**To:** ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>; Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>; Harper, Christine (x2286) <charper@pbwt.com>; Matthew Summers <msummers@bm.net>; Jeffrey Berhold <jeff@berhold.com>; Ho, Derek T. <dho@kellogghansen.com>; Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>; Schiffman, Kelley C. <kschiffman@kellogghansen.com>; Anderson, Rachel T. <randerson@kellogghansen.com>; Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>; Quirk, Sean P. <squirk@kellogghansen.com>; Joshua P. Davis <jdavis@bm.net>; Kyla Gibboney <kgibboney@bm.net>; Julie A. Pollock <jpollock@bm.net>; Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>; Sean Lobb <stlobb@stradlinglaw.com>; Karla Kraft

<KKraft@stradlinglaw.com>; Lisa Northrup <LNorthrup@stradlinglaw.com>; Cruz, Alejandro (x7613) <acruz@pbwt.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

**External: Think before you click.**

Counsel:

Yesterday, you asked us whether Innovative would agree not to call Ms. Snider if Biosense withdrew Ms. Tam as a witness at trial.

Having considered your proposal, Innovative does not agree. Both of Biosense's new witnesses were known to Biosense, were available, and had discoverable information during the original discovery period. But Biosense waited to disclose them until the last possible moment.

Biosense has suggested that it disclosed Dr. Osorio in response to Innovative's disclosure of Dr. Doshi last year. But Innovative identified Dr. Doshi in response to Biosense's disclosure (after the close of fact discovery) of Dr. Thomas, Biosense's former medical safety officer, and Innovative designated Dr. Doshi to testify on virtually the same topics.

Innovative took Dr. Thomas's deposition in Orange County, his place of employment with Johnson & Johnson, in September 2024. Dr. Thomas holds the same position with Johnson & Johnson today as he did when he was deposed. Biosense made Dr. Thomas available for deposition then, and he remains available to Biosense to call live at trial. Biosense identifies no change in Dr. Thomas's circumstances that would justify substituting an entirely new witness in his place weeks before trial. The last-minute substitution of Dr. Osorio, a longtime paid consultant of Biosense, for Dr. Thomas has no justification and prejudices Innovative's ability to prepare for trial.

Unless Biosense withdraws both Ms. Tam and Dr. Osorio promptly, Innovative intends to move to strike them.

Please let us know your position today on the proposed stipulated briefing schedule. Please also inform us today whether Biosense will produce the requested documents relevant to Ms. Tam and Dr. Osorio by March 5.

We are available to meet and confer today if useful.

Best,
Matthew

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

---

**From:** Reade, Matthew D. <mreade@kellogghansen.com>
**Date:** Tuesday, February 25, 2025 at 10:23 AM
**To:** Faridi, Muhammad <muhammad.faridi@linklaters.com>, Kirschenbaum, Andrew (x2831)

<akirschenbaum@pbwt.com>, Harper, Christine (x2286) <charper@pbwt.com>, Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kellogghansen.com>, Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>, Schiffman, Kelley C. <kschiffman@kellogghansen.com>, Anderson, Rachel T. <randerson@kellogghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>, Quirk, Sean P. <squirk@kellogghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro (x7613) <acruz@pbwt.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

Yes, thank you.  I've sent an invite for 3 PM.

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

**From:** Faridi, Muhammad <muhammad.faridi@linklaters.com>
**Date:** Tuesday, February 25, 2025 at 10:22 AM
**To:** Reade, Matthew D. <mreade@kellogghansen.com>, Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>, Harper, Christine (x2286) <charper@pbwt.com>, Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kellogghansen.com>, Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>, Schiffman, Kelley C. <kschiffman@kellogghansen.com>, Anderson, Rachel T. <randerson@kellogghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>, Quirk, Sean P. <squirk@kellogghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro (x7613) <acruz@pbwt.com>
**Subject:** [EXTERNAL] RE: Innovative Health v. Biosense Webster - Updated Witness List

Can you do 3:00?

