KARLA KRAFT
State Bar No. 205530
kkraft@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000

WILLIAM F. CAVANAUGH, JR.
State Bar No. 133461
wfcavanaugh@pbwt.com
PATTERSON BELKNAP WEBB AND TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000

MUHAMMAD U. FARIDI
(*admitted pro hac vice*)
muhammad.faridi@linklaters.com
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

INNOVATIVE HEALTH LLC,

*Plaintiff*,

*vs*.

BIOSENSE WEBSTER, INC.,

*Defendant*.

Case No.: 8:19-cv-1984-JVS (KES)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE TRIAL WITNESSES**

Date: March 10, 2025
Time: 1:30 PM
Courtroom: 10C
Action Filed: October 18, 2019
Trial Date: April 29, 2025

Defendant Biosense Webster, Inc. ("BWI") opposes plaintiff Innovative Health, LLC's ("IH") motion to strike two of BWI's proposed trial witnesses, dated February 26, 2025. ECF 305.

There is no basis to preclude BWI's two witnesses. The parties' agreed upon pre-trial schedule set February 20, 2025 as the date for exchanging updated witness lists. IH and BWI each listed two new witnesses. Since those disclosures, the parties have agreed to exchange a limited set of documents and produce each new witness for a deposition. IH's reliance on the fact that it identified its two new witnesses two months earlier is misplaced. IH did not identify them as trial witnesses until February 20, 2025. More importantly, with an agreed upon exchange of documents and depositions, there is no prejudice to IH. Conversely, IH's proposed remedy—allowing its new witnesses to testify while precluding BWI's new witnesses—would be deeply unfair and prejudicial to BWI. The Court should deny IH's motion.

**BACKGROUND**

In early 2022, prior to the Court's March 2022 summary judgment decision, the parties exchanged witness lists and BWI served supplemental initial disclosures. Cruz Exs. 1, 2; Reade Ex. 3. Following the Ninth Circuit's January 5, 2024 decision, on August 28, 2024, the Court entered a new Case Management Order with a pre-trial schedule. ECF 255. The parties subsequently agreed to additional pre-trial deadlines, which included an exchange of updated witness lists on February 18, 2025, a date subsequently adjourned by agreement to February 20, 2025. Cruz Exs. 3, 4.

On December 3, 2024, eleven months after the Ninth Circuit's decision, IH served supplemental initial disclosures reflecting two witnesses who had never before been disclosed. Reade Ex. 4. Those witnesses are Dr. Rahul Doshi, an electrophysiologist, and Meredith Snider, an IH employee. In late January 2025,

without any meaningful explanation, IH produced 18 documents involving Ms. Snider. Reade Ex. 5. IH produced nothing as to Dr. Doshi.

On February 20, 2025, consistent with the agreed upon schedule for witness lists, BWI disclosed two new witnesses of its own: Dr. Jose Osorio, an electrophysiologist, and Wendy Tam, one of BWI's Clinical Account Specialists ("CAS"). Cruz Ex. 5. BWI additionally removed several witnesses from its 2022 witness list. BWI disclosed its new witnesses in a supplemental initial disclosure. Reade Ex. 6. BWI also requested pre-trial depositions of Dr. Doshi and Ms. Snider, and promised to propose dates for Dr. Osorio's and Ms. Tam's depositions. Reade Ex. 7. At the same time, IH identified Dr. Doshi and Ms. Snider as potential trial witnesses in its own updated witness list. Cruz Ex. 6. On February 27, 2025, the parties agreed to exchange a limited set of documents for each new witness and to produce each new witness for a deposition. Cruz Ex. 7.

## ARGUMENT

IH has no basis for objecting to testimony from either Dr. Osorio or Ms. Tam, and its opening papers make clear that the only supposed prejudice it may suffer is deposing those two witnesses in the two months leading up to trial. IH's requested relief would allow new, previously undisclosed, testimony from IH's witnesses, but preclude the same from BWI. This prevents a fair presentation of each party's case at trial. IH's motion should be denied for at least three reasons.

***First, BWI disclosed Dr. Osorio and Ms. Tam pursuant to the parties' agreed on schedule for trial witnesses***. Following a nearly two-year pause in this proceeding for IH's appeal, the parties agreed to exchange updated trial witness lists on February 20, 2025, 68 days before trial. Cruz Ex. 4. IH disclosed Dr. Doshi and Ms. Snider in its updated initial disclosures in December 2024, over three years after the 2021 close of discovery, and added them to its updated witness list in February 2025. Reade Ex. 4; Cruz Ex. 6. Until that time, IH's new witnesses had

never been part of the case. IH could have identified a practicing electrophysiologist long before December 2024, but did not. Thereafter, on the agreed upon timeline, BWI disclosed Dr. Osorio, a practicing electrophysiologist, and Ms. Tam, a CAS who works with these types of physicians. Reade Ex. 6.

Importantly, the parties did not agree that their updated witness lists would be limited to previously disclosed witnesses, nor did the parties restrict their right to disclose new witnesses. Accordingly, BWI's disclosure of Dr. Osorio and Ms. Tam was timely. Along with that disclosure, BWI provided the relevant topics on which the witnesses are knowledgeable, all of which are consistent with the current record in this case, and all of which will be subject to deposition and cross-examination. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, No. 05-cv-6838, 2013 WL 6535164, at *5 (C.D. Cal. Dec. 9, 2013).

There is no logic to IH's position that the December 2024 disclosure of its two witnesses is timely, while BWI's disclosure of Dr. Osorio and Ms. Tam approximately two months later is not. The facts that Dr. Doshi is a "new" customer and Ms. Snider is a "new" employee, *see* ECF 305 at 8, are red herrings.

