Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone:  (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**PLAINTIFF INNOVATIVE HEALTH LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S LATE-DISCLOSED TRIAL WITNESSES**<br><br>Date:     March 10, 2025<br>Time:     1:30 p.m.<br>Crtrm:   10C<br>Action Filed:  October 18, 2019<br>Trial Date:  April 29, 2025 |

1

The Court should grant Innovative Health's motion to strike late-disclosed witnesses Wendy Tam and Jose Osorio, whose tardy disclosure is not harmless or substantially justified.  Biosense's disclosure of those witnesses is "presumptively untimely" because, as Biosense admits (at 3), it occurred after discovery closed. *Markson v. CRST Int'l, Inc.*, 2021 WL 5969519, at *2 (C.D. Cal.).  Unlike in the lone case Biosense offers on this point (at 4), the parties here never agreed to a pretrial procedure allowing new discovery from previously undisclosed witnesses. The parties instead agreed—like virtually every party in every case—just to share witness lists before trial.  That agreement is not a license to reopen discovery.

Biosense can excuse its untimely disclosure only by showing that its tardiness was "substantially justified" or "harmless."  Fed. R. Civ. P. 37(c)(1).  It cannot do so.  Biosense has known of its witnesses for years and could have disclosed them during discovery, yet it waited until the pretrial exchange of proposed trial witnesses to spring them on Innovative.  Biosense's longstanding relationships with Dr. Osorio and Ms. Tam confirm that its disobedience of Rule 26 was entirely within its control and "sufficient to demonstrate willfulness, bad faith, or fault." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).  This conduct is not harmless. Biosense admitted today, nearly two weeks after its untimely disclosure, that ***it has not even started reviewing*** Ms. Tam's correspondence, which Innovative needs to fairly examine her before trial.  *See* Declaration of Sean P. Quirk ("Quirk Decl.") Ex. 9 at 2 (Biosense's counsel: "We are currently ***preparing*** to review and produce relevant documents[.]") (emphasis added).  And despite repeated requests, *see* Quirk Decl. Exs. 9-10, Biosense has yet to commit to a date by which it will finish producing relevant documents for either witness.  It is prejudicial to force Innovative to "divert time and resources" from trial preparation "to prepare for and take the depositions" of two long-available witnesses "who were disclosed at the eleventh hour"—and to do so without the time or documents Innovative would have had during discovery, had the witnesses been timely disclosed. *Finjan, Inc. v.*

*Proofpoint, Inc.*, 2015 WL 9900617, at *3 (C.D. Cal.).  With less than two months before trial, Biosense cannot say when it will complete document production, much less assure Innovative or this Court that there will be sufficient time to review those documents and prepare to take depositions that should and could have happened during fact discovery.  Even Biosense admits its late disclosures have disrupted the parties' trial preparations; it abandoned in-person mediation because of "additional percipient witness depositions."  Quirk Decl. Ex. 11.

Biosense's excuses fall flat.  Biosense claims this Court must excuse its tardiness because, months ago, Innovative disclosed new witnesses of its own.  But those witnesses became involved with Innovative long after the close of fact discovery, and Innovative has already produced the documents that Biosense belatedly requested regarding both witnesses.  *See* Quirk Decl. Exs. 10, 12.  That Ms. Tam's name appears among countless other employees and consultants like Dr. Osorio in other people's emails and documents is not "adequate disclosure" of Biosense's "intent to rely on [her] testimony at trial."[1]  Biosense cannot explain why it is pulling Dr. Thomas, who remains available,[2] and forcing Innovative to prepare for the last-minute depositions of Ms. Tam and Dr. Osorio once Biosense finishes producing their documents at some point in the future.  Biosense's tardiness in disclosing Ms. Tam and Dr. Osorio was entirely within its control.  Biosense cannot say when either witness can be deposed with the full benefit of the relevant documents, much less say they can be deposed sufficiently before the Pretrial Conference on April 14 for the Court to resolve any disputes.  There is no one to blame but Biosense.  This Court should strike both witnesses.

---

[1] *Neman Bros. & Assocs., Inc. v. One Step Up Ltd.*, 2019 WL 8135437, at *3 (C.D. Cal.) (references in "email communications" and "depositions" insufficient).

[2] Dr. Thomas stated that he testified in another case as an "employee of Johnson & Johnson supporting Biosense Webster" and that he still works at the J&J/Biosense shared office in Irvine.  Quirk Decl. Ex. 13 (Tr. 7:10-9:19).

1  DATED:  March 5, 2025           THEODORA ORINGHER PC

2

3

4                                   By:    /s/ Panteha Abdollahi
                                          Panteha Abdollahi
5

6

7                                   JEFFREY L. BERHOLD, P.C.

8

9                                   By:    /s/ Jeffrey L. Berhold
10                                         Jeffrey L. Berhold

11

12                                  BERGER MONTAGUE PC
13

14

15                                  By:    /s/ Joshua P. Davis
16                                         Joshua P. Davis

17
                                    KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
18                                  P.L.L.C.

19

20

21                                  By:    /s/ Matthew D. Reade
22                                         Derek T. Ho
                                           Andrew E. Goldsmith
23                                         Matthew D. Reade
                                           Kelley C. Schiffman
24                                         Rachel T. Anderson
                                           Annamaria M. Morales-Kimball
25                                         Sean P. Quirk

26
                                    Attorneys for Plaintiff
27                                  INNOVATIVE HEALTH LLC

28

                                    4

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 693 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED:  March 5, 2025                     KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:  _____/s/ Matthew D. Reade_____
         Matthew D. Reade