UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:19-cv-01984-JVS (KES) | Date | March 10, 2025 |
| Title | Innovative Health LLC v. Biosense Webster, Inc. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion to Strike Late-
Disclosed Witnesses [305]**

Before the Court is Innovative Health LLC's ("Innovative") motion to strike late-disclosed witnesses. (Mot., Dkt. No. 305.)  Defendant Biosense Webster, Inc. ("Biosense") opposed the motion.  (Opp'n, Dkt. No. 309.)  Innovative replied.  (Reply, Dkt. No. 310.)

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

In January 2022, Innovative and Biosense exchanged witness lists in preparation for summary judgment motions and trial.  (Opp'n at 1.)  In March 2022, the Court granted Biosense's motion for summary judgment.  (Dkt. No. 177.)  Innovative appealed to the Ninth Circuit.  (Dkt. No. 179.)

Following the Ninth Circuit's reversal on January 5, 2024, this Court entered a new order regarding case management dates.  (See Dkt. No. 255.)  Trial is set for April 29, 2025.  (Dkt. No. 256.)  Independently, the parties agreed to an additional pre-trial deadline for the exchange of updated witness lists on February 20, 2025.  (See Decl. of Alejandro H. Cruz ("Cruz Decl."), Dkt. No. 309-1, Ex. 4.)

On December 4, 2024, Innovative supplemented its initial disclosure with two new witnesses, Dr. Drahul Doshi ("Doshi") and Meredith Snider ("Snider").  (Declaration of Matthew D. Reade ("Reade Decl."), Dkt. No. 305-1, Ex. 4.)  Biosense made no similar disclosure of new witnesses at that time.  On February 20, 2025, the parties exchanged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:19-cv-01984-JVS (KES)                    Date   March 10, 2025

Title      Innovative Health LLC v. Biosense Webster, Inc.

updated witness lists.  (Cruz Decl., Ex. 5.)  Both Doshi and Snider were on Innovative's updated list.  (Cruz Decl., Ex. 6.)  Biosense also provided its updated list, which included two previously undisclosed witnesses: Wendy Tam ("Tam"), an employee of Biosense, and Dr. Osorio ("Osorio"), a consultant with Biosense.  (Mot. at 5; Cruz Decl., Ex. 5.)

Innovative objects to Biosense's inclusion of the two previously undisclosed witnesses on its updated witness list—Tam and Osorio—and requests the Court to strike these witnesses.  (Mot. at 4.)

## II.  LEGAL STANDARD

Under Rule 26(a)(3), parties have an obligation to make pretrial disclosures and identify "the name and, if not previously provided, the address and telephone number of each witness  – separately identifying those the party expects to present and those it may call if the need arises."  Fed. R. Civ. P. 26(a)(3)(A)(I).  Pretrial disclosures under Rule 26(a)(3) must be made "at least 30 days before trial."  Fed. R. Civ. P. 26(a)(3)(B); see In re First Alliance Mortg. Co., 471 F.3d 977, 1000 (9th Cir. 2006) (finding that supplemental identification and disclosure of witnesses was permissible where there was "still more than 60 days before trial began").  Rule 26(a) is also guided by the timing requirements of Rule 26(e), which requires that supplemental discovery disclosures be made "in a timely manner."  Fed. R. Civ. P. 26(e)(1)(A).

Furthermore, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Rule 37(c)(1) sanctions are not appropriate where the failure to disclose was substantially justified or harmless.  Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1191–92 (9th Cir. 2022) (citation omitted).  In the Ninth Circuit, courts examine: (1) "prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."  Id. at 1192 (citation omitted).

## III.  DISCUSSION

### A.     Biosense's Disclosure Was Timely Under Rule 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:19-cv-01984-JVS (KES)                        Date    March 10, 2025

Title        Innovative Health LLC v. Biosense Webster, Inc.

Fact discovery in this case closed September 21, 2021.  (See Dkt. Nos. 90, 106.)
After a near two-year pause in this litigation for appeals, trial is set to begin April 29,
2025.  (See Dkt. No. 256.)  The parties agreed to exchange their updated witness lists on
February 20, 2025.  (Decl. of Alejandro H. Cruz ("Cruz Decl."), Dkt. No. 309-1, Ex. 4.)
On February 20, 2025, both parties supplemented their witness list with two new
witnesses.  (Cruz Decl., Ex. 6.)  Innovative now objects to Biosense's two new,
previously undisclosed witnesses.

Under Rule 26(a)(3), supplemental disclosures must be made at least 30 days prior
to trial.  In this case, Biosense made its disclosure with 68 days remaining before trial.
Thus, Biosense's disclosure of new witnesses was made within the time frame permitted
by Rule 26(a)(3).  See In re First Alliance Mortg. Co., 471 F.3d at 1000 (finding that
disclosure of a complete witness list was made "with ample time remaining under Rule
26(a)(3)" where it was disclosed more than 60 days before trial, even after fact discovery
had closed).

Furthermore, Biosense's disclosure was timely under Rule 26(e), which requires
supplemental disclosure "in a timely manner."  Fed. R. Civ. P. 26(e).  While "timely" is
not defined under Rule 26(e), courts will often consider timeliness under Rule 26(e) with
respect to agreements by the parties or deadlines of the court.  See Wong v. Regents of
Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) (finding a disclosure untimely
where party disregarded deadline set by court and understood by the parties).  In this
case, the Court did not impose a deadline for the exchange of witness lists.  Rather, the
parties agreed and understood that an exchange of witness lists would occur on February
20, 2025.  (Cruz Decl., Ex. 4.)  Innovative argues that while it agreed to this
arrangement, it did not expect new witnesses on this list.  (See Reply at 2.)  However,
this argument is made less effective by the fact that Innovative included two new
witnesses of its own during the February 20, 2025 exchange.[1]  Accordingly, the Court
finds that the disclosure of new witnesses was timely under Rule 26(e) in accordance
with the parties agreement.

