| | |
|---|---|
| KARLA KRAFT<br>State Bar No. 205530<br>kkraft@stradlinglaw.com<br>STRADLING YOCCA CARLSON &<br>RAUTH LLP<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA 92660-6422<br>Telephone: (949) 725-4000 | WILLIAM F. CAVANAUGH, JR.<br>State Bar No. 133461<br>wfcavanaugh@pbwt.com<br>PATTERSON BELKNAP WEBB AND<br>TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 336-2000<br><br>MUHAMMAD U. FARIDI<br>(*admitted pro hac vice*)<br>muhammad.faridi@linklaters.com<br>1290 Avenue of the Americas<br>New York, NY 10104<br>Telephone: (212) 903-9000<br><br>Attorneys for Defendant<br>BIOSENSE WEBSTER, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>   *Plaintiff*,<br><br>   *vs*.<br><br>BIOSENSE WEBSTER, INC.,<br><br>   *Defendant*. | Case No.: 8:19-cv-1984-JVS (KES)<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT RELATED TO ALLEGED CATHETER COLLECTION PRACTICES**<br><br>Date: April 14, 2025<br>Time: 11:00 a.m.<br>Courtroom: 10C<br>Action Filed: October 18, 2019<br>Trial Date: April 29, 2025 |

REDCATED VERSION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2025, at 11:00 a.m., or as soon thereafter as this matter may be heard before the above-entitled court, and pursuant to the Court's scheduling order dated August 28, 2024 (Dkt. No. 255), defendant Biosense Webster, Inc. ("BWI") will and hereby does move for an order pursuant to Federal Rules of Evidence 402 and 403, to exclude any argument and evidence at trial concerning BWI's catheter collection practices.

This Motion is based upon this Notice of Motion and Motion, the concurrently filed declaration of Andrew Kirschenbaum in support hereof, the Court's record, and on such oral and documentary evidence as the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 7, 2025.

## PRELIMINARY STATEMENT

This is a complex antitrust case with many disputed issues that will go to the jury at trial. The jurors in this case will have to consider an extensive record as well as issues including market definition, whether there is and has been an exercise of monopoly power, whether conduct has had anticompetitive effects and whether those effects outweigh any procompetitive benefits, whether there are less restrictive alternatives, and, if applicable, damages. They will also have to develop an understanding of electrophysiology procedures, cardiac mapping technology, and the technical specifications of various types of catheters, among other things.

BWI seeks to streamline the case presented to the jury by precluding evidence of BWI's collection of used catheters. This conduct is not at issue. In fact, prior to the Court's 2021 summary judgment decision in BWI's favor, Innovative Health LLC ("IH") abandoned its claim that catheter collection constitutes anticompetitive conduct, and it does not claim any injury stemming from this conduct. IH, nonetheless, seeks to introduce this evidence as part of its claims related to IH's clinical support policy and "blocking" technology. Despite claiming no damages stemming from BWI's alleged catheter collection practices, IH also seeks to improperly suggest—without evidence—that those catheter collection efforts led to increased costs for IH. Notably, this latter point is belied by the record, which makes clear that IH, in fact, had a surplus of the catheters at issue in this case.

Evidence relating to BWI's catheter collection practices is irrelevant to any fact at issue and should be excluded under Federal Rule of Evidence 402. And to the extent catheter collection has any probative value to any issue at trial (it does not), the Court should nonetheless exclude it under Federal Rule of Evidence 403 because the risk that it will waste the time of the jury, mislead, and confuse it, and unfairly prejudice BWI, substantially outweighs any probative value.

# BACKGROUND

Used catheters are the "inputs" that reprocessors like IH and BWI's sister company, Sterilmed, use to sell fully reprocessed catheters. In its Corrected Second Amended Complaint ("CSAC"), IH alleged that BWI engaged in anticompetitive collection practices that "purposely limit[ed] the access of reprocessors to used Biosense catheters," including by "absconding" with used BWI catheters from hospitals. CSAC (Dkt. No. 59) at ¶¶ 30, 50. But discovery has shown that this is not a viable theory for IH, and IH has never claimed any damages nor antitrust injury related to BWI's catheter collection practices. In fact, prior to the original trial date in this case, IH's counsel confirmed that IH would not pursue its claim that BWI's catheter collection practices are anticompetitive conduct supporting its monopolization and attempted monopolization claims at trial. *See* Dkt. No. 163-2 ¶ 5. That confirmation was consistent with IH's opposition to summary judgment, where it did not list BWI's catheter collection practices as one of the two forms of "anticompetitive conduct" it was challenging. Dkt. No. 130-1 at 12-15.

Nevertheless, IH apparently still intends to introduce evidence of this conduct. ██████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
Kirschenbaum Decl. Ex. 1 (2024 Forister Report) ¶ 56. ███████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████ Kirschenbaum Decl. Ex. 2 (2025 Forister Rebuttal)
¶ 153. ████████████████████████████████████████████████ *Id.*

Given IH's prior abandonment of its claim that catheter collection constitutes anticompetitive conduct, and its failure to show that it was harmed by these alleged

practices, BWI's catheter collection practices are no longer at issue in this case, and the Court should not permit IH to introduce this irrelevant evidence or make arguments regarding BWI's catheter collection practices at trial. IH's plan to include such evidence is aimed at introducing to the jury certain inflammatory language regarding competition with third parties to demonstrate BWI's alleged anticompetitive intent with respect to two separate forms of allegedly anticompetitive conduct (*i.e.*, the clinical support policy and alleged "blocking" technology).

