**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone:  (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE, TESTIMONY, AND ARGUMENT THAT JUSTIFY BIOSENSE'S TIE WITHOUT ACKNOWLEDGING IT CAUSES SUPRACOMPETITIVE PRICES**<br>*[Filed with [Proposed] Order]*<br>Date:    April 14, 2025<br>Time:    11:00 a.m.<br>Crtrm:  10C<br>Action Filed:  October 18, 2019<br>Trial Date:  April 29, 2025 |

1

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2025 at 11:00 a.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion *in Limine* No. 1 To Exclude Evidence, Testimony, and Arguments that Justify Biosense's Tie Without Acknowledging It Causes Supracompetitive Prices.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other papers and pleadings on file here or that may be presented to the Court.

This Motion is made after conference of counsel on March 7, 2025.  *See* Local Rule 7-3.  Defendant Biosense Webster, Inc. would not agree to the relief sought thus necessitating the motion.

DATED:  March 17, 2025          THEODORA ORINGHER PC


By:    */s/ Panteha Abdollahi*
       _____
       Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.


By:    */s/ Jeffrey L. Berhold*
       _____
       Jeffrey L. Berhold

*PL.'S MOT. IN LIMINE NO. 1*

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

BERGER MONTAGUE PC


By:      */s/ Joshua P. Davis*
　　　　Joshua P. Davis
　　　　Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:      */s/ Andrew E. Goldsmith*
　　　　Derek T. Ho
　　　　Andrew E. Goldsmith
　　　　Matthew D. Reade
　　　　Kelley C. Schiffman
　　　　Rachel T. Anderson
　　　　Annamaria M. Morales-Kimball
　　　　Sean P. Quirk

　　　　Attorneys for Plaintiff
　　　　INNOVATIVE HEALTH LLC

3

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Court should exclude evidence, testimony, and argument that seek to justify the Case Coverage Policy (the "Tie" or "Policy") without acknowledging it causes supracompetitive prices for catheters.  Any cognizable procompetitive justification must first show that the Tie results in supracompetitive prices that enable Biosense to compete more efficiently than it otherwise could.  *See Innovative Health, LLC v. Biosense Webster, Inc.*, 2024 WL 62948, at *3-4 (9th Cir. Jan. 5, 2024).  Any purported procompetitive justification that does not satisfy this requirement should be excluded, including Biosense's justification that the Policy enables it to prevent free riding (Biosense's "Free-Riding Justification").

Biosense argued on appeal that the Ninth Circuit should affirm summary judgment in its favor based on Biosense's procompetitive justifications, including that the Policy prevents free riding.  *See id*. at *3.  The Ninth Circuit rejected that argument.  *See id*. at *4.  In doing so, it held that the relevant effect of a Tie is to inflate prices above competitive levels, that is, to cause prices to be "supracompetitive."  *Id*. To prevail at summary judgment, the Ninth Circuit reasoned, Biosense had to show "conclusively" that the supracompetitive price caused by the Tie "allows it to compete more efficiently."  *Id*. at *3-4.  The Ninth Circuit thus defined a "procompetitive justification" as "one that acknowledges that Biosense is charging a supracompetitive price but contends that this price allows it to compete more efficiently."  *Id*. at *4 (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc*., 504 U.S. 451, 472, 478 (1992)).  The Court should exclude any testimony, evidence or argument that does not conform to the Ninth Circuit's ruling on this issue.

### II.    FACTUAL BACKGROUND

Central to this case is Biosense's Policy against providing clinical support for cardiac mapping procedures that use sensor-enabled catheters reprocessed by its

4

**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

1  competitors, including Innovative.  Innovative challenges that policy in this

2  litigation.

3        The Ninth Circuit held on appeal in this case:

4        (1) Biosense can justify its Tie only by showing that the Tie caused

5             supracompetitive prices that allowed Biosense to compete more

6             efficiently.  *See id.* at *4.

7        (2) This general rule applies to Biosense's Free-Riding Justification.  *See id.*

8        (3) These requirements are inherent in the definition of a procompetitive

9             justification.  *See id.*

10       The Ninth Circuit wrote generally:  "A procompetitive justification is one that

11  acknowledges that Biosense is charging a supracompetitive price but contends that

12  this price allows it to compete more efficiently."  *Id.* (citing *Kodak*, 504 U.S. at 472,

13  478).  It then explained that this rule applies to Biosense's Free-Riding Justification:

14  "Biosense therefore must not only point to an alleged free-rider problem but prove

15  that this problem justifies *supracompetitive pricing*."  *Id.*

16  ███████████████████████████████████

17  █████████████████████████████████████

18  █████████████████████████████████████

19  █████████████████████████████████████

20  ███████████████████

21       Biosense should not be permitted to present its Free-Riding Justification—

22  including evidence, argument, or testimony—to the extent that doing so would

23  violate the law of the case and the rule of mandate.  *See Stacy v. Colvin*, 825 F.3d

24  563, 567-68 (9th Cir. 2016).  To present the Free-Riding Justification, Biosense

25  must justify its Tie as causing supracompetitive prices that enable Biosense to

26  compete more efficiently.

27

28

**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

## III.  <u>LEGAL STANDARD</u>

Motions *in limine* "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (Berzon J. dissenting). They are subject to the district court's sound judicial discretion.  *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

## IV.  <u>ARGUMENT</u>

The law of the case and the rule of mandate allow Biosense to justify its Tie only on the basis that the Tie causes supracompetitive prices that allow it to compete more efficiently than it otherwise could.  The Ninth Circuit held in this case:  "A procompetitive justification is one that acknowledges that Biosense is charging a supracompetitive price but contends that this price allows it to compete more efficiently." *Innovative*, 2024 WL 62948, at *4.  In other words, a procompetitive justification must begin with Biosense's Tie causing supracompetitive prices, and then build on that predicate fact.  *See id.*

This point applies to Biosense's Free-Riding Justification.  As the Ninth Circuit held in this litigation, "Biosense . . . must not only point to an alleged free-rider problem but prove that this problem justifies *supracompetitive pricing*." *Id.* Thus, for example, Biosense cannot maintain that its Tie did not result in supracompetitive prices, but that the Tie nonetheless was procompetitive because it enabled Biosense to prevent Innovative from free riding.  Such a position would be inconsistent with the Ninth Circuit's ruling in this case and improper.

## V.  <u>CONCLUSION</u>

Innovative respectfully requests that this Court exclude evidence, testimony, and argument that Biosense's Tie is justified—including to prevent free riding— unless Biosense shows that the Tie caused supracompetitive prices that allowed it to compete more efficiently.

*PL.'S MOT. IN LIMINE NO. 1*

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

1 | DATED:  March 17, 2025

THEODORA ORINGHER PC


By: _____/s/ Panteha Abdollahi_____
Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.


By: _____/s/ Jeffrey L. Berhold_____
Jeffrey L. Berhold

BERGER MONTAGUE PC


By: _____/s/ Joshua P. Davis_____
Joshua P. Davis
Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
P.L.L.C.


By: _____/s/ Andrew E. Goldsmith_____
Derek T. Ho
Andrew E. Goldsmith
Matthew D. Reade
Kelley C. Schiffman
Rachel T. Anderson
Annamaria M. Morales-Kimball
Sean P. Quirk


Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

7

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 853 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED:  March 17, 2025          Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

By:  _____*/s/ Andrew E. Goldsmith*_____
     Andrew E. Goldsmith