**REDACTED VERSION OF DOCUMENT**
**PROPOSED TO BE FILED UNDER SEAL**

Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984-JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**INNOVATIVE HEALTH'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2 TO EXCLUDE DEFENDANT'S ADVICE-OF-COUNSEL EVIDENCE**<br>*[Filed with [Proposed] Order]*<br>Date:     April 14, 2025<br>Time:     11:00 a.m.<br>Crtrm:    10C<br>Action Filed: October 18, 2019<br>Trial Date: April 29, 2025 |

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 14, 2025 at 11:00 a.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion *in Limine* No. 2 To Exclude Defendant's Advice-of-Counsel Evidence.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other papers and pleadings on file here or that may be presented to the Court. This Motion is made after conference of counsel on March 7, 2025. *See* Local Rule 7-3. Defendant Biosense Webster, Inc. would not agree to the relief sought, so Innovative now files this motion.

DATED: March 17, 2025           THEODORA ORINGHER PC

                                By:    /s/ Panteha Abdollahi
                                       Panteha Abdollahi

                                JEFFREY L. BERHOLD, P.C.


                                By:    /s/ Jeffrey L. Berhold
                                       Jeffrey L. Berhold

BERGER MONTAGUE PC

By: */s/ Joshua P. Davis*
 Joshua P. Davis
 Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: */s/ Andrew E. Goldsmith*
 Derek T. Ho
 Andrew E. Goldsmith
 Matthew D. Reade
 Kelley C. Schiffman
 Rachel T. Anderson
 Annamaria M. Morales-Kimball
 Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

<b>REDACTED VERSION OF DOCUMENT<br>PROPOSED TO BE FILED UNDER SEAL</b>

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Biosense Webster ties clinical support for electrophysiology procedures to its catheters to stop hospitals from buying reprocessed versions of those catheters from its rivals. Biosense insists that it will not defend itself at trial with any evidence or argument relying on advice from its attorneys and has consistently relied on attorney-client privilege to block any discovery of that advice. But in statements to customers and testimony here, Biosense personnel have cited communications with counsel to justify the tying policy. Biosense says that it might do the same at trial to explain "the history of the clinical support policy" and "provide important context for the jury to understand the policy's purpose and effect." Ex. 1 (Letter from A. Cruz to M. Reade (Jan. 10, 2025) at 3).[1]

Biosense cannot have it both ways. The Court should exclude all evidence, testimony, or argument referring in any way to advice Biosense received from counsel. Having blocked all inquiry into what its lawyers actually said about its clinical-support tie, Biosense cannot deploy evidence or arguments relying on its selective characterizations of its attorneys' advice to justify the tie. Because Biosense "may not conceal privileged information from" Innovative "while at the same time reserving the right to use the privileged information to [its] advantage at trial," the Court should hold Biosense to its word and exclude all evidence, testimony, or argument relying on counsel's advice. *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6138160, at *6 (C.D. Cal. Jan. 24, 2018) (Selna, J.).

---

[1] All exhibits referenced are attached to the Declaration of Andrew E. Goldsmith filed herewith.

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

## II. LEGAL STANDARD

"Motions in limine are a procedural device used to limit in advance testimony or evidence in a particular area." *SPEX Techs., Inc. v. Western Digit. Corp.*, 2023 WL 6922853, at *1 (C.D. Cal.) (Selna, J.) (cleaned up). "Motions in limine are designed to streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Id.* (cleaned up). Courts routinely grant motions *in limine* to exclude evidence of advice of counsel, including when a party has refused to waive the privilege. *See*, *e.g.*, *QS Wholesale, Inc. v. World Mktg., Inc.*, 2013 WL 12114508, at *6-7 (C.D. Cal. July 9, 2013) (precluding advice-of-counsel defense raised after invoking privilege during discovery); *Spin Master, Ltd. v. Zobmondo Entm't, LLC*, 2012 WL 8134011, at *2-4 (C.D. Cal. Mar. 9, 2012) (excluding evidence or argument of good faith based on advice of counsel because party invoked privilege to block discovery); *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 1642434, at *2-3 (S.D.N.Y. Apr. 20, 2011) (same); *Belmont Textile Mach. Co. v. Superba, S.A.*, 48 F. Supp. 2d 521, 523-24 (W.D.N.C. 1999) (precluding party "from relying on attorney advice as a defense" "[a]bsent a waiver of the privilege").

