Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br>**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF PERSONAL WEALTH AND ATTEMPTED SALES OF INNOVATIVE HEALTH**<br>*[Filed with [Proposed] Order]*<br>Date:     April 14, 2025<br>Time:     11:00 a.m.<br>Crtrm:    10C<br>Action Filed:  October 18, 2019<br>Trial Date:  April 29, 2025 |

1

*PL.'S MOT. IN LIMINE NO. 4*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on April 14, 2025 at 11:00 a.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion *in Limine* No. 4 To Exclude Evidence Of Personal Wealth And Attempted Sales of Innovative Health.

   This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other papers and pleadings on file here or that may be presented to the Court.

   This Motion is made after conference of counsel on March 7, 2025. *See* Local Rule 7-3. Defendant Biosense Webster, Inc. would not agree to the relief sought thus necessitating the motion.

DATED: March 17, 2025  THEODORA ORINGHER PC

By: ___/s/ Panteha Abdollahi___
    Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: ___/s/ Jeffrey L. Berhold___
    Jeffrey L. Berhold

BERGER MONTAGUE PC

By:    */s/ Joshua P. Davis*
     Joshua P. Davis
     Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By:    */s/ Andrew E. Goldsmith*
     Derek T. Ho
     Andrew E. Goldsmith
     Matthew D. Reade
     Kelley C. Schiffman
     Rachel T. Anderson
     Annamaria M. Morales-Kimball
     Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## I. INTRODUCTION

The Court should exclude evidence, testimony, and argument regarding the personal wealth of Rick Ferreira and Tim Einwechter and any past or anticipated attempted sale of Innovative, because such evidence has no relevance to the antitrust claims or defenses at issue or to any witness's credibility. This motion does not seek to exclude evidence of the fact of employment, the amount or structure of compensation, or stock or equity holdings of any witness.[1] Instead, this motion seeks to exclude (a) evidence of personal wealth because wealth itself does not reflect any financial interest in the litigation and may prejudice the jury; and (b) evidence of any past or anticipated attempted sale of Innovative because the fact of an ownership stake, which can be sold at any time, is sufficient to address any issue of bias. Evidence of Mr. Ferreira's and Mr. Einwechter's wealth or their specific desire to sell Innovative in the past or future adds nothing and would be introduced simply to prejudice the jury. The Court should exclude such evidence and argument.

## II. FACTUAL BACKGROUND

During discovery, Biosense questioned Innovative's co-founders Rick Ferreira and Tim Einwechter about their personal profit motivations for establishing Innovative and their financial success. *See* Ex. 1 (Ferreira Tr. 17:9-20, 92:23-93:8), Ex. 2 (Einwechter Tr. 12:7-13:21, 16:11-17:5).[2] Biosense also repeatedly questioned Mr. Ferreira and Mr. Einwechter on their attempts to sell Innovative. *See* Ex. 1 (Ferreira Tr. 38:14-39:20, 89:21-99:19), Ex. 2 (Einwechter Tr. 25:21-45:6, 52:16-53:24, 74:24-75:21, 99:4-19, 100:15-23). Innovative proposed a stipulation

---

[1] Such evidence is relevant to the true purpose of Biosense's clinical account specialists (including Biosense's witness Wendy Tam) and the credibility of Biosense's consultant and witness Jose Osorio.

[2] All exhibits referenced are attached to the Declaration of Andrew E. Goldsmith filed herewith.

excluding such evidence and related argument, but Biosense rejected it. *See* Ex. 3 (Emails between A. Kirschenbaum and S. Quirk (Mar. 14, 2025)).[3]  Innovative now moves to exclude such evidence, testimony, and argument as irrelevant and unduly prejudicial.

## III. LEGAL STANDARD

Motions *in limine* allow parties to resolve evidentiary disputes ahead of trial "before attempted use of the evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). Such evidentiary decisions rest within the district court's sound discretion. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).

## IV. ARGUMENT

### A. The Court Should Exclude Evidence Of Mr. Ferreira's And Mr. Einwechter's Wealth As Irrelevant To Any Fact Of Consequence Under Rules 401 And 402 And Unduly Prejudicial Under Rule 403.

