Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone:  (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>**PLAINTIFF INNOVATIVE HEALTH LLC'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO L.R. 79-5.2.2 RE: DOCUMENTS SUBMITTED IN SUPPORT OF INNOVATIVE HEALTH LLC'S LETTER MOTION FOR ORDER REQUIRING REDACTION OF SHOCKING LANGUAGE FROM TRIAL EXHIBITS**<br><br>Action Filed:  October 18, 2019<br>Trial Date:  May 1, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Innovative Health LLC ("Innovative"), by and through its counsel of record, applies pursuant to Local Rule 79-5.2.2 to file the below listed materials under seal. Whether partial or entire sealing is requested is noted in the third column of the table below:

| Exhibit No. | Document Description | Partial or Entire |
|---|---|---|
| 1 | IH00028098 to IH00028112 | Entire |
| 2 | IH00031306 to IH00031310 | Entire |
| 3 | IH00291520 to IH00291521 | Entire |
| 4 | IH00453013 to IH00453013 | Entire |

As required under Local Rule 79-5.2.2, this Application is supported by the Declaration of Matthew D. Reade In Support of Innovative's Application To File Under Seal ("Reade Sealing Decl."). With this application and the Reade Sealing Declaration, Innovative is filing unredacted copies of Exhibits 1-4, proposed to be filed entirely under seal. Counsel for Biosense does not oppose this Application for Leave To File Under Seal.

Innovative seeks to seal these exhibits on the grounds that they contain sensitive personal information; confidential, competitively sensitive and proprietary business information, such as information about customers, prices, and strategies; or might "release trade secrets" or "harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (cleaned up). Innovative believes that the information requested to be sealed has not been previously made public and that disclosure of this information could be used by third parties to its or its employees' detriment, including by "gratify[ing] private spite" or "promot[ing] public scandal." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files

might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."). Also, the exhibits proposed to be sealed were produced pursuant to the Protective Order in this case, and this motion is non-dispositive. *See Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released."). It would be impractical to redact the listed exhibits given their contents.

\*   \*   \*

Innovative respectfully requests the Court grant Innovative's Application To Seal and seal the noted exhibits in their entirety.

DATED: April 20, 2025            THEODORA ORINGHER PC


By:   */s/ Panteha Abdollahi*
      Panteha Abdollahi


JEFFREY L. BERHOLD, P.C.


By:   */s/ Jeffrey L. Berhold*
      Jeffrey L. Berhold

BERGER MONTAGUE PC


By:     */s/ Joshua P. Davis*
    Joshua P. Davis
    Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


By:     */s/ Matthew D. Reade*
    Derek T. Ho
    Andrew E. Goldsmith
    Matthew D. Reade
    Kelley C. Schiffman
    Rachel T. Anderson
    Annamaria M. Morales-Kimball
    Sean P. Quirk


Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this application contains 418 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: April 20, 2025

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By:     */s/ Matthew D. Reade*
       Matthew D. Reade