KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 20, 2025

*Via CM/ECF*

Hon. Karen E. Scott
U.S. Magistrate Judge, Central District of California
United States District Court
411 W. 4th Street
Santa Ana, CA 92701

      Re:    *Innovative Health LLC v. Biosense Webster, Inc.*, Case No. 8:19-cv-1984-JVS-KES (C.D. Cal.)

Dear Judge Scott:

      Per Judge Selna's direction to present pretrial disputes over redactions to your Honor, Plaintiff Innovative Health seeks an order requiring the parties (1) to redact the shocking language appearing in the enclosed trial exhibits, *see* Exs. 1-4; and (2) to cooperate in good faith to redact similar language from any other evidence they use in the jury's presence at trial.[1]

      ***1.  Legal standard.***  Evidence is relevant only if it tends "to make . . . more or less probable" a fact that is "of consequence in determining the action." Fed. R. Evid. 401.  Even relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]" Fed. R. Evid. 403.  "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's notes.

      ***2.  The risk of unfair prejudice from introducing curse words and epithets far outweighs their probative value.***  Defendant Biosense Webster plans to introduce and argue from inflammatory curse words and epithets at trial.  That language is irrelevant and risks unfairly prejudicing the jury against certain witnesses.

      Because cursing, slurs, and similar "shocking" language are "precisely th[e] collateral sort of information which Rule 403 . . . seeks to exclude," district courts should "not . . . let it in" given its "potential appeal" to the jury's "passion and prejudice." *United States v. Brown*, 720

--------

[1] On April 9, Innovative sent Biosense the enclosed documents and proposed redactions presented in this letter.  Ex. 5 at 2.  After Biosense asserted there was "no basis" for redactions, Ex. 6 at 2, Innovative supplied caselaw supporting its position.  Ex. 7 at 2.  On a Zoom call, the parties confirmed their impasse.  Reade Decl. ¶ 11.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Karen E. Scott
April 20, 2025
Page 2

F.2d 1059, 1069 (9th Cir. 1983) (reversing district court for allowing "offensive language"). Courts should instead redact such language or exclude the evidence containing it. *See, e.g.,* *Basham v. United States*, 109 F. Supp. 3d 753, 787 & n.17 (D.S.C. 2013) (redacting "gratuitous expletives" and excluding evidence of "racially-tinged aspect of the episode"); *United States v. Ragano*, 2024 WL 4436413, at *3 & n.1 (E.D.N.Y.) (requiring redaction of "all use of a racial epithet" as "unduly prejudicial"); *see also Rybar v. Corporate Mgmt. Inc.*, 2015 WL 4366258, at *3 (S.D. Miss.) (discussing redactions to "cure potential prejudice"); *Benjamin v. Fraunheim*, 2016 U.S. Dist. LEXIS 117786, at *31 (C.D. Cal.) (finding no prejudice because recordings "were redacted to limit the jury's exposure" to prejudicial material); Ex. 7 at 2 (more caselaw).

Besides being prejudicial, curse words and epithets are not relevant. This is an antitrust case. And Judge Selna, just days ago, issued a tentative order, to which neither party objected, excluding prejudicial information that "will not bear on any substantive issue." The substantive issue is whether Biosense tied clinical support for its CARTO 3 cardiac mapping machine to catheters manufactured or reprocessed by Biosense or its affiliate Sterilmed, violating state and federal antitrust laws. Nothing about liability or damages depends on whether or how often any party or witness uses coarse language, makes crude jokes, or repeats offensive epithets. Even in cases where such language *is* relevant—like a civil-rights case where racially charged conduct is alleged—courts exercise great caution, redacting even relevant language that could shock or inflame the jury. *See, e.g.,* *United States v. Amiri*, 2025 WL 489870, at *2-3 (N.D. Cal.) (redacting certain offensive terms from evidence but declining to redact others because "racially offensive language, when race is at issue . . . , is admissible because the probative value outweighs the danger of unfair prejudice").

***3.  Forcing inflammatory language into the case would contravene Judge Selna's practices.*** Judge Selna's jury trial order governing attorney and party conduct at trial emphasizes courtroom "decorum." Dkt. 256 at 10. Judge Selna explains that the parties must "keep the trial low-key," because it "is to be a dignified search for the truth." *Id.* Judge Selna instructs counsel to avoid "any appeal to a juror to put himself or herself in the position of a party," and to avoid "self-serving questions" of witnesses, such as whether the witness "is married, has children, [or] has a war record." *Id.* at 9. Those policies maintain the dignity of the judicial process and limit prejudicial appeals to emotion that distract the jury from its factfinding role.

Biosense has given no basis to inject curse words and epithets into the case other than an apparent desire to inflame the jury's emotions. *See* Ex. 6 at 2. This Court should see that effort for what it is and issue the proposed order requiring redaction of that language.

Respectfully submitted,

*/s/ Matthew D. Reade*

Matthew D. Reade
Counsel for Innovative Health LLC