Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone:  (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>**DECLARATION OF MATTHEW D. READE IN SUPPORT OF PLAINTIFF INNOVATIVE HEALTH LLC'S LETTER MOTION FOR ORDER REQUIRING REDACTION OF SHOCKING LANGUAGE FROM TRIAL EXHIBITS**<br><br>Action Filed:  October 18, 2019<br>Trial Date:  May 1, 2025 |

1

I, Matthew D. Reade, declare as follows:

1.      I am an attorney admitted to the bars of the State of Texas and the District of Columbia.  I am admitted *pro hac vice* to practice before this Court.  I practice law at Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., and represent the plaintiff, Innovative Health LLC, in this matter.

2.      I make this declaration in support of Plaintiff Innovative Health LLC's Letter Motion for Order Requiring Redaction of Shocking Language from Trial Exhibits.

3.      The facts I state here are true and correct.  They are based on my own personal knowledge or knowledge I gleaned from reviewing files pertinent to this matter.  If called as a witness to testify, I could and would competently testify to these facts.

4.      **Exhibit 1** is a true and correct copy of a document bearing Bates numbers IH00028098 to IH00028112, which was produced by Innovative in this litigation.  Highlighted material inside red boxes is material that Innovative proposes to redact.

5.      **Exhibit 2** is a true and correct copy of a document bearing Bates numbers IH00031306 to IH00031310, which was produced by Innovative in this litigation.  Highlighted material inside red boxes is material that Innovative proposes to redact.

6.      **Exhibit 3** is a true and correct copy of a document bearing Bates numbers IH00291520 to IH00291521, which was produced by Innovative in this litigation.  Highlighted material inside red boxes is material that Innovative proposes to redact.

7.      **Exhibit 4** is a true and correct copy of a document bearing Bates numbers IH00453013 to IH00453013, which was produced by Innovative in this litigation.  Highlighted material inside red boxes is material that Innovative proposes to redact.

8.      **Exhibit 5** is a true and correct copy of a letter from Innovative's counsel to counsel for Biosense, dated April 9, 2025.

9.      **Exhibit 6** is a true and correct copy of a letter from Biosense's counsel to counsel for Innovative, dated April 10, 2025.

10.     **Exhibit 7** is a true and correct copy of a letter from Innovative's counsel to counsel for Biosense, dated April 11, 2025.

11.     Innovative's counsel met and conferred about this dispute with Biosense's counsel on April 15, 2025, but the parties remained at impasse.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of April, 2025, at Washington, DC.


/s/ *Matthew D. Reade*
Matthew D. Reade

*DECLARATION OF MATTHEW D. READE*

# EXHIBIT 1

## REDACTED IN FULL DOCUMENT PROPOSED TO BE FILED UNDER SEAL IN ITS ENTIRETY

# EXHIBIT 2

## REDACTED IN FULL DOCUMENT PROPOSED TO BE FILED UNDER SEAL IN ITS ENTIRETY

# EXHIBIT 3

## REDACTED IN FULL DOCUMENT PROPOSED TO BE FILED UNDER SEAL IN ITS ENTIRETY

# EXHIBIT 4

## REDACTED IN FULL DOCUMENT PROPOSED TO BE FILED UNDER SEAL IN ITS ENTIRETY

# EXHIBIT 5

Kᴇʟʟᴏɢɢ, Hᴀɴsᴇɴ, Tᴏᴅᴅ, Fɪɢᴇʟ & Fʀᴇᴅᴇʀɪᴄᴋ, P.ʟ.ʟ.ᴄ.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 9, 2025

*Via Email*

Christine Harper, Esq.
Diane Xu, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
charper@pbwt.com
dxu@pbwt.com

      Re:    *Innovative Health LLC v. Biosense Webster, Inc.*, No. 8:19-cv-01984-JVS-KES (C.D. Cal.)

Counsel:

Thank you for the productive meet-and-confer yesterday. I will not attempt to memorialize everything we discussed. But we appreciate Biosense's commitment to reproduce without "Other" redactions the bulk of the 30 documents bearing such redactions identified in Innovative's letter and spreadsheet dated April 3, 2025. Given Biosense's representations, we are hopeful that the parties can reach an agreement as to those redactions that does not require motion practice.

Given the limited number of "Other" redacted documents that remain at issue (approximately 4), Biosense should confirm which specific "Other" redactions it intends to maintain and reproduce the documents from which it is withdrawing redactions by noon Eastern Time on Friday, April 11. Delaying doing so any further unfairly obstructs Innovative's ability to adjust its trial plans in light of the withdrawn redactions and to raise the remaining redactions with the Court if needed. Innovative is available all-day Friday to confer once Biosense provides its final positions. If Biosense is not prepared to provide its final positions on Friday, the parties should file a short joint status report that day updating the Court on the status of this dispute. Please let us know as soon as possible whether this will be necessary.

