| | |
|---|---|
| Panteha Abdollahi, Esq.<br>State Bar No. 230002<br>pabdollahi@tocounsel.com<br>THEODORA ORINGHER PC<br>535 Anton Boulevard, Ninth Floor<br>Costa Mesa, California 92626-7109<br>Telephone: (714) 549-6200<br>Facsimile: (714) 549-6201<br><br>Jeffrey L. Berhold, Esq.<br>Admitted *Pro Hac Vice*<br>jeff@berhold.com<br>JEFFREY L. BERHOLD, P.C.<br>1230 Peachtree Street, Suite 1050<br>Atlanta, Georgia 30309<br>Telephone: (404) 872-3800<br>Facsimile: (678) 868-2021<br><br>Joshua P. Davis, Esq.<br>State Bar No. 193254<br>jdavis@bm.net<br>BERGER MONTAGUE PC<br>505 Montgomery St., Suite 625<br>San Francisco, California 94111<br>Telephone: (415) 906-0684 | Derek T. Ho, Esq.*<br>Andrew E. Goldsmith, Esq.*<br>Matthew D. Reade, Esq.*<br>Kelley C. Schiffman, Esq.<br>State Bar No. 325023<br>Rachel T. Anderson, Esq.*<br>Annamaria M. Morales-Kimball, Esq.*<br>Sean P. Quirk, Esq.*<br>*Admitted *Pro Hac Vice*<br>dho@kellogghansen.com<br>agoldsmith@kellogghansen.com<br>mreade@kellogghansen.com<br>kschiffman@kellogghansen.com<br>randerson@kellogghansen.com<br>amoraleskimball@kellogghansen.com<br>squirk@kellogghansen.com<br>KELLOGG, HANSEN, TODD,<br>FIGEL & FREDERICK. P.L.L.C.<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036<br>Telephone: (202) 367-7900<br>Facsimile: (202) 326-7999<br><br>Attorneys for Plaintiff<br>INNOVATIVE HEALTH LLC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br><br>**PLAINTIFF INNOVATIVE HEALTH LLC'S NOTICE OF MOTION AND MOTION FOR ORDER TO BAR USE OF MUECKE DEPOSITION**<br><br>Date:    May 1, 2025<br>Time:   8:30 a.m.<br>Crtrm:  10C<br>Action Filed: October 18, 2019<br>Trial Date: May 1, 2025 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 1, 2025 at 8:30 a.m., or as soon after as the matter may be heard, before the Honorable James V. Selna, Courtroom 10C, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701-4516, Plaintiff Innovative Health LLC will and does submit this Motion for Order to Bar Use of Muecke Deposition.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, and all other papers and pleadings on file here or that may be presented to the Court. This Motion is made after the parties met and conferred on this issue from February 26, 2025 to April 22, 2025. *See* Local Rule 7-3. Defendant Biosense Webster, Inc. would not agree to the relief sought, so Innovative now files this motion.

DATED: April 23, 2025                          THEODORA ORINGHER PC

By:  */s/ Panteha Abdollahi*
Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By:  */s/ Jeffrey L. Berhold*
Jeffrey L. Berhold

BERGER MONTAGUE PC

By:    */s/ Joshua P. Davis*
      Joshua P. Davis
      Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By:    */s/ Andrew E. Goldsmith*
      Derek T. Ho
      Andrew E. Goldsmith
      Matthew D. Reade
      Kelley C. Schiffman
      Rachel T. Anderson
      Annamaria M. Morales-Kimball
      Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pursuant to the Court's instruction that disputes to be resolved on the first day of trial should be briefed in advance thereof, Apr. 14, 2024 Hr'g Tr. at 60:12-16, Plaintiff Innovative Health LLC ("Innovative") respectfully requests that the Court exclude the Rule 31 deposition of David Muecke. The parties have agreed, subject to the Court's approval, to submit this issue via three-page briefs, with Innovative's filed by 2 p.m. Pacific Time on April 23 and Defendant Biosense Webster Inc.'s ("Biosense") filed by 2 p.m. Pacific Time on April 25. The parties have further agreed to submit this matter for consideration on the first day of trial and that the briefing is intended to alleviate any burden on the Court.

### II. LEGAL STANDARD

Rule 31 permits depositions by written questions, with the proviso that "[t]he party who noticed the deposition must notify all other parties when it is completed." Fed. R. Civ. P. 31(c)(1).

### III. ARGUMENT

#### A. Biosense breached its Rule 31 obligations, prejudicing Innovative

In January 2022, Biosense noticed the deposition by written questions of non-party Abbott Laboratories ("Abbott"). After a court in the Northern District of Illinois granted Biosense's motion to compel, Innovative provided cross-examination questions for use in the deposition. But Innovative did not hear further about it until February 2025, when Biosense designated for trial portions of the deposition of David Muecke, Biosense's Rule 30(b)(6) designee. Biosense not only failed to notify Innovative when the deposition was completed, as Rule 31 requires; Biosense did not provide the transcript to Innovative at any time in the next three years. Biosense did not deliver the transcript until March 2025, nearly a week after Innovative objected to the designations.

