1  Panteha Abdollahi, Esq.
   State Bar No. 230002
2  pabdollahi@tocounsel.com
   THEODORA ORINGHER PC
3  535 Anton Boulevard, Ninth Floor
   Costa Mesa, California 92626-7109
4  Telephone: (714) 549-6200
   Facsimile: (714) 549-6201
5
6  Jeffrey L. Berhold, Esq.
   Admitted *Pro Hac Vice*
7  jeff@berhold.com
   JEFFREY L. BERHOLD, P.C.
8  1230 Peachtree Street, Suite 1050
   Atlanta, Georgia 30309
9  Telephone: (404) 872-3800
   Facsimile: (678) 868-2021
10
11 Joshua P. Davis, Esq.
   State Bar No. 193254
12 jdavis@bm.net
   BERGER MONTAGUE PC
13 505 Montgomery St., Suite 625
   San Francisco, California 94111
14 Telephone: (415) 906-0684

15 Derek T. Ho, Esq.
   Admitted *Pro Hac Vice*
16 KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK. P.L.L.C.
17 1615 M Street, N.W., Suite 400
   Washington, DC 20036
18 Telephone: (202) 367-7900
   Facsimile: (202) 326-7999

19

20 Attorneys for Plaintiff
   INNOVATIVE HEALTH LLC

Karla Kraft, Esq.
(State Bar No. 205530)
kkraft@stradlinglaw.com
STRADLING YOCCA CARLSON &
RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

William F. Cavanaugh, Jr.
(State Bar No. 133461))
wfcavanaugh@pbwt.com
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

Muhammad U. Faridi
Admitted *Pro Hac Vice*
muhammad.faridi@linklaters.com
LINKLATERS LLP
Telephone: (212) 903-9000
Facsimile: (212) 903-9100

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

21

**UNITED STATES DISTRICT COURT**

22

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

23

| | |
|---|---|
| INNOVATIVE HEALTH LLC, | Case No. 8:19-cv-1984 JVS (KESx) |
| 24    Plaintiff, | Assigned for all purposes to: |
| 25    vs. | Honorable James V. Selna |
| 26 BIOSENSE WEBSTER, INC., | **JOINT STIPULATION REGARDING TRIAL PROCEDURES** |
| 27    Defendant. | Action Filed: October 18, 2019 |
| 28 | Trial Date: May 1, 2025 |

1

Plaintiff Innovative Health LLC ("Plaintiff") and Defendant Biosense Webster, Inc. ("Defendant") (together, the "Parties"), by and through their undersigned counsel of record, hereby stipulate to the following procedures for the jury trial beginning May 1, 2025:

## I.    DEPOSITIONS

### A.    Lodging of Deposition Transcripts

1. Any deposition transcript that was not signed within thirty (30) days of receipt shall be deemed signed pursuant to Fed. R. Civ. P. 30(e).

2. The parties may lodge transcript copies pursuant to L.R. 32-2.

3. The parties shall lodge full, unannotated transcripts, in addition to condensed copies with annotations.

## II.    WITNESSES

### A.    Disclosure

1. Each party will provide notice, by email, no later than 7:00 p.m. PT each day of all witnesses intended to be presented live or by deposition two calendar days later at trial.  For example, if a witness will testify live on a Thursday, the presenting party must identify the witness by 7:00 p.m. PT on a Tuesday.  Such notice must indicate the intended order of call and whether the witness will be presented live or by deposition.

### B.    Sequestration

1. The parties agree that, except for a party representative attending trial at counsel table and any proffered expert witnesses, any fact witness appearing in person shall be sequestered until he/she testifies, and any trial testimony preceding the testimony of the fact witness shall not be disclosed to that witness directly or indirectly.  Each fact witness shall resume his/her sequestration after he/she testifies if the witness is subject to recall.  Once the direct examination of a fact or expert witness commences, lawyers shall not confer with the witness about their testimony until cross-examination is concluded.  The sequestration of fact witnesses does not

1   prevent counsel from speaking with their fact witnesses in advance of each witness's

2   testimony.

3       **C.      Witnesses Called by Deposition**

4          1.      For each witness that a party intends to call by deposition, the party

5   will provide, by email, a list of deposition designations the party intends to present

6   for that witness along with a listing of each trial exhibit that the party seeks to

7   introduce or otherwise use with that testimony and any proposed redactions thereto

8   (along with the basis for such redactions)[1], by 1:00 p.m. PT three calendar days

9   before the designation is to be read or played at trial.  Counter-designations, which

10  must be within the scope of the opening deposition designation, along with

11  notification of withdrawal of any unresolved objections to designated testimony

12  and/or exhibits and any proposed redactions thereto (along with the basis for such

13  redactions) are due by 8:00 p.m. PT the same evening.  Completeness designations,

14  which must be within the scope of the counter-designations, along with notification

15  of withdrawal of any unresolved objections to designated testimony and/or exhibits

16  and any proposed redactions thereto (along with the basis for such redactions) are

17  due by 10:00 p.m. PT the same evening.  The parties will meet and confer by 9:00

18  p.m. PT the following evening (i.e., two calendar days before the party seeks to use

19  that testimony) regarding objections.  Any unresolved objections will be brought to

20  the attention of the Court by 11:00 p.m. PT the same evening for potential

21  discussion with the Court the next morning.  The party that seeks to read or play the

22  deposition testimony must also provide the opposing party by 7:00 p.m. PT one

23  calendar day before the deposition testimony is to be played, a workable copy of the

24  actual video recordings to be played, regardless of who designated the testimony.

