**ORIGINAL**

**FILED**
CLERK, U.S. DISTRICT COURT
5/16/25
CENTRAL DISTRICT OF CALIFORNIA
BY: eva  DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br><br>SPECIAL VERDICT |

Dated: May 16, 2025

F

We the jury unanimously find as follows:

1. Did Innovative Health LLC ("Innovative") prove by a preponderance of the evidence that Biosense Webster, Inc. ("Biosense") violated Section 1 of the Sherman Act through a tying arrangement?

   ✓ Yes      ___ No

2. Did Innovative prove by a preponderance of the evidence that Biosense violated Section 2 of the Sherman Act by creating or maintaining a monopoly through anticompetitive practices?

   ✓ Yes      ___ No

3. Did Innovative prove by a preponderance of the evidence that Biosense violated Section 2 of the Sherman Act by attempting to create or maintain a monopoly through anticompetitive practices?

   ✓ Yes      ___ No

4. Did Innovative prove by a preponderance of the evidence that Biosense violated Section 16720 of the Cartwright Act through a tying arrangement?

   ✓ Yes      ___ No

F

1  If you answered "Yes" to Question 1, 2, 3, or 4, please answer question 5.
2  Otherwise, skip to the end and sign and date the verdict form.
3
4  5. What damages do you find by a preponderance of the evidence that Innovative
5     has sustained as a result of Biosense's violation(s) of Section 1 of the
6     Sherman Act, Section 2 of the Sherman Act, and/or Section 16720 of the
7     Cartwright Act?
8
9     $ 147,406,481
10
11
12
13
14  Dated: 5/16/25
15
16                                                                Presiding Juror
17

3