KARLA KRAFT
State Bar No. 205530
kkraft@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000

WILLIAM F. CAVANAUGH, JR.
State Bar No. 133461
wfcavanaugh@pbwt.com
PATTERSON BELKNAP WEBB AND TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000

MUHAMMAD U. FARIDI
(Admitted *Pro Hac Vice*)
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | CASE NO. 8:19-cv-01984-JVS-KES<br><br>Hon. James V. Selna<br><br>**DEFENDANT'S OBJECTIONS TO PROPOSED JUDGMENT**<br><br>Complaint Filed: October 18, 2019<br>Trial Date: May 6, 2025 |

## I. INTRODUCTION

The proposed form of judgment submitted by Plaintiff Innovative Health LLC ("IH") makes clear that IH will seek further relief against Defendant Biosense Webster, Inc. ("Biosense") in the form of equitable remedies. ECF No. 528-1. Accordingly, entry of judgment at this juncture is premature.

The Federal Rules of Civil Procedure and case law in this Circuit are clear: judgment is not final until all of Plaintiff's claims for relief have been resolved. Plaintiff's proposed "judgment" therefore is not a judgment at all within the meaning of the Federal Rules and has the potential to result in piecemeal appeals of this case. Consistent with this Court's practice in other cases involving a jury's verdict on damages prior to a request for injunctive relief, this Court should defer entry of judgment until all issues and relief are decided. If, contrary to past practice, the Court decides to enter a non-final judgment as to damages on the jury's verdict at this stage, Biosense proposes the form of non-final judgment attached hereto as Exhibit A.[1] This seeks to minimize confusion as to the effect of such an interim non-final judgment..

## II. ARGUMENT

A judgment includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Entry of judgment, therefore, is appropriate only where a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See Parsons v. Ryan*, 949 F.3d 443, 472 (9th Cir. 2020) (quoting *United States v. Washington*, 761 F.2d 1404, 1406 (9th Cir. 1985)). "Normally, a final judgment is not entered in an action until all claims have been resolved." *Garcia v. Los Angeles Cnty.*, No. 2:20-cv-08528-JVS-KES, 2022 WL 1395323, at *2 (C.D. Cal. Mar. 21, 2022) (Selna, J.). Rule 54(b) provides a limited exception to this rule for entry of partial judgement only "if the court expressly

---

[1] A redline comparing Biosense's proposal to IH's is attached hereto as Exhibit B.

determines that there is no just reason for delay," but the Ninth Circuit has cautioned that this determination should be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).[2]

Here, a jury has determined damages, but no final judgment can issue because—as IH states in its proposed judgement and acknowledged in conferrals on May 23, 27, and 30—IH will move for injunctive relief.[3] In these circumstances, the proper course is to have a single final judgment as opposed to the piecemeal approach proposed by Plaintiff. This Court has recognized as much in similar proceedings. *See MGA Ent., Inc. v. Harris*, No. 20-cv-11548 (C.D. Cal. Oct. 20, 2024), ECF No. 1037. In *MGA*, following the jury's verdict, the Court had yet to resolve issues of equitable relief. For that reason, the Court directed the parties to meet and confer on a briefing schedule for the outstanding equitable issues and expressed a preference for a single, final judgment: "I do not wish to enter a partial judgment. I think we should simply have one judgment." *See* Transcript of Proceedings at 42:16-18, Sept. 23, 2024, *MGA Ent., Inc. v. Harris*, No. 20-cv-11548 (C.D. Cal. Oct. 20, 2024), ECF No. 1037. The situation here is identical, and the Court should proceed accordingly.

Entry of judgment on the jury's verdict, before the Court resolves IH's claim for equitable relief, will not end this litigation. Under these circumstances, courts regularly hold that any judgment on damages alone is not final. *See Harolds*

---

[2] Rule 54(b), moreover, is not applicable here because the issue before the Court arises from different remedies as opposed to multiple claims. *See* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2657 (4th ed.) ("[W]hen plaintiff is suing to vindicate one legal right and alleges several elements of damage or seeks multiple remedies, only one claim is presented and subdivision (b) does not apply.").

[3] IH will also seek attorneys' fees, and Biosense intends to renew its Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(b).

*Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541-42 (10th Cir. 1996) (holding that a "district court order that resolves claims for damages presented to a jury at trial but fails to dispose of a claim for injunctive relief before the district court does not constitute an appealable final decision . . . ."); *Premier Dealer Servs., Inc. v. Allegiance Adm'rs, LLC*, No. 22-3828, 2023 WL 2746106, at *1 (6th Cir. Mar. 10, 2023) ("Because the district court has not addressed the issues of prejudgment interest or permanent injunctive relief, there is no final order . . . ."); *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, 726 F.2d 480, 481 (9th Cir. 1984) ("In an analogous situation, we held that the determination of liability, alone, is not a final judgment . . . . The only difference here is that the injunctive relief, rather than damages, was not yet granted." (internal quotation marks and citation omitted); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 743–44 (1976) ("[W]here assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' . . . .").

Nonetheless, IH has styled its proposed order as a "Judgment" leading to potential confusion about its finality. This defect is not cured by IH's inclusion—at Biosense's request—of language stating that the order is not final for the purposes of 28 U.S.C. § 1291. IH's proposed order creates uncertainty as to the Court's intention to invoke Rule 54(b) and whether the time to appeal will begin to run on any portion of IH's claims. That uncertainty will result in the potential for multiple appeals, first with respect to entry of judgment on IH's damages, and then as to any further relief the Court grants in response to IH's request for injunctive relief. Because the same operative facts underlie both types of relief sought by IH, this creates an unnecessary risk of multiple appeals related to the same set of facts, precisely what the Federal Rules of Civil Procedure seek to avoid. *See* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2654 (4th ed.) ("The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations

at a time that best serves the needs of the litigants."). The most prudent and efficient procedure here is to defer entering any order on relief until all of Plaintiff's alleged remedies have been adjudicated.

In the alternative, and to the extent the Court decides to enter an interim order on the jury's verdict with respect to money damages only, Biosense respectfully requests that the Court enter the proposed order attached as Exhibit A to add clarity to the docket entry for the Court's non-final judgment.

## III. CONCLUSION

For the foregoing reasons, the Court should decline to enter non-final judgment and defer entry of judgment until all of Plaintiff's claims for relief have been adjudicated. The Court should further order the parties to confer and submit a proposed briefing schedule for outstanding relief and motions for the Court's approval.

DATED: May 30, 2025

STRADLING YOCCA CARLSON & RAUTH LLP

By: /s/ Karla Kraft
      Karla Kraft

PATTERSON BELKNAP WEBB AND TYLER LLP

By: /s/ William F. Cavanaugh, Jr.
      William F. Cavanaugh, Jr.

LINKLATERS LLP

By: /s/ Muhammad U. Faridi
      Muhammad U. Faridi

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Biosense Webster, Inc., certifies that this brief contains 1,233 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

Dated: May 30, 2025                    */s/ Karla Kraft*
                                                        KARLA KRAFT