Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK. P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 367-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br><br>**PLAINTIFF INNOVATIVE HEALTH LLC'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PROPOSED JUDGMENT**<br><br>Action Filed: October 18, 2019<br>Trial Date: May 6, 2025 |

1
*INNOVATIVE'S RESPONSE TO BIOSENSE'S OBJECTIONS TO PROPOSED JUDGMENT*

Biosense Webster, Inc.'s ("Biosense") principal argument is that it is "premature" to enter judgment on the verdict because Innovative Health LLC ("Innovative") intends to move for injunctive relief. To the contrary, it is appropriate to enter judgment on the special verdict now, as contemplated by FRCP 58(b)(2)(A) (requiring "prompt" entry of judgment following a special verdict). Notably, Biosense does not discuss Rule 58.

Alternatively, Biosense proposes several changes to Innovative's proposed form of judgment with the aim of further emphasizing that the judgment on the verdict is not a final, appealable judgment—a point with which Innovative does not disagree. Innovative's proposed judgment already clarifies that "[t]his Judgment is not a final decision for purposes of 28 U.S.C. § 1291 because the Court must still rule on Plaintiff's forthcoming request for injunctive relief," Dkt. 528-1 at 3:3-5, making additional language unnecessary.

To the extent the Court deems further clarification appropriate, Innovative respectfully suggests that replacing all references to "Judgment" with "Judgment on the Verdict" would achieve that clarification with greater specificity by clarifying that the judgment pertains only to the jury verdict and not the forthcoming request for injunctive relief. Alternatively, Innovative does not oppose Biosense's proposed "Non-Final Judgment" language. But Innovative does oppose addition of the phrase "Interim," because the judgment on the verdict is neither provisional nor temporary.

Further, Innovative opposes Biosense's proposal to change the form of judgment to say that the judgment is non-final not only because of Innovative's forthcoming request for injunctive relief, but also because of "other issues that may be brought before the Court." Dkt. 530-1 at 3:6-7. The only "other issues" are Innovative's motion for attorney's fees and cost of suit, and Biosense's Rule 50(b) motion. The Federal Rules of Civil Procedure are clear that neither a motion for fees and costs nor a Rule 50(b) motion should delay entry of a final judgment. *See* Fed. R. Civ. P. 58(e) ("Ordinarily, the entry of judgment may not be delayed, nor

the time for appeal extended, in order to tax costs or award fees."); Fed. R. Civ. P. 50(b) (noting that "entry of judgment" precedes the filing of a Rule 50(b) motion). The need to address permanent injunctive relief is the only reason the proposed judgment on the verdict is not a final, appealable decision under 28 U.S.C. § 1291; once that request is resolved, entry of a final appealable judgment will be appropriate.

DATED:  June 4, 2025           THEODORA ORINGHER PC

By:     */s/ Panteha Abdollahi*
        Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By:     */s/ Jeffrey L. Berhold*
        Jeffrey L. Berhold

BERGER MONTAGUE PC

By:     */s/ Joshua P. Davis*
    Joshua P. Davis
    Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By:     */s/ Andrew E. Goldsmith*
    Derek T. Ho
    Andrew E. Goldsmith
    Matthew D. Reade
    Kelley C. Schiffman
    Rachel T. Anderson
    Annamaria M. Morales-Kimball
    Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 401 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: June 4, 2025

Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

By: _/s/ Andrew E. Goldsmith_
Andrew E. Goldsmith