Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

INNOVATIVE HEALTH LLC,

Plaintiff,

vs.

BIOSENSE WEBSTER, INC.,

Defendant.

Case No. 8:19-cv-1984 JVS (KES)
Assigned for all purposes to:
Honorable James V. Selna

**PLAINTIFF'S REPLY IN SUPPORT OF APPLICATION TO THE CLERK TO TAX COSTS**

Action Filed: October 18, 2019
Trial Date: May 6, 2025

# I. INTRODUCTION

As the prevailing party in this litigation, Plaintiff Innovative Health LLC ("Innovative") requests that the Clerk tax costs pursuant to 28 U.S.C. §§ 1821, 1920, and 1923; Federal Rule of Civil Procedure 54(d); and Local Civil Rule 54.

On June 20, 2025, Innovative filed its CV_59 Application to the Clerk to Tax Costs (the "Application"). *See* Dkt. 536. On July 7, 2025, Defendant Biosense Webster, Inc. ("Biosense") filed its Objections (the "Objections"). *See* Dkt. 553. Biosense objects to two sets of costs under Local Rule 54-3.10(g): (1) document hosting and licensing fees; and (2) "search and cull" fees.

Pursuant to L.R. 54-2.3, Innovative now responds to Biosense's Objections. In summary, the "search and cull" fees are properly taxable under Local Rule 54-3.10(g) because they are "[r]easonable document preparation costs." L.R. 54-3.10. "Search and cull" is part of the cost of physically replicating hard drives and email folders in the format required by the Stipulated Protocol Governing Electronically Stored Information and Hard-Copy Documents ("ESI Protocol"). *See* Dkts. 64 & 68. Innovative does not object to reducing the taxable-costs award to remove the document-hosting and licensing fees, which were inadvertently included. Innovative therefore respectfully requests that the Clerk tax costs in the revised total amount of **$127,153.82**.

# II. ARGUMENT

## A. "Seach and Cull" Fees

28 U.S.C. § 1920(4) allows prevailing parties to recover "costs of making copies of any materials where the copies are necessarily obtained for use in the case." Local Rule 54-3.10(g) sets out the taxable costs relating to copying, specifically allowing recovery of "[t]he cost of physically replicating or reproducing material . . . in any format in which such material is required to be produced and with any required characteristics (such as metadata or manipulability) intact."

The court-ordered ESI Protocol, *see* Dkts. 64 & 68, sets forth the required characteristics for produced documents in this case. Courts have routinely recognized that the costs of copying and producing documents in compliance with the procedures agreed upon by the parties are taxable. *See, e.g.*, *Yellowstone Women's First Step House Inc. v. City of Costa Mesa*, 2020 WL 2557831, at *2 (C.D. Cal. Jan. 23, 2020) (taxing costs under Local Rule 54-3.10(g) because the challenged fees—for adding slipsheets between documents—were "explicitly required"); *DMF, Inc. v. AMP Plus, Inc.*, 2025 WL 1728687, at *8 (C.D. Cal. June 4, 2025) (sustaining objection to costs claimed under 54-3.10(g) because party "d[id] not attach any agreement or order indicating that the material had to be formatted as prepared"); *see also In re Online-DVD Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015) ("To the extent that a party is obligated to produce (or obligated to accept) electronic documents in a particular format or with particular characteristics intact (such as metadata, color, motion, or manipulability), the costs to make duplicates in such a format or with such characteristics preserved are recoverable as 'the cost of making copies . . . necessarily obtained for use in the case.'" (quoting *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013))).

The "search and cull" fees that Biosense seeks to disqualify[1] fit squarely within Local Rule 54-3.10(g) and the ESI Protocol. Broadly speaking, the ESI Protocol requires that the Producing Party replicate hard drives and email folders after applying electronic searches to ESI using agreed search terms and date ranges.

