KARLA KRAFT
State Bar No. 205530
kkraft@stradlinglaw.com
STRADLING YOCCA CARLSON &
RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000

WILLIAM F. CAVANAUGH, JR.
State Bar No. 133461
wfcavanaugh@pbwt.com
PATTERSON BELKNAP WEBB
AND TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000

MUHAMMAD U. FARIDI
(Admitted *Pro Hac Vice*)
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 903-9000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-01984-JVS-KES<br><br>Hon. James V. Selna<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COST OF SUIT**<br><br>Date: August 11, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. James V. Selna<br>Courtroom: 10C<br><br>Complaint Filed: October 18, 2019<br>Trial Date: May 6, 2025 |

- 1 -

# **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................6

II.   STANDARD OF REVIEW ...................................................................7

III.  ARGUMENT ..........................................................................................7

      A.    The Court Should Apply a Percentage Reduction to Block-Billed Time Entries. ..................................................................7

            1.    Kellogg Hansen ................................................................9

            2.    Mr. Berhold.....................................................................11

            3.    Theodora Oringher..........................................................12

            4.    Berger Montague ............................................................13

            5.    IH cannot justify the pervasive use of block billing in its attorneys' time records ...................................................14

      B.    The Requested Fees Should Be Reduced to Account for Vague Time Entries...................................................................16

      C.    The Court Should Exclude or Reduce Fees for Certain Additional Excessive Time Entries............................................17

      D.    Mr. Berhold's Out-of-Pocket Expenses Should Be Reduced Because He Has Failed to Adequately Document the Reasonableness of the Expenditures...................................19

IV.   CONCLUSION ...................................................................................21

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Balboa Cap. Corp. v. JAAM Transp. LLC*,
   No. 22-CV-01857-JVS-DFM, 2024 WL 3466476
   (C.D. Cal. June 3, 2024) (Selna, J.)..................................................*passim*

*Banas v. Volcano Corp.*,
   47 F. Supp. 3d 957 (N.D. Cal. 2014)..................................................16, 17

*Bonner v. Fuji Photo Film*,
   No. 06-CV-04374-CRB, 2008 WL 410260
   (N.D. Cal. Feb. 12, 2008) ..........................................................................8

*ConsumerDirect, Inc. v. Pentius, LLC*,
   No. 21-CV-01968-JVS-ADS, 2024 WL 3914672
   (C.D. Cal. Aug. 6, 2024) ...........................................................7, 8, 14, 17

*Dang v. Cross*,
   422 F.3d 800 (9th Cir. 2005) ....................................................................19

*Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ....................................................................7

*Gonzalez v. City of Maywood*,
   729 F.3d 1196 (9th Cir. 2013) ....................................................................7

*Grove v. Wells Fargo Fin. California, Inc.*,
   606 F.3d 577 (9th Cir. 2010) ....................................................................19

*Hargis v. Pacifica Senior Living Mgmt. LLC*,
   No. 22-CV-6989-MCS-PDX, 2025 WL 1140158
   (C.D. Cal. Mar. 4, 2025).............................................................................7

*Hawthorne v. Umpqua Bank*,
   No. 11-CV-06700-JST, 2015 WL 1927342
   (N.D. Cal. Apr. 28, 2015).........................................................................19

*Krapf v. Nationwide Credit, Inc.*,
   No. 09-CV-00711-JVS, 2010 WL 4261444
   (C.D. Cal. Oct. 21, 2010)..........................................................................18

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

*Lahiri v. Universal Music & Video Distrib. Corp.*,
   606 F.3d 1216 (9th Cir. 2010)....................................................................9

*Mfg. Automation & Software Sys., Inc. v. Hughes*,
   No. 16-CV-8962-CAS, 2018 U.S. Dist. LEXIS 237227
   (C.D. Cal. Sept. 18, 2018) .........................................................................8

*Pierce v. County of Orange*,
   905 F. Supp. 2d 1017 (C.D. Cal. 2012)..............................................8, 14

*Santiago v. Equable Ascent Fin.*,
   No. 11-CV-3158-CRB, 2013 WL 3498079
   (N.D. Cal. July 12, 2013) ........................................................................16

*Sigma Enters., LLC v. Alluring Deals, LLC*,
   No. 17-CV-1074, 2017 WL 10439659 (C.D. Cal. Nov. 15, 2017)..........16

*Spitz Techs. Corp. v. Nobel Biocare USA LLC*,
   No. 17-CV-00660, 2018 WL 6016149 (C.D. Cal. Aug. 13, 2018)........6, 7

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.*,
   No. 14-CV-01664-JVS-DFM, 2023 WL 8263365 (C.D. Cal. Nov. 17,
   2023)...........................................................................................................8

