Panteha Abdollahi, Esq.
State Bar No. 230002
pabdollahi@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Jeffrey L. Berhold, Esq.
Admitted *Pro Hac Vice*
jeff@berhold.com
JEFFREY L. BERHOLD, P.C.
1230 Peachtree Street, Suite 1050
Atlanta, Georgia 30309
Telephone: (404) 872-3800
Facsimile: (678) 868-2021

Joshua P. Davis, Esq.
State Bar No. 193254
jdavis@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Suite 625
San Francisco, California 94111
Telephone: (415) 906-0684

Derek T. Ho, Esq.*
Andrew E. Goldsmith, Esq.*
Matthew D. Reade, Esq.*
Kelley C. Schiffman, Esq.
State Bar No. 325023
Rachel T. Anderson, Esq.*
Annamaria M. Morales-Kimball, Esq.*
Sean P. Quirk, Esq.*
*Admitted *Pro Hac Vice*
dho@kellogghansen.com
agoldsmith@kellogghansen.com
mreade@kellogghansen.com
kschiffman@kellogghansen.com
randerson@kellogghansen.com
amoraleskimball@kellogghansen.com
squirk@kellogghansen.com
KELLOGG, HANSEN, TODD,
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Plaintiff
INNOVATIVE HEALTH LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INNOVATIVE HEALTH LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BIOSENSE WEBSTER, INC.,<br><br>Defendant. | Case No. 8:19-cv-1984 JVS (KES)<br>Assigned for all purposes to:<br>Honorable James V. Selna<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT**<br><br>Action Filed: October 18, 2019<br>Trial Date: May 6, 2025<br><br>Date: August 11, 2025<br>Time: 1:30 p.m.<br>CRTRM: 10C |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................... 7

II.   ARGUMENT ................................................................................ 10

   A.   Innovative's Hours and Fees Are Reasonable ..................................... 10

        1.   No Downward Adjustment is Appropriate For Block-Billing.... 10

        2.   Biosense Overstates the Number of Block-Billed Entries ......... 15

        3.   Biosense's Proposed Reduction of 30-35% is Unwarranted ...... 18

   B.   Biosense's Claims of Certain "Excessive" or "Vague" Time Entries
        Are Inaccurate ...................................................................... 21

        1.   No "Clerical" Work Was Billed As Attorney Time ................... 22

        2.   Kellogg Hansen's IT Specialist Provided Necessary Trial
             Support .......................................................................... 22

        3.   Biosense's 30% "Vagueness" Reductions Are Unwarranted ..... 24

   C.   Adequate Documentation of Mr. Berhold's Expenses Has Been
        Provided; No Reduction in Expenses Is Justified ................................. 26

III.  CONCLUSION .............................................................................. 28

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aikens v. Malcolm Cisneros*,
   2020 WL 10828062 (C.D. Cal. Jan. 2, 2020)......................................................27

*AK Futures LLC v. Smoke Tokes LLC*,
   2025 WL 1674380 (C.D. Cal. May 9, 2025).................................................18, 20

*Arbor Hill Concerned Citizens Neighborhood Ass'n*,
   522 F.3d 182 (2d Cir. 2004) .................................................................................11

*Aston v. Aston*,
   2019 WL 3207824 (C.D. Cal. Feb. 21, 2019) ..................................................... 20

*Balboa Capital Corp. v. JAAM Transport LLC*,
   2024 WL 3466476 (C.D. Cal. June 3, 2024).........................................................19

*Banas v. Volcano Corp.*,
   47 F. Supp. 3d 957 (N.D. Cal. 2014)....................................................................20

*Brighton Collectibles, LLC v. Believe Prod., Inc.*,
   2018 WL 1381894 (C.D. Cal. Mar. 15, 2018) .....................................................17

*ConsumerDirect, Inc. v. Pentius, LLC*,
   2024 WL 3914672 (C.D. Cal. Aug. 6, 2024) .......................................................19

*Democratic Party v. Reed*,
   388 F.3d 1281 (9th Cir. 2004) .................................................................14, 15, 25

*DePuy Synthe Sales, Inc. v. Stryker Corp.*,
   2023 WL 6786772 (C.D. Cal. Aug. 17, 2023) .....................................................17

*Fox v. Vice*,
   563 U.S. 826 (2011)...............................................................8, 10, 11, 13

*Gates v. Gomez*,
   60 F.3d 525 (9th Cir. 1995) ..................................................................................14

*Good Morn. to You Productions Corp. v. Warner/Chappell Music, Inc.*,
   2016 WL 6156076 (C.D. Cal. Aug. 16, 2016) .....................................................12

*Grove v. Wells Fargo Fin. California, Inc.*,
   606 F.3d 577 (9th Cir. 2010) ................................................................................26

*Harris v. Amgen Inc.*,
   2017 WL 6048215 (C.D. Cal. Apr. 4, 2017) ........................................................23

*Hensley v. Eckerhardt*,
   461 U.S. 424 (1983).................................................................................................17

*In re Bluetooth Headset Prods. Liab. Litig.*,
   2012 WL 6869641 (C.D. Cal. July 31, 2012) .................................................... 12

*In re Cathode Ray Tube Antitrust Litig.*,
   2016 WL 721680 (N.D. Cal. Jan. 28, 2016).........................................................10

*In re Wells Fargo & Co. Shareholder Derivative Litig.*,
   445 F. Supp. 3d 508 (N.D. Cal. 2020)...................................................................18

*Intl. Med. Devices v. Cornell*,
   2025 WL 1638901 (C.D. Cal. May 15, 2025).......................................................23

*Martin v. Toyota Motor Credit Corp.*,
   2022 WL 17038908 (C.D. Cal. Nov. 15, 2022) ...................................................13

*Missouri v. Jenkins*,
   491 U.S. 274 (1989)................................................................................................ 23

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ...............................................................................26

*Multiple Energy Techs., LLC v. Casden*,
   2025 WL 579641 (C.D. Cal. Feb. 21, 2025) ..................................................22, 23

*Oberfelder v. Bertoli*,
   67 F. App'x 408 (9th Cir. 2003) .............................................................................10

*Oberfelder v. City of Petaluma*,
   2002 WL 472308 (N.D. Cal. Jan. 29, 2002)..........................................................10

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010)................................................................................................19

*Perfect 10, Inc. v. Giganews, Inc.*,
   2015 WL 1746484 (C.D. Cal. Mar. 24, 2015) ...............................................12, 13

*Pierce v. County of Orange*,
   905 F. Supp. 2d 1017 (C.D. Cal. 2012)..............................................15, 19, 20, 26

