# EXHIBIT B

1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

10   INNOVATIVE HEALTH LLC,          Case No. 8:19-cv-1984 JVS (KES)

11              Plaintiff,           **[~~MODIFIED~~REVISED PROPOSED]
                                     PERMANENT INJUNCTION**
12         vs.

13   BIOSENSE WEBSTER, INC.,         JUDGE: HON. JAMES V. SELNA
                                     COURTROOM: 10C
14              Defendant.
                                     Action Filed:  October 18, 2019
15                                   Trial Date:  May 6, 2025

16
17
18
19
20
21
22
23
24
25
26
27
28

                                  1

This Court has considered the materials and arguments submitted by the parties regarding Plaintiff Innovative Health LLC's Motion for Permanent Injunction, as well as the full record in this matter, including the trial record and the jury's verdict for Plaintiff.  Pursuant to 15 U.S.C. § 26, Cal. Bus. & Prof. Code § 16750(a), and this Court's equitable powers, the Court hereby GRANTS Innovative's Motion for Permanent Injunction and ORDERS that Defendant Biosense Webster, Inc. be enjoined as follows:

1. **Definitions**

   1.1. "**Biosense**" means Defendant Biosense Webster, Inc. and its officers, agents, servants, employees, attorneys, and all persons who receive actual notice of this injunction and are in active concert or participation with any of them. This definition includes Biosense Webster's parent company Johnson & Johnson, Johnson & Johnson subsidiary SterilMed, Inc., and their respective officers, agents, servants, employees, and attorneys.  This definition is intended to bind all persons within the scope of Fed. R. Civ. P. 65(d)(2).

   1.2. "**CARTO**" means any past, present, or future cardiac mapping machine made by or for Biosense, including the CARTO 3 and any new version of it (whether bearing the "CARTO" name or not).

   1.3. "**Consumable**" means a device (including, but not limited to, an electrophysiology catheter) originally manufactured by Biosense for use with CARTO.

   1.4. "**Clinical Support**" means the services provided to operate the CARTO by Biosense's clinical account specialists, including associate clinical account specialists and ultrasound clinical account specialists.  For the avoidance of doubt, "Clinical Support" includes any service or activity that Biosense has refused to provide, pursuant to its Position Statement on Clinical Account Specialist Case Support of Reprocessed Single-Use Devices, to customers that sought to use Consumables sold by or for someone other than Biosense,

[~~MODIFIED~~REVISED *PROPOSED*] *PERMANENT INJUNCTION*

1    such as (i) assisting with reconstructing cardiac anatomy using CARTO,

2    (ii) interpreting maps and providing insight on the images generated by

3    CARTO, and (iii) providing technical support for CARTO and

4    troubleshooting CARTO during a procedure.  *See, e.g.*, JX-535; JX-216.

5    2.  **No Tie.**

6        2.1. ***Tie Forbidden.***  Biosense is enjoined from conditioning the provision of

7        Clinical Support—or otherwise conditioning the availability of CARTO—on

8        the purchase or use of Consumables sold by or for Biosense.

9        2.2. ***Duty Not to Discriminate.***  Biosense is further enjoined from discriminating

10        in the provision of Clinical Support or the availability of CARTO because of

11        the purchase or use of (or the intention to use) a Consumable of someone

12        other than Biosense.  Without limitation, and by way of example only,

13        Biosense may not refuse, withdraw, or degrade the availability of Clinical

14        Support or CARTO, or charge a higher price for Clinical Support or for the

15        sale, lease, or use of CARTO, because a hospital or doctor has used, is using,

16        will use, or may use a Consumable of someone other than Biosense.  Nothing

17        in this Section 2.2 requires Biosense to make representations as to the

18        accuracy, performance, or specifications of a Consumable sold by or for

19        someone other than Biosense.  For the avoidance of doubt, Biosense cannot

20        withhold Clinical Support in any way on the ground that it does not or cannot

21        make those representations.

22    3.  **No New Blocking Technology.**

23        3.1. ***Definitions.***  "Technology" refers to any technology installed by or for

24        Biosense on CARTO, on hardware or software supporting the operation of

25        CARTO or of any Consumable (*e.g.*, remote server), or on a Consumable.

26        "New Technology" refers to any Technology that Biosense did not deploy by

27        June 5, 2025, on or in connection with any product marketed or sold to

28        consumers.

3

*[MODIFIEDREVISED PROPOSED] PERMANENT INJUNCTION*

3.2. ***Blocking Technology Prohibited.***  Biosense is enjoined from implementing any New Technology ~~(whether via hardware or software) that conditions the availability or use of CARTO on the purchase or use of Consumables sold by or for Biosense.  Biosense is further enjoined from implementing any New Technology that prevents use of CARTO with~~ that is intentionally designed to prevent or impede Consumables sold by or for someone other than Biosense from operating or functioning with CARTO.  This injunction does not prohibit Biosense from installing any Technology that it had already deployed, by June 5, 2025, on any Consumable marketed or sold to consumers (*e.g.*, the Falcon chip installed on the Soundstar Eco) in other Consumables after that date.

4. **Limits on Collection of Consumables.**

4.1. ***No Collection of Consumables That Biosense Cannot Reprocess.***  Biosense is enjoined from collecting used Consumables which it does not have (i) regulatory approval to reprocess under section 510(k) of the Food, Drug and Cosmetic Act; or (ii) a pending application for approval to reprocess under section 510(k) of the Food, Drug and Cosmetic Act.

