KARLA KRAFT
State Bar No. 205530
kkraft@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000

WILLIAM F. CAVANAUGH, JR.
State Bar No. 133461
wfcavanaugh@pbwt.com
PATTERSON BELKNAP WEBB AND TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

INNOVATIVE HEALTH LLC,

*Plaintiff*,

vs.

BIOSENSE WEBSTER, INC.,

*Defendant*.

Case No.: 8:19-cv-1984-JVS (KES)

**DEFENDANT BIOSENSE WEBSTER, INC.'S SECOND COMPLIANCE REPORT PURSUANT TO SECTION 5 OF THE PERMANENT INJUNCTION (DKT. 594)**

Pursuant to Section 5 of the Permanent Injunction (Dkt. 594) entered in this matter on August 27, 2025 (the "Injunction"), Defendant Biosense Webster, Inc. ("Biosense") submits its second six-month report regarding Biosense's compliance with the Injunction:

***Compliance with Ongoing Notice Requirements under Section 6***

1. As mentioned in Biosense's First Compliance Report (Dkt. 612), Biosense and Plaintiff Innovative Health LLC ("Innovative") negotiated and agreed on the form of the notice to be provided to Biosense employees and CARTO 3 users.

2. Each agreed-upon notice ("Notice") encloses a copy of the Injunction, includes a brief description of its terms, informs the recipient of Biosense's updated clinical support policy that is consistent with Injunction, and provides information about the hotline Innovative set up under Section 6.2 of the Injunction.

3. Per Section 6.1.2 of the Injunction, Biosense is required to provide "notice in writing (i) with any proposed agreement to acquire a CARTO, and (ii) again once any CARTO is sold."

4. In compliance with this provision, Biosense is providing the Notice to any customer that is considering purchasing a CARTO and to any customer that buys a CARTO. Biosense also has implemented an automated system to ensure compliance going forward. Biosense's quote generation system now automatically includes a copy of the Notice and the Injunction whenever a customer requests a quote for a new CARTO machine.

5. Per Section 6.2 of the Injunction, Biosense is required to "keep, in a prominent location on its internal systems accessible to its employees …. Information about the [Innovative] hotline and its purpose …." In compliance with this provision, Biosense has posted information about Innovative's hotline on the homepage for Biosense's intranet. That homepage is accessible to all Biosense and

SterilMed, Inc. ("SterilMed") employees. Biosense also included a link to the copy of the Injunction on the same page.

6. Pursuant to Section 6.3 of the Injunction, Biosense is required to "notify any new sales employees, including all clinical account specialists, of this injunction within 10 days of commencement of their employment." Biosense is also required to "re-notify all sales employees of this injunction on an annual basis …." Injunction §6.3.

7. In compliance with these provisions, Biosense has integrated the Notice and Injunction into training for all new sales employees and the annual training for all sales employees.

8. With respect to new sales employees, as part of the employee onboarding process, each new sales employee receives the Notice and a copy of the Injunction and each person is required to acknowledge receipt of those documents.

9. Additionally, each sales employee goes through an annual refresher course on company policies in June. The Notice and a copy of the Injunction have been included in the materials for that course.

***Compliance with Injunction Section 2: "No Tie"***

10. Per Section 2.1 of the Injunction, Biosense may not "condition[] the provision of Clinical Support—or otherwise condition[] the availability of CARTO—on the purchase or use of Consumables sold by or for Biosense."

11. Per Section 2.2 of the Injunction, Biosense may not "discriminat[e] in the provision of Clinical Support or the availability of CARTO because of the purchase or use of … a Consumable of someone other than Biosense."

12. In compliance with Section 2.1 of the Injunction, Biosense adopted a company policy of providing clinical support at no additional cost for CARTO 3 procedures regardless of whether a third-party reprocessed catheter is used.

13. In compliance with Section 2.2 of the Injunction, Biosense's policy also states that it will not discriminate against any customer because that customer uses third-party reprocessed catheters.

14. As detailed above, Biosense employees have been informed of the policy. That policy is also incorporated in training materials for new sales employees and annual training for current sales employees.

15. Biosense is not aware of any instances of non-compliance or potential non-compliance related to Section 2 of the Injunction.