**Muhammad Faridi** | **Partner** | **T** +1 212 903 9325 | **Linklaters LLP** | New York

**From:** Reade, Matthew D. <mreade@kellogghansen.com>
**Sent:** Tuesday, February 25, 2025 10:20 AM
**To:** Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>; Harper, Christine (x2286) <charper@pbwt.com>; Matthew Summers <msummers@bm.net>; Jeffrey Berhold <jeff@berhold.com>; Ho, Derek T. <dho@kellogghansen.com>; Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>; Schiffman, Kelley C. <kschiffman@kellogghansen.com>; Anderson, Rachel T. <randerson@kellogghansen.com>; Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>; Quirk, Sean P. <squirk@kellogghansen.com>; Joshua P. Davis <jdavis@bm.net>; Kyla Gibboney <kgibboney@bm.net>; Julie A. Pollock <jpollock@bm.net>; Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>; Sean Lobb <stlobb@stradlinglaw.com>; Karla Kraft <KKraft@stradlinglaw.com>; Lisa Northrup <LNorthrup@stradlinglaw.com>; Cruz, Alejandro (x7613) <acruz@pbwt.com>; Faridi, Muhammad <muhammad.faridi@linklaters.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

**Caution: External email.**

Counsel:  We're available at 2:30 ET.  Does that work for you?  We can send an invite.

Best,

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

---

**From:** Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>
**Date:** Tuesday, February 25, 2025 at 10:03 AM
**To:** Reade, Matthew D. <mreade@kelloghansen.com>, Harper, Christine (x2286) <charper@pbwt.com>, Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kelloghansen.com>, Goldsmith, Andrew E. <agoldsmith@kelloghansen.com>, Schiffman, Kelley C. <kschiffman@kelloghansen.com>, Anderson, Rachel T. <randerson@kelloghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kelloghansen.com>, Quirk, Sean P. <squirk@kelloghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro (x7613) <acruz@pbwt.com>, ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** [EXTERNAL] RE: Innovative Health v. Biosense Webster - Updated Witness List

Counsel,

We would like to have a call today to discuss your email.  Please let us know your availability.

Best,
Andy

---

**From:** Reade, Matthew D. <mreade@kelloghansen.com>
**Sent:** Monday, February 24, 2025 12:21 PM
**To:** Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>; Harper, Christine (x2286) <charper@pbwt.com>; Matthew Summers <msummers@bm.net>; Jeffrey Berhold <jeff@berhold.com>; Ho, Derek T. <dho@kelloghansen.com>; Goldsmith, Andrew E. <agoldsmith@kelloghansen.com>; Schiffman, Kelley C. <kschiffman@kelloghansen.com>; Anderson, Rachel T. <randerson@kelloghansen.com>; Morales-Kimball, Annamaria M. <amorales-kimball@kelloghansen.com>; Quirk, Sean P. <squirk@kelloghansen.com>; Joshua P. Davis <jdavis@bm.net>; Kyla Gibboney <kgibboney@bm.net>; Julie A. Pollock <jpollock@bm.net>; Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>; Sean Lobb <stlobb@stradlinglaw.com>; Karla Kraft <KKraft@stradlinglaw.com>; Lisa Northrup <LNorthrup@stradlinglaw.com>; Cruz, Alejandro (x7613) <acruz@pbwt.com>; ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

**External: Think before you click.**

Counsel,

Innovative Health maintains its objections to Biosense's untimely disclosure of Wendy Tam and Jose Osorio in its amended initial disclosures and witness list dated February 20, 2025.

Although your letter bearing the same date offers depositions of each late-disclosed witness, Biosense has not offered to produce relevant records regarding either witness.

Please confirm as promptly as possible, and no later than **5 PM Eastern Time on Tuesday, February 25**, whether Biosense will produce the following materials:

1. Documents reflecting and describing all compensation paid to Dr. Osorio, or to any entity affiliated with Dr. Osorio, by Biosense Webster, Johnson & Johnson, or any other Johnson & Johnson affiliate.
2. Documents showing the terms of any consulting arrangement between Dr. Osorio (or any entity affiliated with Dr. Osorio) and Biosense Webster (or another Johnson & Johnson entity).
3. Documents reflecting the terms of Ms. Tam's employment.
4. Documents showing Ms. Tam's compensation over time, separately identifying wages or base salary and any bonuses, commissions, and other forms of payment.
5. All responsive documents (including emails) located in the files of Ms. Tam using the same search terms used by Biosense in original discovery.