Ms. Snider has been employed by IH since at least April 2022, years before the December 2024 disclosure. Cruz Ex. 8. More importantly, the critical issue is not how long any of the new witnesses have been known to the parties, but rather when and why the need for disclosure arose. IH (and its new counsel) disclosed Dr. Doshi and Ms. Snider in December 2024, purportedly in response to the September 2024 deposition of a former BWI employee, Dr. Vincent Thomas.[1] Reade Ex. 8. Notably, IH did not offer to coordinate depositions of Dr. Doshi or Ms. Snider until after BWI disclosed and offered to coordinate depositions of

---

[1] On December 14, 2021, Dr. Thomas submitted a short declaration in support of BWI's summary judgment motion. ECF 115. IH only sought a deposition of Dr. Thomas in 2024, after the Ninth Circuit remanded the case to this Court.

Dr. Osorio and Ms. Tam. As IH knows, BWI no longer intends to call Dr. Thomas as a trial witness because he is no longer associated with BWI's business (and has not been since January 2022). Instead, BWI is entitled to disclose witnesses, such as Dr. Osorio, who currently use BWI products, consistent with the agreed upon timeline. *See In re First All. Mortg. Co.*, 471 F.3d 977, 1000 (9th Cir. 2006) (allowing disclosure of new witnesses "more than 60 days before trial began").

***Second, there is no prejudice to IH from either Dr. Osorio or Ms. Tam testifying at trial***. As IH acknowledges, ECF 305 at 4-5, witnesses disclosed after the close of discovery (as is the case for all four witnesses here) will not be excluded from trial so long as the disclosure is either "substantially justified or . . . harmless." *Karma Auto. LLC v. Lordstown Motors Corp.*, No. 20-cv-2104, 2023 WL 2627756, at *1 (C.D. Cal. Feb. 27, 2023) (Selna, J.).

Here, each party has agreed to depose the other party's newly disclosed witnesses prior to trial. The parties have also agreed to a mutual exchange of documents for all four witnesses.[2] *See Negrete*, 2013 WL 6535164, at *5 (witness disclosures not untimely when parties agreed to exchanging witness lists and additional depositions). IH will have the opportunity to inquire into the scope of both Dr. Osorio's and Ms. Tam's knowledge and the potential content of their testimony. *See Karma Auto. LLC*, 2023 WL 2627756, at *3 (holding that depositions of new witnesses before trial cured any surprise from disclosure). IH will also have the opportunity to cross-examine both witnesses at trial. There will be no surprises, much less any prejudice to IH. *See id.* at *2-3; *C.f.*, *Altaa Invs., LLC v. Prod. Cap., LLC*, No. 22-cv-498, 2023 WL 4157365, at *11-12 (C.D. Cal.

---

[2] And notably, Ms. Tam, a CAS working at UCLA Medical Center, appears on hundreds of documents in BWI's production in this case. *See Karma Auto. LLC*, 2023 WL 2627756, at *2 & n.1.

June 7, 2023) (new disclosures were prejudicial when made one week before trial).[3] Neither IH nor BWI will be prejudiced by either side's new witnesses.

***And third, IH's proposed remedy is deeply unfair and would prejudice BWI***. IH's approach—allowing its own new witnesses to testify but not BWI's—is patently unfair. Courts routinely reject such requests because "the court's goal always is to resolve the case on the merits so long as undue prejudice can be avoided." *See Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 11-cv-03786, 2013 WL 6070414, at *7 (N.D. Cal. Nov. 18, 2013); *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12-cv-146, 2013 WL 1882260, at *10-11 (S.D. Cal. May 3, 2013). IH wants to call a practicing doctor on its behalf (*i.e.*, Dr. Doshi) regarding his own experience with new or reprocessed catheters and BWI's clinical support policy, while preventing BWI from presenting competing testimony from a practicing physician of BWI's own choosing (*i.e.*, Dr. Osorio). This would be facially prejudicial to BWI.

IH's allegations of "bad faith" by BWI are entirely specious. As IH knows, BWI had no knowledge of IH's purported reason for disclosing Dr. Doshi 85 days after Dr. Thomas's deposition. As to Ms. Tam, the emails attached to IH's motion show that IH dropped its request for "field level" custodians. Reade Ex. 1. IH cannot base an allegation of "bad faith" on the fact that BWI did not voluntarily provide information in response to a request IH chose not to pursue. *See Liberty*

[3] The cases IH relies on are inapposite. For example, several involve late disclosures of ***expert*** witnesses and include situations where the disclosures would require "another dispositive motion," *Mansur Properties LLC v. First Am. Title Ins. Co.*, 635 F. Supp. 3d 1116, 1134 (W.D. Wash. 2022); *see also Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distribution, Inc.*, 674 F. Supp. 3d 781, 790-92 (C.D. Cal. 2023). Others involve disclosures of dozens of new witnesses. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-64 (9th Cir. 2014). No such circumstances are present here.

*Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1193 (9th Cir. 2022) (describing willful conduct as "disobedient[]," "deceitful[]," or "dishonest[]").

**CONCLUSION**

BWI respectfully requests that the Court deny IH's motion.

DATED: March 3, 2025

STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Karla Kraft*
Karla Kraft

PATTERSON BELKNAP WEBB AND TYLER LLP

By: */s/ William F. Cavanaugh, Jr.*
William F. Cavanaugh, Jr.
Alejandro H. Cruz

LINKLATERS LLP

By: */s/ Muhammad Faridi*
Muhammad Faridi

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Biosense Webster, Inc., certifies that this brief contains 1,709 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: March 3, 2025

STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Karla Kraft*
Karla Kraft