---

[1] Innovative is correct that it disclosed its two new witnesses in December 2024 before including
them in the February 20, 2025 exchange.  However, Innovative's professional courtesy to supplement its
initial disclosures in December does not render the Biosense's agreed-upon February 2025 supplement
"untimely."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:19-cv-01984-JVS (KES)                    Date   March 10, 2025

Title        Innovative Health LLC v. Biosense Webster, Inc.

Innovative argues that Biosense's amended disclosure was "presumptively untimely" because it came after the close of discovery.  (See Mot. at 4 (citing Markson v. CRST Int'l, Inc., 2021 WL 5969519, at *2 (C.D. Cal. Nov. 23, 2021)).)  Innovative's reliance on Markson is misplaced.  In Markson, the court was concerned with whether amended disclosure *before* the close of discovery was presumptively *timely*.  Markson, 2021 WL 5969519, at *2.  The case does not discuss the "presumption" of timeliness, nor what factors might rebut this presumption.  Indeed, when following this case to its binding authority, Wong v. Regents of Univ. of California, 410 F.3d 1052 (9th Cir. 2005), there is no mention of a presumption but only a conclusion that disclosure made after a court-set deadline for expert identification was improper under Rule 37.  Thus, Markson is not applicable to the instant case.

Instead, this case is far more analogous to Negrete v. Allianz Life Ins. Co. of N. America, 2013 WL 6535164, at * 5 (C.D. Cal. Dec. 9, 2013).  In Negrete, the court found that the disclosure of new witnesses was timely where despite the close of discovery, parties stipulated that they would exchange a list of witnesses 70 days before trial and allowed for depositions of new witnesses.  Id. at *5.  Such is precisely the case at hand.  Both parties agreed to exchange witness lists 68 days before trial, and both parties have, subject to this Order, agreed to produce a limited set of new documents and produce each new witness for deposition.  (Cruz Decl., Ex. 7.)  The fact that discovery closed in 2021 is hardly dispositive where this case is resumed after a two-year pause for appeal.

Therefore, the Court finds that Biosense's disclosure was timely under Rule 26(a) and Rule 26(e).

### B.    *Rule 37(c) Sanctions Are Not Warranted*

Because the Court has found that Biosense's disclosure was timely, Rule 37(c) sanctions are not appropriate.  See Fed. R. Civ. P. 37(c)(1).  However, even if Biosense's disclosure was untimely, the Court finds that the failure was substantially justified and harmless.

First, there is little prejudice or surprise faced by Innovative.  Ms. Tam has worked at Biosense since 2017 and Innovative was well aware of this fact. Likewise, Dr. Osorio has been an enlisted consultant of Biosense for years.  (Id. at 5.)  Thus, the surprise and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:19-cv-01984-JVS (KES)              Date    March 10, 2025

Title    Innovative Health LLC v. Biosense Webster, Inc.

prejudice factor leans against Innovative.  See Karma Automotive LLC v. Lordstown Motors Corp., 2023 WL 2627756, at *3 (C.D. Cal. Feb. 27, 2023) (finding no surprise or prejudice where party should have known that an individual might have relevant information).  Additionally, the parties are set to disclose information related to each witness and have agreed to depositions of each new witness, mitigating any element of surprise well before trial is set to take place.

Second, the ability is cure any prejudice is high where the parties agreed to exchange limited documents for each new witness and to produce each new witness for a deposition.  (See Cruz Decl., Ex. 7.)  These remedial actions will ensure no surprise at trial, and present limited prejudice to the parties where there is still more than two months before trial.  See Karma Automotive LLC v. Lordstown Motors Corp., 2023 WL 2627756, at *3 (C.D. Cal. Feb. 27, 2023) (finding that the opportunity to depose witnesses before trial cured any surprise and tilted the second factor in favor of disclosure); c.f. Atlaa Invs. LLC v. Prod. Cap., LLC, 2023 WL 4157365, at *11–12 (C.D. Cal. June 7, 2023) (finding that new disclosures made a month after the agreed-upon pre-trial witness list exchange, a mere week before trial, was "neither substantially justified nor harmless.").

Third, the likelihood of trial disruption is limited in this case where two months remain before trial and both sides have an opportunity to exchange documents and depose the four new witnesses (two for each side).  See Karma Automotive, 2023 WL 2627756, at *3 (finding no disruption of trial where trial was set to begin in two months and the plaintiff had time depose the two newly disclosed witnesses).  Thus, this factor weighs against excluding Tam and Osorio.

Biosense does not explain why it failed to bring Tam or Osorio to Innovative's attention earlier.  The Court agrees with Innovative that Biosense was aware of Tam and Osorio for the entire lifetime of this case.  While Innovative extended a professional courtesy to disclose its new witnesses in December, 2024, Biosense waited until February, 2025.  Rather than try to explain its failure to provide the same courtesy of early disclosure, Biosense merely accuses Innovative of the same gamesmanship.  Thus, the Court finds a modicum of bad faith that tilts this factor mildly in favor of exclusion.

Based on the totality of the factors, the Court finds that sanctions would not be appropriate.  The Court finds that the disclosure was timely and the impact harmless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:19-cv-01984-JVS (KES)                    Date    March 10, 2025

Title    Innovative Health LLC v. Biosense Webster, Inc.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**