## ARGUMENT

The Court should exclude all evidence and arguments regarding BWI's catheter collection practices under Federal Rules of Evidence 402 and 403.

***First, prior to the Court's ruling on summary judgment, IH confirmed that it no longer intends to pursue its claim that BWI's catheter collection practices constitute anticompetitive conduct***. Dkt. No. 163-2 ¶ 5; *see also* Dkt. No. 130-1 at 12-15. Those practices and BWI's intentions with respect to them are therefore of no legitimate value to the jury in determining IH's claims and are, therefore, irrelevant. Evidence concerning BWI's catheter collection practices simply has no logical or evidentiary connection to BWI's intentions with respect to the clinical support policy and the alleged "blocking" technology, and is therefore not probative of BWI's intentions with respect to the clinical support policy or "blocking" technology.

To prove its attempted monopolization claims, IH must prove monopolistic intent with respect to the anticompetitive conduct at issue, not point to unrelated conduct as evidence of intent. *See Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 893 (9th Cir. 2008) (stating that to prove attempted monopolization under Section 2 of the Sherman Act, plaintiff must prove, among other things, "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a

- 3 -

specific intent to monopolize"). Evidence regarding BWI's intent with respect to catheter collection has no connection to decisions about catheter technology or the appropriate dispatch of BWI's clinical support personnel. Accordingly, all evidence and argument concerning BWI's catheter collection practices should therefore be excluded as irrelevant. Fed. R. Evid. 402.

*Second, any arguably probative value of BWI's catheter collection practices is substantially outweighed by the risk it will confuse and mislead the jury with respect to (1) what conduct IH alleges is anticompetitive and (2) how BWI's statements concerning catheter collections are relevant to BWI's competitive intent with respect to unrelated conduct.* Any marginal relevance is also substantially outweighed by the risk that BWI will be unfairly prejudiced.

Specifically, BWI will be unfairly prejudiced if the jury improperly infers anticompetitive intent with respect to the clinical support policy or alleged "blocking" technology ███████████████████████████████████████ Kirschenbaum Decl. Ex. 3 (2021 Forister Report) ¶¶ 83-84. These materials, unrelated to the challenged conduct, would clearly be presented to the jury as improper "propensity" evidence, designed to paint BWI as a bad actor generally. This evidence could also unfairly taint the jury's view of the (unrelated) clinical support and "blocking" technology claims. Excluding these materials is appropriate "because of the high risk the jury will treat the evidence as propensity evidence weighed against the relatively low probative value of this evidence as to [the party's] motives or intent." *Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-CV-00046-KJM-CKD, 2018 WL 1871414, at *8 (E.D. Cal. Apr. 19, 2018).

Allowing evidence concerning BWI's catheter collection practices will also

- 4 -

waste time.  IH will need to show that any inflammatory language in the documents actually demonstrates anticompetitive intent with respect to catheter collections before it could be deemed even marginally relevant, and BWI will need, effectively, to disprove the claim if the evidence is permitted and "the cat is out of the bag" with the jury.  Similarly, if IH suggests, as it has in Forister's report ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ BWI will need to respond, creating yet another contested issue.  For instance, IH's director of supply chain testified that IH had more SoundStar and Pentaray catheters than it could sell, *see* Kirschenbaum Decl. Ex. 4 (Cormier Dep.) at 50:8-51:10, belying Forister's suggestion that IH has experienced increased costs due to lack of access to the catheters at issue in this litigation.  Further, there was testimony that IH destroys its own excess inventory of catheters.  *See* Kirschenbaum Decl. Ex. 5 (Joseph Dep.) at 84:23-85:8, 102:6-15.

In short, allowing IH to place this conduct at issue will result in exactly the sort of "collateral mini-trials" courts routinely exclude, especially where, as here, the evidence is disconnected from any claim at issue in the trial or for which the plaintiff seeks damages.  *Copart*, 2018 WL 1871414, at *7-8; *see also Fahmy v. Jay Z*, No. 2:07-CV-05715-CAS(PJWX), 2015 WL 5680299, at *15 (C.D. Cal. Sept. 24, 2015).  Accordingly, all evidence and arguments concerning BWI's catheter collection practices should be excluded under Federal Rule of Evidence 403.

## CONCLUSION

For the foregoing reasons, the Court should exclude all evidence and argument concerning BWI's used catheter collection practices from the trial of this matter pursuant to Federal Rules of Evidence 402 and 403.

| | |
|---|---|
| DATED: March 17, 2025 | STRADLING YOCCA CARLSON & RAUTH LLP |
| | By: */s/ Karla Kraft*<br>　　Karla Kraft |
| | PATTERSON BELKNAP WEBB AND TYLER LLP |
| | By: */s/ William F. Cavanaugh, Jr.*<br>　　William F. Cavanaugh, Jr.<br>　　Alejandro H. Cruz |
| | LINKLATERS LLP |
| | By: */s/ Muhammad U. Faridi*<br>　　Muhammad U. Faridi |
| | Attorneys for Defendant<br>BIOSENSE WEBSTER, INC. |

- 6 -