## III. ARGUMENT

### A. Though Disclaiming Reliance on Counsel's Advice To Justify Its Clinical-Support Tie, Biosense Will Not Agree To Exclude Evidence, Testimony, and Argument Relying on Counsel's Advice

In its motion for summary judgment, Biosense indicated for the first time that it would rely on advice from counsel that the tie would protect it from "a potential liability": "Requiring . . . [Biosense] employees to map using sensor-enabled catheters manufactured by third parties . . . presents a potential liability that [Biosense] is justifiably unwilling to undertake." Dkt. 139 at 28.[2]  After remand

---

[2] In its answer, in contrast, Biosense had asserted that its clinical-support tie

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

from the Ninth Circuit, Innovative cited this new argument and asked Biosense to disclose its privileged communications about the clinical-support tie. *See* Ex. 2 (Letter from M. Reade to K. Kraft (Dec. 12, 2024) at 1, 5-6). Biosense refused, replying that it "did not waive the attorney-client privilege," that any contrary suggestion "is meritless," and that Biosense "is not relying on the substance of [its attorneys'] review, related legal opinions, or any underlying legal advice, instructions, or directives as a defense to [Innovative's] claims in this case." Ex. 3 (Letter from A. Cruz to M. Reade (Dec. 23, 2024) at 3).

Given those representations, Innovative proposed a stipulation to "exclude evidence and argument based on advice of counsel." Ex. 4 (Letter from M. Reade to A. Cruz (Dec. 31, 2024) at 4). That stipulation excluded, for example, "evidence of communications with counsel," "evidence that Biosense believed that its conduct was legal" or "required by law," and "evidence that continuing case coverage for third parties' catheters would violate the law, hospital policies, or any other rules or regulations." *Id.*

Biosense rejected Innovative's proposal as "unnecessary." Ex. 1 (Letter from A. Cruz to M. Reade (Jan. 10, 2025) at 3). Yet at the same time, Biosense suggested that it might use such evidence and argument to explain "the history of the clinical support policy" and "provide important context for the jury to understand the policy's purpose and effect." *Id.* Biosense also declared that any dispute over invoking counsel's advice was "premature" and "will be properly addressed through objections at trial, or, if [Innovative] prefers to address it in advance of trial, through a motion *in limine*." *Id.* Accepting that invitation, Innovative now moves *in limine*

---

was "based on legitimate business and economic justifications." Dkt. 78 at 15. During discovery, Biosense redacted attorney-client communications from emails discussing the reasons for the tie and refused to disclose counsel's advice during the deposition of its corporate representative.

REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL

to exclude all evidence, testimony, and argument relying on Biosense's counsel's advice.

### B. Fairness Requires Excluding All Evidence, Testimony, and Argument Relying on Counsel's Advice

Because Biosense renounced any argument based on its lawyers' advice, this Court should exclude all evidence and argument concerning that advice at trial, including (1) any evidence that the tie would reduce Biosense's risk of legal liability or that Biosense believed that it would; (2) any evidence that continuing case coverage for procedures involving third parties' catheters would violate the law, hospital policies, or any other rules or regulations; and (3) any evidence that continuing case coverage for procedures involving third parties' catheters would exceed the terms and conditions of Biosense's liability insurance. Because Biosense chose to invoke the privilege rather than fully disclose its attorney communications about the tie, "the 'fairness principle'" requires holding Biosense to its choice and protecting Innovative from surprise and prejudice from a late-disclosed defense based on counsel's advice. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020); *accord QS Wholesale*, 2013 WL 12114508, at *6-7; *Spin Master*, 2012 WL 8134011, at *2-4. The attorney-client privilege "may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992).