The personal wealth of Mr. Ferreira or Mr. Einwechter has no relevance to the claims or defenses in this case. Under Federal Rule of Evidence 401, evidence is relevant only if it has "any tendency to make a fact more or less probable than it would be without the evidence" and the fact is of consequence in determining the action. Fed. R. Evid. 401(a). Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. In an antitrust action, the relevant inquiries pertain to alleged competitive harm, monopolistic practices, market share, and consumer injury—not the personal wealth or financial plans of individual witnesses. *See*, *e.g.*, *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 974-75 (9th Cir. 2023) (antitrust relevance based on market effects of defendant's actions). Evidence of a person's spending habits, without a connection to any activity at issue in a case, is irrelevant. *See*, *e.g.*, *United States v. Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010) ("[I]t is

---

[3] Innovative will continue to confer with Biosense to narrow or eliminate the issues in this motion if Biosense is willing to do so.

irrelevant if [defendant] spent his fortune on lavish parties, instead of donating it to starving Malawian orphans."). Because evidence of Mr. Ferreira's and Mr. Einwechter's personal wealth is irrelevant to Plaintiff's claims, the Court should exclude it under Rules 401 and 402.

Evidence of Mr. Ferreira's and Mr. Einwechter's wealth also risks inflaming the jury's passions and biases against perceived affluent individuals or entrepreneurs. Under Rule 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence and argument on wealth are "appeals to class prejudice" that "may so poison the minds of jurors even in a strong case that [a person] may be deprived of a fair trial." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239-40 (1940). In the antitrust action *BoDeans Cone Co. v. Norse Dairy Systems, L.L.C.*, 678 F. Supp. 2d 883 (N.D. Iowa 2009), the district court ruled that any probative value of how a company's CEO spends his partnership distribution "is substantially outweighed by the potential prejudice arising from the possibility that jurors will decide this case on the improper basis that they do not like what [the chief executive] does with his money or do not like apparently 'rich' people, with vacation homes, complaining about losing money." *Id.* at 898-99. Similarly, any probative value of the financial success and wealth of Mr. Ferreira or Mr. Einwechter is substantially outweighed by a danger of unfair prejudice and confusing the issues for the jury. *See In re Homestore.com, Inc.*, 2011 WL 291176, at *1-2 (C.D. Cal. Jan. 25, 2011) (excluding wealth evidence where jury bias or distraction from core issues may result).

Innovative expects Biosense to try to introduce evidence of Mr. Ferreira's and Mr. Einwechter's wealth to suggest that the jury should not return a verdict for Innovative and further line the co-founders' pockets. Such argument and testimony

are highly prejudicial and should be excluded. *See Mannino v. McKee Auto Ctr., Inc.*, 2024 WL 4533566, at *2 (S.D. Iowa Oct. 15, 2024) (granting plaintiff's motion to exclude evidence or argument regarding "greed as a motivation for bringing this lawsuit"). The financial standing of a party ordinarily "is inadmissible as evidence in determining the amount of compensatory damages to be awarded." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Whether the evidence concerns the plaintiff's expected award or the defendant's ability to pay a judgment, such evidence "injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result." *Id.* Such evidence and argument would only "aggravate the sensibility of, and distract, more modestly compensated or resourced jurors, and thus be more unfairly prejudicial than probative." *Keefe v. LendUS, LLC*, 659 F. Supp. 3d 196, 201 (D.N.H. 2023). The Court should exclude evidence and argument of the lay witnesses' overall financial standing and the potential effect of any judgment on their wealth.