We discussed Biosense's privilege redactions, too. Innovative continues to question the validity of Biosense's privilege redactions as to communications that contain neither lawyers nor context suggesting requests for legal advice, as opposed to business discussions of "marketing," "corporate policy," or other non-legal matters. Accordingly, Innovative expects to raise with the

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Christine Harper, Esq.
Diane Xu, Esq.
April 9, 2025
Page 2

Court a targeted set of Biosense's privilege redactions before the pretrial conference. The timing and contents of any filing will depend on timely receipt of Biosense's final position on the "Other" redactions discussed above.

Finally, as Innovative's memorandum of contentions explained, Biosense has included on its exhibit list documents that contain shocking language (*e.g.*, cursing) that lacks relevance to the case and that, if used or referenced without redaction at trial, could prejudice the jury. To that end, I enclose proposed redactions to a sample of 4 exemplar documents. Please provide Biosense's positions on these proposed redactions by noon on Friday. If the parties cannot reach agreement regarding these exemplar redactions, Innovative intends to seek the Court's guidance on Monday on the proper redaction of these and similar documents.

Sincerely,

*/s/ Matthew D. Reade*

Matthew D. Reade
*Counsel for Innovative Health*

Enclosures

# EXHIBIT 6



April 10, 2025

Christine R. Harper
Associate
(212) 336-2286
charper@pbwt.com

**By Electronic Mail**

Matthew D. Reade, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, PLLC
Sumner Square
1615 M Street NW, Suite 400
Washington, DC 20036
*mreade@kellogghansen.com*

     Re:  *Innovative Health LLC v. Biosense Webster, Inc.,*
        <u>No. 8:19-cv-01984-JVS-KES (C.D. Cal.)</u>

Dear Matthew:

     We write on behalf of Biosense Webster, Inc. ("BWI") to respond to Innovative Health LLC's ("IH") April 9, 2025 letter concerning our ongoing discussions regarding redactions, which have continued now for over four months. As discussed during our call on April 7, BWI agrees to remove non-privileged redactions concerning products that have been publicly released in the time since the sixty-five documents identified by IH were produced. With respect to those documents, we will provide our position on the non-privileged redactions that we can remove and those that we need to preserve pursuant to the ESI Protocol by 3:00 p.m. on Friday.[1] Due to constraints of our discovery vendor, it is not possible for BWI to reproduce any documents for which we have agreed to remove redactions by Friday. BWI will reproduce the relevant documents with redactions removed in whole or in part early next week, which will not result in any prejudice to IH.

     Regarding IH's contemplated motion challenging certain of BWI's privilege redactions, there is no basis for IH's assertion that the "content" of any such motion "will depend on timely receipt of [BWI's] final position" as to the aforementioned *non-privileged* redactions. *See* Reade Ltr. dated April 9, 2025 at 2. BWI has made clear that it has different bases for its privileged and non-privileged redactions, and IH's attempts to lump these two categories of redactions together is counterproductive to the parties' efforts to identify genuine areas of dispute.

     As we explained during our call, BWI maintains that its privilege redactions—specifically, those in the sixty-five documents challenged by IH—are proper. As detailed in our prior letters, IH's objections to those privilege-based redactions have been waived for over three

---

[1] BWI will provide its position on a redaction-by-redaction basis, rather than on a document-by-document basis. In contrast to the characterization in your letter, BWI did not agree to remove redactions wholesale on a document-by-document basis. *See* Reade Ltr. dated April 9, 2025 at 1.

Matthew D. Reade, Esq.
April 10, 2025
Page 2

years.  Moreover, despite BWI having provided a Privilege Redaction Log in connection with
these documents on January 16, 2025, as per IH's request, IH has still failed to articulate with
any specificity which log entries it believes to be insufficient and any factual or legal basis for
that assertion.

        And critically, after four months of discussions and IH's persistent claim to be on
the precipice of motion practice on this issue, IH has never identified a specific set of documents
and/or redactions it plans to include in any forthcoming motion.  Despite IH's concession that
BWI's redactions "have been at issue for months," *see* Email from A. Morales-Kimball dated
April 7, 2025, IH waited until mere days before the pretrial conference to inform BWI that it
now plans—again—to raise this issue by motion to the Court, thereby resulting in prejudice to
BWI in responding to any issues IH will belatedly raise at the pretrial conference.