There can be no dispute that Biosense violated Rule 31(c)(1). *Must* does not mean *may*, *could*, or *should*; it means to "be commanded" or "required by law." *Must*, Merriam-Webster, https://www.merriam-webster.com/dictionary/must. That word was added to Rule 31 in 2007 when the rules were amended to "replace 'shall' with 'must,' 'may,' or 'should,' depending on which one the context and established interpretation make correct in each rule." Fed. R. Civ. P. 1, advisory committee's note to 2007 amendment. Rules and statutes containing mandatory language like that in Rule 31(c)(1) are strictly construed. *See, e.g., United States v. Monsanto*, 491 U.S. 600, 607 (1989) (interpreting statute requiring that court "shall order" forfeiture; "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory"); *Ward v. Cnty. of Siskiyou*, 2019 WL 448275, at *5 (E.D. Cal. Feb. 5, 2019) (citation omitted) (granting summary judgment against employee because he failed to comply with requirement that he "must notify" his employer before taking foreseeable leave).

Biosense's breach prejudiced Innovative. The notice requirement is intended to permit the non-noticing party to "make use of the deposition." Fed. R. Civ. P. 31 advisory committee's note to 2007 amendment. Indeed, when Biosense moved to extend the non-expert discovery deadline to accommodate the Abbott deposition, it told this Court it would consent to Innovative serving a supplemental expert report afterward, and the Court relied on that representation in granting the motion. *See* Dkt. 106 at 4. But because Biosense never disclosed that the deposition had occurred – or shared the transcript – Innovative could not do so. Nor could Innovative make use of Mr. Muecke's testimony when it formulated its post-remand subpoena to Abbott. *See* Dkts. 237, 246. Innovative's expert could not make use of the testimony when preparing his post-remand reports, and Innovative's initial trial planning, including witness selection and deposition designations, was performed without knowledge of this testimony.

### B. The Court should exclude the deposition

The appropriate remedy for Biosense's breach of Rule 31(c)(1) is exclusion of the deposition, whether under Rule 16 or in the Court's discretion. As noted above, the Court granted Biosense's Rule 16(b)(4) motion to extend the non-expert discovery deadline based in part on Biosense's representation that Innovative could issue a supplemental expert report addressing the Abbott deposition. *See* Dkt. 106 at 1-2, 4. When Biosense breached that representation by withholding the deposition transcript, it "fail[ed] to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(C), for which this Court may "prohibit[]" Biosense "from introducing designated matters in evidence," Fed. R. Civ. P. 37(b)(2)(A)(ii) – here, the transcript.

In addition, in *Howard v. Everex Systems, Inc.*, 228 F.3d 1057, 1067 (9th Cir. 2000), the Ninth Circuit held that the district court did not abuse its discretion in barring the plaintiff from using the deposition of a non-party when defense counsel had said she was not available on the noticed date. The case for exclusion here is even stronger. In *Howard*, the Ninth Circuit upheld the conclusion that proceeding with the deposition was not "reasonable notice" required by Rule 30 despite "some dispute" over the facts. *Id*. Here, Rule 31 provides a clearer command, that the noticing party "must notify" its adversary, and there is no denying that Biosense breached it.

### IV. CONCLUSION

The Court should bar Biosense from using a deposition that it kept secret for more than three years, to Innovative's detriment and in violation of Rule 31 and this Court's order.

DATED: April 23, 2025

THEODORA ORINGHER PC

By:    */s/ Panteha Abdollahi*
      Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By:    */s/ Jeffrey L. Berhold*
      Jeffrey L. Berhold

| | |
|---|---|
|1| BERGER MONTAGUE PC |
|2| |
|3| |
|4| By:     */s/ Joshua P. Davis* |
| |        Joshua P. Davis |
|5|        Matthew Summers |
|6| |
|7| KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
|8| |
|9| |
|10| By:     */s/ Andrew E. Goldsmith* |
| |        Derek T. Ho |
|11|        Andrew E. Goldsmith |
|12|        Matthew D. Reade |
|13|        Kelley C. Schiffman |
| |        Rachel T. Anderson |
|14|        Annamaria M. Morales-Kimball |
|15|        Sean P. Quirk |
|16| |
|17| Attorneys for Plaintiff INNOVATIVE HEALTH LLC |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this application contains 860 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: April 23, 2025

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: */s/ Andrew E. Goldsmith*
Andrew E. Goldsmith