25  Any objections to the video recordings must be provided by 8:00 p.m. PT.

26

27          [1] The redactions contemplated by this stipulation include jury-facing and, to
    the extent not previously resolved, public redactions and grounds for sealing.
28

2.     Designated testimony from a witness will be introduced in the sequence in which the testimony was originally given.  All designated testimony from a witness shall be played at the same time, inclusive of both parties' affirmative designations, counter designations, and completeness designation (i.e., the designated testimony of a singular witness will not be broken up between the Plaintiff's case in chief and the Defendant's case in chief).

3.     The time available for each side's trial presentation shall be reduced by the length of its designations actually played or read at trial.  If played, such time shall be measured by the amount of time of each party's designations.  If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.

4.     Designated testimony must be within testimony previously designated by the parties (i.e., no party may add new designations).  This is contingent on the parties' understanding that Plaintiff will call Dr. Rahul Doshi and Meredith Snider as witnesses at trial, and Defendant will call Dr. Jose Osorio and Wendy Tam as witnesses at trial.  In the event a party elects not to call one of the four witnesses named in the previous sentence, the parties reserve the right to designate testimony for the witness who will not be called live.

## III.  EXHIBIT DISCLOSURE

1.     Each party will provide, by email, a list of all exhibits expected to be used during direct examination, including any proposed redactions thereto (along with the basis for such redactions), and the witness(es) with whom each will be used no later than 7:00 p.m. PT two calendar days before such intended use, and the receiving party shall provide objections to such exhibits by 8:00 p.m. PT the evening before the intended use of the exhibit.  If necessary, the disclosing party will provide a list of supplemental exhibits, including any proposed redactions thereto (along with the basis for such redactions), by 7:00 p.m. PT the evening before the intended use of the exhibit.  The parties will make reasonable efforts to

streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used.  The parties will then meet and confer regarding all objections by 9:00 p.m. PT the evening before the intended use of the exhibit.  The parties agree to bring any good-faith disputes to the attention of the Court by 11:00 p.m. PT the evening before the intended use of the exhibit.  No part of this paragraph or stipulation applies to adverse witnesses called in person or to any witnesses called by deposition.

2.      The parties do not need to provide notice of exhibits to be used solely for impeachment or to be used during cross-examination or examination of an adverse witness.

3.      All exhibits shall be marked and referred to as "Exhibit No.," not "Plaintiff's Exhibit" or "Defendant's Exhibit."

## IV.    DEMONSTRATIVE DISCLOSURE

### A.    Opening

1.      By no later than 7:00 p.m. PT on the calendar day before the parties are to deliver opening statements, the parties will exchange, by email, copies of all documentary, graphic, slide, animation, and any other form of demonstratives they plan to use in their opening statements (including non-documentary or live demonstratives), including any proposed redactions thereto (along with the basis for such redactions).  Any animations or videos must be provided in a viewable format. The parties will exchange objections to these demonstratives by 9:00 p.m. PT that same day.  By no later than 10:00 p.m. PT that same day, the parties will meet and confer to resolve any objections.  The parties agree to bring any good-faith disputes to the attention of the Court the following morning.

### B.    Direct Examination

1.      By no later than 7:00 p.m. PT one calendar day before a witness is called, the party calling the witness will provide to the other party, by email, copies of all documentary, graphic, slide, animation, and any other form of demonstratives

(including non-documentary or live demonstratives) it plans to use at trial for use
during direct examination, including any proposed redactions thereto (along with the
basis for such redactions).  Any animations or videos must be provided in a
viewable format.  The receiving party will provide objections to such
demonstratives by 8:00 PM PT that evening.  The parties will then meet and confer
regarding all objections by 9:00 p.m. PT that same evening.  The parties agree to
bring any good-faith disputes to the attention of the Court by 11:00 p.m. PT on the
day the demonstratives are received.  This paragraph does not encompass materials
generated in court during witness examination or argument.

> **C.    Closing**

1.    By no later than 7:00 p.m. PT on the calendar day before the parties are
to deliver closing statements, the parties will exchange, by email, copies of all
documentary, graphic, slide, animation, and any other form of demonstratives they
plan to use in their closing statements (including non-documentary or live
demonstratives), including any proposed redactions thereto (along with the basis for
such redactions).  Any animations or videos must be provided in a viewable format.
The parties will exchange objections to these demonstratives by 9:00 p.m. PT that
same day.  By no later than 10:00 p.m. PT that same day, the parties will meet and
confer to resolve any objections.  The parties agree to bring any good-faith disputes
to the attention of the Court the following morning.

2.    For purposes of this stipulation, a document or exhibit shall not be
deemed a demonstrative solely by virtue of the addition of highlighting, underlining,
or other non-substantive markings.  Such alterations shall be deemed for
organizational or presentational purposes only and shall not change the document's
nature as an evidentiary exhibit.