[1] Biosense objects to charges for the line item "search and cull" that appear on the following invoice numbers: (1) 23-113479, dated January 31, 2021; (2) 23-114180, dated February 22, 2021; and (3) 23-114711, dated February 28, 2021. *See* Dkt. 536-1 at PDF pages 175 (Invoice No. 23-113479); 177 (Invoice No. 23-114180); 180 (Invoice No. 23-114711). The total cost claimed as taxable for this task across these three invoices is $13,437.30.

ESI Protocol § 3.1.  For the further convenience of the parties, the ESI Protocol requires that the parties replicate the hard drives and email folders without files that are inaccessible.  *Id.* § 3.4. In other words, the ESI Protocol requires searching and culling of the hard drives and email folders as part of the process of replicating those hard drives and email folders in the agreed format with metadata and load files to allow the parties to electronically view, search, and organize the files produced in discovery.

More specifically, "search and cull" is "a front-end processing service that includes removal of system files, file extensions, file de-duplication, and password cracking."  Berhold Decl. ¶ 3.  These services are necessary to replicate the material on a hard drive or email server in native format with metadata and manipulability.  For example, de-duplication—a key part of "search and cull"—is set out explicitly as part of the parties' stipulated process for producing documents.  *See* ESI Protocol § 4 ("Processing Specifications for ESI"); *id.* § 4.1 ("De-Duplication"); *id.* § 4.2 ("E-mail Threading").  Password and encryption cracking, another component of "search and cull," is also required as a "Processing Specification" under the ESI Protocol.  *Id.* § 4.5 (requiring the parties to "use commercially reasonable efforts to address Documents that present processing or production problems (including encrypted and/or protected files)").  Finally, "search and cull" involved services related to file extensions—another aspect of production regulated by the ESI Protocol.  *See id.* § 6.5 (requiring all documents to have "the extension '.txt' suffixed"); *see* ESI Protocol Attachment A (requiring production of metadata field containing file extension in addition to file name).

Thus, the challenged "search and cull" fees costs were necessary to replicating the hard drives and email folders in the required format and with the required characteristics of the ESI Protocol.  The alternative would have been production of the hard drives and email folders themselves (or every file in those materials) and shifting that cost to the Requesting Parties.  But the parties agreed,

and the Court wisely ordered, that the Producing Parties would bear the cost of replicating the hard drives and email folders without unresponsive and unreadable files and in a format that was usable. They are "[r]easonable document preparation costs." L.R. 54-3.10. The Court should therefore tax these costs to Biosense.

**B. Hosting and Licensing Fees**

As part of its CV_59 submission, Innovative inadvertently included a single invoice containing non-taxable document-hosting and licensing fee costs, *see* Invoice No. 23-116911, dated April 30, 2021, totaling $13,792.65. Biosense objects to all charges from this invoice. *See* Objections at 3; *see also* Dkt. 536-1 at PDF page 187 (copy of invoice). As Biosense notes, at the parties' July 2, 2025 meet and confer, Innovative agreed that these costs are not taxable and were inadvertently included. Excluding these costs brings Innovative's amount claimed under Local Rule 54-3.10(g) to $77,415.21.

After subtracting $13,792.65 from Innovative's original total claimed taxable costs of $140,946.47, the revised total costs to be taxed to Biosense is: **$127,153.82**.

**III. CONCLUSION**

Innovative respectfully requests that this Court allow taxable costs totaling $127,153.82.

DATED: July 10, 2025

THEODORA ORINGHER PC

By: */s/ Panteha Abdollahi*
Panteha Abdollahi

JEFFREY L. BERHOLD, P.C.

By: */s/ Jeffrey L. Berhold*
Jeffrey L. Berhold

BERGER MONTAGUE PC

By: */s/ Joshua P. Davis*
Joshua P. Davis
Matthew Summers

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: */s/ Derek T. Ho*
Derek T. Ho
Andrew E. Goldsmith
Matthew D. Reade
Kelley C. Schiffman
Rachel T. Anderson
Annamaria M. Morales-Kimball
Sean P. Quirk

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 1,148 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED: July 10, 2025

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: */s/ Derek T. Ho*
Derek T. Ho