*Trs. of the Constr. Indus. and Laborers Health and Welfare Tr. v.
   Redland Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006)...................................19

*Twin City Sportservice, Inc. v. Charles O. Finley & Co.*,
   676 F.2d 1291 (9th Cir. 1982)....................................................................7

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
   No. 08-CV-1085 JVS-AJW, 2009 WL 10655841
   (C.D. Cal. Sept. 29, 2009) .........................................................................8

*United States v. Allergan, Inc.*,
   No. V18-CV-203-JVS-KES, 2023 WL 4754637
   (C.D. Cal. July 24, 2023).....................................................................9, 15

*United States v. J-M Mfg. Co.*,
   No. 06-CV-55-GW-PJW, 2025 WL 1148344
   (C.D. Cal. Mar. 13, 2025)......................................................................8, 9

-4-

*Velazquez v. Costco Wholesale Corp.*,
No. 11-CV-00508-JVS-RNB, 2013 WL 12171747
(C.D. Cal. Mar. 11, 2013)....................................................................19, 20

*Vogel v. Harbor Plaza Ctr., LLC*,
893 F.3d 1152 (9th Cir. 2018) ....................................................................6

*Welch v. Metro. Life Ins. Co.*,
480 F.3d 942 (9th Cir. 2007) ..................................................................7, 8

*Zeigler v. Cnty. of San Luis Obispo*,
No. 17-CV-9295-MWF, 2023 WL 3432238 (C.D. Cal. Mar. 1, 2023)...16

**Statutes**

15 U.S.C. § 15(a)......................................................................................6

Cal. Bus. & Prof. Code § 16750(a) ...........................................................7

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

# I.    INTRODUCTION

Plaintiff Innovative Health LLC's ("IH") motion does not support an award of more than $19 million in attorney's fees and up to $2,136,837.69 in out-of-pocket expenses for the work of 30 timekeepers, including 16 lawyers. As described below, IH and its four law firms have not met their burden of providing "adequate documentation of services rendered." *Spitz Techs. Corp. v. Nobel Biocare USA LLC*, No. 17-CV-00660, 2018 WL 6016149, at *4 (C.D. Cal. Aug. 13, 2018), *aff'd*, 773 F. App'x 625 (Fed. Cir. 2019). Their time records are replete with block-billed and vague entries. Courts—including this one—routinely hold that such entries are grounds for reducing a fee award, often in cases that involve far more modest fee requests for far fewer timekeepers.

Given the size of the award IH seeks here, it is particularly crucial that the Court discharge its "duty to ensure that claims for attorneys' fees are reasonable." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) (emphasis omitted). Counsels' consistent block billing and vague time entries across IH's voluminous time records frustrate this Court's ability to determine their reasonableness. Biosense Webster, Inc. ("Biosense"), moreover, has identified instances of an attorney billing more than $1000 per hour for what appears to be clerical work, and, in at least one instance, an attorney billing nearly $6000 for what appears to be work on a completely unrelated case. Block billing and vague time entries make issues like these more difficult to detect, further supporting the need for a reduction in the fee award.

In addition, IH requests over $700,000 in costs that are supported with nothing more than a handful of tables summarizing, without itemizing, categories of expenses on a monthly basis. This basic failure of recordkeeping likewise frustrates any principled analysis of these costs for reasonableness.

The Court should reduce IH's fee and cost award as detailed below.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

## II.    STANDARD OF REVIEW

The Clayton Act provides for an award of "the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15(a).  Similarly, the Cartwright Act provides for "a reasonable attorneys' fee together with the costs of the suit." Cal. Bus. & Prof. Code § 16750(a).  The amount of fees deemed reasonable "is within the discretion of the trial court." *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1312 (9th Cir. 1982).  The party moving for fees bears "the burden of documenting the appropriate hours expended in the litigation." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *Spitz*, 2018 WL 6016149, at *4.  District courts may reduce the fee award where the billing records contain "insufficiently descriptive entries, reflect block billing, or billing in large time increments." *Hargis v. Pacifica Senior Living Mgmt. LLC*, No. 22-CV-6989-MCS-PDX, 2025 WL 1140158, at *3 (C.D. Cal. Mar. 4, 2025) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947-48 (9th Cir. 2007)). Further, "[a] district court should exclude entries for hours that are 'excessive, redundant, or otherwise unnecessary.'" *ConsumerDirect, Inc. v. Pentius, LLC*, No. 21-CV-01968-JVS-ADS, 2024 WL 3914672, at *5 (C.D. Cal. Aug. 6, 2024) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)).