4

*Pollock v. Kelso*,
    105 Cal. App. 5th 1190 (2025) ............................................................. 14

*Potter v. Colvin*,
    2015 WL 7429376 (N.D. Cal. Nov. 23, 2015) ..................................... 12

*Rahman v. FCA US LLC*,
    594 F. Supp. 3d 1199 (C.D. Cal. 2022) ............................................... 20

*Rios v. City of Los Angeles*,
    2023 WL 3432164 (C.D. Cal. March 2, 2023) ..................................... 17

*Safari Club Intl. v. Rudolph*,
    2014 WL 12577409 (C.D. Cal. July 21, 2014) ..................................... 13

*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*,
    172 Cal. App. 3d 914 (1985) ............................................................... 23

*Stonebrae, L.P. v. Toll Bros.*,
    2011 WL 1334444 (N.D. Cal. April 7, 2011),
    *aff'd*, 521 F. App'x 592 (9th Cir. 2013) ............................................. 10

*Strong Trading Inc. v. Unique Designs, Inc.*,
    2022 WL 22715189 (C.D. Cal. Oct. 4, 2022) .................................. 17, 18

*Synagro Techs., Inc. v. GMP Haw., Inc.*,
    2007 WL 851271 (D. Haw. Mar. 15, 2007) ..................................... 19, 20

*Tripharma, LLC v. First Fruits Bus. Ministry*,
    2013 WL 12486050 (C.D. Cal. May 20, 2013) ..................................... 13

*Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*,
    460 F.3d 1253 (9th Cir. 2006) ............................................................. 23

*Twin City Sportservice, Inc. v. Charles O. Finley & Co.*,
    676 F.2d 1291 (9th Cir. 1982) .......................................................... 22, 23

*U.S. v. Allergan, Inc.*,
    2023 WL 4754637 (C.D. Cal. July 24, 2023) ................................... 13, 17

*Unicolors, Inc. v. Urb. Outfitters, Inc.*,
    2015 WL 13919166 (C.D. Cal. May 14, 2015) ..................................... 16

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*

*United States v. J-M Mfg. Co.*,
  2025 WL 1148344 (C.D. Cal. Mar. 13, 2025) ......................................................20

*United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Emps. of
  ASARCO, Inc.*,
  512 F.3d 555 (9th Cir. 2008) ........................................................................14, 24

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  130 F. Supp. 3d 1331 (C.D. Cal. 2015) .......................................................10, 11

*Vertical Doors Inc. v. J.T. Bonn Inc.*,
  2008 WL 11343051 (C.D. Cal. Dec. 15, 2008) .................................................21

*W. Coast Stock Transfer, Inc. v. Terra Tech Corp.*,
  2018 WL 6977427 (C.D. Cal. Dec. 13, 2018) ...................................................13

<u>Statutes & Rules</u>

15 U.S.C. § 15(a) ......................................................................................................28

Cal. Bus. & Prof. Code § 16750(a) ..........................................................................28

Fed. R. Civ. P. 54 .....................................................................................................21

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*

## I.    INTRODUCTION

Innovative Health LLC's ("Innovative") request for $19,121,584.00 in attorney's fees[1] and $2,137,859.91 to $2,151,297.21 in cost of suit[2] is reasonable and should be granted.

Biosense Webster, Inc. ("Biosense") could find no basis to contest the reasonableness of the overall time Innovative's counsel (herein, "Counsel") spent on this six-year-long case, the reasonableness of Counsel's hourly rates, or (with two limited and unjustified exceptions) the reasonableness of the tasks for which Counsel billed. Biosense also does not offer any evidence that the attorney time or fees sought exceed its own for defending the case. Instead, Biosense principally objects that the Court should discount by 30% or more a large number of time entries on the ground that they constitute "block billing" and/or "vague" entries. The Court should overrule those objections.

Biosense's objections adopt an erroneous legal standard in two respects. First, they adopt an erroneous definition of block-billing. Block-billing does not occur any time a single time entry contains more than one task. Rather, block-billing involves a single entry that includes multiple, *unrelated* tasks. Second, block-billing is not *per se* objectionable under either federal or California law.

---

[1] The total fees sought here reflect a subtraction of $5,712.00 from the original claimed amount for a single time entry inadvertently billed to the incorrect case number. It is the only such error Biosense identified out of the 5,193 entries.

[2] The range of costs reflects Biosense's pending objection to certain taxable costs claimed in Innovative's CV-59 application. Biosense does not dispute that if the Clerk's Office grants the objection, then Innovative may, alternatively, claim those objected-to costs here as non-taxable costs. *See* Dkt. 551 at p.20 fn *. Additionally, these totals reflect revised calculations from the opening brief, including to reflect approximately $14,000 in non-taxable costs that Innovative inadvertently treated as taxable. *See* Supplemental Declaration of Jeffrey L. Berhold ("Supp. Berhold Decl.") at ¶¶ 5-6, 8. An amended Application to Tax Costs is forthcoming.

Rather, block-billing is problematic only if it obfuscates the attorney's activities so as to prevent the court from assessing the reasonableness of the time spent. Biosense's objections fail to adhere to either of these legal principles. Many if not most of the objected-to entries describe *related* tasks. And even when the tasks are arguably unrelated, Biosense makes no showing—or even effort to show—that the entries obscure Counsel's billing practices.

Instead, Biosense's objections automatically disqualify an entry unless every task that is described is assigned a separate billing increment. That is not the standard. While task-based billing is sometimes required by large corporate clients as a way to *audit* counsel's bills—and, cynically, to use billing formalities as a basis to artificially reduce litigation expenses—the Court's role here is not to act as a "green-eyeshade accountant," but instead simply to ensure reasonableness. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Counsel's time entries are more than sufficient for that task.

Notably, Biosense's opposition does not indicate that it insists on single-task billing as a matter of practice. And Biosense's own lead counsel, Patterson Belknap Webb & Tyler LLP ("Patterson Belknap"), follows the normal practice of block-billing in other matters. Just last September, Patterson Belknap sought a fee award from a court in this District with block-billed hours, *see* Dkt. 190-3, *Clark v. Incomm Finan. Servs., Inc.*, No. 5:22-cv-01839 (C.D. Cal.), and it argued vigorously against a reduction for block-billing, *see* Dkt. 196 at 9-11. Absent some other indication of overbilling, penalizing Innovative for block-billed entries will give Biosense an unjustified windfall.