4.2. ***Exceptions.***

4.2.1. ***For 510(k) Test Devices.***  Notwithstanding Section 4.1, this injunction does not prohibit collecting a used Consumable to the extent necessary to support a 510(k) application to reprocess that Consumable.

4.2.2. ***For Investigating Defective Biosense Products.***  Notwithstanding Section 4.1, this injunction does not prohibit collecting a used Consumable that has not already been reprocessed by someone other than Biosense, to the extent necessary to investigate and remediate a defect in that Consumable.

4.2.3. ***For Ablation Catheters That Are Not Reprocessed.***  Notwithstanding Section 4.1, this injunction does not prohibit Biosense from collecting

*[~~MODIFIED~~REVISED PROPOSED] PERMANENT INJUNCTION*

1    ablation catheters that no other person reprocesses in the United States.

2    If any person begins to market or sell a reprocessed version of a catheter

3    subject to this Section 4.2.3, Biosense must comply with Section 4.1 with

4    respect to that catheter within 30 days of notice of such marketing or sale,

5    such as (i) the clearance on the FDA's 510(k) database or (ii) the

6    approval listed on the FDA's Premarket Approval (PMA) database.

7    5.  **Reports to the Court.**  Every six months during this injunction's term, a

8    Biosense executive with relevant knowledge and with responsibility for

9    compliance with this injunction shall submit a report to this Court.  The report

10    shall (i) explain the executive's knowledge and responsibility for compliance

11    with this injunction; (ii) detail the steps Biosense has taken to ensure compliance

12    with this injunction; (iii) summarize the instances of potential noncompliance

13    with this injunction of which Biosense is aware; (iv) describe the steps taken to

14    investigate and remediate those instances of potential noncompliance; and

15    (v) certify, under penalty of perjury, that Biosense continues to comply fully with

16    this injunction.

17    6.  **Notice.**

18    6.1. *Notice of Injunction.*  Within 21 days of the entry of this injunction,

19    Biosense shall notify all past and current CARTO users of this injunction.

20    The notice shall specify that Biosense must provide Clinical Support to every

21    customer or end user on nondiscriminatory terms and without regard to

22    whether that person uses Consumables of someone other than Biosense.

23    6.1.1.  *Forms of Notice Required.*  Biosense shall give this required notice in

24    writing, in a form agreed to by Plaintiff or approved by the Court.  The

25    notice shall be sent to all persons who Biosense understands have

26    responsibility for contracting or procurement on behalf of past or current

27    customers who have or have had a CARTO.  Biosense must also provide

28    this written notice to every electrophysiology physician associated with

[~~MODIFIED~~REVISED PROPOSED] PERMANENT INJUNCTION

1  those customers that currently have a CARTO.

2      6.1.2. ***New CARTO Purchasers.***  While this injunction is in effect, Biosense

3  shall notify any purchaser of a CARTO of this injunction's terms.

4  Biosense shall provide that notice in writing (i) with any proposed

5  agreement to acquire a CARTO, and (ii) again once any CARTO is sold.

6  Biosense shall give this required notice in a form agreed to by Plaintiff or

7  approved by the Court.

8  6.2. ***Notice of Hotline.***   Innovative Health LLC or a third party designated by

9  Innovative may establish, at their expense, a hotline for reporting actual or

10  potential noncompliance with this injunction.  Within 21 days of receiving

11  notice from Innovative that such a hotline has been created, Biosense shall

12  notify (i) its employees and (ii) past and current CARTO users of the hotline

13  and its purpose.  That notice shall include information about when and how

14  reports can be submitted (*e.g.*, 24 hours a day, 7 days per week) and whether

15  submitters can remain anonymous.  Biosense shall also keep, in a prominent

16  location on its internal systems accessible to its employees, the same

17  information about the hotline and its purpose.  The parties shall agree on the

18  form of these notices by Biosense or, otherwise, shall submit competing

19  proposals to the Court.

20  6.3. ***Notice to Sales Employees.***  Within 14 days of the entry of this injunction,

21  Biosense must notify every sales employee, including all clinical account

22  specialists (which in turn includes all associate clinical account specialists

23  and ultrasound clinical account specialists), of their and Biosense's

24  obligations under this injunction.  Biosense shall also notify any new sales

25  employees, including all clinical account specialists, of this injunction within

26  10 days of the commencement of their employment.  Biosense shall re-notify

27  all sales employees of this injunction on an annual basis during the term of

28  the injunction.  The parties shall agree on the form of these notices by

*[~~MODIFIED~~REVISED PROPOSED] PERMANENT INJUNCTION*

Biosense or, otherwise, shall submit competing proposals to the Court.

Biosense shall maintain records sufficient to verify that Biosense has

provided the notices required by this paragraph.

7. **Term of Injunction.**  This injunction shall <u>take effect when this Court enters the</u>

<u>final judgment.  It shall </u>remain in effect for ~~ten~~<u>five</u> years from the date of entry.

Either party may move to modify, extend, or terminate this injunction for good

cause.<u>  The Court expressly reserves the power to adjust the term of the</u>

<u>injunction, whether to shorten or lengthen it, to reflect ongoing market conditions</u>

<u>and changes therein.</u>

8. **Retention of Jurisdiction.**  This Court retains jurisdiction of this matter and the

parties with respect to this injunction, including (i) to address any disputes or

requests for direction regarding this injunction's construction, modification,

termination, or extension; (ii) to enforce, modify, terminate, or extend this

injunction; and (iii) to assess and to punish violations of this injunction.

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
The Honorable James V. Selna
United States District Judge