***Compliance with Injunction Section 3: "No New Blocking Technology"***

16. Per Section 3.2 of the Injunction, Biosense is "enjoined from implementing any New Technology [as defined in Section 3.1] that is intentionally designed to prevent or impede Consumables sold by or for someone other than Biosense from operating or functioning with CARTO" provided that the technology had not been "deployed, by June 5, 2025…."

17. In compliance with Section 3 of the Injunction, since June 5, 2025, Biosense has not released any products that include any new technology intentionally designed to prevent the use of third-party reprocessed devices with the CARTO.

18. In April 2026, Biosense launched the CARTOSOUND SONATA Module for the CARTO—a software update that leverages artificial intelligence to aid with mapping and the labeling of cardiac structures in a map. The CARTOSOUND SONATA Module does not include any features intentionally designed to prevent or impede the use of third-party reprocessed devices with the CARTO.

19. On July 8, 2026, Biosense announced FDA approval of the Dual Energy THERMOCOOL SMARTTOUCH SF platform (DESTSF) for the CARTO, which enables the delivery of radiofrequency or pulse field energy through a single ablation catheter. The DESTSF platform does not include any features

intentionally designed to prevent or impede the use of third-party reprocessed devices with the CARTO.

20. Biosense has not released any other new products or software since filing its First Compliance Report on February 27, 2026.

21. Biosense is not aware of any instances of non-compliance or potential non-compliance related to Section 3 of the Injunction.

***Compliance with Injunction Section 4: "Limits on Collection of Consumables"***

22. Per Section 4.1 of the Injunction, Biosense may not "collect[] used Consumables which it does not have (i) regulatory approval to reprocess … or (ii) a pending application for approval to reprocess" subject to exceptions in Section 4.2 for (1) "collecting a used Consumable to the extent necessary to support" an "application to reprocess that Consumable," (2) "investigat[ing] and remediat[ing] a defect in" a Consumable, (3) "ablation catheters that no other person reprocessed in the United States," and (4) "used Consumable[s] from a customer who volunatr[ily] participates in collection efforts for purposes of recovering scrap value."

23. In compliance with Section 4 of the Injunction, Biosense and SterilMed, Inc. ("SterilMed") only collect devices for which SterilMed has reprocessing clearance or which are subject to one of the listed exceptions.

24. Biosense is not aware of any instances of non-compliance or potential non-compliance related to Section 4 of the Injunction.

***No Notice of Non-Compliance***

25. Biosense has not received notice through the J&J Credo Hotline of any potential non-compliance with the Injunction.

26. Biosense has not received notice from Innovative or from the third-party that Innovative hired to maintain its hotline about any potential non-compliance with the Injunction.

27. Biosense is not aware of any instances of non-compliance or potential non-compliance with the Injunction.

DATED: August 27, 2026

PATTERSON BELKNAP WEBB AND TYLER LLP

By: *_/s/ William F. Cavanaugh, Jr._*
William F. Cavanaugh, Jr.
1133 Avenue of the Americas
New York, New York
Telephone: (212) 336-2000
wfcavanaugh@pbwt.com

-and-

STRADLING YOCCA CARLSON & RAUTH LLP
Karla Kraft
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: (949) 725-4000
kkraft@stradlinglaw.com

Attorneys for Defendant
BIOSENSE WEBSTER, INC.

**CERTIFICATION OF BENJAMIN BERKOWICK**

I, Benjamin Berkowick, certify as follows:

1. I am Senior Director for Electrophysiology ("EP") Sales Enablement at Biosense Webster, Inc. ("Biosense"). I have held this position since June 2025. Before beginning my current role, I was an Area Vice President of Sales for about three years. I have been employed by Biosense for approximately sixteen years.

2. In July 2025, Biosense designated me as the employee responsible for coordinating efforts to comply with the Injunction. I have undertaken that responsibility with the assistance of Biosense's in-house and outside counsel.

3. I certify that the facts in the above compliance report are true and correct to the best of my knowledge and understanding. I make this certification based on a diligent investigation and my own personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of August 2026, in Irvine, California.

Benjamin Berkowick
Electronically signed by: Benjamin Berkowick
Reason: I am certifying this document
Date: Aug 27, 2026 08:21:36 PDT

Benjamin Berkowick