Please also confirm that Biosense will produce those materials by **Wednesday, March 5**, so that Innovative can begin preparing to depose your new witnesses in the event the Court does not order their exclusion.

Your letter also requested deposition dates for Meredith Snider and Rahul Doshi.  Biosense should have made that request months ago.  Nonetheless, Innovative will offer dates for each witness.  Though he is very busy, Dr. Doshi has made himself available on March 14 for a half-day deposition in Orange County.  Please confirm that date works.  We will follow up soon with availability for Ms. Snider.

Finally, we expect to provide a draft stipulation to govern briefing the dispute over Biosense's untimely witness disclosures later today.

Best,
Matthew

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

**From:** Reade, Matthew D. <mreade@kellogghansen.com>
**Date:** Friday, February 21, 2025 at 2:41 PM
**To:** Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>, Harper, Christine (x2286) <charper@pbwt.com>, Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kellogghansen.com>, Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>, Schiffman, Kelley C. <kschiffman@kellogghansen.com>, Anderson, Rachel T. <randerson@kellogghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>, Quirk, Sean P. <squirk@kellogghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panthea Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro

(x7613) <acruz@pbwt.com>, ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

Thank you, Andy.  I will circulate a calendar invite shortly.

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

---

**From:** Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>
**Date:** Friday, February 21, 2025 at 2:39 PM
**To:** Reade, Matthew D. <mreade@kellogghansen.com>, Harper, Christine (x2286) <charper@pbwt.com>, Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kellogghansen.com>, Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>, Schiffman, Kelley C. <kschiffman@kellogghansen.com>, Anderson, Rachel T. <randerson@kellogghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>, Quirk, Sean P. <squirk@kellogghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro (x7613) <acruz@pbwt.com>, ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** [EXTERNAL] RE: Innovative Health v. Biosense Webster - Updated Witness List

Matthew:

We are free to discuss at 4:00 pm today.

Best,
Andy

---

**From:** Reade, Matthew D. <mreade@kellogghansen.com>
**Sent:** Thursday, February 20, 2025 10:03 PM
**To:** Harper, Christine (x2286) <charper@pbwt.com>; Matthew Summers <msummers@bm.net>; Jeffrey Berhold <jeff@berhold.com>; Ho, Derek T. <dho@kellogghansen.com>; Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>; Schiffman, Kelley C. <kschiffman@kellogghansen.com>; Anderson, Rachel T. <randerson@kellogghansen.com>; Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>; Quirk, Sean P. <squirk@kellogghansen.com>; Joshua P. Davis <jdavis@bm.net>; Kyla Gibboney <kgibboney@bm.net>; Julie A. Pollock <jpollock@bm.net>; Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>; Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>; Sean Lobb <stlobb@stradlinglaw.com>; Karla Kraft <KKraft@stradlinglaw.com>; Lisa Northrup <LNorthrup@stradlinglaw.com>; Cruz, Alejandro (x7613) <acruz@pbwt.com>; ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** Re: Innovative Health v. Biosense Webster - Updated Witness List

**External: Think before you click.**

Counsel:

Innovative objects to Biosense's belated disclosure of its longtime employee Wendy Tam and longtime paid consultant Jose Osorio in its amended initial disclosures and its witness list today, February 19, 2025, more than five years after the filing of this case and two days after the original agreed deadline for exchanging witness lists in this matter. If Biosense wished to rely on those individuals, it had plenty of opportunity to disclose them and should have disclosed them earlier—if not during discovery, then certainly well before the parties exchanged witness lists, as Innovative did in disclosing Dr. Doshi and Ms. Snider (a new customer and new employee, respectively) five months before trial.

Biosense's disclosures of Ms. Tam and Dr. Osorio for the first time during the parties' witness list exchange are untimely, improper, and prejudicial. Unless Biosense commits not to call either witness, Innovative will seek relief from the Court. Please share your availability after **3:30 PM Eastern Time tomorrow** to meet and confer.