**1.** ***Biosense attributes those justifications to its counsel's advice.*** During his deposition, Biosense's corporate designee on the topic of the tie's "justifications," Conrad Ramos, was asked about a video that he and another Biosense employee recorded to train Biosense's salesforce on how to explain the clinical-support tie to an "Uninformed Lab Director." Ex. 5 (Ramos Tr. 61:19-63:20, 72:21-23, 135:7-15). In the training video, Mr. Ramos, playing the role of a Biosense employee talking to a customer, traced each of those justifications directly to Biosense's counsel's advice. For example:

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

- ***Legal advice explaining the legal consequences of supporting third-party reprocessed products.*** ▮

  ▮

  ▮

  ▮

  ▮

  ▮ *Id.* at 86:1-9.

- ***Legal interpretations of hospitals' "vendor credentialing" requirements.***

  ▮

  ▮

  ▮

  ▮

  ▮ *Id.* at 78:12-19.

- ***Legal conclusions about the scope of Biosense's insurance coverage.***

  ▮

  ▮

  ▮

  *Id.* at 80:6-10.

Mr. Ramos himself testified that these statements "revealed components of a discussion that I had with our legal team which is privileged and confidential." *Id.* at 89:2-5. But when Innovative's counsel tried to probe the basis for the justifications that Mr. Ramos attributed to his counsel, Mr. Ramos clammed up and invoked the privilege. "The reason for that belief," Mr. Ramos said, of the supposed risk of legal liability, "is due to information I received through a privileged and confidential conversation with my legal resource." *Id.* at 89:23-90:7. This refusal to elaborate followed guidance Biosense's counsel had given earlier in the questioning about the video: "I just wanted to caution the witness not to reveal any communications with counsel that are privileged." *Id.* at 80:19-21. Indeed,

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

Biosense later cited that instruction when denying that it would assert an advice-of-counsel defense or had waived privilege.  *See* Ex. 3 (Letter from A. Cruz to M. Reade (Dec. 23, 2024) at 3 n.3).

      **2.**     ***Biosense told customers its counsel had provided these justifications.***
Biosense's salespeople deployed those three justifications when communicating with customers—just as they had been trained to do.  And when they did, they explained that those justifications reflected the advice of Biosense's counsel.

      For example, one Biosense employee wrote ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 6 (BWI-INN00496729 at -730).  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

      There are many more examples:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 7 (BWI-INN00709004 at -006, -004).

- ███████████████████████████████████████
███████████████████████████████████████
█████████ Ex. 8 (BWI-INN00412690 at -690). ██████
███████████████████████████████████████
█████████████████████████████

- In an internal email, Mr. Ramos recounted that when telling customers about the tie, Biosense had "worked very hard" to "emphasize . . . legal liability as related to our vendor certificate of liability[] and on label promotion as related to our FDA approved instructions for use" rather than the "business issues" motivating the tie. Ex. 9 (BWI-INN00401987 at -987).

- ███████████████████████████████████████
███████████████████████████████████████
█████████ Ex. 10 (BWI-INN00416215 at -215). ██████
███████████████████████████████████████
███████████████████████████████████ *Id.* at -217; *see also* Ex. 11 (BWI-INN00418144 at -144) █████
███████████████████████████████████████
████████████████.

    **3.** ***Because it has chosen to invoke the privilege, Biosense cannot use its counsel's justifications for the tie at trial.*** Had it wanted to rely on its counsel's justifications for the tie, Biosense should have disclosed its intent to waive the privilege and given Innovative "any information as to which the privilege will be waived" so as "not to afford" Biosense "an unfair advantage at trial." *Natural-Immunogenics*, 2018 WL 6138160, at *6 (citation omitted). Biosense has not done so. Instead, Biosense has disclaimed reliance "on any privileged information or communications with counsel to defend itself or otherwise negate any aspect of [Innovative's] claims in this action." Ex. 1 (Letter from A. Cruz to M. Reade (Jan.