**B.     The Court Should Likewise Exclude Evidence Of Attempts At Selling Innovative As Irrelevant Under Rules 401 And 402 And Highly Prejudicial Under Rule 403.**

Evidence that Mr. Ferreira and Mr. Einwechter sought to sell Innovative is equally irrelevant because it does not make a fact of consequence more or less probable. Courts routinely exclude irrelevant evidence regarding potential asset sales where that evidence lacks a direct link to antitrust claims under Rules 401 and 402. *See, e.g., United States v. Phillips Petroleum Co.*, 367 F. Supp. 1226, 1258-59 (C.D. Cal. 1973) ("[U]nless the seller objectively comes within the 'failing company' doctrine, it is irrelevant why one corporation sells its assets to another. The issue in an antitrust case is not a determination of the reasons for selling, but only the anticompetitive effect of the sale."), *aff'd sub nom. Tidewater Oil Co. v. United States*, 418 U.S. 906 (1974); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 290 F. Supp. 3d 507, 516 (E.D. Va. 2018) (excluding evidence of acquired company's weak financial condition before defendant purchased company as irrelevant in

1  antitrust case). Here, any efforts by Mr. Ferreira and Mr. Einwechter to sell the
2  company neither support nor undermine the elements of any antitrust claim or
3  defense.
4       In addition, any suggestion that Mr. Ferreira, Mr. Einwechter, or any other
5  Innovative employee is purely profit-seeking "is likely to amount to a great deal of
6  unfair prejudice with little probative value." *United States v. Mitchell*, 172 F.3d
7  1104, 1109 (9th Cir. 1999). The Ninth Circuit requires that "something more"
8  accompany evidence of poverty or greed for such evidence to be admissible.
9  *Bensimon*, 172 F.3d at 1129. It would also invite collateral issues on acquisition
10 attempts that are unrelated to the antitrust claims and unnecessarily complicate the
11 parties' proceedings. *See, e.g.*, *United States v. Aiyer*, 33 F.4th 97, 127 (2d Cir.
12 2022) (holding that district court properly balanced under Rule 403 by excluding
13 "irrelevant competitive effects evidence from coming before the jury in this *per se*
14 [antitrust] case and confusing the jury on the requisite elements"). The Court should
15 exclude such evidence under Rule 403.
16      To the extent Biosense wishes to impeach any lay witness's credibility based
17 on his or her purported interest in the outcome of the trial, the witness's salary and
18 ownership stake in Innovative are sufficient. Bias concerns "the relationship
19 between a party and a witness which might lead the witness to slant, unconsciously
20 or otherwise, his testimony in favor of or against a party." *United States v. Abel*,
21 469 U.S. 45, 52 (1984). In *Wyatt Technology Corp. v. Malvern Instruments, Inc.*,
22 2010 WL 11505684 (C.D. Cal. Jan. 25, 2010), *aff'd in part*, 526 F. App'x 761 (9th
23 Cir. 2013), the district court denied the party's motion to exclude "any evidence or
24 testimony regarding the 'salaries and/or dividends paid' to three of the company's
25 executives and shareholders" because such evidence was relevant under Rule 401
26 and admissible to impeach a witness. *Id.* at *23. Here, Innovative is *not*
27 categorically seeking to exclude admissible evidence of lay witnesses' salaries or
28 equity stakes in the company. But evidence of Mr. Ferreira's and Mr. Einwechter's

specific desire to sell Innovative in the past or at a later date adds nothing to show a lay witness's pecuniary interest in the outcome of the litigation. This evidence would be introduced simply to prejudice the jury.

**V.     CONCLUSION**

Innovative respectfully requests that this Court exclude evidence, testimony, and argument regarding the personal wealth of Mr. Ferreira or Mr. Einwechter and any past or anticipated attempted sale of Innovative.

DATED:  March 17, 2025          THEODORA ORINGHER PC


By:     */s/ Panteha Abdollahi*
          Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.


By:     */s/ Jeffrey L. Berhold*
          Jeffrey L. Berhold

BERGER MONTAGUE PC


By:     */s/ Joshua P. Davis*
          Joshua P. Davis
          Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:     */s/ Andrew E. Goldsmith*
      Derek T. Ho
      Andrew E. Goldsmith
      Matthew D. Reade
      Kelley C. Schiffman
      Rachel T. Anderson
      Annamaria M. Morales-Kimball
      Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 1,707 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: March 17, 2025

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: */s/ Andrew E. Goldsmith*
Andrew E. Goldsmith