        Finally, with respect to IH's proposed redactions of curse words and other
colorful language in trial exhibits, BWI will not agree to this proposal because there is no basis
to redact such material.  IH's proposed redactions plainly do not concern proprietary business or
sensitive personal information.  *See Masimo Corp. v. Apple Inc.*, No. 20-cv-48, 2022 WL
20746529, at *3 (C.D. Cal. July 26, 2022) (Selna, J.).  And in light of BWI's diligent efforts to
reduce redactions (at IH's continued insistence) so that trial can proceed most efficiently, BWI
will not agree now to *add* unwarranted redactions simply because IH would prefer to disclaim
certain portions of its witnesses' documents.  We trust that IH will not pursue this request any
further, but if that is not the case, please let us know immediately.  In addition, please also
inform us whether IH intends to seek the sealing and/or redaction of its customers' identities at
trial and, if so, the authority for IH to do so.

        As always, BWI reserves all rights and waives none.


                                                Very truly yours,

                                                /s/ Christine R. Harper

                                                Christine R. Harper

Cc: All Counsel of Record

# EXHIBIT 7

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 11, 2025

*Via Email*

Alejandro Cruz, Esq.
Christine Harper, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
acruz@pbwt.com
charper@pbwt.com

Re:    *Innovative Health LLC v. Biosense Webster, Inc.*, No. 8:19-cv-01984-JVS-KES (C.D. Cal.)

Counsel:

I write in reply to Biosense's letter yesterday, April 10.

Biosense asserts that Innovative "has never identified a specific set of documents and/or redactions it plans to include in any forthcoming motion." That is false. As Biosense admits, the parties have been discussing "the sixty-five documents challenged by [Innovative]." Both during our meet-and-confer and in Innovative's April 9 letter, Innovative specified that it "continues to question the validity of Biosense's privilege redactions as to communications that contain neither lawyers nor context suggesting requests for legal advice." Having delayed the start of the parties' meet-and-confer process to review (or re-review) the identified exhibits, Biosense should know which exhibits those are.

But as a courtesy only, Innovative gives advance notice that it will present the privilege redactions in these documents to the Court this evening via application under L.R. 7-19:

- BWI-INN00633053
- BWI-INN00230872
- BWI-INN00230866
- BWI-INN00230859
- BWI-INN00402191
- BWI-INN00350555
- BWI-INN00348211

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Alejandro Cruz, Esq.
Christine Harper, Esq.
April 11, 2025
Page 2

- BWI-INN00401200
- BWI-INN00483189
- BWI-INN00257477
- BWI-INN00189073

    Innovative reserves the right to remove exhibits from this list or to add to this list any documents containing "Other" redactions after receiving Biosense's final positions on those redactions today.  Proceeding this way ensures that all disputed Biosense redactions are presented at once.

    Finally, Innovative disagrees with Biosense's position that there is "no basis to redact" material to effectuate the Rules of Evidence or the Court's rulings on motions *in limine*, while Biosense may freely redact whatever it deems "proprietary" from either side's trial exhibits without the Court's oversight.  The case Biosense cites addresses sealing public records actually relied on at trial, not redaction of unduly prejudicial material from the view of the jury.  Courts regularly exclude curse words and epithets from evidence to ensure that those statements do not unduly influence the jury's deliberations.  *See, e.g.*, *Basham v. United States*, 109 F. Supp. 3d 753, 787 (D.S.C. 2013) (redacting "gratuitous expletives" from a videotape central to the case, and disallowing evidence of the "racially-tinged aspect of the episode to be presented to the jury"); *United States v. Giampa*, 904 F. Supp. 235, 296 (D.N.J. 1995) (requiring redaction of racial epithets); *United States v. Ragano*, 2024 WL 4436413, at *2 (E.D.N.Y.) (ordering the modification of a recording and transcript "to remove all use of a racial epithet"); *Williams v. Williams*, 2013 U.S. Dist. LEXIS 94964, at *3 (N.D. Cal.) (ordering redaction of all references to the plaintiff's nickname "Sinner" because it was "prejudicial and serves no probative value").

    Biosense provides no basis to reject those authorities, other than an apparent desire to inflame the jury with irrelevant material rather than litigate the merits.  *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (quoting Fed. R. Evid. 403, advisory committee notes).  Innovative will seek the Court's guidance on this issue on Monday.

Sincerely,

*/s/ Matthew D. Reade*

Matthew D. Reade
*Counsel for Innovative Health*