3.    The receiving party will not use a demonstrative exhibit before the
disclosing party uses it.  The parties further agree that, following the foregoing
exchanges, the party using a demonstrative may make only non-substantive and

non-argumentative revisions (e.g., to correct typographical errors), in which case such changes must be identified by the propounding party to the other parties and updated demonstratives must be served on the other parties by no later than by 11:00 PM PT the day before the party will use the demonstrative.  The parties shall not make further changes to demonstratives after that time except as necessary to abide by a subsequent Court order.

### D.    Demonstratives That Do Not Require Disclosure

1.    The above disclosure stipulations do not apply to (a) demonstratives used for cross-examination only; (b) demonstratives created in the courtroom during trial and used in re-direct; (c) the real-time, in the courtroom enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared; and (d) demonstratives previously displayed during the trial.

## V.    EXHIBITS ON EITHER PARTY'S EXHIBIT LIST

1.    Each party may use an exhibit on either party's exhibit list, even if not introduced by the designating party, subject to the requirements of this section and any objections to the exhibit.  No party will remove an exhibit from its exhibit list without agreement from the other party, unless it provides the other party with an opportunity to add the exhibit to its own list.  The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the exhibit.  Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

## VI.   REDACTIONS

### A.   Sealing of Public Exhibits

1.   The parties will continue cooperating in good faith to attempt to raise and resolve any disputes, before trial begins, over requests to seal exhibits, in whole or in part, from the public record.

2.   The parties will make best efforts to exchange proposed public redactions to listed trial exhibits and objections to those proposed redactions, and to resolve any disputes over such redactions and objections, before trial begins.

### B.   Redaction of Exhibits Shown to the Jury

1.   The Court's rulings on motions *in limine* or the Rules of Evidence may warrant applying limited redactions to, *e.g.*, certain prejudicial material appearing in exhibits to be offered at trial.

2.   As with the sealing of public exhibits, the parties will cooperate in good faith to attempt to raise and resolve any disputes over such jury-facing redactions before trial begins or, to the extent that is not feasible, through the exchange processes set forth above in Sections II and III.

3.   Regarding exhibits to be used for cross-examination or during an adverse direct examination, the crossing party will identify any material that the crossing party reasonably expects could warrant such redactions before commencing the examination, so that the other party may object before that material is displayed to the jury.  The parties agree that any documents provided by the opposing party pursuant to this provision will not be used, referenced, or otherwise relied upon in the preparation of the receiving party's witness(es), unless the receiving party has already explicitly used, referenced, or relied upon the document in preparing its witness(es) prior to receipt from the opposing party.

## VII.   WITNESS BINDERS

1.   If a party provides a binder to a witness, then the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness.

IT IS SO STIPULATED.

DATED:  May 2, 2025             THEODORA ORINGHER PC

By:      /s/ Panteha Abdollahi
         Panteha Abdollahi
         Attorneys for Plaintiff INNOVATIVE
         HEALTH LLC

DATED:  May 2, 2025             JEFFREY L. BERHOLD, P.C.

By:      /s/ Jeffrey L. Berhold
         Jeffrey L. Berhold
         Attorneys for Plaintiff INNOVATIVE
         HEALTH LLC

DATED:  May 2, 2025             BERGER MONTAGUE PC

By:      /s/ Joshua P. Davis
         Joshua P. Davis
         Attorneys for Plaintiff INNOVATIVE
         HEALTH LLC

1  DATED:  May 2, 2025          KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
2                               P.L.L.C.

3

4                               By:    /s/ Andrew E. Goldsmith
5                                      Andrew E. Goldsmith
6                                      Attorneys for Plaintiff INNOVATIVE
                                       HEALTH LLC
7

8  DATED:  May 2, 2025          STRADLING YOCCA CARLSON & RAUTH LLP
9

10

11                              By:    /s/ Karla Kraft
                                       Karla Kraft
12                                     Attorneys for Defendant BIOSENSE
13                                     WEBSTER, INC.

14 DATED:  May 2, 2025          PATTERSON BELKNAP WEBB & TYLER LLLP
15

16

17                              By:    /s/ William F. Cavanaugh, Jr.
                                       William F. Cavanaugh, Jr.
18                                     Attorneys for Defendant BIOSENSE
19                                     WEBSTER, INC.

20 DATED:  May 2, 2025          LINKLATERS LLP
21

22

23                              By:    /s/ Muhammad U. Faridi
                                       Muhammad U. Faridi
24                                     Attorneys for Defendant BIOSENSE
25                                     WEBSTER, INC.

26

27

28

## ELECTRONIC FILING ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(1), I, Andrew E. Goldsmith, am the ECF User whose login and password are being used to file this document.  I hereby attest that William F. Cavanaugh, Jr., counsel for Defendant, has concurred in this filing's contents and has authorized the filing.  I further attest that I have obtained their authorization to affix their electronic signature to this document.

DATED:  May 2, 2025                     KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.


                                        By:  ____/s/ Andrew E. Goldsmith____
                                             Andrew E. Goldsmith