## III.   ARGUMENT

### A.    The Court Should Apply a Percentage Reduction to Block-Billed Time Entries.

Each of the law firms for which IH seeks attorney's fees employ block billing throughout their time records, and the Court should reduce the fee awarded for those entries.  *See* ECF No. 551-3 ("Davis Decl."), Ex. B; ECF No. 551-4 ("Berhold Decl."), Ex. B; ECF No. 551-5 ("Abdollahi Decl."), Ex. B; ECF No. 557 ("Ho Decl."), Ex. B.

-7-

1    As this Court has explained, block billing "is the practice of listing several
2    unrelated tasks under one time period, without specifying the time spent on each
3    task." *Balboa Cap. Corp. v. JAAM Transp. LLC*, No. 22-CV-01857-JVS-DFM,
4    2024 WL 3466476, at *5 (C.D. Cal. June 3, 2024) (Selna, J.).  Time entries with
5    "list[s] of unrelated tasks lumped together, often into a several-hour long
6    window" constitute "textbook block billing." *Id.* at *6.  Block billing is
7    "discouraged as it makes it more difficult for the court to determine whether the
8    time spent on particular tasks was reasonable." *Id.* at *5 (internal quotation
9    marks and citation omitted); *see Welch*, 480 F.3d at 948.  This is because "block
10    billing itself is symptomatic of excessive billing." *Balboa Cap. Corp.*, 2024 WL
11    3466476, at *5 (quoting *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, No. 08-
12    CV-1085 JVS-AJW, 2009 WL 10655841, at *2 (C.D. Cal. Sept. 29, 2009)).

13    Accordingly, "courts in this district have found across-the-board reduction
14    appropriate for block-billed hours because 'these entries run the risk the time
15    spent was inflated, even if only slightly, and do not allow the Court to precisely
16    determine whether the time devoted to each individual task was reasonable.'"
17    *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. 16-CV-8962 CAS-KS,
18    2018 U.S. Dist. LEXIS 237227, at *14 (C.D. Cal. Sept. 18, 2018) (quoting
19    *Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1030-31 (C.D. Cal. 2012)).
20    "The Ninth Circuit has cited approvingly an advisory opinion from the
21    California State Bar that found block-billing 'hides accountability and may
22    increase time by 10% to 30%.'"  *United States v. J-M Mfg. Co.*, No. 06-CV-55-
23    GW-PJW, 2025 WL 1148344, at *27 (C.D. Cal. Mar. 13, 2025), *appeal
24    docketed*, No. 25-2499 (9th Cir. Apr. 17, 2025); *see Welch*, 480 F.3d at 948
25    (citing The State Bar of California Committee on Mandatory Fee Arbitration,
26    Arbitration Advisory 03–01 (2003)).

27

28

-8-

Courts in this district—including this Court—routinely cut block-billed time by as much as 30%.  *See, e.g.*, *Balboa Cap. Corp.*, 2024 WL 3466476, at *6  (reducing block-billed entries by 20%); *ConsumerDirect*, 2024 WL 3914672, at *6 (reducing block-billed entries by 20%); *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No. 14-CV-01664-JVS-DFM, 2023 WL 8263365, at *13 (C.D. Cal. Nov. 17, 2023) (Selna, J.) (reducing block-billed entries by 30%), *appeal docketed*, No. 23-4257 (9th Cir. Dec. 19, 2023); *Bonner v. Fuji Photo Film*, No. 06-CV-04374-CRB, 2008 WL 410260, at *3 (N.D. Cal. Feb. 12, 2008) (reducing time across the board by 30% where 60% of entries were block-billed).  Another court in this Circuit recently ordered a 33% reduction in all block-billed entries, because the practice "rendered impossible any attempt at a precise reasonableness review of 63% of" the relevant fee request.  *J-M Mfg.*, 2025 WL 1148344, at *28.  And the Ninth Circuit has held that a reduction of 30% for block billing was "a reasoned exercise of discretion." *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1223 (9th Cir. 2010).

This Court should do the same here to ensure any fee award to IH is reasonable and not unduly inflated.  Kellogg Hansen, Mr. Jeffrey L. Berhold, and Theodora Oringher all employ block billing throughout their submitted time entries, and Berger Montague also employs block billing in the instances identified herein.  *See generally* Ho Decl. Ex. B; Berhold Decl. Ex. B; Abdollahi Decl. Ex. B; Davis Decl. Ex. B.  Given the pervasive nature of the block billing at issue, the Court should reduce all block-billed entries, as set forth in Exhibits B through E of the Declaration of William F. Cavanaugh ("Cavanaugh Decl."), by 30%.