Regardless, even if the Court were to consider a reduction for supposedly block-billed entries, Biosense's proposed 30% discount is unjustified. This Court

has *rarely* penalized a party 30% for block-billing.  Even in cases where the Court had other indicia of unreasonableness—excessive billing by senior attorneys, unnecessary time billed for simple legal issues (none of which are present here)—the Court more commonly reduced those hours by 15-20%.  Given the absence of any claim that Counsel spent an unreasonable amount of time achieving an extremely favorable result, any reduction should be no more than 5%, if anything.

Biosense's further proposed reductions for certain "vague" or "excessive" entries are based on a fundamental misunderstanding of the described tasks.  First, the assertion that Ms. Abdollahi's time was "clerical" is simply incorrect.  The time that Biosense challenges actually reflects Ms. Abdollahi instructing *others* to perform clerical work—a perfectly legitimate task for a senior attorney to perform and bill for.  Second, the challenged work of Kellogg, Hansen, Todd, Figel & Frederick's ("Kellogg Hansen") IT specialist, which in total amounted to $73,840.00 (0.6% of Kellogg Hansen's requested fees and 0.38% of the total fees requested), was essential to the functioning of Innovative's trial office, which was shared by all out-of-town Counsel.  That Biosense resorts to nitpicking only further evidences the reasonableness of Counsel's bills.

Finally, Biosense's "corrected" calculations of the total expenses sought by Counsel are mathematically incorrect.   In any event, they are addressed by more detailed expenses by Mr. Berhold, which are attached to this brief and match the format and detail of expenses from Kellogg Hansen, Berger Montague PC ("Berger Montague"), and Theodora Oringher PC ("Theodora Oringher").  *See* Supp. Berhold Decl.  Beyond its objections to Mr. Berhold's expenses, Biosense makes *zero* objections to the expenses sought in this matter.

The Court should resist Biosense's attempts to unnecessarily and excessively penalize Counsel by reducing the fee award.  Considering the reasonableness of Counsel's hours and fees, the complexity of the case, the risk Counsel took in this matter, and the excellent results obtained, the Court should award Innovative

$19,121,584.00 in attorney's fees and $2,137,859.91 to $2,151,297.21 in cost of suit for its counsel's work through May 18, 2025.[3]

## II.    ARGUMENT

### A.    Innovative's Hours and Fees Are Reasonable

#### 1.    No Downward Adjustment is Appropriate For Block-Billing

Block-billing is normal in the legal industry today and warrants no downward adjustment. *See* Dkt. 551-1 at ¶ 55 (Pearl Decl.). Courts in the Ninth Circuit routinely grant fee awards based on block-billed entries without any reduction. *See, e.g., Stonebrae, L.P. v. Toll Bros.*, 2011 WL 1334444, at *9 (N.D. Cal. April 7, 2011) ("Block-billing is a typical practice in this district, and blocked-bills have been found to provide a sufficient basis for calculating a fee award"), *aff'd* 521 F. App'x 592 (9th Cir. 2013); *In re Cathode Ray Tube Antitrust Litig.*, 2016 WL 721680, at *45 (N.D. Cal. Jan. 28, 2016) ("Having himself recorded time for almost 50 years, the Special Master is aware how silly it is to insist (as insurance companies sometimes do) on showing a specific amount of time on each action taken during a day."); *Oberfelder v. City of Petaluma*, 2002 WL 472308, at *3 (N.D. Cal. Jan. 29, 2002) ("The charge of blocked billing does not undermine the compensability of time reasonably expended where the billing statement meets the basic requirement of listing the hours and identifying the general subject matter of time expenditures."), *aff'd sub nom. Oberfelder v. Bertoli*, 67 F. App'x 408 (9th Cir. 2003).

Judge Guilford explained the sound reasons for this ten years ago:

Th[e] [block-billed] entry is representative of commonly used billing practices… It appears that Plaintiff seeks "task billing," allocating every moment of attorney time to a plethora of specific tasks. That level of

---

[3] As explained in its opening brief, *see* Dkt. 551 at 11, Innovative will file a supplemental motion for attorney's fees and cost of suit for the period after May 18, 2025, after the Court resolves the pending matters listed in the Order Regarding Post-Judgment Briefing Schedules, Dkt. 534.

specificity improperly creates "a pretense of mathematical precision" criticized by Justice O'Connor. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 189. It also improperly makes trial courts "green-eyeshade accountants" seeking accounting precision rather than rough justice. *Fox*, 131 S.Ct. at 2216. It is inefficient.

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1340 (C.D. Cal. 2015).

Among the reasons that the perceived precision of task-based billing is illusory is that there is no agreed-upon definition of what constitutes a separate "task." Take Mr. Berhold's time entry from August 31, 2019: "Review comments from Innovative. Edit complaint." *See* Dkt. 551-4 at 12 (Berhold Decl. Ex. B). Biosense calls that block-billing because it supposedly describes two tasks. But Mr. Berhold could easily (and accurately) have described the same activity as a single task: "Edit complaint in light of comments from Innovative." The relevant question isn't whether this is really one task or two. The point is that this Court can review the reasonableness of Mr. Berhold's hours for his work on the complaint without needing a breakdown of exactly how much time he spent reviewing client comments versus typing revisions on the computer. Penalizing Innovative on the ground that the entry constitutes "block-billing" erroneously puts form over substance.

In Counsel's experience, it is not standard for clients (large or small) to insist on task-based billing. Tellingly, Biosense does not indicate that *it* insists on task-based billing. And block-billing appears to be the normal practice for Patterson Belknap, too. *See* Dkt. 190-3, *Clark v. Incomm Finan. Servs., Inc.*, No. 5:22-cv-01839 (C.D. Cal.) (defending Patterson Belknap's block-billing in fee application).[4]

Indeed, taken to the extreme, task-based billing is often disfavored because it

---

[4] Ultimately, Biosense's counsel's lodestar in that case was reduced because it was "billing excessively for a straightforward case." Dkt. 199 at 6, *Clark v. Incomm Finan. Servs., Inc.*, No. 5:22-cv-01839 (C.D. Cal.).

(not block-billing) can result in significant overbilling; applying the minimum billing increment to a large number of very granular tasks (for example, responding to a single email) will inflate the attorney's hours. *In re Bluetooth Headset Prods. Liab. Litig.*, 2012 WL 6869641, at *4 & n.10 (C.D. Cal. July 31, 2012) ("[B]illing separately to take advantage of the inherent overstatement of billing in tenths of an hour . . . can result in significant overbilling.").