In the interest of time, given the parties' ongoing trial preparations, Innovative proposes that the parties address any dispute via a short joint motion to be filed **Tuesday, 25 February**, and request that the Court resolve this issue during the hearing already set for **Monday, 3 March**.

A proposal for preparing that joint motion follows (all times Eastern). If Biosense will not withdraw Ms. Tam and Dr. Osorio, please confirm whether Biosense is amenable to this procedure by **6 PM tomorrow**.

- **Tuesday, 25 February:**
  - **12 PM ET:** Parties exchange 3-page argument inserts for inclusion in one joint motion.
  - **3 PM ET:** Innovative sends to Biosense draft joint filing.
  - **4 PM ET:** Biosense provides redlines or consent to file; Innovative promptly reverts with any further edits or confirmation.
  - **5 PM ET:** Innovative files.

Thank you,
Matthew

**Matthew D. Reade**
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
ph: (202) 326-7913 | fx: (202) 326-7999

---

**From:** Harper, Christine (x2286) <charper@pbwt.com>
**Date:** Thursday, February 20, 2025 at 11:52 AM
**To:** Matthew Summers <msummers@bm.net>, Jeffrey Berhold <jeff@berhold.com>, Ho, Derek T. <dho@kellogghansen.com>, Goldsmith, Andrew E. <agoldsmith@kellogghansen.com>, Schiffman, Kelley C. <kschiffman@kellogghansen.com>, Reade, Matthew D. <mreade@kellogghansen.com>, Anderson, Rachel T. <randerson@kellogghansen.com>, Morales-Kimball, Annamaria M. <amorales-kimball@kellogghansen.com>, Quirk, Sean P. <squirk@kellogghansen.com>, Joshua P. Davis <jdavis@bm.net>, Kyla Gibboney <kgibboney@bm.net>, Julie A. Pollock <jpollock@bm.net>, Panteha Abdollahi <pabdollahi@tocounsel.com>
**Cc:** Cavanaugh, William F. (x2793) <wfcavanaugh@pbwt.com>, Kirschenbaum, Andrew (x2831) <akirschenbaum@pbwt.com>, Sean Lobb <stlobb@stradlinglaw.com>, Karla Kraft <KKraft@stradlinglaw.com>, Lisa Northrup <LNorthrup@stradlinglaw.com>, Cruz, Alejandro (x7613) <acruz@pbwt.com>, ~muhammad.faridi@linklaters.com <muhammad.faridi@linklaters.com>
**Subject:** [EXTERNAL] Innovative Health v. Biosense Webster - Updated Witness List

Dear Kelley:

Please see the attached correspondence and attachments on behalf of Biosense Webster, Inc.  Thank you.

Regards,

Christine

**Christine Harper**
She | Her | Hers
Associate

Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

T 212.336.2286
**charper@pbwt.com**

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

---

Any business communication sent by or on behalf of Linklaters LLP or one of its affiliated firms or other entities (together "Linklaters") is confidential and may be privileged or otherwise protected. If you receive it in error please inform us and then delete it immediately from your system. You should not copy it or

disclose its contents to anyone. Please be aware that messages sent to and from Linklaters may be monitored for reasons of security, to protect our business, and to ensure compliance with legal and regulatory obligations and our internal policies. Emails are not a secure method of communication, can be intercepted and cannot be guaranteed to be error free. Anyone who communicates with us by email is taken to understand and accept the above.

Linklaters LLP is a limited liability partnership registered in England and Wales with registered number OC326345. It is a law firm authorised and regulated by the Solicitors Regulation Authority (www.sra.org.uk), with SRA ID: 460682. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. Please refer to www.linklaters.com/regulation for important information on our regulatory position. A list of Linklaters LLP members together with a list of those non-members who are designated as partners and their professional qualifications, may be inspected at our registered office, One Silk Street, London EC2Y 8HQ and such persons are either solicitors or registered foreign lawyers.

We take your privacy seriously. For information about how we process your personal data, please see our Global Privacy Notice at www.linklaters.com/en/legal-notices/privacy-notice.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.