10, 2025) at 3). And on that ground, Biosense has blocked Innovative from examining what its lawyers actually said about the tie. *See id.*

Permitting Biosense to change tack at trial will leave no time to correct the severe prejudice to Innovative. Because Biosense has thus far asserted the privilege, Innovative lacks the privileged documents and testimony required to test Biosense's selective characterizations of its counsel's advice. It would be unfair to permit Biosense to spring that defense on Innovative at trial. *See*, *e.g.*, *Natural-Immunogenics*, 2018 WL 6138160, at *6 ("defendants cannot conceal privileged information from discovery and expect to spring it upon plaintiffs in the midst of trial for the sake of obtaining a tactical advantage") (quoting *Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 530 (N.D. Cal. 1988)).

Courts in this district have excluded evidence of advice of counsel in similar circumstances. In *QS Wholesale*, 2013 WL 12114508, at *6, an alleged trademark infringer invoked privilege throughout discovery when the mark holder tried to investigate the legal advice it had received. But after discovery, the alleged infringer announced it would assert advice of counsel to defend against a willfulness finding. *See id*. The court held that, "at this late stage, the only appropriate action" was to preclude the defense *in limine*. *See id*. at *7. Similarly, in *Spin Master*, 2012 WL 8134011, at *4, an infringement defendant "asserted privilege to prevent inquiry" into its owner's understanding of the company's rights, which documents showed was based on counsel's advice. Noting "the imminent trial date" and that the plaintiff had been "foreclosed . . . from exploring the factual underpinnings of [the owner's] good faith beliefs," the court excluded any evidence or argument that good faith was a defense. *Id*. This Court should do the same here.

The Court should exclude all direct and indirect reference to counsel, not just explicit argument that reliance on their advice is a defense. Biosense should not tell the jury that it genuinely believed its conduct to be legal, or that its lawyers discussed the tie, reviewed it, approved it, were asked about it, or reviewed or

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

cleared any communication about it. Those assertions are impossible to test, because Innovative lacks the underlying attorney communications. *See QS Wholesale*, 2013 WL 12114508, at *7 (rejecting argument that "a state-of-mind defense against willfulness" does not necessarily implicate counsel's advice and require waiver of the privilege). But even if that problem were ignored, the only conceivable purpose of highlighting those facts is to insinuate to the jury that the tie is lawful because it was vetted and endorsed by company lawyers. That is not a legitimate evidentiary purpose. Allowing such evidence would mislead the jury and unduly prejudice Innovative. *See* Fed. R. Evid. 403.

## IV. CONCLUSION

Innovative respectfully requests that this Court exclude all evidence, testimony, and argument relying on counsel's advice, including:

- Any evidence that the clinical-support tie would reduce Biosense's risk of legal liability or that Biosense believed that it would;
- Any evidence that continuing case coverage for third parties' catheters would violate the law, hospital policies or credentialing requirements, or any other rules or regulations;
- Any evidence that continuing case coverage for third parties' catheters would exceed the terms and conditions of Biosense's liability insurance;
- Any evidence of counsel communications, including any evidence that counsel created the clinical-support tie, approved the tie, or reviewed or cleared any communication about the tie;
- Any evidence that Biosense acted in reliance on its counsel's advice or genuinely believed its conduct to be lawful or required by law; and
- Any argument that any such evidence is a defense to Innovative's claims.

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

DATED: March 17, 2025

THEODORA ORINGHER PC

By: _____/s/ Panteha Abdollahi_____
Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: _____/s/ Jeffrey L. Berhold_____
Jeffrey L. Berhold

BERGER MONTAGUE PC

By: _____/s/ Joshua P. Davis_____
Joshua P. Davis
Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: _____/s/ Andrew E. Goldsmith_____
Derek T. Ho
Andrew E. Goldsmith
Matthew D. Reade
Kelley C. Schiffman
Rachel T. Anderson
Annamaria M. Morales-Kimball
Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

### CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 2,726 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: March 17, 2025

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

By: _/s/ Andrew E. Goldsmith_
    Andrew E. Goldsmith