### 1.    Kellogg Hansen

Kellogg Hansen submitted time entries totaling 12,901.1 hours spread across 19 timekeepers.  *See* Ho Decl. Ex. B.  Nearly all of those timekeepers

-9-

block billed their time.[1]  Specifically, excluding entries less than or equal to one hour, Kellogg Hansen impermissibly block billed 10,281.6 of the 12,901.1 hours it submitted.[2]  IH requests a total of $9,158,094.50 for those block-billed entries.  *See* Cavanaugh Decl. Ex. B.  And this was the case even when Kellogg Hansen's timekeepers billed up to 19 hours in a 24-hour period.  For example:

- **Kellogg Hansen time entry number 1957 for Rachel T. Anderson dated May 15, 2025, for 19.6 hours of time:**  "Attend trial; confer with opposing counsel regarding L. Wu demonstrative; argue objections to L. Wu demonstrative; assist and serve as second-chair to L. Wu cross examination; attend daily trial team meeting; review all admitted exhibits; draft closing argument; draft closing argument slides with A. Morales-Kimball; review final jury instructions from Judge Selna; incorporate instructions into final closing argument and presentation."  Ho Decl. Ex. B at 231.

- **Kellogg Hansen time entry number 179 for Matthew D. Reade, dated October 15, 2024, for 7.6 hours of time:**  "Email E. McClellan regarding expert reports; draft reply in support of Innovative's motion to require production of new catheter data; draft witness preparation materials for

---

[1] Biosense used this Court's recent decisions as a guide for its review of the time records.  Entries that list "several unrelated tasks under one time period, without specifying the time spent on each task" are considered impermissible block-billing.  *Balboa Cap. Corp.*, 2024 WL 3466476, at *5.  But entries in which (1) "all actions listed are related to the same underlying task, and (2) there is "sufficient specificity for courts to discern whether the time spent performing tasks was reasonable" are considered "permissible" block billing.  *United States v. Allergan, Inc.*, No. 18-CV-203-JVS-KES, 2023 WL 4754637, at *5 (C.D. Cal. July 24, 2023).  Biosense proposes reductions in time only in instances of "impermissible" block billing.

[2] "Courts in the Ninth Circuit generally reduce entries exceeding one hour which lists several unrelated tasks."  *Balboa Cap. Corp.*, 2024 WL 3466476, at *6 (collecting cases).

-10-

R. Ferreira and L. Thording; participate in meetings with K. Schiffman, D. Ho, and others regarding trial preparation; telephone call with C. Sella and D. Fialkowski regarding document review database; email E. McClellan regarding expert reports and November hearing on Innovative's motion to compel; email Consilio team regarding document review database." Ho Decl. Ex. B at 18.

- **Kellogg Hansen time entry number 821 for Annamaria M. Morales-Kimball, dated January 23, 2025, for 8.3 hours of time:** "Draft M. Snider direct exam outline; review mock jury exercise; opposition research; attention to correspondence." Ho Decl. Ex. B at 81.

- **Kellogg Hansen time entry number 1230 for Kelley C. Schiffman, dated March 6, 2025, for 7 hours of time:** "Draft and finalize mediation statement; conversation with J. Davis regarding Berger Montague role at trial; conversation with expert team regarding damages calculation; review D. Distel exhibits; internal meeting regarding motions in limine and other outstanding workstreams." Ho Decl. Ex. B at 129.

Entries of this type are what this Court has described as "textbook block billing." *Balboa Cap. Corp.*, 2024 WL 3466476, at *6.

### 2. Mr. Berhold

Like Kellogg Hansen, Mr. Berhold also consistently block billed his time, with single daily entries often accounting for multiple tasks over large chunks of time. Specifically, excluding entries under or equal to one hour, Mr. Berhold impermissibly block billed 2189.9 of the 3918.5 hours he submitted. IH requests a total of $2,605,981.00 for those block-billed entries. *See* Cavanaugh Decl. Ex. D. For example:

- **For June 15, 2021, Mr. Berhold recorded 9.5 hours of time as follows:** "Telephone conference with third party. Review Biosense documents.

-11-

Prepare schedule for deposition of corporate representative. Prepare objections to deposition of corporate representative." Berhold Decl. Ex. B at 19.

- **For January 7, 2024, Mr. Berhold recorded 5.6 hours of time as follows:** "Review expert report. Research case law. Identify issues for supplemental discovery. Telephone conference with D. Distel." Berhold Decl. Ex. B at 32.

- **For February 18, 2025, Mr. Berhold recorded 11.6 hours of time as follows:** "Telephone conference with co-counsel. Telephone conference with K. Schiffman. Telephone conference with D. Distel. Interview J. Farris. Telephone conference with R. Ferreira. Telephone conference with opposing counsel. Review draft rebuttal report. Review records on Abbott deposition.." Berhold Decl. Ex. B at 48.

- **For May 6, 2025, Mr. Berhold recorded 13.3 hours of time as follows:** "Prepare for trial. Attend trial. Prepare for trial." Berhold Decl. Ex. B at 53.