Counsel's billing practices in this case follow their standard billing practices for hourly matters with paying clients. These clients have an economic incentive to police and prevent overbilling, and they view these practices as sufficient for that purpose. Additionally, courts across the country have upheld Counsel's billing practices and awarded Counsel's fees based on the reasonableness of those bills. *See* Dkt. 551-2 at ¶ 41 (Ho Decl.); Dkt. 551-3 at ¶ 23 (Davis Decl.). The Court should not demand more than clients in the market and other courts nationwide have required to prove the reasonableness of Counsel's fees.

Biosense cites courts criticizing block-billing or reducing fee awards based on block-billing. There are two reasons this Court should not adopt the approach of those cases.

First, the time entries submitted by Innovative's counsel are detailed and more than sufficient to allow the Court to assess the reasonableness of Counsel's hours. *See Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *26 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (block-billed entries permissible because entries were "sufficient to evaluate the reasonableness of Defendants' request"); *Good Morn. to You Productions Corp. v. Warner/Chappell Music, Inc.*, 2016 WL 6156076, at *8 (C.D. Cal. Aug. 16, 2016) ("[I]f block-billed entries are detailed enough for us to assess their reasonableness, no reduction is necessary."); *Potter v. Colvin*, 2015 WL 7429376, at *2 (N.D. Cal. Nov. 23, 2015) (no reduction for block-billing where "the billing descriptions have not hampered this Court's ability to evaluate the reasonableness of the hours billed"). As this Court

recently stated: "Block-billed entries are permissible where entries contain sufficient specificity for courts to discern whether the time spent performing tasks was reasonable." *U.S. v. Allergan, Inc.*, 2023 WL 4754637, at *5 (C.D. Cal. July 24, 2023) (Selna, J.). Counsel's bills readily meet the standards set by many if not most California law firms handling comparably complex litigation. Supplemental Declaration of R. Pearl ("Supp. Pearl Decl."), ¶ 5.

This Court routinely grants full fee awards despite block-billed hours where the "billing records" are "detailed," "descriptive," and "enable[] the Court to comprehend counsel's entries." *Tripharma, LLC v. First Fruits Bus. Ministry*, 2013 WL 12486050, at *7 (C.D. Cal. May 20, 2013) (Selna, J.) (no reduction for block-billing); *see also Martin v. Toyota Motor Credit Corp.*, 2022 WL 17038908, at *13 (C.D. Cal. Nov. 15, 2022) (Selna, J.) ($19 million fee award with no reduction for block-billing because entries "contain[ed] a detailed description of a task or a series of related tasks"); *W. Coast Stock Transfer, Inc. v. Terra Tech Corp.*, 2018 WL 6977427, at *2 (C.D. Cal. Dec. 13, 2018) (Selna, J.) (no reduction for block-billing); *Safari Club Intl. v. Rudolph*, 2014 WL 12577409, at *5 (C.D. Cal. July 21, 2014) (Selna, J.) (no reduction for block-billing). The same is true here. "With the detail provided, the reasonableness of the entries can be, and have been, assessed by the Court." *Tripharma*, 2013 WL 12486050, at *7.

Specifically, here the time entries contain details that allow for a reasonable understanding of how time was allocated among tasks. *See Perfect 10*, 2015 WL 1746484, at *26 (finding the "specific itemizations of counsels' tasks sufficient to evaluate the reasonableness of Defendants' [fee] request" despite block-bills). Indeed, the entries here are highly detailed, as evidenced by the very examples challenged by Biosense. *See* Opp. at 10-11.

"The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox*, 563 U.S. at 838. Rough justice is achieved here by accepting the detailed bills of Counsel that reflect a reasonable amount of

time spent achieving an excellent result.  In Biosense's counsel's own words: "[T]he Court's only task is to evaluate the reasonableness of [Innovative]'s fees for the total work performed during the Fee Period, which is detailed in [Innovative]'s billing statements and accompanying factual declarations.  Block billing is no obstacle to that determination."  Dkt. 196 at 9-10, *Clark v. Incomm Finan. Servs., Inc.*, No. 5:22-cv-01839; *see also United Steelworkers of Am. v. Retirement Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (attorneys "need only 'keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed.'") (citations omitted).  Indeed, the Ninth Circuit has expressly "warn[ed] against imposing too high a standard of documentation on fee claimants."  *Gates v. Gomez*, 60 F.3d 525, 535 (9th Cir. 1995).

Second, block-billing alone does not support a penalty absent other evidence of inflation.  *See* California Bar Association Committee on Mandatory Fee Arbitration, 2016-02:  Analysis of Potential Bill Padding And Other Billing Issues, at 10 (March 25, 2016).  Biosense has not challenged the overall reasonableness of Counsel's hours.  Biosense does not criticize the total hours billed by Innovative's Counsel as unreasonable, nor does it identify a single attorney entry as billing an unreasonably long time for the component task(s).  Perhaps most tellingly, Biosense does not provide the number of hours that *Biosense's* counsel billed in this matter.  That absence of information entitles Innovative's total hours to a presumption of reasonableness.  *See Pollock v. Kelso*, 105 Cal. App. 5th 1190, 1197 (2025) ("Missing from [Defendant]'s briefing, however, is any mention of how many hours *his* lawyers devoted to this yearslong litigation.  Evidence of how much work one side did is an independent gauge of how much the other side did on the same case.  Absent this comparative data, [Defendant]'s complaint rings hollow.") (emphasis in original); *Democratic Party v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) ("there is one particularly good indicator of how much time is necessary, … and that is how

much time the other side's lawyers spent").  Moreover, Counsel and their expert have explained that the total hours and total lodestar requested are similar to the cost and time spent litigating other antitrust cases through trial.  *See* Dkt. 551-1 at ¶¶ 16-17 (Pearl Decl.); Dkt. 551-2 at ¶ 36 (Ho Decl.); Dkt. 551-3 at ¶ 19 (Davis Decl.); *id.* at Ex. C (documenting prior antitrust fee awards of $29.7 million, $17 million, $13 million).

### 2.    Biosense Overstates the Number of Block-Billed Entries

Even if block-billing could be problematic, time entries are acceptable where a single time entry encompasses several clearly related tasks.  That is not block-billing, properly understood.  *See Pierce v. County of Orange*, 905 F. Supp. 2d 1017, 1043 (C.D. Cal. 2012) (block billing does not include entries that encompass "time spent on related tasks").  Many of the entries that Biosense says constitute block-billing fall into that category.  *See* Dkts. 568-3, 568-4, 568-5, & 568-6.  To take some examples:

- **Jeffrey Berhold entry dated August 31, 2019 (2.4 hours):**  "Review comments from Innovative.  Edit complaint."  *See* Dkt. 568-5 at 2.