### 3.    Theodora Oringher

Theodora Oringher's time entries, like Mr. Berhold's and Kellogg Hansen's, employ block billing throughout. Specifically, excluding entries under or equal to one hour, Theodora Oringher impermissibly block billed 449 of the 761.2 hours it submitted. IH requests a total of $460,225.00 for those block-billed entries. *See* Cavanaugh Decl. Ex. E. For example:

- **On December 20, 2021, Ms. Panteha Abdollahi recorded 3.8 hours of time as follows:** "COORDINATE DELIVERY OF CHAMBERS COPY OF DECLARATION TO FILE UNDER SEAL; REVIEW THIRD PARTY ABBOTT LABORATORIES' APPLICATION FOR LEAVE TO FILE THIRD PARTY STATEMENT REQUESTING REDACTION OF

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

DOCUMENTS; REVIEW BOSTON SCIENTIFIC'S DECLARATION IN SUPPORT OF APPLICATION TO FILE UNDER SEAL; REVIEW AND ANALYZE SUMMARY JUDGMENT PAPERS AND ACCOMPANYING DOCUMENTS." Abdollahi Decl. Ex. B at 33.

- **On February 20, 2025, Ms. Abdollahi recorded 5.5 hours of time as follows:** "LEGAL RESEARCH AND ANALYSIS OF JUDGE SELNA TRIAL PROCEDURES AND RULES; REVIEW AND COMMENT ON DRAFT OF WITNESS TRIAL SUBPOENA; PREPARE EMAIL MEMORANDUM TO TEAM RESPONDING TO TRIAL PROCEDURE QUESTIONS RELATED TO HEARSAY, OPENING STATEMENTS, AND DEPOSITION OBJECTIONS; REVIEW CORRESPONDENCE AND WITNESS LISTS FOR INNOVATIVE AND BIOSENSE; EXCHANGE TEAM EMAIL CORRESPONDENCE REGARDING WITNESS PREPARATION AND TRIAL TIME; REVIEW DRAFT EMAIL CORRESPONDENCE REGARDING BIOSENSE'S DISCLOSURE OF NEW WITNESSES." Abdollahi Decl. Ex. B at 79.

### 4. Berger Montague

Berger Montague did not apply block billing as consistently as its co-counsel, but where it did, its time should also be reduced by 30% for the same reasons detailed *supra*. For example, over the course of three months in 2025, Mr. Joshua P. Davis repeatedly billed substantial portions of a workday—up to 6.9 hours at times—with the same or substantially similar description: "Prep expert testimony; research law and evidence re JMOL and appeal." *See* Davis Decl. Ex. B at 66, 69-74 (Berger Montague entry numbers 1391, 1392, 1394, 1466, 1487, 1492, 1497, 1503, 1522, 1524, 1526, 1529, 1541, 1543, 1544, 1560, 1563, 1568, 1586, 1589, 1594, 1623, and 1633). Excluding entries under or equal to one hour, Berger Montague impermissibly block billed 478.5 of the

-13-

2884.2 hours it submitted, and IH requests a total of $500,213.00 for those block-billed entries.  *See* Cavanaugh Decl. Exhibit C.

### 5.    IH cannot justify the pervasive use of block billing in its attorneys' time records.

IH tries to explain away the block billing throughout its attorneys' submissions through the declaration of Richard M. Pearl, who asserts he is an expert in attorney's fees and litigation costs.  *See* ECF No. 551-1 ("Pearl Decl.").  Mr. Pearl offers his opinion that the Court should look past the pervasive block billing in the time entries submitted by IH's attorneys because (1) other courts have looked past block billing; (2) the entries in question are "very detailed"; (3) there is no need to apportion time between claims or parties in this case; and (4) "many" of the block-billed entries occur during periods of intense trial preparation.  Putting aside IH's attempt to replace the Court's sound discretion and experience with the opinion of its own would-be "expert," Mr. Pearl's opinions fall flat because they are both inconsistent with courts' treatment of fee applications like IH's and largely unmoored from the records presented by IH here.