- **Theodora Oringher entry dated December 16, 2019 for Ms. Abdollahi (3.8 hours):**  "PREPARE FOR AND ATTEND SCHEDULING CONFERENCE HEARING; CONFERENCE WITH J. BERHOLD REGARDING STRATEGY."  *See* Dkt. 568-6 at 5.

- **Jeffrey Berhold entry dated September 7, 2021 (9.0 hours):**  "Attend mediation. Meet with R. Ferreira and D. Distel."[5]  *See* Dkt. 568-5 at 12.

- **Kellogg Hansen entry 1589 dated April 12, 2025 for Ms. McMahon (14.7 hours):**  "Cite-check and edit proposed jury instructions; confer

---

[5] Mr. Ferreira and Mr. Distel attended the mediation.

15

with R. Anderson and K. Schiffman regarding same." *See* Dkt. 568-3 at 79.

- **Kellogg Hansen entry 1586 dated April 12, 2025 for Ms. Anderson (10.0 hours):** "Correspond with K. Schiffman and team regarding jury instruction objections; review and revise jury instruction and verdict form objections." *See* Dkt. 568-3 at 79.

- **Kellogg Hansen entry 1611 dated April 14, 2025 for Mr. Reade (12.1 hours):** "Prepare for and attend pretrial conference; meet with D. Ho and others regarding trial preparation and pretrial conference." *See* Dkt. 568-3 at 81.

- **Kellogg Hansen entry 1616 dated April 15, 2025 for Mr. Ho (9.0 hours):** "Attend trial preparation meeting with E. Forister; return travel to Washington DC." *See* Dkt. 568-3 at 81.

Because the caselaw does not categorize such entries as block-billed, far fewer hours count as block-billed than Biosense claims.

Many entries (like Mr. Ho's April 15 entry above), reflect a single task and travel associated with that task. That also is not block-billing. The entry provides a clear explanation of Mr. Ho's time for that day: he was in Santa Ana for the pretrial conference the day before, met with Dr. Forister that morning, and flew back to Washington, D.C. that day. *See Unicolors, Inc. v. Urb. Outfitters, Inc.*, 2015 WL 13919166, at *4 (C.D. Cal. May 14, 2015) (rejecting argument for 20% reduction due to including travel time in block-bills: "Even though travel time is included in these entries, the entries are sufficiently clear and discrete for the Court to assess what the attorneys were working on and whether they expended an unreasonable amount of time.").

Biosense's objections to virtually all of Innovative's time entries during trial are illustrative of its flawed approach to both "block-billing" and "vagueness."

Take Mr. Ho's time entries for trial: "Attend Day [X] of trial; prepare for Day [X+1] of trial." *See* Dkt. 551-2 (entries 1857, 1870, 1882, 1894, 1938, 1949, and 1960, all following that format). Those entries are neither vague nor block-billed. They are not vague because time entries need only "identify the general subject matter of [counsel's] time expenditures." *Hensley v. Eckerhardt*, 461 U.S. 424, 437 n.12 (1983) (time entries need not contain "great detail"); *see also DePuy Synthe Sales, Inc. v. Stryker Corp.*, 2023 WL 6786772, at *10 (C.D. Cal. Aug. 17, 2023) ("Use of phrases such as 'trial prep.' or 'legal research' are not vague. Rather, they are sufficient for judicial review to determine whether the hours are reasonable."); *Brighton Collectibles, LLC v. Believe Prod., Inc.*, 2018 WL 1381894, at *5 (C.D. Cal. Mar. 15, 2018) (refusing to reduce fees for "billing entries providing general descriptions such as 'prepare for trial' and 'prep trial witnesses'"). And they are not block-billing because preparing for and attending a jury trial are surely "related" tasks. *See Allergan*, 2023 WL 4754637, at *4 (defining block-billing as "the practice of listing several *unrelated* tasks under one time period, without specifying the time spent on each task") (emphasis added).

Other members of the trial team broke down tasks in a more detailed fashion, and Biosense's approach penalizes that specificity if it does not come with separate billing increments for each task. That is misguided, because the ultimate goal is not to meet a formalistic standard but rather to ensure that the time entries do not "obfuscate the attorney's activities." *Strong Trading Inc. v. Unique Designs, Inc.*, 2022 WL 22715189, at *4 (C.D. Cal. Oct. 4, 2022); *see also Rios v. City of Los Angeles*, 2023 WL 3432164, at *4 (C.D. Cal. March 2, 2023). It is not fair to expect that—in the midst of a jury trial—counsel and staff will constantly look at their watches to note exactly how much time was spent on all of the myriad tasks that go into trial preparation. Nor should it be surprising that the total number of hours on some of those trial days was very high: several attorneys and staff "pulled all-

nighters," especially toward the end of the trial. *See* Dkt. 551-2 at ¶ 33 (Ho Decl.).[6]

In short, all of the descriptions of Counsel's activities at trial—whether somewhat more general or more detailed—are "specific enough to allow the Court to understand what counsel did and what matter in the case the entries pertained to"—namely, preparing for and conducting the trial. *Strong Trading*, 2022 WL 22715189, at *4.

### 3.   Biosense's Proposed Reduction of 30-35% is Unwarranted

Biosense's proposed 30% reduction for block-billed entries is excessive. Caselaw from this District and the Ninth Circuit does not endorse a large reduction for block-billing, and the facts of this case further support low or no reduction.

Certainly, the past decisions of this Court do not support such an extreme reduction – this Court has rarely reduced a party's fees by more than 20%. And even in the cases where this Court has granted a 20% reduction, there were often indicia that the fees sought were unreasonable. *See, e.g., AK Futures LLC v. Smoke Tokes LLC*, 2025 WL 1674380, at *12-13 (C.D. Cal. May 9, 2025) (20% reduction where counsel engaged in block-billing *and* had "already once attempted to unilaterally collect a substantial amount of unexplained legal fees" and engaged in "excessive and unnecessary preparation and filings").

Courts routinely consider case-specific factors like the complexity, scope, and performance of counsel when determining whether and to what degree to penalize block-billing. *See In re Wells Fargo & Co. Shareholder Derivative Litig.*, 445 F. Supp. 3d 508, 532 (N.D. Cal. 2020) (billing summaries occasionally lacked

---

[6] Biosense expresses surprise that this purported "block-billing" "was the case even when Kellogg Hansen's timekeepers billed up to 19 hours in a 24-hour period." Opp. at 10. Biosense ignores that the cited entry occurred on the penultimate day of trial for an associate with whom Biosense was in constant contact throughout the day and who also attended a meet and confer with Biosense regarding closing slides at 1:45am PST.