***First***, as discussed *infra*, many of the block-billed time entries are not, as characterized by Mr. Pearl, "very detailed." *Id.* ¶ 57; *see, e.g.*, Ho Decl. Ex. B at 22 (Kellogg Hansen time entry 255:  13.3 hours billed by Mr. Ho for "Review documents; meet with client."); Berhold Decl. Ex. B at 15 (Berhold time entry dated Jan. 23, 2021:  11.4 hours billed for "Review documents. Analyze data."). In any case, even if some of the entries Biosense challenges as block-billed describe each task "as if [it] had been listed separately," that does not solve the problem this Court has identified with such entries, because "even such detailed entries in block-billed form 'run the risk that the time spent was inflated, even if only slightly, and do not allow the Court to precisely determine whether the time

devoted to each individual task was reasonable.'" *ConsumerDirect*, 2024 WL 3914672, at *6 (quoting *Pierce*, 905 F. Supp. 2d at 1030-31). For example, just last year in a case in which this Court applied a percentage-based fee reduction to block-billed entries, the Court cited as an example a three-hour time entry that stated, "[c]all with joint defense counsel regarding discovery issues; attention to emails; review, edit sanctions motion; client emails; prepare for discovery conference; litigation team meeting." *Id.* at *7. That is exactly the sort of entry that Mr. Pearl opines is proper here.

**Second**, contrary to Mr. Pearl's attempted sleight of hand, this Court has made clear that block billing remains a problem even where there is no need to apportion time between claims or parties. *See, e.g.*, *Balboa Cap. Corp.*, 2024 WL 346476 (applying a 20% reduction to block-billed time entries in single-defendant case where the Court granted summary judgment on all of plaintiff's claims and dismissed all of defendant's counterclaims).

**Third**, it is not the case that counsel only (or primarily) block billed in the final months leading up to and during the trial in this matter, as Mr. Pearl seems to suggest. Rather, as shown in Exhibits B, D, and E to the Cavanaugh Declaration, three of the four law firms that submitted time entries—including Kellogg Hansen, whose work accounts for over 85% of the total hours claimed by IH—block billed throughout the entirety of their engagement on this matter. *See, e.g.*, Ho Decl. Ex. B at 10 (entry number 93, dated September 26, 2024, billing 4.2 hours for "Coordinate Scottsdale visit; review and edit J. Berhold's proposed witness list and exchanges with Biosense over supplemental production; telephone call with J. Berhold regarding follow-up from September 24 meeting; draft agenda for October 1 meeting; review deposition and exhibits associated with potential witness D. Distel."); *id.* at 49 (entry number 482, dated December 5, 2024, billing 9.3 hours for "Draft Innovative presentation for mock

-15-

jury exercise; confer with D. Ho and others regarding crafting analogy; confer

with Innovative team regarding document review, deposition schedule, and

mock jury exercise; review previous mock jury materials and background

Biosense materials."); *id.* at 94 (entry number 954, dated February 7, 2025,

billing 10.5 hours for "Analyze depositions for designation; travel for witness

preparation; draft demonstratives; attention to correspondence.").

Approximately 80% of Kellogg Hansen's time entries reflect impermissible

block billing.  *See* Cavanaugh Decl. Ex. B.

### B.    The Requested Fees Should Be Reduced to Account for Vague Time Entries.

Other time entries presented for review are "'too vague for the Court to

determine' whether the party spent a reasonable amount of time on the tasks."

*Allergan, Inc.*, 2023 WL 4754637, at *6 (quoting *Santiago v. Equable Ascent

Fin.*, No. 11-CV-3158-CRB, 2013 WL 3498079, at *5 (N.D. Cal. July 12,

2013)).  Courts may completely exclude vague entries or apply a percentage

reduction.  *See Sigma Enters., LLC v. Alluring Deals, LLC*, No. 17-CV-1074-

DOC, 2017 WL 10439659, at *12 (C.D. Cal. Nov. 15, 2017) ("[V]ague entries

will not be included in the fee award." (citation omitted)); *Zeigler v. Cnty. of

San Luis Obispo*, No. 17-CV-9295, 2023 WL 3432238, at *7-8 (C.D. Cal. Mar.

1, 2023) (applying a percent reduction based on the number of vague billing

entries); *Santiago*, 2013 WL 3498079, at *5 (explaining that "[w]ork entries are

inadequately vague when the district court is unable to discern how the time

spent is attributable to the case at hand" and deducting billed hours with vague

entries).  Further, courts may apply a percentage reduction for vague and

otherwise deficient entries in addition to a percentage reduction for block

billing.  *See Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014)

("[T]he vagueness of Cooley's entries, in combination with other deficiencies

-16-

discussed above and throughout this order, demonstrates both the appropriateness of the 20% block-billing reduction and the modest further 5% reduction for other billing deficiencies.").

Exhibits B through E to the Cavanaugh Declaration identify vague entries in the time submitted by each of IH's law firms. Examples include:

- Kellogg Hansen time entry number 1559, dated April 9, 2025 (billing 7 hours for "Trial preparation."). Ho Decl. Ex. B at 173.
- Berger Montague time entry number 676, dated May 1, 2024 (billing 3.7 hours for "Draft brief"). Davis Decl. Ex. B at 40.
- Jeffrey Berhold time entry dated January 23, 2021, (billing 11.4 hours for "Review documents. Analyze data."). Berhold Decl. Ex. B at 15.