1  sufficient detail but no reduction appropriate because of "scope, complexity, and

2  contentious nature of this case"), *aff'd* 845 F. App'x 563 (9th Cir. 2021).  Biosense's

3  most frequently cited case, *Balboa Capital Corp. v. JAAM Transport LLC*, 2024 WL

4  3466476, at *6 (C.D. Cal. June 3, 2024) (Selna, J.), emphasized that a 20%

5  reduction was justified by "the relative simplicity of the breach of contract issue,

6  straightforward facts, and template-based motion."  That could not be further from

7  the circumstances here, which involved highly complex facts and law with no

8  blueprint or easy route to success.

9       The excellent results obtained, the complexity of the dispute, and the

10  generous fee cuts made by Counsel *before* submitting its application all weigh

11  against any reduction in Counsel's fee award.  The highly favorable result counsel

12  obtained for Innovative could well warrant an upward adjustment.  *See Perdue v.*

13  *Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) (lodestar enhancements are

14  allowed in "'rare' and 'exceptional'" cases where the result reflects the "superior"

15  quality of counsel's performance); *see also* Dkt. 551-1 at ¶ 15 n.2 (Pearl Decl.)

16  (noting that counsel "may well be entitled" to a multiplier under California law).

17  Nonetheless, Innovative does not seek any enhancement, contributing to the

18  reasonableness of its fee request.  Likewise, Counsel's substantial cuts to hours

19  before submission of the fee petition and reliance on lower-cost billers (primarily

20  associates) for major trial tasks further support low or no reduction of Counsel's fee

21  award due to block-billing.  *See* Dkt. 551-2 at ¶ 34 (Ho Decl.) (over $123,000 in

22  fees excluded from lodestar); Dkt. 551-3 at ¶¶ 20-21 (Davis Decl.) (over $87,000 in

23  fees excluded from lodestar).

24       Should the Court deem any reduction appropriate, a 30% reduction for block-

25  billing is unreasonably high.  Courts that impose a reduction "generally impose a

26  5% to 20% reduction for those hours block-billed."  *ConsumerDirect, Inc. v.*

27  *Pentius, LLC*, 2024 WL 3914672, at *6 (C.D. Cal. Aug. 6, 2024) (Selna, J.); *see*

28  *Pierce*, 905 F. Supp. 2d 1017 (5% reduction); *Synagro Techs., Inc. v. GMP Haw.,*

19

*Inc.*, 2007 WL 851271, at *13 (D. Haw. Mar. 15, 2007) (5% reduction); *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1206 (C.D. Cal. 2022) (10% reduction); *Aston v. Aston*, 2019 WL 3207824, at *2 (C.D. Cal. Feb. 21, 2019) (Selna, J.) (15% reduction); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968 (N.D. Cal. 2014) (20% reduction); *AK Futures*, 2025 WL 1674380, at *13 (Selna, J.) (20% reduction).

In addition, Biosense's authority for the 30% reduction is distinguishable. First, the 30% figure is based on "an advisory opinion from the California State Bar that found block-billing 'hides accountability and may increase time by 10% to 30%." Opp. at 8 (citing *United States v. J-M Mfg. Co.*, 2025 WL 1148344, at *27 (C.D. Cal. Mar. 13, 2025)). However, the opinion Biosense cites—from 2003—has was replaced and superseded almost a decade ago. *See* California Bar Association Committee on Mandatory Fee Arbitration, 2016-02:  Analysis of Potential Bill Padding And Other Billing Issues (March 25, 2016).[7]  In the superseding opinion, the California Bar Association does *not* adopt the same 10-30% standard and instead states that the adjudicator "may consider all evidence to determine the propriety of any block billed entry and may conclude, upon due consideration of all such evidence, that the entire time billed is appropriate[.]" *Id.* at 10.  Here, none of the tasks block-billed are non-compensable,[8] there are no apportionment concerns, and Biosense has not asserted that the total hours billed were unreasonable.

Given that block-billing is currently the norm for the legal industry as a whole and for California firms in particular, penalties for block-billing are not routine. *See* Supp. Pearl Decl. ¶¶ 5, 10-14.  In any event, no indicia of over-billing are present

---

[7] https://www.calbar.ca.gov/Portals/0/documents/mfa/2016/2016-02_Bill-Padding_r.pdf.

[8] The only such challenges are for purportedly "clerical" work by Ms. Abdollahi, but those entries are not for clerical work as explained in Part II.B.1, *infra*.

1    here, where the time entries are highly detailed, and it is reasonably easy for the

2    Court and Biosense to understand how time was likely allocated among those tasks.

3    And as discussed above, many of the entries that Biosense challenges as "block-

4    bills" are associated tasks—which is *not* a block-bill.  If any reduction were to be

5    considered by the Court, a reduction of no more than 5% is in line with caselaw and

6    reflects the nature and complexity of this case.

7           To the extent that the Court would be aided by additional information

8    regarding the time entries, Counsel respectfully asks that it be permitted to

9    supplement the record with additional detail for supposedly "vague" entries and

10   additional hours information available for certain timekeepers whose personal

11   record-keeping allows for the accurate allocation of time for various tasks within

12   certain entries with multiple tasks.  *See* Fed. R. Civ. P. 54 advisory committee's note

13   to 1993 amendment  ("The court may order disclosure of additional information,

14   such as that bearing on prevailing local rates or on the appropriateness of particular

15   services for which compensation is sought"); *Vertical Doors Inc. v. J.T. Bonn Inc.*,

16   2008 WL 11343051, at *10 (C.D. Cal. Dec. 15, 2008) (Selna, J.) (ordering

17   supplement).

18         **B.    Biosense's Claims of Certain "Excessive" or "Vague" Time Entries**

19                **Are Inaccurate**

20         Contrary to Biosense's argument, Innovative's time entries do not include

21   "clerical" tasks; nor are the challenged entries "vague" or "excessive."  With the

22   exception of one entry, which was an error, Innovative's requests are reasonable and

23   appropriate.[9]

24

25   _____

26         [9] Biosense highlights a single time entry out of Counsel's collective 5,193
     time entries in this matter that was inadvertently included due to human error.
27   Innovative has removed that entry and reduced the total fees sought by $5,712.00 to
     a total of $19,121,584.00.
28

### 1.    No "Clerical" Work Was Billed As Attorney Time

Biosense challenges time recorded by Ms. Abdollahi, a senior attorney/partner at Theodora Oringher, as clerical and recommends a 30-35% penalty for such hours. *See* Opp. at 18-19. But as explained in the time entries themselves, Ms. Abdollahi, local counsel for Innovative in this matter, frequently engaged in *overseeing* clerical work; she was not billing for the actual performance of the clerical tasks. Coordinating and overseeing the completion of clerical work is not itself clerical and is a standard aspect of partner time, as this Court has recognized.