The Court should reduce the time entries identified as vague as follows: The lodestar for vague entries that are not subject to a reduction for block billing should be reduced by 30%. If a vague entry is already subject to a reduction for being block billed, the lodestar should be subject to an additional 5% reduction, for a total 35% reduction.[3] *See Banas*, 47 F. Supp. 3d at 969. Calculations based on this formula are set forth in Exhibits B through E to the Cavanaugh Declaration submitted herewith.

**C.    The Court Should Exclude or Reduce Fees for Certain Additional Excessive Time Entries.**

The Court should also exclude or reduce certain additional entries that are unreasonable. *See ConsumerDirect*, 2024 WL 3914672, at *5 ("A district court should exclude entries for hours that are 'excessive, redundant, or otherwise unnecessary.'").

---

[3] This necessarily will only apply to entries that are over one hour. *See supra* at 10 n.2.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

***First***, entry 1011 of Berger Montague's records seems to reflect time billed on a different matter altogether, erroneously attributed to this case. That 4.2-hour entry from Mr. Davis, reads "Prep for Elhauge depo prep." Davis Decl. Ex. B at 52. Berger Montague seeks $5,712.00 in fees for this time. *Id.* The name "Elhauge" is not a name that was ever associated with a deponent (or potential deponent) in this case to the best of Biosense's knowledge, and only one deposition—that of Mr. Vincent Thomas—was taken in 2024. Accordingly, the Court should exclude that entry in its entirety. *See* Cavanaugh Decl. Ex. C.

***Second***, from April 22 through May 16, 2025 (prior to and during trial), Kellogg Hansen billed between 10 and 17 hours daily (with the exception of one day, where it billed 6.5 hours) for an "IT Specialist," with descriptions of the work performed that simply read "Provide IT support for trial team" or "Provide Information Technology support for trial team." Ho Decl. Ex. B at 193, 195, 197-99, 201-02, 204-05, 207, 210-11, 213, 216-17, 219, 221-22, 224-25, 227, 229-30, 232-33. The same timekeeper billed work with a similar description on April 18 and 21, for over 7 hours on each of those days. *Id.* at 187, 191. While this is another example of opaque billing, this time appears to reflect periods during which Kellogg Hansen's IT Specialist was on call and on site. But this amount of time cannot have plausibly been spent on actually performing the vague task described. These entries should be reduced by 50%, reducing Kellogg Hansen's lodestar by a further $36,920.00. *See* Cavanaugh Decl. Ex. B.

***Third***, in several instances Theodora Oringher billed time for a partner, at a rate of $1,025, to complete what appear to be clerical tasks. Ms. Abdollahi's time includes tasks (typically subsumed within longer block-billed entries) such as "COORDINATE DELIVERY OF CHAMBERS COPIES OF UNDER SEAL FILINGS," *see, e.g.*, Abdollahi Decl. Ex. B. at 37 (Jan. 25, 2022 entry), and "COORDINATE CERTIFICATE OF SERVICE OF UNDER SEAL FILINGS,"

-18-

*see, e.g.*, *id.* at 36 (Jan. 19, 2022 entry).  Courts consider tasks "such as electronic filing, organization and scanning of documents, calendaring, and preparing proofs of service" to be clerical, and fees are not properly awarded when such work is completed by attorneys, especially partners billing over $1,000 per hour.  *Krapf v. Nationwide Credit, Inc.*, No. 09-CV-00711-JVS, 2010 WL 4261444, at *5 (C.D. Cal. Oct. 21, 2010).

As noted, the majority of these entries are subsumed within block-billed entries.  As with vague entries, the Court should reduce the time entries for clerical work completed by attorneys as follows:  The lodestar for clerical entries that are not subject to a reduction for block billing should be reduced by 30%.  If a clerical entry is already subject to a reduction for being block billed, the lodestar should be subject to an additional 5% reduction, for a total 35% reduction.[4]  Calculations based on this formula are set forth in Exhibit E to the Cavanaugh Declaration submitted herewith.