Biosense's cited examples illustrate its misapprehension of the nature of Ms. Abdollahi's work. Ms. Abdollahi's time entries include "COORDINATE DELIVERY OF CHAMBERS COPIES OF UNDER SEAL FILINGS," *see, e.g.*, Dkt. 551-5 at 37 (Abdollahi Decl. Ex. B) (Jan. 25, 2022 entry), and "COORDINATE CERTIFICATE OF SERVICE OF UNDER SEAL FILINGS," *see, e.g., id.* at 36 (Jan. 19, 2022 entry). *See also* Opp. at 18-19 (citing these entries). A court in this District—just five months ago—rejected this *exact* argument for entries nearly identical to Ms. Abdollahi's. In *Multiple Energy Techs., LLC v. Casden*, Judge Wright refused to reduce a fee award for a partner who billed time "for 'coordinat[ing]' and 'oversee[ing] ... delivery of chambers copies,' and 'coordinat[ing] with co-counsel, printing vendor.'" 2025 WL 579641, at *19 (C.D. Cal. Feb. 21, 2025) (alteration in original). As Judge Wright explained: "This is not clerical work. Even if *delivery* of chambers copies is clerical work, overseeing or *coordinating delivery* of copies to chambers is not." *Id.* (emphases added).

### 2.    Kellogg Hansen's IT Specialist Provided Necessary Trial Support

Because its purpose is to "encourage private persons to undertake enforcement of antitrust laws," the fees award should cover "all work reasonably performed in pursuit of a successful recovery of antitrust damages." *Twin City*

*Sportservice, Inc. v. Charles O. Finley & Co.*, 676 F.2d 1291, 1312 (9th Cir. 1982). Specifically, the award should account for the work not just of lawyers but also of paralegals and other support staff. *See Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006) ("[F]ees for work performed by non-attorneys such as paralegals may be billed separately, at market rates, if this is 'the prevailing practice in a given community.'") (quoting *Missouri v. Jenkins*, 491 U.S. 274, 287 (1989)); *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 951 (1985) ("necessary support services for attorneys . . . are includable within an award of attorney fees").

Biosense challenges time entries by Kellogg Hansen's IT Specialist *during trial* as "excessive" and requests that they be reduced by 50% because "this amount of time cannot have plausibly been spent on actually performing the vague task described." Opp. at 18. That objection is misplaced. It is reasonable and common practice for a trial office to have dedicated, on-site IT support throughout the duration of trial and to include that time in the calculation of fees. *See, e.g.*, *Harris v. Amgen Inc.*, 2017 WL 6048215, at *9-10 (C.D. Cal. Apr. 4, 2017) (approving more than $33,000 of lodestar for "Information Technology Manager"); *Multiple Energy Techs.*, 2025 WL 579641, at *17 (approving approximately $20,000 billed by Tech Support for four-year litigation concluding with four-day trial); *Intl. Med. Devices v. Cornell*, 2025 WL 1638901, at *3 (C.D. Cal. May 15, 2025) (approving full costs sought for "trial tech support services"). Further, it is not surprising that the IT specialist worked long hours—IT support needs to be available as long as attorneys are working during trial, and (as reflected in contemporaneous attorney time entries) the hours at this trial were long.

To alleviate any concerns regarding vagueness, Counsel has attached a declaration from the IT specialist, Kyler S. Wheeler, regarding the nature of his work at trial. He explains that his day-to-day work was dedicated solely to supporting the trial team, that he did not perform any of his regular duties for the

1  firm at this time, and that his availability depended on the hours worked by the

2  attorneys.  *See* Decl. of K. Wheeler at ¶¶ 8-10, 12.

3         **3.**       **Biosense's 30% "Vagueness" Reductions Are Unwarranted**

4        Biosense challenges some of Counsel's hours as "vague."  *See* Dkt. 568-3

5  (7.3% of Kellogg Hansen's hours); Dkt. 568-4 (9.8% of Berger Montague's hours);

6  Dkt. 568-5 (23.3% of Berhold's hours).  To begin, that challenge runs contrary to

7  the well-settled principle that attorneys are "not required to record in great detail

8  how each minute of [their] time was expended." *United Steelworkers*, 512 F.3d at

9  565.  The descriptions need only give the Court sufficient information to determine

10  the reasonableness of counsel's fees.  *See supra* pp. 12-13.

11        Biosense's demands for specificity exceed what the law requires.  For

12  example, some entries indicate that the lawyer engaged in attention to

13  correspondence, drafted a brief, or engaged in document review.  These activities do

14  not lend themselves to more specifically itemized accounts of each minute of

15  attorney time.  It would be unreasonable to expect counsel to list each document

16  reviewed, each email read, and each part of the brief drafting and revision process.

17  Counsel's entries are standard in the legal industry and at a sufficient level of

18  specificity to explain how the individual's time was spent.

19        Biosense mechanically applies vagueness objections based on the appearance

20  of terms in the time entries.  In the proposed reductions to Berhold fees, most of the

21  vagueness objections—more than 100 out of 195—are based on use of the terms

22  "third party" or "case law," where more detail would invade the work-product

23  privilege.  *See* Dkt. 568-5.  The other vagueness objections refer to entries that are

24  clear from the context, such as the date of the entry, the record in the case, or other

25  entries from counsel or co-counsel.  For example, Biosense objects to use of the

26  term "motion for an order" on 17 dated entries and "stipulation" on 8 dated entries

27  for the Berhold fees.  *See id.*  Notably, Biosense does not object to the

28  reasonableness of the time spent by Counsel on those dates nor does it explain how

those entries are untethered from an actual motion for an order or stipulation.

In a particularly egregious instance, Biosense labels "vague" an entry for 0.5 hours reading, "Telephone conference with counsel for third party," and demands a 30% reduction.  *See* Jeffrey Berhold entry dated October 14, 2024, Dkt. 568-5 at 21. The only other conceivable detail that could be included is the identity of the third party, but Biosense offers no support for its implicit argument that such disclosure to opposing counsel is required.  Indeed, Biosense wants a level of detail that would jeopardize the attorney work-product protection.  *See Democratic Party of Washington State*, 388 F.3d at 1286 ("If the [Plaintiff] were not furnishing enough information for a court to form a judgment on whether its fees were legitimate, then a court might be obligated to deny them. . . . [But] [the Plaintiff], like any other litigant, is entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel.").