**D.** **Mr. Berhold's Out-of-Pocket Expenses Should Be Reduced Because He Has Failed to Adequately Document the Reasonableness of the Expenditures.**

Finally, Mr. Berhold requests $716,801.73 to $730,239.03 in "unreimbursed costs and expenses."  To be sure, a party may recover its counsel's out-of-pocket expenses as part of an award of attorney's fees to the extent it is "'the prevailing practice in a given community' for lawyers to bill those costs separate from their hourly rates." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (quoting *Trs. of the Constr. Indus. and*

---

[4] The Court should order this reduction notwithstanding the fact that Theodora Oringher opted not to include paralegal time expended on this case in its application.  Because of the pervasive use of block billing here, it is impossible to tell whether the amount of time Ms. Abdollahi spent on these tasks is reasonable for an attorney billing at a high rate.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

*Laborers Health and Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006)).  But, like attorney's fees, such expenses are only "recoverable when reasonable."  *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).  For that reason, the Court must have adequate information to assess the reasonableness of the expenses claimed.  *See Velazquez v. Costco Wholesale Corp.*, No. 11-CV-00508-JVS-RNB, 2013 WL 12171747, at *5-6 (C.D. Cal. Mar. 11, 2013) (Selna, J.) (reducing claimed research and copying costs by 25% where the entries provided for those tasks were "not sufficiently specific so that [the Court] may evaluate their reasonableness").  "To support an expense award, Plaintiffs should file an itemized list of their expenses by category and the total amount advanced for each category in order for the Court to assess whether the expenses are reasonable."  *Hawthorne v. Umpqua Bank*, No. 11-CV-06700-JST, 2015 WL 1927342, at *6 (N.D. Cal. Apr. 28, 2015).

Here, Mr. Berhold provides only a handful of month-by-month expense summaries (of his own creation), with his expenses divided into broad categories, as evidence of the purported reasonableness of the over $700,000 he claims.  *See* Berhold Decl. Ex. C.  With the exception of the chart reflecting travel—which itself merely divides the monthly costs sought among the general categories of flights, ground travel, lodging, and meals, without supporting documentation—these records reflect very little about the specific services rendered.  *Id.*  For example, Mr. Berhold simply provides a monthly tally of his asserted "document discovery" costs.  *Id.*  He  does not provide any backup documentation for these summary charts, such as bills or invoices, and (unlike his co-counsel) he did not provide an itemized list of the costs that comprise these charts.  *Id.*[5]

---

[5] While some of the bills for the discovery charges he claims were included as part of IH's separate application for taxable costs (but were not submitted as part of the instant application), many were not.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

Accordingly, the Court should apply a percentage reduction of 25% to Mr. Berhold's claimed expenses, *see Velazquez*, 2013 WL 12171747, at *5-6, reducing his expenses by $179,200.432 or $182,559.76 (depending on the Court's disposition of Biosense's Objection to IH's Application for Taxable Costs).[6]

## IV.   CONCLUSION

For the foregoing reasons, the Court should reduce the fees awarded to IH's counsel to account for block-billed, vague, and otherwise excessive or improper time, as set forth more fully in Exhibits A through E of the Cavanaugh Declaration and summarized as follows:

- **Reduce Kellogg Hansen's lodestar by <u>$2,838,046.28</u>, for a total award of <u>$8,221,003.72</u>.**
- **Reduce Berger Montague's lodestar by <u>$237,158.40</u>, for a total award of <u>$2,387,842.60</u>.**
- **Reduce Mr. Berhold's lodestar by <u>$917,519.75</u>, for a total award of <u>$3,745,495.25</u>.**
- **Reduce Theodora Oringher's lodestar by <u>$155,641.13</u>, for a total award of <u>$624,588.87</u>.**

In addition, the Court should reduce the expenses awarded to Mr. Berhold by $71,680.17 or $73,023.90 (depending on the Court's disposition of Biosense's Objection to IH's Application for Taxable Costs), for a total expense award of $537,601.30 or $547,679.27.

---

[6] Biosense has previously objected to certain costs claimed as taxable by IH in its Application to Tax costs, totaling $13,437.30. If the Court finds that those costs are not recoverable as taxable costs, IH would request recovery of those costs as reasonable out-of-pocket litigation expenses. *See* ECF No. 551 at 20-21 n.*.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

**TOTAL CORRECTED FEES TO BE AWARDED:  <u>$14,978,930.46</u>**

**TOTAL CORRECTED EXPENSES TO BE AWARDED:  <u>$537,601.30</u> or**

**<u>$547,679.27</u>**

DATED: July 17, 2025                    STRADLING YOCCA CARLSON & RAUTH LLP

By: <u>*/s/  Karla Kraft*</u>
        Karla Kraft

PATTERSON BELKNAP WEBB AND TYLER LLP

By: <u>*/s/   William F. Cavanaugh, Jr.*</u>
        William F. Cavanaugh, Jr.

LINKLATERS LLP

By: <u>*/s/  Muhammad U. Faridi*</u>
        Muhammad U. Faridi

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Defendant Biosense Webster, Inc., certifies that this brief contains 5,555 words, which:

☒ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

Dated: July 17, 2025

/s/ Karla Kraft_____
KARLA KRAFT

DEFENDANT'S OPP. TO PLAINTIFF'S MOT. FOR ATTORNEY'S FEES AND COST OF SUIT