Other examples of Biosense's overreach include:

- **Kellogg Hansen entry 619 dated December 24, 2024 for Ms. Schiffman (7.0 hours):**  "Document review and issue-tree coding." *See* Dkt. 568-3 at 29 (labelled "vague" by Biosense, proposed 30% penalty).

- **Theodora Oringher entry dated March 28, 2022 for Ms. Abdollahi (1.2 hours):**  "EXCHANGE EMAIL CORRESPONDENCE WITH J. BERHOLD REGARDING RESPONSE TO SUMMARY JUDGMENT RULING; REVIEW DRAFT OF MOTION; REVIEW PROPOSED JUDGMENT AND NOTICE OF LODGING OF SAME FILED BY BIOSENSE." *See* Dkt. 568-6 at 23 (Biosense proposed 5% penalty for vagueness, 30% penalty for block-billing).

- **Berger Montague entry 1505 dated March 24, 2025 for Mr.**

> **Summers (1.9 hours):** "Analyzed Ninth Circuit opinion for helpful language." *See* Dkt. 568-4 at 48 (labelled "vague" by Biosense, proposed 30% penalty).

For these entries and many others, it is apparent to a reasonable person (particularly one familiar with this case) that these entries are not vague—they reflect expected work of Counsel: reviewing documents, analyzing filings by opposing counsel, communicating with third parties, and reading the only Ninth Circuit opinion issued in this case to-date.

Biosense's approach to "vagueness" itself lacks consistency. When "vague" entries are block-billed, Biosense applied a 5% penalty for vagueness, but when the entries are purportedly vague and *not* block-billed, Biosense applied a 30% penalty. This inconsistency is telling. If an entry is too vague, a uniform standard reduction should be applied, and a 5% reduction is more than sufficient should the Court so require. *See also Pierce*, 905 F. Supp. 2d at 1029 ("For a reduction of more than 10% . . . the Court must give a 'specific explanation.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). However, no reduction for vagueness is necessary because Biosense identifies as vague entries that conform to standard industry practice.

## C.    Adequate Documentation of Mr. Berhold's Expenses Has Been Provided; No Reduction in Expenses Is Justified

The mandatory fee award for antitrust suits covers reasonable out-of-pocket litigation expenses. *See Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (award includes "non-taxable costs where statutes authorize attorney's fees awards to prevailing parties."). Innovative's Counsel provided detailed documentation to substantiate the requested non-taxable costs of between $2,137,859.91 and $2,151,297.21. *See* Dkt. 551-2 at 268 (Ho Decl. Ex. C); Dkt. 551-3 at 182-191 (Davis Decl. Ex. D); Dkt. 551-5 at 115 (Abdollahi Decl. Ex. C). Those expenses are further summarized as follows:

| Counsel | Non-Taxable Costs |
|---|---|
| Kellogg Hansen | $ 1,380,156.04 |
| Berger Montague | $ 19,805.61 |
| Jeffrey L. Berhold | $ 731,261.25 - $744,698.55[10] |
| Theodora Oringher | $ 6,637.01 |
| **TOTAL:** | **$ 2,137,859.91 - $2,151,297.21** |

Biosense claims (at 19-21) that Mr. Berhold has provided inadequate documentation for his approximately $730,000 in claimed expenses. It asserts that Mr. Berhold, "unlike his co-counsel . . . did not provide an itemized list of the costs that comprise" his total claimed expenses. Opp. at 20. For that distinction, Biosense proposes a reduction of 25% (approximately $180,000) from Mr. Berhold's expenses. *Id.* at 21.

Biosense's challenges to Innovative's expenses (to the extent explained) are moot. Mr. Berhold has provided itemized charts to show the calculations underlying each of the totals provided in his declaration. *See Aikens v. Malcolm Cisneros*, 2020 WL 10828062, at *5 (C.D. Cal. Jan. 2, 2020) (relying on supplemental figures provided after challenged as lacking sufficient detail). These match approximately the same level of detail as his co-counsel, to which Biosense did not lodge any objections.

Biosense then claims—with *no* justification or explanation—that Mr. Berhold's expenses should be reduced by an additional "$71,680.17 or $73,023.90." Opp. at 21. Biosense injects further confusion with a mystifying calculation of what it claims Innovative's "Total Corrected Expenses" should be. A high-level explanation shows that calculation to be erroneous: Biosense states that

---

[10] These figures have been revised in light of more detailed accounting, as requested by Biosense. *See* Supp. Berhold Decl. at ¶¶ 5-6, 8.

Innovative's $2.13 million in expenses should be reduced by $180,000 (for Mr. Berhold's lack of itemization) and another $70,000 (for no stated reason by Biosense) to reach a "Total Corrected Expenses to be Awarded" of approximately $540,000.  *See* Opp. at 21-22.  Even if these reductions were justified (they are not), Biosense's calculation is wrong.[11]

## III.    CONCLUSION

Innovative respectfully requests that this Court grant the request for reasonable attorney's fees and cost of suit pursuant to 15 U.S.C. § 15(a) and Cal. Bus. & Prof. Code § 16750(a).

---

[11] ($2.13 million) – ($180,000) – ($70,000) = $1.88 million, not $540,000.

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*

1    DATED:  July 28, 2025            THEODORA ORINGHER PC

2                                     By:  _____/s/ Panteha Abdollahi_____
3                                          Panteha Abdollahi

4                                     JEFFREY L. BERHOLD, P.C.
5
6                                     By:  _____/s/ Jeffrey L. Berhold_____
7                                          Jeffrey L. Berhold

8                                     BERGER MONTAGUE PC

9                                     By:  _____/s/ Joshua P. Davis_____
10                                         Joshua P. Davis
11                                         Matthew Summers

12                                    KELLOGG, HANSEN, TODD, FIGEL & FREDERICK,
                                      P.L.L.C.
13
14                                    By:  _____/s/ Derek T. Ho_____
15                                         Derek T. Ho
                                           Andrew E. Goldsmith
16                                         Matthew D. Reade
                                           Kelley C. Schiffman
17                                         Rachel T. Anderson
18                                         Annamaria M. Morales-Kimball
                                           Sean P. Quirk
19

20
                                      Attorneys for Plaintiff
21                                    INNOVATIVE HEALTH LLC

22

23

24

25

26

27

28

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Innovative Health LLC, certifies that this brief contains 6,764 words, which complies with the word limit of Central District of California Local Rule 11-6.1.

DATED:  July 28, 2025

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

By: _____/s/ Derek T. Ho_____
Derek T. Ho

*PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COST OF SUIT*